

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALIANO and GIANNA, INC.                    CIVIL ACTION

versus                                           No. 00-0071

HARRAH'S OPERATING CO., INC.,                    SECTION: E/5
and HARRAH'S ENTERTAINMENT, INC.

## ORDER AND REASONS

Plaintiffs JANE GALIANO and GIANNA, INC. have filed a motion for partial summary judgment to (1) determine whether the Settlement Agreement was breached; (2) confirm the validity of plaintiffs' copyright; (3) determine whether copyright infringement occurred; and (4) determine the minimum amount of damages plaintiffs are entitled to under the Settlement Agreement. Defendants HARRAH'S OPERATING CO., INC. and HARRAH'S ENTERTAINMENT, INC. oppose this motion.

Plaintiffs claim damages arising from an alleged breach of contract and copyright infringement. Defendants have answered, praying for a dismissal of the claims, and assert several defenses,

1



including: (1) the plaintiff's copyright, even if valid, does not protect the manufacture of useful garments and (2) genuine issues of material fact exist.

Plaintiffs were hired by defendants to develop a line of uniforms to be used in the defendants' place of business. Plaintiff JANE GALIANO met with several of the defendants' employees to discuss the designs upon which uniforms would be manufactured. This meeting resulted in the creation of several sketches, allegedly drafted by an artist that accompanied the plaintiff JANE GALIANO, of proposed uniforms. Defendants also allege that these sketches were the result of a collaboration of the ideas of the plaintiff JANE GALIANO and defendant's employees Connie Albright, Jan Starnes, and Ellen Dixon. Finished design sketches were submitted by the plaintiffs to the defendants on or about July 2, 1995. A proposed Design Consulting Agreement was committed to paper on August 28, 1995 and the terms were finalized on September 14, 1995.

Plaintiffs contend that the defendants used her designs without compensating her. The parties began negotiating a

resolution to this dispute. Defendants contend that the plaintiffs were unable to create patterns for the uniforms or to manufacture the uniforms. The defendants contracted with another manufacturer to create patterns and to manufacture the uniforms.

A Settlement Agreement was purportedly reached on May 6, 1996, which confirmed a scheme of royalties and a lump sum payment to be made by the defendants to the plaintiffs in the event of the use of certain specified designs. The agreement listed the designs that the defendants would be allowed to rely on to manufacture the uniforms. On June 4, 1996, plaintiffs asserted their position in a letter to the defendants that the settlement agreement was "absolutely void and without legal consequence or significance" because the signing of the document on behalf of the plaintiffs was an "unauthorized act" that "cannot possibly legally bind" the plaintiffs. The plaintiffs, contrary to assertions by the defendants that the document was binding, continued to insist that the agreement was not legally binding because the person that executed the document on behalf of the plaintiffs did so without authority. On October 28, 1999, plaintiffs obtained a Certificate

3

of Registration for the sketches of the uniforms. The plaintiffs base their breach of contract claim on the May 6, 1996 Settlement Agreement.

### Settlement Agreement

Generally, contracts, entered into at arms length and not contrary to public policy or relevant laws, are given the effect of law on the parties, and courts are bound to give legal effect to such as agreements in accordance with the parties' true intent. See Rivercity v. American Can Co., 600 F.Supp. 908 (E.D.La. 1984), *aff'd*, 753 F.2d 1300 (5th Cir. 1985).

While the May 6, 1996 Settlement Agreement is without any patent ambiguity and its terms are clearly understandable, plaintiffs have contended that it was not binding as the entity who signed in on behalf of the plaintiffs had no authority to do so. Plaintiffs' June 4, 1996 letter to the defendants raises a genuine issue of material fact, i.e., did the representative have the requisite authority to bind the plaintiffs to the Settlement Agreement with the defendants. In a motion for summary judgement, the burden is on the movant to provide proof in the form of

pleadings, depositions, and affidavits, that no genuine issue as to any material fact exists and that they are entitled to a judgment as a matter of law. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). Also, the evidence must be viewed in a light most favorable to the non-movant. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). Based on the record before the Court, the validity of the Settlement Agreement is a genuine issue in dispute and, since the agreement is the basis of the plaintiffs' claim, it is material. Thus, summary judgement on the plaintiff's claim of breach of the Settlement Agreement must be denied.

<u>Plaintiff's Copyright</u>

Copyright protection is expressly enabled by the Constitution - "Congress shall have Power... To promote the Progress of Science and the useful Arts, by securing for limited Times to Authors and Inventors the exclusive right to their respective Writings and Discoveries;" U.S. CONST. art. I, § 8, cl. 8. The applicable provision of the United States Code provides that:

> Copyright protection subsists... in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include... pictorial, graphic, and sculptural works...."

17 U.S.C. § 102(a). Also, "[i]n no case does copyright protection for an original work of authorship extend to any idea... [or] concept..., regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Hence, an author at a very minimum must produce a work, excluding ideas and concepts, that is both original and fixed in a tangible medium in order to obtain copyright protection for the work.

