EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -4 AM 9: 46

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE: JUDGE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY BRIEF IN SUPPORT OF
MOTION TO CLARIFY THE COURT'S REASONS FOR DENYING
THE SUMMARY JUDGMENT AS TO THE CONTRACTUAL CLAIM
BASED ON THE SETTLEMENT AGREEMENT**

MAY IT PLEASE THE COURT:

**1. THERE IS NO GENUINE ISSUE OF MATERIAL FACT BEFORE THE COURT ON THIS MOTION BECAUSE PLAINTIFFS ACCEPT DEFENDANTS' CHRONOLOGY OF WHAT HAPPENED.**

Plaintiffs for purposes of this motion accept the interpretation of the facts by Defendants. Plaintiff, Jane Galliano, cashed the check, and then wrote a letter saying that her Vice President, Scott Buhrer, was not authorized to make the settlement.

**2. THE CHAIN OF EVENTS SHOWS WHY THE COURT SHOULD GRANT THE MOTION BECAUSE PLAINTIFFS ALLEGEDLY TRIED TO DISAVOW THEIR AGENT AFTER THEY ACCEPTED THE CHECK.**

That is a good reason to grant the motion. No one can accept the benefits of a

5

contract, and then attempt to argue that there is no contract.

### 3. THE CHAIN OF EVENTS IS NOT MATERIAL BECAUSE LOUISIANA CIVIL CODE ARTICLE 3011 STATES THAT THE VICE PRESIDENT WAS AUTHORIZED TO ENTER INTO THE SETTLEMENT AGREEMENT AS A MATTER OF LAW.

Defendants' opposition to the motion does not discuss Louisiana Civil Code Article 3011. This article states that an agent is authorized as a matter of law to enter into a contract beyond his authority if the contract was advantageous to his principal. Even if the Vice President lacked authority to settle, which is doubtful, the Settlement Agreement was, as a matter of undisputed fact, advantageous to plaintiffs. It recognizes their ownership of the designs. It provided a remedy for breach of contract. Under Article 3011, the Vice President was authorized as a matter of law.

### 4. THE CHAIN OF EVENTS IS NOT MATERIAL BECAUSE DEFENDANTS ARGUED THAT THE SETTLEMENT WAS VALID AFTER PLAINTIFF'S LETTER ATTEMPTED TO DENY THE VALIDITY OF THE SETTLEMENT AGREEMENT.

Defendants' chain of events is incomplete. Defendants leave out the last and most crucial link in the chain. After plaintiffs wrote and contested the validity of the settlement agreement, defendants, through their attorney, wrote and affirmed the validity of the Settlement Agreement. That is an undisputed material fact. This is the point where the exchange of letters ended. Now after the suit is filed, defendants attempt to change their position and argue that the agreement was invalid. That "repudiation" of the Settlement Agreement by defendants comes too late! For years, plaintiffs justifiably relied on defendants' acknowledgment that the Settlement Agreement was valid. As plaintiffs have pointed out, silence can be, and in this case

6

was, an acceptance by plaintiffs. Civil Code Article 1927 says that "action or inaction" can amount to acceptance of a contract. Defendants insisted on more than one occasion that the Settlement Agreement was valid. Plaintiffs had every right to rely on that, and they did. It would be unconscionable to give them the right to change their minds at this late date.[1]

As plaintiffs' original brief pointed out, the law does not and should not give defendants the right to argue that plaintiffs' agent lacked authority - particularly after the defendants argued that plaintiffs' agent did have authority to enter into a binding agreement. Under Louisiana Law, only the party who lacked capacity can request rescission of a contract on the grounds of incapacity. La. Civil Code Article 1919. By analogy, the same should apply to authority.

Finally, defendants' actions substantiated their belief that the Settlement Agreement was valid **because defendants proceeded to use the designs which paragraph three (3) gave the defendants the right to use.**

### 5. IT IS NOT MATERIAL WHETHER DEFENDANTS' CLAIM OWNERSHIP OF SOME DESIGNS FOR COPYRIGHT PURPOSES, BECAUSE THE SETTLEMENT AGREEMENT IS CLEAR ON ITS FACE.

The Settlement Agreement gives defendants permission to use certain designs without paying any royalty. The agreement gives permission to the defendants use of other designs only if the defendants pay royalties. Those provisions of the contract are

---

[1] The Louisiana Civil Code Article makes it unnecessary for the Court to delve into the law of reasonable reliance and estoppel. Either of them would give the Court additional reasons to hold defendants to their assertion that the Settlement Agreement was valid.

7

nonsensical if the plaintiffs did not own the designs for purposes of the contract. The article which stipulates that defendants cannot use any other designs is meaningless if the plaintiffs do not own the designs for purposes of the contract. This Court does not need extensive legal authorities for the proposition that a contract should not be interpreted to produce absurd results. Nor should the Court need extensive legal authorities for the proposition that a contract which is clear on its face should be enforced without delving further into the parties' intent. See Louisiana Civil Code Articles 2046, 2048, 2050.

**6. ALTERNATIVELY, DEFENDANTS' AFFIDAVITS ON THE OWNERSHIP OF THE DESIGNS ARE CONCLUSIONARY.**

Defendants have not produced one drawing, sketch or other document to support the claim that they contributed to the designs. The affidavits of defendants' former employees are conclusionary. Even if the affidavits were relevant to the breach of contract claim (which they are not because the contract is clear on its face), they are conclusionary. In fact, because they are conclusionary, the Court should also reconsider its discussion of the copyright claim.

Even if the Court does not do so, the Court should clarify its reasons for denying the Summary Judgment on the Contract Claim, or reconsider and Grant the Summary Judgment on the Contract Claim.

Finally, plaintiffs ask the Court to Grant the Motion for Summary Judgment on the defendant, HARRAH'S Entertainment, Inc., which has not filed any opposition to plaintiffs, Motion for Clarification.

New Orleans, Louisiana this 27th day of December 2000.

8

Respectfully submitted,

*[signature]*

Sidney L. Shushan, #12055
Guste, Barnett & Shushan, L. L. P.
Attorneys for Plaintiffs and Movers,
Jane Galliano and Gianna, Inc.
639 Loyola Avenue
Suite 2500
New Orleans, La. 70113
Telephone: 504-529-4141
Direct Line 504-681-4519
Fax 504-561-0326
E-mail sshushan@bellsouth.net

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 27TH day of December, 2000 served a copy of the foregoing pleading on counsel for all parties to this proceeding by hand delivery.

_____
SIDNEY L. SHUSHAN

10