FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 31  PM 3: 55

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO EXTEND TIME TO PRODUCE EXPERT REPORTS

Now come plaintiffs, Jane Galiano and Gianna, Inc., and move this Honorable Court for

an Order extending the time at which plaintiff's must produce expert witness reports to

defendant. This extension is required because ongoing discovery disputes have prevented

plaintiff from obtaining the necessary materials for plaintiffs' experts to prepare and produce

meaningful and useful reports for counsel and for reasons more fully set forth in the

memorandum of law in support of this motion, annexed hereto.

New Orleans, Louisiana this 30th day of January 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone:  (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs, Jane Galiano & Gianna, Inc

Fee_____
Process_____
X Dktd____
/ CtRmDep____
Doc.No. 57

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>O R D E R</u>

Considering the foregoing Motion to Preserve Evidence,

IT IS ORDERED by the Court that defendants, HARRAH'S Operating Co., Inc. and HARRAH'S Entertainment, Inc., appear and show cause before the above entitled court, on _____, the _____ day of _____, 2001, at _____ o'clock ____.M., why the Court should not grant plaintiffs' order extending the time at which plaintiffs must produce reports from any and all expert witnesses for thirty days or until the _____ day of _____, 2001.

New Orleans, Louisiana, _____, 2001

_____
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR EXPEDITED HEARING AND**
**MOTION TO EXTEND TIME TO PRODUCE EXPERT REPORTS**

MAY IT PLEASE THE COURT:

Plaintiffs, Jane Galiano and Gianna Inc., respectfully request an expedited hearing of their

Motion to Extend Time to Produce Expert Reports. Plaintiffs further request that this Honorable

Court extend the time by which Plaintiffs must produce reports from all expert witnesses.

1. Plaintiffs seek an expedited hearing on their Motion to Extend Time to Produce Expert

Reports because the deadline to produce those reports is January 31, 2001 and this Court's next

regular hearing date is February 21, 2001, well after the cut off date in question and the second

day of the depositions in Tennessee of former Harrah's employees and vendors. If this Court

waits until that date, the motion may be moot and if the motion is denied, plaintiff will be forced

to proceed to trial without necessary expert witness testimony. This would prejudice plaintiffs'

case in the extreme. This motion is simple and should take little of this Court's time. Plaintiffs

7

respectfully submit that this Court should hear the annexed Motion to Extend Time to Produce Expert Reports in a manner which will preserve plaintiff's opportunity to present vital expert witness testimony at trial.

2. Plaintiffs have made numerous and repeated efforts to secure defendant's design documents, uniform photos, purchase orders and/or royalty records. Plaintiff served the annexed discovery on defendants on December 14, 2000. Defendants asked for a week extension which we granted. Defendants responded on January 22, 2001 with totally inadequate responses. (See responses annexed hereto.) Defendants simply will not supply plaintiffs with the needed information regarding their design, purchase and usage of employee uniforms.

Plaintiffs urgently need that information. Plaintiffs have retained expert witnesses. Those expert witnesses need the information sought in discovery in order to produce reports. As defendants have not produced that information, plaintiffs' experts cannot evaluate the economic loss, form a response on the similarity of designs nor evaluate the designs as unique based upon the industry standards.

Defendants cannot be permitted to, effectively, deprive plaintiff of the right to call expert witnesses by obstructing the discovery process. This Court should extend the deadline to produce plaintiffs' expert reports until the discovery process is effectively completed.

