FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 15  PM 4: 31

LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * *

**MOTION FOR EXPEDITED HEARING ON CONSOLIDATED MOTIONS:**
**FOR EXPEDITED HEARING ON MOTION TO COMPEL**
**AND FOR AN EXPEDITED HEARING FOR LEAVE TO AMEND CLAIM**
**TO ALLEGE SINGLE ENTERPRISE AND AN EXPEDITED HEARING ON MOTION**
**FOR  SPOLIATION OF EVIDENCE IN THE ALTERNATIVE.**

Now come plaintiffs, Jane Galiano and Gianna, Inc., and respectfully move this

Court for an expedited hearing of the attached consolidated motions, for the reasons set forth in

the memorandum of law annexed hereto.

New Orleans, Louisiana this 14TH day of March 2001.

DATE OF ENTRY
MAR 2 2 2001

1

Fee
Process
X Dktd
CtRmDep
Doc.No. 78

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED HEARING ON MOTION TO COMPEL DISCOVERY

MAY IT PLEASE THE COURT:

The pending motion reluctantly questions defendants' good faith in responding to discovery in this Court. The issues raised go to the heart of the liability and damages issues in this case.

There are only 2 weeks before the Discovery deadline set by this Court. As of this date, defendants have not responded to key discovery requests which go to the heart of the liability and damage issues before this Court. Plaintiffs' experts cannot complete their work because of the position defendants have taken toward discovery in this case.

This consolidated motion is necessary to move this case forward to achieve optimum results in a minimum amount of time. The very purpose and spirit of discovery is negated without a bare minimum of cooperation from defendants.

3

<u>Plaintiffs' deadlines: to file expert reports, to file witness and exhibit lists and the deadline to complete discovery are past due.</u>

Defendants HAVE NOT PRODUCED the requested invoices, purchase orders, or sketches in keeping with Subpoenas and/or Discovery requests. Furthermore, as the result of the depositions, it has been verified that defendants do have in their possession or were given copies of purchase orders by certain costume/uniform manufacturing companies. If such documentation does not exist in Harrah's files, any jury will probably conclude that its absence can only be attributed to defendants' spoliation of the requested documents.

Any interrogatories and requests for production have not been answered by Harrah's Entertainment, Inc. Although it was suggested that Harrah's Entertainment, Inc. should not be a party to this lawsuit, there is ample evidence that Harrah's Entertainment, Inc. was involved in the Settlement Agreement of 1996, a pivotal document at the heart of this case.

Depositions have been delayed by opposing counsel until the last possible reasonable time. Opposing counsel has toyed with a deposition date for plaintiff - it has been changed at least twice. Subpoena Duces Tecum's have gone without reply. Opposing Counsel has relied on standard "word games" i.e., vague, ambiguous, to avoid producing documents.

Finally it was noticed with less than a week's notice on a date which counsel had not cleared. The net result of all of this is that plaintiffs cannot, within the allotted time remaining prior to trial, achieve a "fair playing field" before the Court. The net result of these roadblocks severely limit any concrete evidence of the full extent of the damages for which HARRAH'S is liable.

The Court should grant an expedited hearing.

4

New Orleans, Louisiana this 14th day of March.

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #29177
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Facsimile:   (504) 561-0326
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.

5

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Considering the plaintiffs' Motion for an Expedited Hearing on the Consolidated Motions:

For the Motion to Compel and for Leave to Amend Claim to Allege Single Enterprise and

Spoliation of Evidence in The Alternative, and its accompanying Memorandum of Law, filed by

Jane Galiano and Gianna, Inc.,

IT IS ORDERED by this Court that the Motion for Expedited Hearing on the

Consolidated Motions by Jane Galiano and Gianna, Inc. be and is hereby set for hearing on

_Wednesday_, the _28th_ day of _March_ , 2000, at _11:00_ o'clock _A_. M. _with oral argument_.

6

New Orleans this ___20th___ day of March 2001


_Alma L Chasez_
UNITED STATES ~~DISTRICT~~ JUDGE
                    *MAGISTRATE*

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #29177
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Facsimile:    (504) 561-0326
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.