

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 MAR 20 P 3: 56
LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

## CONSOLIDATED MOTIONS

Now come Plaintiffs, and respectfully move this Honorable Court

**[1] FOR EXPEDITED HEARING ON THE MOTION TO COMPEL AND,**

**[2] MOTION FOR AN EXPEDITED HEARING FOR LEAVE TO AMEND CLAIM TO ALLEGE SINGLE ENTERPRISE AND FOR,**

**[3] FOR AN EXPEDITED HEARING ON MOTION FOR SPOLIATION OF EVIDENCE IN THE ALTERNATIVE**

New Orleans, Louisiana this 14TH day of March 2001.

Fee____
Process____
X/Dktd____
____CtRmDep
Doc.No.____

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Attorneys for Petitioners,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | |
| | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF MOTIONS:
[1] FOR AN EXPEDITED MOTION TO COMPEL, [2] FOR EXPEDITED HEARING ON AND MOTION FOR LEAVE TO AMEND CLAIM TO ALLEGE SINGLE ENTERPRISE AND [3] FOR AN EXPEDITED HEARING ON MOTION FOR SPOLIATION OF EVIDENCE IN THE ALTERNATIVE.**

MAY IT PLEASE THE COURT:

Counsel respectfully files this motion to bring all of the issues before the Court at one time, and respectfully apologizes to the Court for the late timing of this motion. By way of explanation, if not excuse, the Court will recall that this is a suit against a defendant with very deep pockets against plaintiffs with no pockets at all - thanks in large part to the defendants.

**1. For an up to date statement of the facts, counsel respectfully refers the Court to the Motion to Compel Discovery Annexed hereto. The facts speak for themselves. The discovery motion shows in detail why plaintiffs are entitled to relief from this Court. It shows why defendants have not taken the discovery process or this Court seriously.**

Without the facts and documents which Defendants have refused to produce, the Court

-17-

cannot do substantial justice between the parties at the trial of the merits next month. The annexed brief will bring this Court up to date on the status of the case.

The specific issues and options before this Court are as follows:

**2. The Court should permit an amendment of the claim to allege that both defendants are a single enterprise.**

Counsel for defendants advises that HARRAH's Entertainment, Inc. played no role in this case. Yet, HARRAH's Entertainment, Inc.'s name appears on numerous documents concerning negotiations of contracts and even on the "Settlement Agreement " (Annex K) HARRAH's Entertainment Inc. needs to explain to this Court why its name appears on that key document if it played no role in this case.

Even the business card of a key witness in this case lists her as an employee of Harrah's Entertainment"! (Annex L)

Many of the key documents clearly have the names of both "Operations" and "Entertainment". (Annex M) In fact, the May 6, 1996 Settlement Agreement is written on Harrah's Entertainment, Inc.'s letterhead and lists Harrah's Operating Company, Inc. in the signature block. (Annex K)   The facts listed above speak for themselves. Their stationery and their business cards intermingle the two corporations. In the interests of justice, the Court should permit the amendment to the pleadings. The Courts favor amendments of the pleadings to do substantial justice between the parties. [1]

---

[1] Martin's Herend Imports, Inc. v. Diamond & Gems Trading United States Of America Co., 195 F.3d 765,770(5th Cir. 1999); Lowrey v. Texas A & M University System, 117 F.3d 242(5th Cir. 1997); Rose v. Hartford Underwriters Insurance Co., 203 F.3d 417(6th Cir. 2000).

-18-

So far, the pleadings do not allege "single enterprise" or undercapitalization of the subsidiary, or "alter ego". There are more than enough facts to support a judgment against Entertainment.

Out of an excess of caution, plaintiffs ask the permission of the Court to amend the pleadings to allege a single enterprise theory of liability against "Entertainment". It will not delay the trial of the merits of this case. [2]

### 3. THE COURT SHOULD PERMIT AN AMENDMENT OF THE CLAIM TO ALLEGE IN THE ALTERNATIVE THAT HARRAH'S HAS SPOLIATED EVIDENCE OF ITS DEALINGS WITH PLAINTIFFS AND THE NEW YORK COSTUME MANUFACTURERS.

Harrah's has been on notice for a long time that its uniforms and/or costumes were the subject of a copyright claim and breach of contract claim.

The correspondence following the "Settlement Agreement" put Harrah's on notice that a dispute was likely, particularly because it was Harrah's which asserted that it would owe the royalties called for by that Agreement!

Plaintiff's sent Harrah's a copy of the designs(sketches) which are the basis of plaintiffs claim within a couple of weeks of filing suit.

Any jury is likely to conclude that any loss or destruction of prototype, sketches, invoices of purchase of uniforms, and other evidence of Harrah's purchase and/or use of uniforms is really

---

[2] New Orleans is very familiar with Harrah's ability to put subsidiaries into bankruptcy if things do not go well. It is very possible that in this case "Operations" plays the same role for "Entertainment" which the local New Orleans casino companies have played for the Harrah's corporate empire in the well publicized bankruptcies.

spoliation of evidence.

Harrah's has been on notice from the beginning.

It must know where the computer records identified above are located.

It must have records for locating vendor number "182626".

It should know where the requested documents are kept. Certainly Harrah's cannot reasonably expect this court or plaintiffs to believe that a large computerized corporation such as Harrah's cannot locate purchase orders for the uniforms which are in use at defendants' various casinos.

