PLEASE FILE
IN RECORD

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REVISED MOTION FOR EXPEDITED HEARING ON REVISED CONSOLIDATED
MOTIONS: [1] FOR EXPEDITED HEARING ON MOTION FOR LEAVE TO AMEND
CLAIM TO ALLEGE SINGLE ENTERPRISE AND FOR AN EXPEDITED HEARING
ON MOTION FOR  SPOLIATION OF EVIDENCE IN THE ALTERNATIVE, AND [2]
FOR AN EXPEDITED HEARING ON THE MOTION FOR A STATUS CONFERENCE,
AND [3] ALTERNATIVELY, FOR AN EXPEDITED HEARING FOR  A  NEW TRIAL
DATE, OR A SEVERANCE OF THE ISSUES OF DAMAGES AND LIABILITY, OR TO
EXTEND CUTOFF DATES, OR FOR OTHER APPROPRIATE RELIEF**

Now come plaintiffs, Jane Galiano and Gianna, Inc., who withdraw the Motions filed on

March 15, 2001 and substitute this revised Motion to bring the court up to date as per the

previous week's depositions.

Plaintiffs respectfully move this Court for an expedited hearing of the attached consolidated

motions, on March 28, 2001, the date to which the previous motion was continued, for the

1



reasons set forth in the memorandum of law annexed hereto.

New Orleans, Louisiana this 21st day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #29177
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF: REVISED MOTION FOR EXPEDITED HEARING ON REVISED CONSOLIDATED MOTIONS: [1] FOR EXPEDITED HEARING ON MOTION FOR LEAVE TO AMEND CLAIM TO ALLEGE SINGLE ENTERPRISE AND SPOLIATION OF EVIDENCE IN THE ALTERNATIVE, AND [2] FOR AN EXPEDITED HEARING ON THE MOTION FOR A STATUS CONFERENCE, AND [3] ALTERNATIVELY, FOR AN EXPEDITED HEARING FOR A NEW TRIAL DATE, OR A SEVERANCE OF THE ISSUES OF DAMAGES AND LIABILITY, OR TO EXTENT CUTOFF DATES OR OTHER APPROPRIATE RELIEF**

**MAY IT PLEASE THE COURT:**

This is a slightly revised and updated version of the motion which was previously filed and set for hearing on March 21.

Plaintiffs respectfully request that the motion be set for March 28, the date to which the original motion was continued.

There are key discovery issues pending before the Magistrate Judge. A copy of that Motion and its Annexes is annexed hereto for reference. That Motion and those Discovery Issues

3

go to the heart of this case. The pending motions reluctantly question defendants' good faith in responding to discovery in this Court.

There are less than 2 weeks before the Discovery deadline set by this Court. As of this date, defendants have not responded to key discovery requests which go to the heart of the liability and damage issues before this Court. While defendants did produce an incomplete list of purchases, after plaintiffs informed defendants of the intent to file this motion, defendants' production is however in numerical code and defendants did not provide the names of the manufacturers nor the numerical numbers that correlate to the costume/uniform designs. Nor did defendants produce any sketches, photographs, prototypes, or patterns of the designs it purchased. Plaintiffs' experts cannot complete their work because of the position defendants have taken toward discovery in this case.

This consolidated motion is necessary to move this case forward and to achieve optimum results in a minimum amount of time. The very purpose and spirit of discovery is negated without a bare minimum of cooperation from defendants.

Plaintiffs' deadlines: to file expert reports, to file witness and exhibit lists and the deadline to complete discovery are past due.

Defendants HAVE NOT PRODUCED the requested invoices, purchase orders, or sketches in keeping with Subpoenas and/or Discovery requests. Furthermore, as the result of the depositions, it has been verified that defendants do have in their possession or were given copies of purchase orders by certain costume/uniform manufacturing companies. If such documentation does not exist in Harrah's files, any jury will probably conclude that its absence can only be attributed to defendants' spoliation of the requested documents.

4

Any interrogatories and requests for production have not been answered by Harrah's Entertainment, Inc. Although it was suggested that Harrah's Entertainment, Inc. should not be a party to this lawsuit, there is ample evidence that Harrah's Entertainment, Inc. was involved in the Settlement Agreement of 1996, a pivotal document at the heart of this case.

Depositions have been delayed by opposing counsel until the last possible reasonable time. Opposing counsel has toyed with a deposition date for plaintiff - it has been changed at least twice. Subpoena Duces Tecum's have gone without reply. Opposing Counsel has relied on standard "word games" i.e., vague, ambiguous, to avoid producing documents.

Finally it was noticed with less than a week's notice on a date which counsel had not cleared. The net result of all of this is that plaintiffs cannot, within the allotted time remaining prior to trial, achieve a "fair playing field" before the Court. The net result of these roadblocks severely limit any concrete evidence of the full extent of the damages for which HARRAH'S is liable.

