FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 20 ⁱ P 4: 36

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. * <br> Plaintiff * <br> * <br> versus * <br> * <br> HARRAH'S OPERATING CO., INC. * <br> And * <br> HARRAH'S ENTERTAINMENT, INC. * <br> Defendant * <br> * | | CIVIL ACTION <br><br> No. 00-0071 <br><br> SECTION "E"(5) <br><br> Judge: Livaudais <br><br> Magistrate: Chasez |

*******************************************

## MOTION AND INCORPORATED MEMORANDUM
## TO SHORTEN TIME FOR RESPONDING TO DISCOVERY

NOW INTO COURT through undersigned Counsel come Defendants Harrah's Operating Co. Inc. and Harrah's Entertainment, Inc., who respectfully request that this Honorable Court shorten the time for responding to Defendants Discovery requests from the requisite thirty days provided in Federal Rule of Civil Procedure 26 to seven days. Defendants request that Plaintiffs answer Defendant's discovery within seven days due to the rapidly approaching discovery deadline. Information relating to the individuals listed in Defendants' Interrogatory No. 6 has just recently been obtained through depositions, and the information requested can be provided by Plaintiffs without undue difficulty.

DATE OF ENTRY

MAR 2 8 2001

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
Doc.No._____

WHEREFORE, defendants request that this Honorable Court order Plaintiffs to respond to Defendant, Harrah's Operating Co., Inc.'s Second Set of Interrogatories within seven (7) days from receipt thereof.

Respectfully submitted,

**ADAMS AND REESE LLP**

Joseph W. Looney, T.A.  (8773)
Melissa S. LaBauve (25745)
4500 One Shell Square
New Orleans, Louisiana  70139
Tel: (504) 581-3234
Fax: (504) 566-0210
*Attorneys for Defendant,*
*Harrah's Operating Co., Inc*

I HEREBY CERTIFY that on this 20th day of March, 2001, Defendants have served a copy of the foregoing pleading on counsel for plaintiff by hand as follows:

Sidney Shushan, Esq.
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113-7103

2

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| And | * | Judge: Livaudais |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| Defendant | * | Magistrate: Chasez |
| | * | |

**********************************************

### O R D E R

Considering Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc.'s Motion to Shorten Time for Responding to Discovery, and the rapidly approaching discovery deadline,

IT IS HEREBY ORDERED that Plaintiffs, Jane Galiano and Gianna, Inc. answer Defendants' Second Set of Interrogatories within seven days of receipt of same.

New Orleans, Louisiana, this _____ day of March, 2001.

_____
District Court Judge

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE GALIANO and GIANNA, INC.  * <br> Plaintiff  * <br> * <br> versus  * <br> * <br> HARRAH'S OPERATING CO., INC.  * <br> And  * <br> HARRAH'S ENTERTAINMENT, INC. * <br> Defendant  * <br> * | CIVIL ACTION <br><br> No. 00-0071 <br><br> SECTION "E"(5) <br><br> Judge: Livaudais <br><br> Magistrate: Chasez |

**************************************

TO:    Jane Galiano and Gianna, Inc.
       through their counsel of record
       Sidney Shushan, Esq.
       Guste, Barnett & Shushan, L.L.P.
       639 Loyola Avenue, Suite 2500
       New Orleans, LA  70113-7103

### DEFENDANT HARRAH'S OPERATING CO., INC.'S
### SECOND SET OF INTERROGATORIES TO PLAINTIFFS

   **PLEASE TAKE NOTICE** that Defendants, Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc. request that Plaintiffs, Jane Galiano and Gianna, Inc., answer under oath the following interrogatories and respond within seven (7) days after the date of service thereof.

## I. INSTRUCTIONS

   a)      In answer to these discovery requests, plaintiff shall furnish
           all information available to her or within her possession or

control at the time of her answer and shall supplement her answers.

b)      Answer each discovery request fully, providing all information actually or constructively available to defendant or any other persons or entities whom plaintiff knows to possess or have access to the requested information.

c)      If you fail to answer any discovery request in accordance with these instructions, specifically state the reason(s) therefor.

d)      If you interpose any objection to any discovery request, fully state the grounds for the objection and the legal authority upon which you would rely in response to a motion to compel.

## II.  DEFINITIONS

a)      The term "document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), or all written, printed, typed, recorded or graphic matter, however produced or reproduced in the actual or constructive possession, custody, or control of the plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained or can be translated through detection devices into reasonably usable tangible form), correspondence, memoranda, data, notes, diaries, papers, letters, communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things.

b)      When asked to identify any document, please identify the individual(s) who prepared the document, the names of those for whom the document was prepared, the names of all individuals who received copies of the document, the reason for the preparation of the document, the full and complete substance of the document, and the present location of the document (including the name, address, telephone number and job title of the custodian of the document).