In particular, pictorial, graphic, and sculptural works can be "two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans." 17 U.S.C. § 101. Although facially broad in scope, this category of copyrightable works is subject to one

exception - the copyrightable design must be separable from the utilitarian aspects of the work. See 17 U.S.C. § 101. The statute specifically provides that:

> Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101.

In order for a claim of copyright infringement to succeed, the plaintiff must prove: (1) the plaintiff is the owner of a valid copyright; (2) the defendant has actually copied the plaintiff's copyrighted work; and (3) the copying is illegal because a substantial similarity exists between the defendant's work and the protected elements of the plaintiff's copyrighted work. See Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996, 1002 (2nd Cir. 1995); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp.

484, 487 (S.D.N.Y. 1997); 17 U.S.C. § 411.

A review of the record discloses that, on the question whether the copyright obtained by the plaintiffs is even valid, there are several issues of material fact in dispute, including whether the plaintiff JANE GALIANO is the author of the sketches, whether the sketches constitute a work for hire, as they may have been drafted by the artist that accompanied plaintiff JANE GALIANO to the design meeting with the defendant's employees and whether a joint work of authorship between the plaintiff JANE GALIANO and the defendant's employees resulted in the sketches. All of these issues bear on whether plaintiff JANE GALIANO is the true author and rightful owner of the copyright in the sketches.

Here, a Certificate of Registration has been issued by the Register of Copyrights. The certificate shall only "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). The Court may weigh this prima facie evidence at its discretion. See 17 U.S.C. § 410(c). The allegations of the defendant and the affidavit of Connie Albright create as genuine issue of material

fact, i.e., who is the rightful author and owner of the copyright.

Assuming that the plaintiff JANE GALIANO alone created or directed the creation of the series of sketches and owns the copyright, the registration certificate identifies "Artwork for Wearing Apparel" as the nature of the work and classifies the work as "2-dimensional artwork." See Plaintiff's Motion for Partial Summary Judgment Annex G. Courts have extended copyright protection to the separable artistic, non-useful elements of apparel, such as an embroidered design on clothing, distinctive striping and color patterns, placement of appliques, jacquard patterns, costume elements, and novelty features. See Segrets, Inc. v. Gilman Knitwear, 207 F.3d 56 (1st Cir. 2000) (designs on women's sweaters); Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996 (2nd Cir. 1995) (designs on children's sweaters); Wildlife Express Corp. v. Carol Wright Sales, Inc., 18 F.3d 502 (7th Cir. 1994) (animal designs on duffel bags); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp. 1348 (S.D.Cal. 1988) (masquerade costumes); Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C.Minn. 1985) (slipper resembling a bear's

paw); <u>Eve of Milady v. Impression Bridal, Inc.</u>, 957 F.Supp. 484 (S.D.N.Y. 1997) (bridal dresses incorporating lace designs). The affidavit of Connie Albright, a former employee of the defendant's Entertainment and Corporate Uniforming group, has described the sketched clothing as "typical casino shirts and attire." Albright Affidavit at ¶ 9. However, a review of the color photographs and sketches indicates that a particular color scheme and contrasting ribbed borders were used in the actual uniforms, which were present in the sketches. A genuine issue of material fact exists with regard to whether separable, artistic elements of the clothing are present which were copyrightable. It is worth noting that the Certificate of Registration was issued for the sketches themselves, not actual garments.

Therefore, assuming the copyright is valid and the plaintiff is rightful owner of that copyright, the focus of an infringement inquiry centers on whether artistic, non-useful elements are present in the plaintiff's apparel designs and whether those protected elements were infringed. District courts rely on an ordinary observer standard to determine if a "substantial

similarity" exists between the protected work and the infringing work, thus constituting infringement. See <u>Knitwaves, Inc. v. Lollytogs Ltd., Inc.</u>, 71 F.3d 996, 1002 (2nd Cir. 1995). In the case of clothing, a product with both protectable and unprotectable elements exist, a "more discerning" inspection must be made. <u>See id.</u>

At issue here is a series of sketches of clothing for which a Certificate of Registration has been issued by the Register of Copyrights. While the certificate constitutes prima facie evidence of a valid federal copyright, whether the plaintiff JANE GALIANO is the true author and rightful owner of the copyright in the sketches is a genuine issue of material fact. Assuming the plaintiff JANE GALIANO is the owner of a valid copyright in the sketches, there are material issues of fact in dispute as to whether the sketches themselves were actually copied or the clothing was the subject of a derivative work. The record is insufficient to support a determination that separable, artistic elements were present in the designs and were protected; that a substantial similarity exists between the plaintiffs' work and the defendants' work; and whether

infringement occurred. Thus, summary judgement on the plaintiff's claim of copyright infringement must be denied.

The Court finds, viewing the evidence in a light most favorable to the non-movant, that there are genuine issues of material fact in dispute regarding whether the plaintiff has established a state law breach of contract claim and whether plaintiff has established a federal copyright claim. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion of JANE GALIANO and GIANNA, INC. for partial summary judgment be hereby **DENIED**.

New Orleans, Louisiana, this __21__ day of __Nov__, 2000.

*[signature]*
MARCEL LIVAUDAIS, JR.
United States District Judge

13