3. Further, the key depositions have not yet been taken. The depositions of Vincent DeYoung, Esq., Connie Albright, Kathy Ellis, Mary and Bill Morgan, and Howard P. Wecksler, are scheduled on February 19 and 21, 2001. No date has been established at this time for the deposition of Scott Buhrer Esq. , Ellen Dixon, Bennett Wolff, Steven Grey and Shane MacKey. Defendants have even postponed the deposition of plaintiff, Jane Galiano. The testimony from

8

these witnesses is vital to plaintiffs' experts in preparing their reports since no tangible documentation was obtained from our discovery to defendants. Plaintiffs have made significant efforts to secure these witnesses' testimony prior to the above dates. Plaintiffs have had difficulty effecting service on Connie Albright, a central figure in this entire case. Our original process server has indicated that she avoided personal service on two separate occasions. Our requests that HARRAH'S provide a member of their staff who is most familiar with the purchase and or ordering of uniforms and/or costumes has been met with an inadequate response by Harrah's. It appears that all the former employees of HARRAH'S involved in this above matter are no longer in HARRAH"S employ other than Vincent DeYoung, Esq. We have even received notice from HARRAH'S present counsel that if subpoenaed witnesses do not appear on the scheduled deposition dates that they will move for attorneys fees and other expenses involved in the above depositions.

Furthermore, defendants have not meaningfully cooperated in discovery. Plaintiffs' requests for discovery have met the same fate as our requests for depositions. Consistently defendants responded to our requests for documents or answers to interrogatories with the standard phrase, " overbroad, vague, ambiguous, oppressive and burdensome, and seeking information not reasonably calculated to lead to admissible evidence." See their formal discovery responses. (Annex A )

So far they have produced zero documents while they have requested copies of all of our exhibits. They have refused to give any meaningful information in answers to interrogatories about their costume design and manufacture except vague statements which invite plaintiffs to take dozens of depositions to establish facts of which Harrah's is well aware of.

9

They have not responded to discovery in good faith.

Plaintiff are preparing appropriate motions to compel discovery, and for sanctions.

Meanwhile, plaintiffs' experts have little information to work with.

Prior to our request for formal discovery, plaintiffs forwarded to HARRAH"S local and Las Vegas attorney copies of the copyright and all of plaintiffs' designs. Numerous efforts have been made to accommodate all parties involved regarding the depositions and the deposition dates. This has resulted in the rescheduling of the depositions while the court established cutoff dates rapidly approach..

Defendants have not produced any meaningful information regarding their design, purchase and usage of employee uniforms. This information is simply vital to plaintiffs experts. They cannot prepare meaningful reports without this information.

From these details, it is obvious that plaintiffs need more time to complete discovery and prepare expert witness reports. This Court should grant the annexed motion to extend time to produce expert witness reports. This will serve to permit a full and fair airing of the issues when this matter goes to trial. This is simply fair to the plaintiffs.

New Orleans, Louisiana this 30th day of January 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs, Jane Galiano & Gianna, Inc.

10

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

CERTIFICATE OF SERVICE

I do hereby certify that I have, on this 30th day of January 2001, served a copy of the

foregoing pleading to counsel for all parties to this proceeding

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by mailing the same by hand.

SIDNEY L. SHUSHAN

11

# ADAMS AND REESE LLP

**Attorneys at Law**
Baton Rouge
Houston
Jackson
Mobile
**New Orleans**
Washington, DC

**Joseph W. Looney**
Admitted in Texas
and Louisiana
(504) 585-0286
looneyjw@arlaw.com

January 22, 2001

## VIA FACSIMILE and U.S. MAIL

Sidney L. Shushan, Esq.
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113-7103

      Re:    Jane Galiano and Gianna, Inc.
            v. Harrah's Operating Co, Inc., et al.
            U.S.D.C., E.D. La. No. 00-0071 "E" (5)

Dear Mr. Shushan:

      Enclosed please find Harrah's Operating Company, Inc.'s Answers to Interrogatories and Responses to Request for Production of Documents Propounded by Plaintiffs on December 14, 2000.  Harrah;s will produce documents at a mutually convenient time.