Spoliation of evidence is the intentional destruction of evidence for the purpose of depriving the opposing parties of its use. [3] "Intentional" under Louisiana law means either acting with a conscious desire to cause a result or, acting with knowledge that a result is substantially certain to follow. [4]

The Galiano deposition (summarized in the annexed discovery motion) provided additional evidence of spoliation. None of the successive explanations for the missing evidence make any sense.

Plaintiffs should be allowed to amend their complaint to allege spoliation of evidence.

Whether or not Harrah's actions constitute "intentional" destruction of evidence is a question for this Court and a jury to determine.

We respectfully suggest that the above facts and arguments show good reason why the Court should intervene at this point in time.

---

[3] <u>Constans v. Choctow Transport, Inc.</u>, 712 So.2d 885 (La. App. 4th Cir. 1997).

[4] <u>Ballex v. Naccari</u>, 663 So.2d 173 (La. App. 4th Cir. 1995).

There are a variety of possible remedies.

An extension of discovery cutoff and expert report dates by even short time would help to do substantial justice between the parties.

Plaintiffs respectfully suggest that a combination of an extension of discovery, and expert reports, would preserve the present trial date.

Early in this case the Court said in effect that the requested discovery was too broad.

At that time perhaps it was on the record before the Court at that time.

Now the discovery is very specific. It is supported by more than enough evidence to meet the well known requirements of the Federal Rules of Civil Procedure.

Now plaintiffs respectfully suggest there is enough evidence before the Court to compel a different conclusion - a speedy order to defendants to produce their records immediately or face sanctions.

Plaintiffs respectfully suggest there is more than enough evidence in the record now to justify a reconsideration of the cutoffs, the possible severance, and a possible reluctant continuance of the trial.

Plaintiffs respectfully suggest that defendants; refusal to cooperate with discovery has gone far enough for the Court to consider striking their answer.

Plaintiffs respectfully suggest that this is a case where the procedural rules should be used to give the Court and the jury a reasonable opportunity to do substantial justice between the parties.

New Orleans, Louisiana this 14th day of March 2001.

Respectfully submitted,

*[signature]*

SIDNEY L. SHUSHAN, #12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Attorneys for Petitioners,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 14th day of March, 2001 served a copy of the foregoing Consolidated Motions on Counsel,

Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

for all parties to this proceeding by hand delivery.

_____
JONATHAN M. SHUSHAN

-23-

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * *

## **LOCAL RULE 37.1 CERTIFICATE**

I hereby certify that Counsel for plaintiffs, Jane Galiano and Gianna, Inc.., contacted Joseph Looney, Esq., counsel for defendants, by telephone on numerous occasions the last call made on March 12, 2001, and both Counsels met personally on March 13, 2001 for the purpose of amicably resolving the issues of discovery. Defendants have refused to amicably resolve the issues involved. Plaintiffs' counsel has exhausted all means of resolving the discovery issues.

New Orleans, Louisiana this 15th day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, # 21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION "E" (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |

**********************

## LOCAL RULE 7.6E CERTIFICATE

I hereby certify that counsel for plaintiffs, Jane Galiano and Gianna, Inc.., contacted Joseph Looney, Esq., counsel for defendants, by telephone on March 12, 2001, and both Counsels met personally on March 13, 2001 and that defendants have refused to consent to the filing and granting of this Motion for an Expedited Hearing on the Consolidated Motions: to Compel Discovery, and for an Expedited Hearing for Leave to Amend Claim to Allege Single Enterprise and an Expedited Hearing on Motion for Spoliation of Evidence in the Alternative.

New Orleans, Louisiana this 15th day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, # 21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

## **<u>NOTICE OF HEARING</u>**

You are hereby notified that the Motion for Expedited Hearing on the Consolidated Motions: to Compel and for Leave to Amend Claim to Allege Single Enterprise And Spoliation of Evidence in The Alternative, filed by Jane Galiano and Gianna, Inc., by Jane Galiano and Gianna, Inc. will be heard on _____, the _____ day of _____, 2001, at _____ ___. M. , at the United States District Court for the Eastern District of Louisiana, 501 Magazine Street, New Orleans, Louisiana 70130.

New Orleans, Louisiana this 14th day of March 2001.

8

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, # 12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #29177
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## **ANNEXES**

A.   Letters from Mr. Joseph Looney, Esq and Ms. Melissa LaBauve, Esq.

B.   Plaintiff's Interrogatories and Request for Production and Defendant, Harrah's Operating Company, Inc.'s answers.

C.   Copy of Letter from Mr. Joseph Looney, Esq. and Ms. Melissa LaBauve, Esq.

D.   Deposition of John Sbordone dated February 21, 2001.

E.   Letter from Howard Wecksler to Jan Starnes dated December 4, 1995.

F.   Affidavit of Jonathan M. Shushan

G.   Copy of Uniform Projections for Canal Street Casino, New Orleans Preliminary Order Projections and Custom Designs for New Orleans

H.   Account Payable Voucher of Harrah's to All-Bilt dated 1996. (Harrah's Bates Numbers 75-80)

I.   Accounts Payable Voucher of Harrah's to All-Bilt dated 1998. (Harrah's Bates Numbers 67-74)

J.   All-Bilt's Purchase Orders in Plaintiffs' possession.

K.   Settlement Agreement of May 1996.

    L.       Copy of Business Card of Connie Albright

    M.      Copies of Letters and Agreements from Harrah's

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**