The annexed discovery motion will bring the Court up to date as of today on the status of the case.

The Court should grant an expedited hearing.

New Orleans, Louisiana this 21st day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #29177
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the plaintiffs' Motion an Expedited Motion on the Consolidated Motions:

[1] For Leave to Amend Claim to Allege Single Enterprise And Spoliation of Evidence in The

Alternative, And [2] For a Status Conference, And [3] Alternatively For a New Trial Date, or a

Severance of The Issues of Damages And Liability, Or to Extend Other Pretrial Cutoff Dates and

its accompanying Memorandum of Law, filed by Jane Galiano and Gianna, Inc.,

IT IS ORDERED by this Court that the Motion for Oral Argument on the Consolidated

Motions by Jane Galiano and Gianna, Inc. be and is hereby granted on _____, this _____

day of _____, 2000, at _____ o'clock ___ M.

New Orleans this _____ day of March 2001

7

New Orleans this _____ day of March 2001


_____
UNITED STATES DISTRICT JUDGE

FILE UNSIGNED

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

You are hereby notified that the Motion for Expedited Hearing on the Consolidated

Motions [1] For Leave to Amend Claim to Allege Single Enterprise And Spoliation of Evidence

in The Alternative, And [2] For a Status Conference, and [3] Alternatively For a New Trial Date,

or a Severance of The Issues of Damages And Liability, Or to Extend Discovery And Other

Pretrial Cutoff Dates, filed by Jane Galiano and Gianna, Inc., by Jane Galiano and Gianna, Inc.

will be heard on _____, the _____ day of _____, 2001, at _____ ____. M. , at the

United States District Court for the Eastern District of Louisiana, 501 Magazine Street, New

Orleans, Louisiana 70130.

New Orleans, Louisiana, this 21st day of March 2001.

9

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #29177
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Facsimile:    (504) 561-0326
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 21ˢᵗ day of March, 2001, served a copy of the

foregoing pleadings on Counsel:

Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

for all parties to this proceeding by hand delivery.

SIDNEY L. SHUSHAN

11

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

JANE GALIANO, AND GIANNA, INC.   *     CIVIL ACTION NO. 00-0071
                                 *
                                 *
                                 *
VERSUS                           *     SECTION " E" " (5)
                                 *
                                 *     JUDGE MARCEL LIVAUDAIS, JR.
                                 *
HARRAH'S OPERATING CO., INC.,    *
            AND                  *
HARRAH'S ENTERTAINMENT, INC.     *     MAGISTRATE JUDGE CHASEZ
* * * * * * * * * * * * * * * * * * * * * *

## LOCAL RULE 7.6E CERTIFICATE

I hereby certify that counsel for plaintiffs, Jane Galiano and Gianna, Inc. , contacted Joseph

Looney, Esq., counsel for defendants, by telephone on March 20, 2001, and both Counsels met

personally on March 13, 16, 19 and that defendants have refused to consent to the filing and

granting of this Motion for an Expedited Hearing on the Consolidated Motions .

New Orleans, Louisiana this 21st day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, # 21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

## LOCAL RULE 37.1 CERTIFICATE

I hereby certify that Counsel for plaintiffs, Jane Galiano and Gianna, Inc.., contacted

Joseph Looney, Esq., counsel for defendants, by telephone on numerous occasions the last call

made on March 20, 2001, and both Counsels met personally on March 13, 2001 for the purpose of

amicably resolving the issues of discovery.  Defendants have refused to amicably resolve the issues

involved.  Plaintiffs' counsel has exhausted all means of resolving the discovery issues.

New Orleans, Louisiana this 21st day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, # 21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Facsimile:   (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.



EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

JANE GALIANO, AND GIANNA, INC.    *    CIVIL ACTION NO. 00-0071
   *
   *
   *
   *
VERSUS    *    SECTION " E" " (5)
   *
   *    JUDGE MARCEL LIVAUDAIS, JR.
   *
HARRAH'S OPERATING CO., INC.,    *
       AND    *
HARRAH'S ENTERTAINMENT, INC.    *    MAGISTRATE ALMA CHASEZ
   *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>CONSOLIDATED MOTIONS</u>

**Now come Plaintiffs, and respectfully move this Honorable Court**

**[1] FOR EXPEDITED HEARING ON AND MOTION FOR LEAVE TO AMEND CLAIM TO ALLEGE SINGLE ENTERPRISE AND SPOLIATION OF EVIDENCE, AND**

**[2] FOR AN EXPEDITED HEARING ON AND THE MOTION FOR A STATUS CONFERENCE, AND**

**[3] ALTERNATIVELY, FOR A NEW TRIAL DATE, OR A SEVERANCE OF THE ISSUES OF DAMAGES AND LIABILITY, OR TO EXTEND CUTOFF DATES, OR**

**[4] TO STRIKE DEFENDANTS' ANSWER FOR REASONS SET FORTH IN THE DISCOVERY MOTION ANNEXED HERETO FOR REFERENCE, OR**

**[5] FOR OTHER APPROPRIATE RELIEF.**

New Orleans, Louisiana this 21st day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.