2

c)  The pronoun "you", the noun "plaintiff", and the pronoun and possessive pronominal adjective "your" refers to Jane Galiano and/or Gianna, Inc., their respective agents, representatives, and/or attorneys.

d)  A request to "identify", "explain" or the "identity of" a person constitutes a request for the name and occupational title, present business address and telephone number, present residential address and telephone number, if known, and if not known, that person's last known occupational title, business address and telephone number, and residential address and telephone number.

e)  A request to "identify," "describe," "explain," or for the "identity of" a document or other tangible item constitutes a request for a description of the tangible item, its present or last know possessor, its substance or content, its author or originator, its present or last known possessor's address and telephone number, its author or originator's address and telephone number, its physical location and the names and addresses of any persons who saw, reviewed or received it.

f)  A request for the location of documents constitutes a request to state the present address at which such documents are kept and the custodian and if not known, the last address known and last known custodian and their disposition.

g)  When used with respect to a meeting, conference, interview, conversation, communication or discussion, the words "identify", "describe", "state" or "explain" mean to state the place, date, individuals present, including business affiliations and positions, the subject matter discussed, whether any documents describing, reflecting or referring to such meeting exist, and the identifying data relevant to such documents.

h)  The terms "the present," "presently" and/or "currently" shall mean the date on which you respond to this request.

i)  Terms in singular or the plural shall be read to include the singular and the plural.

j)  These Interrogatories and Requests for Production call for all information (including information contained in writings) known or available to you, including all information in the possession of your attorneys, accountants, and other persons acting on your behalf or under your direction or control.

3

## III. **INTERROGATORIES**

**INTERROGATORY NO. 6**:

Please provide the address and telephone number for the following individuals:

Bennett Wolff

Ace Bourgeouis

Kathy Wilder

Respectfully submitted,

**ADAMS AND REESE LLP**

Joseph W. Looney, T.A.  (8773)
Melissa S. LaBauve (25745)
4500 One Shell Square
New Orleans, Louisiana  70139
Tel: (504) 581-3234
Fax: (504) 566-0210
*Attorneys for Defendant,*
*Harrah's Operating Co., Inc*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March, 2001, Defendants have served a copy of the foregoing pleading on counsel for plaintiff by hand as follows:

Sidney Shushan, Esq.
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113-7103

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALLIANO and GIANNA, INC.                     CIVIL ACTION

versus                                             No.  00-0071

HARRAH'S OPERATING CO., INC., and                  SECTION: E/5
  HARRAH'S ENTERTAINMENT, INC.

## O R D E R

A pretrial conference is scheduled in this matter on May 2,
2001 and jury trial is scheduled May 21, 2001.  On March 19, 2001,
plaintiffs Galliano and Gianna, Inc., filed a motion for an
expedited hearing on consolidated motions to continue, for a status
conference, and alternatively, for a new trial date, or a severance
of the issues of damages or to extend cutoff dates.  An expedited
hearing was set March 21, 2001 at 10:00 a.m.

On March 20, 2001, after the court's staff inquired whether
there would be any opposition to the motion, counsel for plaintiffs
and defendants advised that they wished to continue the motion

1

until March 28, 2001 at 10:00 a.m.  Plaintiffs' counsel delivered this date, March 22, 2001, a voluminous document encaptioned "Revised Motion for Expedited Hearing on Revised Consolidated Motions: (1) for Expedited Hearing on Motion for Leave to Amend Claim to Allege Single Enterprise and for an Expedited Hearing on Motion for Spoliation of Evidence in the Alternative, and (2) for an Expedited Hearing on the Motion for a Status Conference, and (3) Alternatively, for an Expedited Hearing for a New Trial Date, or a Severance of the Issues of Damages and Liability, or to Extend Cutoff Dates, or for Other Appropriate Relief."  Plaintiffs state in the motion that they wish to withdraw the motions filed on March 15, 2001 and substitute the Revised Motion to bring the court up to date concerning the previous week's depositions.

After reviewing the lengthy motion and memoranda in support, the Court has concluded that this matter is not in a posture for trial in less than two months.  Additional considerations are the fact that on May 7, 2001, a civil action which has been pending since 1991 is set for trial and motions in limine are likely to be filed shortly and 19 motions have been filed in a complex admiralty

2

case which are set for hearing on April 25, 2001 and must be decided shortly therafter.  The undersigned is a Senior Judge with reduced staff and is unable to accommodate repeated revised motions in this instant case in light of the motion and trial schedule in these other matters.

Accordingly,

**IT IS ORDERED** that the pretrial conference set May 2, 2001 and the trial set May 21, 2001 are hereby **CONTINUED.**

**IT IS FURTHER ORDERED** that a status conference will be held in Chambers on **April 24, 2001 at 2:00 p.m.** to schedule new trial, pretrial, and cutoff dates.  The Court expects that counsel will make every effort to work out the discovery problems which seem to be plaguing the forward progress of this action.

**IT IS FURTHER ORDERED** that the expedited hearing set in this matter on **March 28, 2001** is **CANCELED**.  Plaintiffs' voluminous expedited motion filed this date is **DENIED AS MOOT** regarding plaintiff's request for a continuance of the trial, pretrial, and cutoff dates, and for a status conference.  As to the other relief requested by the plaintiff in the March 22, 2001 motion, the motion

3

is **DENIED WITHOUT PREJUDICE** to plaintiff's right to refile it after the status conference, if appropriate.    Any motion to amend the pleadings should be noticed before the Magistrate Judge, in accordance with Local Rules.

New Orleans, Louisiana, March 22, 2001.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge

4