      With best regards, we remain

                    Very truly yours,

                    ADAMS AND REESE LLP

                    Joseph W. Looney

JWL/nhd
Enclosure

ANNEX A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| And | * | Judge: Livaudais |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| Defendant | * | Magistrate: Chasez |
| | * | |

*******************************************

HARRAH'S OPERATING COMPANY, INC.'S
ANSWERS TO INTERROGATORIES AND
RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
PROPOUNDED BY PLAINTIFFS ON 12/14/2000

**INTERROGATORY NO. 1:**

For the following uniform and/or costume designs of the Uniform and Costume Collection previously submitted as Annex E attached to plaintiffs' Motion for Summary Judgment please identify:

    1)    the location where the design is in use or has been used,

    2)    the number of uniforms and/or costumes purchased by Harrah's Operating Company for each design, and

    3)    the manufacturer who produced the design for Harrah's Operating

Company:

        (a)    Design Number H1008
        (b)    Design Number H1019
        (c)    Design Number H1016

(d)    Design Number H1040
(e)    Design Number H1041

**RESPONSE:**

Defendant objects to the interrogatory as overbroad, vague, ambiguous, oppressive and burdensome, and seeking information not reasonably calculated to lead to admissible evidence. Defendant further objects to having to collect information or documents relating to "uniform and/or costume designs" for the reason that plaintiffs have no colorable copyright claim to uniform and costume designs because such designs are not subject to copyright protection and plaintiffs' use of discovery regarding such designs is abusive and wasteful. Moreover, "design" is ambiguous and confusing and renders the interrogatory ambiguous and confusing. Subject to the objection, and assuming that "design" means sketch, none of the enumerated designs *per se* is in use and none of the designs were produced by anyone other than plaintiff, her illustrator, Jan Starnes and Connie Albright.

Further answering regarding uniforms and costumes, and out of an abundance of caution and in order to preserve defendant's rights to a fair determination of the relevant issues in this case, Sketch No. H1008 depicts a dealer vest. Defendant uses dealer vests in all of its facilities, and a dealer vest as shown in the photograph included in Annex E was ordered for Skagit Valley and is believed to have been produced by Uniform Ideas. Upon information and belief this particular dealer vest was not ordered past the opening as there were problems with this uniform, including but not limited to complaints that the vest did not fit properly on the employees or did not follow the theme of the casino. Moreover, Harrah's does not even own the Skagit Valley Casino.

2

Defendant objects to the interrogatory to the extent that it seeks to determine the number of dealer vests in use or used in the past because of the burdensome, oppressive and wasteful nature of the request. Subject to the objection, plaintiffs should be able to determine the number of uniforms produced from Uniform Ideas' or All Bilt's records. Plaintiffs have scheduled the depositions in New York City of several witnesses with manufacturers including Uniform Ideas, and requiring defendant to search for, collect and produce the information about manufacturers and also incur the expense and burden of attending the New York depositions would be redundant and duplicative, which renders this interrogatory further objectionable.

Sketch H1019 depicts a beverage server uniform. Defendant uses beverage servers in all of its facilities. Defendant objects to the interrogatory to the extent that it seeks to determine the number of beverage server uniforms in use or used in the past because of the burdensome, oppressive and wasteful nature of the request. It is not known at this time which if any of the above manufacturers manufactured beverage server uniforms for defendant. Plaintiffs' scheduling of depositions of manufacturers in New York renders this interrogatory redundant and duplicative and objectionable. The design depicted in this particular sketch was used as a prototype for the Skagit opening, however the actual design that was used at the opening did not contain the print illustrated on the sketch. Moreover, this particular uniform was not ordered past the opening as the uniform proved difficult to wear, and uncomfortable for the employees.

Sketch No. 1016 depicts an underwater scene. Upon information and belief Albilt Uniforms or Uniform Ideas created prototypes of actual uniforms based on this sketch. The prototypes were used at the opening of Skagit Valley

3

Casino on a temporary basis. This particular uniform was not well received by the employees because it was awkward to wear, uncomfortable, and did not fit in with the theme of the casino. Consequently, upon information and belief, no new orders were taken after the opening.

Sketch Nos. 1040 and 1041 depict restaurant vests. If any range vests were produced, the range restaurant vests did not look like the drawings depicted on Nos. 1040 and 1041, but rather, there were substantial changes made to the designs before any prototypes were created, if any were created. If any prototypes were created, they were manufactured by either All Bilt or Uniform Ideas.