-13-

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OF LAW IN SUPPORT OF CONSOLIDATED MOTIONS</u>

**[1] FOR EXPEDITED HEARING ON AND MOTION FOR LEAVE TO AMEND CLAIM TO ALLEGE SINGLE ENTERPRISE AND SPOLIATION OF EVIDENCE IN THE ALTERNATIVE, AND**

**[2] FOR AN EXPEDITED HEARING ON AND THE MOTION FOR A STATUS CONFERENCE, AND**

**[3] ALTERNATIVELY, FOR A NEW TRIAL DATE, OR A SEVERANCE OF THE ISSUES OF DAMAGES AND LIABILITY, OR TO EXTEND CUTOFF DATES, OR**

**[4] TO STRIKE DEFENDANTS' ANSWER FOR REASONS SET FORTH IN THE DISCOVERY MOTION ANNEXED HERETO FOR REFERENCE, OR**

**[5] FOR OTHER APPROPRIATE RELIEF.**

MAY IT PLEASE THE COURT:

Counsel respectfully files this Motion to bring all of the issues before the Court at one time, and respectfully apologizes to the Court for the late timing of this motion. By way of

-14-

explanation, if not excuse, the Court will recall that this is a suit against a defendant with very

deep pockets against plaintiffs with no pockets at all - thanks in large part to the defendants.

**1. THE FACTS. For an up to date statement of the facts, counsel respectfully refers the Court to the Motion to Compel Discovery Annexed hereto. The facts speak for themselves. The discovery motion shows in detail why plaintiffs are entitled to relief from this Court. It shows why defendants have not taken the discovery process or this Court seriously.**

Without the facts and documents which Defendants have refused to produce, the Court

cannot do substantial justice between the parties at the trial of the merits next month.  The

annexed brief will bring this Court up to date on the status of the case.

**2. THE MACKEY AND BUHRER DEPOSITIONS AND THE ALL-BILT PARTIAL DOCUMENT PRODUCTION ON FRIDAY FURTHER CLARIFIED HARRAH'S USE OF PLAINTIFFS' DESIGNS AND HARRAH'S REFUSAL TO PRODUCE DOCUMENTS.**

**A.** The recent evidence disclosures strengthened the link between plaintiffs' design
collection and the national designs put into production by defendants.

On March 15, 2001, both plaintiffs and defendants received a packet containing

photographs of designs manufactured for Harrah's and  several disks containing art work for

designs produced by All-Bilt for Harrah's. (Annex K)  The parties are attempting to view the

information on the disk,  however the color photographs were immediately used during the

depositions this past  Friday. Their use sheds new light on the use of Gianna Inc.'s, designs by

Harrah's.

Shane Mackey, artist for Gianna Inc. when Gianna was designing for Harrah's, viewed the

photographs produced by All-Bilt prior to referring to the collection of Gianna Inc.'s designs. Mr.

-15-

Mackey immediately recognized many similarities between the All-Bilt designs and the designs he completed for Gianna, Inc. The similarities between the designs were obvious to him though he had not reviewed the Gianna Inc.'s, collection of designs in over 4 years.

Later, Mr. Mackey reviewed the Gianna's collection of designs in conjunction with the All-Bilt designs. (Previously annexed to Motion for Summary Judgment as Annex E)   Mr Mackey matched specific designs in the Gianna collection to similar designs produced by All-Bilt (Annex K & L). He matched Gianna's design numbers H1051 and H1053 with All-Bilt design identified as A, B, C, and D. (Annex K & L) Mr. Mackey stated that All-Bilt "D" was the "same design" as Gianna Inc., H1053. (Annex K & L) Furthermore, he noted that All-Bilt appeared to combine elements of Gianna's design numbers H1051 and H1053 in creating All-Bilt A, B, C, and D. (Annex K & L)

Strong similarities existed, in Mackey's opinion, between Gianna's design numbers H1039 and H1070, and All-Bilt QQ and RR. (Annex K & L) Likewise, there were similarities between Gianna's design number H1056 and All-Bilt MM, and Gianna's design numbers H1084, H1052, and H1044 and All-Bilt H. (Annex K & L)

Mr. Mackey reiterated that fact that he and Jane worked together to create all of the designs in Gianna Inc.'s, collection submitted to the Court as part of plaintiffs' Motion for Summary Judgment as Exhibit E. There was one exception in the collection, design number H1079, which Mackey stated was created by Jane Galiano prior to his employment with Gianna Inc.