Defendant has also had uniforms manufactured by All Bilt, Angelica, Inc., Uniforms to You, Red the Uniform Tailor, Creations Galore, and Varsity Fashions.

## INTERROGATORY NO. 2:

For the following uniform and/or costume designs, previously submitted as Annex E as part of plaintiffs' Motion for Summary Judgment, please identify: if the design and/or a design similar to the design is in use, or has been used by Harrah's Operating Company, the location where the design is in use and/or has been used, the number of uniforms and/or costumes purchased by Harrah's Operating Company for each design, and the manufacturer who produced the design for Harrah's Operating Company.

(a)     Design Number H1000
(b)     Design Number H1001
(c)     Design Number H1002
(d)     Design Number H1003
(e)     Design Number H1004
(f)     Design Number H1005
(g)     Design Number H1006
(h)     Design Number H1007
(i)     Design Number H1008
(j)     Design Number H1009
(k)     Design Number H1010

4

(l)        Design Number H1011
(m)        Design Number H1012
(n)        Design Number H1013
(o)        Design Number H1014
(p)        Design Number H1015
(q)        Design Number H1016
(r)        Design Number H1017
(s)        Design Number H1018
(t)        Design Number H1019
(u)        Design Number H1020
(v)        Design Number H1021
(w)        Design Number H1022
(x)        Design Number H1023
(y)        Design Number H1024
(z)        Design Number H1025
(aa)       Design Number H1026
(bb)       Design Number H1027
(cc)       Design Number H1028
(dd)       Design Number H1029
(ee)       Design Number H1030
(ff)       Design Number H1031
(gg)       Design Number H1032
(hh)       Design Number H1033
(ii)       Design Number H1034
(jj)       Design Number H1035
(kk)       Design Number H1036
(ll)       Design Number H1037
(mm)       Design Number H1038
(nn)       Design Number H1039
(oo)       Design Number H1040
(pp)       Design Number H1041
(qq)       Design Number H1042
(rr)       Design Number H1043
(ss)       Design Number H1044
(tt)       Design Number H1045
(uu)       Design Number H1046
(vv)       Design Number H1047
(ww)       Design Number H1048
(xx)       Design Number H1049
(yy)       Design Number H1050
(zz)       Design Number H1051
(aaa)      Design Number H1052
(bbb)      Design Number H1053
(ccc)      Design Number H1054
(ddd)      Design Number H1055
(eee)      Design Number H1056
(fff)      Design Number H1057
(ggg)      Design Number H1058
(hhh)      Design Number H1059

| (iii) | Design Number H1060 |
| (jjj) | Design Number H1061 |
| (kkk) | Design Number H1062 |
| (lll) | Design Number H1063 |
| (mmm) | Design Number H1064 |
| (nnn) | Design Number H1066 |
| (ooo) | Design Number H1067 |
| (ppp) | Design Number H1068 |
| (qqq) | Design Number H1069 |
| (rrr) | Design Number H1070 |
| (sss) | Design Number H1071 |
| (ttt) | Design Number H1072 |
| (uuu) | Design Number H1073 |
| (vvv) | Design Number H1074 |
| (www) | Design Number H1075 |
| (xxx) | Design Number H1076 |
| (yyy) | Design Number H1077 |
| (zzz) | Design Number H1078 |
| (aaaa) | Design Number H1079 |
| (bbbb) | Design Number H1080 |
| (cccc) | Design Number H1081 |
| (dddd) | Design Number H1082 |
| (eeee) | Design Number H1083-A |
| (ffff) | Design Number H1083-B |
| (gggg) | Design Number H1084 |
| (hhhh) | Design Number H1085 |
| (iiii) | Design Number H1086 |
| (jjjj) | Design Number H1087 |
| (kkkk) | Design Number H1088 |
| (llll) | Design Number H1089 |
| (mmmm) | Design Number H1090 |
| (nnnn) | Design Number H1091 |
| (0000) | Design Number H1092 |
| (pppp) | Design Number H1093 |
| (qqqq) | Design Number H1094 |
| (rrrr) | Design Number H1095 |
| (ssss) | Design Number H1096 |
| (tttt) | Design Number H1097 |
| (uuuu) | Design Number H1098-A |
| (vvvv) | Design Number H1098-B |
| (wwww) | Design Number H1098-C |
| (xxxx) | Design Number H1099 |
| (yyyy) | Design Number H1100 |
| (zzzz) | Design Number H1101 |
| (aaaaa) | Design Number H1102 |
| (bbbbb) | Design Number H1103 |
| (ccccc) | Design Number H1104 |
| (ddddd) | Design Number H1105 |
| (eeeee) | Design Number H1106 |