Mackey stated that when Gianna Inc., was designing for Harrah's, he was an employee of Gianna Inc., and received a W2 Tax Form from Gianna Inc. (Annex S) As an employee of Gianna

-16-

Inc., Mr Mackey was paid by the hour at an agreed upon rate. As an employee of the corporation, the designs he created with Jane Galiano were the property of Gianna Inc., and Jane Galiano. Thus, he denied any ownership of the designs that were the result of their collaboration.

Mr. Mackey outlined the complete design process during his deposition. The first step in the design process began by using pre-made nude model drawings to trace the outline of a human figure onto vellum paper. Then the rough sketches on vellum would be clothed at the direction of Jane Galiano. Mr. Mackey would work with Jane Galiano until the pencil sketch on the vellum accurately represented the design in her mind. At that point, the design from the vellum paper would be transferred onto a cardboard page in reverse. This was necessary to help identify any errors as to form of the figure in the vellum sketch. Once the sketch was transferred to the cardboard in pencil the design would further be refined by Mr. Mackey at the direction of Jane Galiano. Once the cardboard pencil was satisfactory to Ms. Galiano, Mr. Mackey would ink the sketch and prepare the sketch to be colored. The final stage was the coloring, or washing, of the sketch. After the sketch was colored, the sketch would be approved by Ms. Galiano, and then affixed to a black board and signed and dated by Jane Galiano. This final black board stage represents the designs, with a couple of exceptions, submitted by Gianna Inc., to the copyright office. These black boards make up the basis of this suit. Mr. Mackey noted that it was their common practice to submit the sketches to Harrah's for review at various stages of competition.

Even though on a couple occasions Harrah's employees were present when he and Jane were preparing preliminary sketches of their ideas, none of Harrah's employees ever drew anything or fixed any idea on paper. The preliminary sketches in the presence of Harrah's employees were very rough sketches that would be drawn by Shane in a few minutes. Preliminary

-17-

sketches were made in the presence of Harrah's employees on only three occasions while Jane Galiano and Shane Mackey were in Joliet Il., and Memphis, TN., reviewing the casinos where the designs would eventually be used.   Mackey reiterated that he and Jane Galiano created and prepared all of the final designs at the studio in New Orleans.

As Mr. Mackey stated, no Harrah's employee ever put any idea on paper.  Mr. Mackey's testimony makes it quite clear that no Harrah's employee ever fixed any idea in a tangible medium as required for copyright protection. 17 U.S.C. 101.  As a general rule the "author" is the party who actually creates the work, that is the person who translates an idea into a fixed tangible expression entitled to copyright protection. [1] Only Gianna Inc., produced completed designs which were fixed in a tangible medium.  The fact that a client provides an artist with general themes and "ideas" as to what the client is looking for in no way under the copyright laws grants the client an ownership interest in the work.[2]

Mr. Mackey's review of the All-Bilt designs and his statement that All-Bilt " D" is  a combination of Gianna Inc., design number H1051 and H1053,  is clear evidence that Harrah's through All-Bilt produced garments that infringed upon Gianna Inc., designs either as identical copies or as unauthorized derivative works.[3] (Annex K & L)

Even if plaintiffs were not entitled to copyright protection, Harrah's use of the designs as submitted by All-Bilt, constitutes a breach of both the original Design Consulting Agreement, and

---

[1] 17 U.S.C. 201(a);  Giovaroma, Inc. v. Maljack Productions Inc., 71 F.Supp.2d 846(N.D. Ill. 1999).

[2] Langman Fabrics v. Samsung America, Inc., 967 F.Supp. 131(S.D.N.Y. 1997)

[3] Fred Riley v. Home Bldg. Corp. v. Cosgrove, 883 F.Supp. 1478(D. Kan. 1995).

the May 6, 1996 Settlement Agreement. In the May 6, 1996, Settlement Agreement Harrah's specifically agreed not to use any designs not listed in the Settlement Agreement. Furthermore, Harrah's was to notify plaintiffs if any changes were made to the designs that were authorized under the Settlement Agreement. Harrah's has made no such disclosure.

Further, even absent the breach of contract and copyright claims, Harrah's has been unjustly enriched by using plaintiffs designs as the basis of the designs which are in use at Harrah's facilities across the United States.

Mr. Mackey's testimony has clarified the facts that Harrah's has used or is using designs that are at the least similar to plaintiffs' designs. Harrah's must be compelled to produce their purchase orders, photographs of the uniforms that are currently in use, as well as sketches, photographs, or prototypes of any designs which have been used since 1995.

The examination of Scott Buhrer, a shareholder and Vice President of Gianna Inc., during the time Gianna was designing for Harrah's, also shed new light on the initial agreement between Harrah's and Gianna Inc., as well as the claims by defendants' employees that they "collaborated" in some of the designs.