6

| (fffff) | Design Number H1107 |
| (ggggg) | Design Number H1108 |
| (hhhhh) | Design Number H1109 |
| (iiiii) | Design Number H1110 |
| (jjjjj) | Design Number H1111 |
| (kkkkk) | Design Number H1112 |
| (lllll) | Design Number H1113 |

## RESPONSE:

Defendant objects to the interrogatory as overbroad, vague, ambiguous, oppressive and burdensome, and seeking information not reasonably calculated to lead to admissible evidence. Defendant further objects to having to collect information or documents relating to "uniform and/or costume designs" for the reason that plaintiffs have no colorable copyright claim to uniform and costume designs because such designs are not subject to copyright protection and plaintiffs' use of discovery regarding such designs is abusive and wasteful. Moreover, "design" is ambiguous and confusing and renders the interrogatory ambiguous and confusing. Subject to the objection, and assuming that "design" means "sketch, none of the enumerated designs (sketches) *per se* is in use and none of the designs (sketches) was produced by anyone other than plaintiff, her illustrator, Jan Starnes and Connie Albright.

At this time Defendant has no information indicating that any of clothes depicted in the sketches listed in Interrogatory No. 2 were used by defendant.


## INTERROGATORY NO. 3:

Please identify the manufacturer(s) of costumes and uniforms worn by Harrah's employees since the execution of the Settlement Agreement and provide their addresses, telephone numbers.

**RESPONSE:**

Defendant objects to the interrogatory as overbroad, vague, ambiguous, oppressive and burdensome, and seeking information not reasonably calculated to lead to admissible evidence. Defendant further objects to having to collect information or documents relating to "uniform and/or costume designs" for the reason that plaintiffs have no colorable copyright claim to uniform and costume designs because such designs are not subject to copyright protection and plaintiffs' use of discovery regarding such designs is abusive and wasteful.

Subject to these objections, see manufacturers listed in response to Interrogatory No. 1. Counsel for defendant will provide addresses as soon as they are provided to counsel.

All Bilt is located in New York City.

Uniform Ideas is now Angelica, Inc. and has several locations including New York, St. Louis and Miami.


**INTERROGATORY NO. 4:**

Please identify all persons, or entities hired by Harrah's to design and/or manufacturer [sic] costumes and/or uniforms for the prior 10 years.

**RESPONSE:**

Defendant objects to the interrogatory as overbroad, vague, ambiguous, oppressive and burdensome, and seeking information not reasonably calculated to lead to admissible evidence. Defendant further objects to having to collect information or documents relating to "uniform and/or costume designs" for the reason that plaintiffs have no colorable copyright claim to uniform and costume

8

designs because such designs are not subject to copyright protection and plaintiffs' use of discovery regarding such designs is abusive and wasteful. Moreover, "design" is ambiguous and confusing and renders the interrogatory ambiguous and confusing. Subject to the objection, plaintiff Gianna Inc. was hired by Defendant to design uniforms. Gianna Inc. was also hired to manufacture uniforms. The manufacturers listed in response to Interrogatory No. 1 also have designed uniforms.