Mr. Buhrer was quite clear that the original contract provided that Gianna Inc., would retain ownership of the designs. Furthermore, Buhrer explained that Gianna Inc., was compensated for both consulting and design work. Part of Gianna Inc.'s compensation, he understood the contract, would be Gianna Inc.'s ability to negotiate separately with the manufacturers for the production of the Gianna Inc., designs for Harrah's.

Mr. Buhrer explained that around the time the Harrah's New Orleans temporary casino went into bankruptcy, Harrah's, through Connie Albright, began discussions about changing the

-19-

agreement between Harrah's and Gianna, because of budget constraints of Harrah's. Several

letters were sent between the parties, containing new billing proposals, but no agreement was

reached. It was not until this late stage of the relationship between Harrah's and Gianna that Mr.

Buhrer states that Connie Albright, first claimed that the royalty owed by Harrah's under the

Design Consulting Agreement, should be reduced due to the alleged "collaboration" of Harrah's

personnel in creating the designs. As Mr. Buhrer explained, in every artist client relationship,

there is some guidance given to the artist by the client as to what the client likes or doesn't like,

what the client is looking for and the specific needs of the client. He stated that he felt that

Connie was very inexperienced in the fashion design arena and that while she explained to Gianna

what the client(Harrah's) liked and needed, her input as to approving designs and informing

Gianna of the general themes of Casino's in no way constituted a "collaboration" which according

to Mr. Buhrer's understanding would entitle Harrah's to a reduced royalty payment.

Mr. Buhrer admitted that the May 6, 1996 , settlement agreement was executed on behalf

of Gianna Inc., by him. Buhrer felt he had full authority and approval from the other shareholders

to execute the agreement. He stated that although Gianna was not pleased with the manner in

which the relationship with Harrah's terminated, he felt  the settlement agreement was a proper

business decision for Gianna Inc. At the time the settlement agreement was executed,  he did not

feel that Gianna could salvage the relationship and continue to design for Harrah's.

### B. THE RECENT EVIDENCE SHOWS VERY PLAINLY WHY HARRAH'S MUST MAKE COMPLETE DISCLOSURE OF THE DESIGNS AND INVOICES FOR ITS "NATIONAL DESIGNS" PUT INTO PRODUCTION SHORTLY AFTER THE BREAKUP WITH PLAINTIFFS.

Recent evidence from two key witnesses, and a partial disclosure from one manufacturer,

show why Harrah's should make full disclosure as to its "National Design Collection" put into

-20-

production shortly after the breakup with plaintiffs.

Most of the key evidence that will show the full extent of the damage done by Harrah's is still locked up in Harrah's files, and the files of its manufacturers used for its National Design Production.

**Key evidence is still missing and this evidence includes but is not limited to:**

1.. The Floppy Discs we have not been able to open, which may show additional designs which All-Bilt used from Plaintiffs' Design Collection.

2. The All-Bilt Invoices, which All-Bilt and Harrah's still refuse to produce. They are probably available in computer form. Plaintiffs have a few Harrah's purchase orders received prior to this litigation from the manufacturers. These purchase orders clearly indicate that Harrah's has its purchase orders in computer files which should be easy to copy for plaintiffs.

3. The designs used by all of the other manufacturers and their invoices. It is illogical to assume that Defendants only used one or two of the six manufacturers to produce plaintiffs' designs. Plaintiffs have limited number of purchase orders and invoices which evidence orders from Uniform Ideas, Angelica Image Apparel of Nevada, Creations Galore Ad Specialty, Red the Uniform Tailor Inc., Varsity Spirit, Uniforms to You, as well as All-Bilt.

4. Prototypes, photographs, patterns or sketches of the designs used by Harrah's since 1995.

Plaintiff and other witnesses, have seen plaintiffs designs in use at Harrah's facilities as late as 1999. Plaintiff, Jane Galiano, in her sworn affidavit listed specific Gianna Inc., designs that she

-21-

witnessed in use by Harrah's and listed where each design was used. ( Affidavit of Galiano with MSJ along with Chart).

Other persons including plaintiff's counsel and his wife have witnessed Gianna Inc., designs in use at Harrah's casino in Cherokee.

Yet to date defendants have not even produced photographs of the uniforms that are currently in use at defendants facilities. If as defendants allege they are not using plaintiffs designs, why have they not been forth coming with discovery? Why have they not produced photographs or sketches of the designs that they are currently using? Why have they not responded to plaintiffs request for entry upon land? If they are not using plaintiffs designs they should have provided plaintiffs an opportunity to inspect their facilities as requested.

The evidence of defendants use of plaintiffs' designs, especially in light of the photographs produced by All-Bilt and the "Harrah's People Magazine" produced by defendants, is clear and overwhelming.