**INTERROGATORY NO. 5:**

Please list the names, current addresses, telephone numbers, business addresses, and job titles of all witness [sic] you will or may call at the trial of this case, and for all expert witnesses please list the area of expertise and give a brief description of the nature of their testimony.

**RESPONSE:**

Vincent De Young
Harrah's Operating Co., Inc.

To testify about negotiations of contracts in issue and performance under those contracts.

Connie Albright
153 Riverwalk Place
Memphis, TN

To testify about her dealings with plaintiffs, plaintiffs' performance under the contracts, creation of the sketches and use of designs in the fashion industry.

Jan Starnes
10000 Daisy Patch Street
Las Vegas, NV

To testify about her dealings with plaintiffs, her work on defendant's uniforms, plaintiffs' performance under the contracts, creation of the sketches, use of designs in the fashion industry, and whether any of the uniforms used by Harrah's were designed by plaintiffs.

Howard Wecskler

    To testify about manufacture of uniforms for Harrah's by All Bilt.

Kathy Ellison

    To testify about the manufacturing of uniforms for Harrah's by Varsity Spirit Fashions.

Mary Morgan

    To testify about uniforms manufactured for Harrah's by Uniform Ideas, Inc.

Bill Morgan

    This answer will have to await his deposition.

Linda Gunnerson

    To testify about uniforms manufactured for Harrah's by All Bilt.

Shane MacKey
2253 Cambronne Street
New Orleans, La.

    To testify about illustrations on the sketches in issue.

Scott Bruher

    To testify about the contracts in issue and the copyright claims.

Yvonne LaFleur

    To testify as an expert about design and the fashion industry.

## INTERROGATORY NO. 6:

    Please state the names, current addresses and telephone numbers of anyone from whom a statement, written or oral, has been obtained by you or on your behalf relating in any way to the accident complained of in this matter.

10

**RESPONSE:**

There is no accident involved in this case. Assuming that the interrogatory means to inquire into the use of sketches in Appendix E, Connie Albright. Her affidavit has already been produced.

**INTERROGATORY NO. 7 and RESPONSE:**

Please list the last known home address and phone number for the following (former) employees of Harrah's:

    (1)    Jan Starnes
                10000 Daisy Patch St.
                Las Vegas, Nevada

    (2)    Connie Albright
                153 Riverwalk Place
                Memphis, TN;

    (3)    Ellen Dixon. – Uknown.

**INTERROGATORY NO. 8:**

Please describe the intent of Harrah's in drafting and executing the May 6, 1996 Settlement Agreement attached to plaintiffs' Motion for Summary Judgment as Annex D.

**RESPONSE:**

Defendant wanted to confirm the termination of any involvement with Jane Galiano in light of her lack of performance under the earlier contract. Otherwise, the document speaks for itself.

11

INTERROGATORY NO. 9:

Please state whether Harrah's at any time paid royalties to plaintiffs for the use of designs contained in Annex E to plaintiffs' Motion for Summary Judgment.

RESPONSE:

According to Accounts Payable records, Jane Galiano was issued two checks from Harrah's, one in the amount of $ 9,927.50 in January of 1996 and another in the amount of $ 7,500 in May of 1996. These payments were based on invoices submitted by plaintiffs representing that certain services had been rendered in connection with performance under a service contract with defendant.

## RESPONSE OF HARRAH'S OPERATING CO. INC. TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFFS

REQUEST FOR PRODUCTION NO. 1:

All documents, invoices, bills, records of royalty payments relating to the purchase of costumes and/or uniforms by Harrah's from 1994 to present, in particular but not limited to any documents which may be relevant to your answers to Interrogatories Nos. 1 and 2.

RESPONSE:

Defendant objects to this request as overbroad, vague, ambiguous, oppressive and burdensome, and seeking information not reasonably calculated to lead to admissible evidence. Subject to the objection, Harrah's will produce Gianna, Inc. invoices at a mutually convenient time.