The black letter law as well as the spirit of the discovery rules require that the defendants produce all **requested documents if they are reasonably calculated to lead discoverable information**. Fed. Rule Civ. Pro. 26(b). There is no question that plaintiffs request that defendants produce all purchase orders of uniforms since 1995 is reasonably calculated to lead to discoverable evidence. Yet Plaintiffs have been forced to prove their case before defendants have produced evidence in conformity with the Federal Rules of Civil Procedure. The evidence now before the court is more than sufficient to justify this court to compel defendants to immediately produce all records of the purchase and production of uniforms by defendants since 1995.

Defendants have argued that the task of determining which designs are similar to plaintiffs

designs is a monumental task. Plaintiffs do not request nor will plaintiffs except defendants

opinion as to what designs are similar. Rather plaintiffs request and have a right to inspect every

design ordered by defendants since 1995. Let plaintiffs and the jury decide which designs are

substantially similar. Defendants' absurdly ask plaintiffs to let the defendant determine their own

liability!

The defendants must be compelled to produce the records of the designs they are using

and have used since 1995. Plaintiffs then will need time to review the designs and have plaintiffs'

experts review the designs to determine if the designs used by Harrah's are the designs of Gianna

Inc.

**C. ON MARCH 13, 2001 DATE DEFENDANTS AFTER PLAINTIFFS
INFORMED THE DEFENDANTS THAT THE MOTION TO COMPEL WOULD BE
FILED, DEFENDANTS PRODUCED A COMPUTER SPREAD SHEET LISTING A
PORTION OF THE UNIFORMS PURCHASED BY HARRAH'S. THIS SPREAD
SHEET IS CODED AND DEFENDANTS FAILED TO PROVIDE PLAINTIFFS WITH
THE LISTINGS TO ASSOCIATE THE NUMBERS INTO A USEFUL MEDIUM.
DEFENDANTS PRODUCTION IS UNSATISFACTORY AND USELESS TO PLAINTIFF
WITHOUT THE CORRESPONDING DESIGNS SKETCHES AND NAMES TO
CORRESPOND TO DEFENDANTS CODE.**

Defendants should be compelled to produce copies of the sketches used to produce the

uniforms that have been ordered by Harrah's since 1995. Defendants should be ordered to

produce any prototypes of uniforms that they have in their possession. Defendants should be

required to produce their purchase orders for all uniforms ordered since 1995.

Plaintiffs are not asking the defendants to make any interpretation or conclusions as to

which designs are similar to plaintiffs. Defendants should be required to produce records of all

purchases of all uniforms since 1995. The trier of fact will determine which designs are similar to

plaintiffs' designs.

Plaintiff has several purchase orders in their possession which detail the type and style of uniforms being purchased by Harrah's. These are computerized purchase orders. Surely Harrah's can produce these computer records with little to no effort. Harrah's should produce all of the records relating to the purchase of uniforms. Plaintiff is willing to sort through the allegedly voluminous documents.

Further defendants must have some way of comparing the designs they receive from the manufacturer to the designs which they ordered. Defendants should be compelled to produce the sketches, prototypes, and/or photographs of the uniforms that they have purchased since 1995.

**D. ON MARCH 16, 2001, DEFENDANTS PRODUCED THEIR UPDATED EXHIBIT AND WITNESS LIST. (Annex T) THE EXHIBIT LIST CONTAINS DOCUMENTS THAT HAVE NOT BEEN PRODUCED TO PLAINTIFFS. THE WITNESS LIST CONTAINS NEW NAMES THAT PLAINTIFFS HAVE NOT HAD THE OPPORTUNITY TO DEPOSE AND NAMES OF EXPERTS HAVE NOT BEEN IDENTIFIED. THE DISCOVERY CUT-OFF DATES SHOULD BE SET BACK TO ALLOW PLAINTIFFs ADEQUATE OPPORTUNITY TO DEPOSE DEFENDANTS NEW WITNESSES AND TO HAVE THE NEW DOCUMENTS REVIEWED. ALTERNATIVELY THE TRIAL DATE SHOULD BE CONTINUED TO ALLOW FOR ADEQUATE DISCOVERY BY PLAINTIFFS.**

Defendants exhibit list contains the following documents which have not been produced:

1. Undated handwritten letter from Gianna to Connie Albright. (Defendants Exhibit 1).

2. Connie Albright Employee Expense Report 11/20-11/25/95.(Defendants Exhibit 3).

3. 6/11/96 Note from Mary Miller to Vince DeYoung re: settlement check to Gianna.

(Defendants Exhibit 19).

**4. Prototypes and production samples. (Defendants exhibit 29).**

**5. Examples of uniforms currently in use at Harrah's. (Defendants exhibit 32).**

**6. Examples of markers used by Uniform Ideas to assist in the creation of**

Uniforms.  (Defendants exhibit 33).