REQUEST FOR PRODUCTION NO. 2:

All prototypes of costumes and/or uniforms prepared by or at the direction of plaintiffs in the possession of Harrah's Inc. including but not limited to any prototypes which may be relevant to your answers to interrogatories 1 and 2.

12

**RESPONSE:**

At this time defendant has not located in its possession any prototypes responsive to this request. However, should Defendant discover any items responsive to this request, Defendant will make them available to Plaintiff for inspection.

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all sketches, designs, and/or patterns produced by plaintiffs in the possession of Harrah's, including but not limited to any such materials that may be relevant to your answers to interrogatories 1 and 2.

**RESPONSE:**

At this time Defendant has not located in its possession any items responsive to this request. However, should Defendant discover any items responsive to this request, Defendant will make them available to Plaintiff.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents, correspondence, memorandum, payment of royalties and/or records relating to the purchase of uniforms and/or costumes by Harrah's including but not limited to any such materials which may be relevant to your answers to interrogatories 1 and 2.

**RESPONSE:**

Defendant objects to this request as overbroad, vague, ambiguous, oppressive and burdensome and seeking information not reasonably calculated to lead to admissible evidence  Subject to the objection, Defendant is making a reasonable search for documents and will update its response if it should discover documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all letters, correspondence, documents, memoranda, records or reports to or from any experts who will testify at a trial of this matter.

**RESPONSE:**

There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All correspondence between Harrah's and/or its representatives and plaintiffs and/or their representatives.

**RESPONSE:**

Defendant objects to this request as overbroad, vague, ambiguous, oppressive and burdensome and seeking information not reasonably calculated to lead to admissible evidence  Subject to the objection, Defendant is making a reasonable search for documents and will update its response if it should discover documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documentation, records, photographs or evidence of any nature whatsoever which you may introduce at the trial of this case.

**RESPONSE:**

Defendant has not yet determined what it may introduce as evidence in this case.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents which may be relevant to your answers to interrogatories 3, 4, 7 and 8.

**RESPONSE:**

Defendant objects to this request as overbroad, vague, ambiguous, oppressive and burdensome, and seeking information not reasonably calculated to lead to admissible evidence.  Harrah's further objects to the request as confusing and ambiguous.

Respectfully submitted,

ADAMS AND REESE LLP

_(signature)_

Joseph W. Looney, T.A. (8773)
Melissa S. LaBauve (25745)
4500 One Shell Square
New Orleans, Louisiana  70139
Tel: (504) 581-3234
Fax: (504) 566-0210
*Attorneys for Defendants,*
*Harrah's Operating Co., Inc.*
*and Harrah's Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 22nd day of January, 2001, I have served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same by United States mail, properly addressed and first class postage prepaid.

_(signature)_

15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO:  HARRAH'S OPERATING CO., INC.
Through Its Attorney of Record
Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139


HARRAH'S ENTERTAINMENT, INC.
Through Its Attorney of Record,
Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

AND

Michael E. Kostrinsky, Esquire
Associate General Counsel
Corporate Litigation
Harrah's Entertainment, Inc.

3

2700 West Sahara Avenue, Suite 200
Las Vegas, Nevada 89102

The Motion to Extend Time to Produce Expert Reports filed by plaintiffs, Jane Galiano

and Gianna, Inc., will be brought on for hearing before the Honorable Alma Chasez, Magistrate

Judge, United States District Court, Eastern District of Louisiana, 500 Camp Street, New

Orleans, Louisiana 70130, on the _____ day of _____, 2001, at _____

o'clock _____.M.

                                        Respectfully submitted,


                                        _____
                                        SIDNEY L. SHUSHAN, #12055
                                        JONATHAN M. SHUSHAN #21977
                                        Guste, Barnett & Shushan, L.L.P.
                                        639 Loyola Avenue, Suite 2500
                                        New Orleans, Louisiana  70113-7103
                                        Telephone:  (504) 529-4141
                                        Facsimile:    (504) 561-0326
                                        Attorneys for Plaintiffs,
                                        Jane Galiano and Gianna, Inc.

4