7. Sketch of Tunica Uniform as of 11/10/98. (Defendants exhibit 34).

These documents represent key evidence that the defendants have failed to produce. Yet the defendants have listed these documents on their exhibit list.  Defendants' exhibit list is further evidence of defendants disregard for the discovery process.

Defendants' witness list contains the following individuals which have not been identified: 1.  Ann Mitchell;  2.  A representative of H.C. Consulting, Inc.;  3.  A representative of Philip Morris Company;  4.  A representative of Disney Corporation;  5.  A representative of the U. S. Copyright Office;  6.  An expert on uniform design and production;  7.  An expert on accounting/economics, if necessary.  (Annex T)

## THE LAW

The specific issues and options before this Court are as follows:

### 1. THE COURT SHOULD PERMIT AN AMENDMENT OF THE CLAIM TO ALLEGE THAT BOTH DEFENDANTS ARE A SINGLE ENTERPRISE.

Counsel for defendants advises that HARRAH's Entertainment, Inc.  played no role in this case.  Yet, HARRAH's Entertainment, Inc.'s name appears on numerous documents concerning negotiations of contracts and even on the "Settlement Agreement " (Annex F)  HARRAH's Entertainment Inc. needs to explain to this Court why its name appears on that key document if it played no role in this case.

Even the business card of a key witness in this case lists her as an employee of Harrah's Entertainment!  (Annex Q)

Many of the key documents clearly have the names of both "Operations" and

-25-

"Entertainment". (Annex R)  In fact, the May 6, 1996 Settlement Agreement is written on Harrah's Entertainment, Inc.'s letterhead and lists Harrah's Operating Company, Inc. in the signature block. (Annex F)    The facts listed above speak for themselves. Their stationery and their business cards intermingle the two corporations.  In the interests of justice, the Court should permit the amendment to the pleadings. The Courts favor amendments of the pleadings to do substantial justice between the parties. [4]

So far, the pleadings do not allege "single enterprise" or undercapitalization of the subsidiary, or "alter ego".   There are more than enough facts to support a judgment against Entertainment.

Out of an excess of caution, plaintiffs ask the permission of the Court to amend the pleadings to allege a single enterprise theory of liability against "Entertainment".  It will not delay the trial of the merits of this case. [5]

### 2. THE COURT SHOULD PERMIT AN AMENDMENT OF THE CLAIM TO ALLEGE IN THE ALTERNATIVE THAT HARRAH'S HAS SPOLIATED EVIDENCE OF ITS DEALINGS WITH PLAINTIFFS AND THE NEW YORK COSTUME MANUFACTURERS.

Harrah's has been on notice for a long time that its uniforms and/or costumes were the

---

[4]  Martin's Herend Imports, Inc. v. Diamond & Gems Trading United States Of America Co., 195 F.3d 765,770(5th Cir. 1999); Lowrey v. Texas A & M University System, 117 F.3d 242(5th Cir. 1997); Rose v. Hartford Underwriters Insurance Co., 203 F.3d 417(6th Cir. 2000).

[5] New Orleans is very familiar with Harrah's ability to put subsidiaries into bankruptcy if things do not go well.  It is very possible that in this case "Operations" plays the same role for "Entertainment" which the local New Orleans casino companies have played for the Harrah's corporate empire in the well publicized bankruptcies.

subject of a copyright claim and breach of contract claim.

The correspondence following the "Settlement Agreement" put Harrah's on notice that a dispute was likely, particularly because it was Harrah's which asserted that it would owe the royalties called for by that Agreement!

Plaintiff's sent Harrah's a copy of the designs(sketches), the basis of plaintiffs' claim, within a couple of weeks of filing suit.

Any jury is likely to conclude that any loss or destruction of prototype, sketches, invoices of purchase of uniforms, and other evidence of Harrah's purchase and/or use of uniforms is really spoliation of evidence.

Harrah's has been on notice from the beginning.

It must know where the computer records identified above are located.

It must have records for locating vendor number "182626".

It should know where the requested documents are kept. Certainly Harrah's cannot reasonably expect this court or plaintiffs to believe that a large computerized corporation such as Harrah's cannot locate purchase orders for the uniforms which are in use at defendants' various casinos.

Spoliation of evidence is the intentional destruction of evidence for the purpose of depriving the opposing parties of its use. [6] "Intentional" under Louisiana law means either acting with a conscious desire to cause a result or, acting with knowledge that a result is substantially certain to follow. [7]

---

[6] Constans v. Choctow Transport, Inc., 712 So.2d 885 (La. App. 4th Cir. 1997)

[7] Ballex v. Naccari, 663 So 2d 173(La App. 4th Cir. 1995).

-27-

The Galiano deposition (summarized in the annexed discovery motion) provided additional evidence of spoliation. None of the successive explanations for the missing evidence make any sense.

Plaintiffs should be allowed to amend their complaint to allege spoliation of evidence.

Whether or not Harrah's actions constitute "intentional" destruction of evidence is a question for this Court and a jury to determine.

**3. WITH OR WITHOUT A STATUS CONFERENCE, THE COURT SHOULD CONSIDER WHETHER TO [A] EXTEND THE DISCOVERY DEADLINE TO ALLOW PLAINTIFFS TO DEPOSE ALL OF THE MANUFACTURERS IT HAS IDENTIFIED, AND TO FOLLOW UP ON THE DOCUMENTS HARRAH'S AND THE NEW YORK MANUFACTURERS HAVE REFUSED TO PRODUCE, OR [B] SEVER THE TRIAL OF LIABILITY AND DAMAGES ISSUES, OR [C] CONTINUE THE TRIAL OF THE MERITS OF THE CASE, OR [D] STRIKE DEFENDANTS' ANSWER FOR FAILURE TO COOPERATE IN GOOD FAITH WITH DISCOVERY.**

We respectfully suggest that the above facts and arguments show good reason why the Court should intervene at this point in time.

There are a variety of possible remedies.

An extension of discovery cutoff and expert report dates by even short time would help to do substantial justice between the parties.

A severance of liability and damages would help to do substantial justice between the parties.

A continuance of the trial with new cutoffs would help to do substantial justice between the parties.

Plaintiffs respectfully suggest that a combination of an extension of discovery, and expert reports, and a severance of damages and liability, would preserve the present trial date.

Early in this case the Court said in effect that the requested discovery was too broad.

-28-

At that time perhaps it was on the record before the Court at that time.

Now the discovery is very specific. It is supported by more than enough evidence to meet the well known requirements of the Federal Rules of Civil Procedure.

Now plaintiffs respectfully suggest there is enough evidence before the Court to compel a different conclusion - a speedy order to defendants to produce their records immediately or face sanctions.

Plaintiffs respectfully suggest there is more than enough evidence in the record now to justify a reconsideration of the cutoffs, the possible severance, and a possible reluctant continuance of the trial.

Plaintiffs respectfully suggest that Defendants; refusal to cooperate with discovery has gone far enough for the Court to consider striking their answer.

Plaintiffs respectfully suggest that this is a case where the procedural rules should be used to give the Court and the jury a reasonable opportunity to do substantial justice between the parties.

New Orleans, Louisiana this 21st day of March 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
CLAUDE A. SCHLESINGER, # 15042
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Attorneys for Petitioners,
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 12th day of March, 2001 served a copy of the

foregoing Consolidated Motions on Counsel,

Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

for all parties to this proceeding by hand delivery.

_____
SIDNEY L. SHUSHAN

-30-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ANNEXES

### I. Copy of Motion to Compel Discovery filed this day with Magistrate Judge Alma Chasez' Office.

ANNEX A   Correspondence from Opposing Counsel Delaying Depositions.

ANNEX B   Interrogatory Questions and Requests for Production, Defendant's Answers to Original Discovery.

ANNEX C   Deposition of John Sbordone held on February 21, 2001.

ANNEX D   December 4, 1995 Letter from Howard Wecksler to Jan Starnes

ANNEX E   Affidavit of Jonathan M. Shushan

ANNEX F   Settlement Agreement of May 6, 1996.

ANNEX G   Letter dated July 10, 1995, from Ellen Dixon regarding Overview Meeting, Uniform Projections for Canal St. Casino and Custom Designs for Harrah's New Orleans Casino.

ANNEX H   Accounts Payable Voucher dated 5/8/96 and Other Supporting Documentation from Harrah's H00075 - H00080

ANNEX I   Accounts Payable Voucher dated 9/10/98 and Other Supporting Documentation from Harrah's Discovery H00067 - H00074

-31-

ANNEX J        Copies of Purchase Orders from Plaintiffs' Records: Upper Skagit Indian Tribe.  Costumes/Uniforms manufactured by All-Bilt Uniform Fashion

ANNEX K        All-Bilt Uniform Fashions: photographs and sketches and designs used for Harrah's.

ANNEX L        Gianna Inc. designs matched by Shane Mackey to All-Bilt designs.

ANNEX M        List of files from All-Bilt disks

ANNEX N         Blank

ANNEX O        Defendants' Production of Purchase Orders

ANNEX P        Galiano Affidavit and Chart of Designs

ANNEX Q        Business Card of Connie Albright

ANNEX R         Documents with Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. listed.

ANNEX S        W-2 of Shane Mackey for the calendar year of 1995.

ANNEX T         Defendants' updated Witness and Exhibit lists.

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED