

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 22 PM 4:44

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. * | | CIVIL ACTION |
| Plaintiff * | | |
| * | | No. 00-0071 |
| versus * | | |
| * | | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. * | | |
| And * | | |
| HARRAH'S ENTERTAINMENT, INC. * | | |
| Defendant * | | |
| * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM

Harrah's Operating Company, and Harrah's Entertainment, Inc. (hereinafter, "Harrah's" or "Defendants"), oppose Jane Galiano and Gianna, Inc.'s (hereinafter, "Gianna" or "Plaintiffs") Motion to Dismiss because of Gianna's misuse of its copyright application for artwork on designs in this litigation. Moreover, Plaintiffs have failed to reveal the existence of derivative works used in creating their designs.

I.   **COPYRIGHT MISUSE IS NOT LIMITED TO MISUSE THROUGH LICENSING.**

Gianna submits that copyright misuse must involve misuse through licensing. But copyright misuse is available to prevent the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which it is contrary to public policy to grant. Alcatel USA, Inc. v. DGI Technologies, Inc.,



166 F.3d 772 (5th Cir. 1999). The copyright misuse doctrine bars a culpable plaintiff from prevailing on an action for the infringement of the misused copyright. Id. at 792. See, also Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990). Deliberate misrepresentations will invalidate a copyright. See generally, Engineering Dynamics, Inc. v. Structural Software, 785 F. Supp. 576 (E.D. La. 1991), aff'd, 26 F.3d 1335 (5th Cir. 1994), citing, Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452 (2d Cir. 1989). In the instant case, Plaintiffs are attempting to secure rights not granted by copyright law, and Plaintiffs' actions should result in invalidation of Gianna's copyright.

Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452 (2d Cir. 1989), which like the case at bar involved the principle that clothes cannot be copyrighted, explains that a false designation of what is claimed as copyrightable may support a claim for copyright misuse. In Whimsicality, designating the material as "soft sculpture" in order to secure a copyright registration for costumes was held to be a fraudulent attempt to obtain a copyright on costumes.[1] Useful articles may never be registered, and the application must describe the separable elements. Id. at 455. The Whimsicality Court continued, "'Knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action.'" Id. at 456.

---

[1] On reconsideration the District Court reversed this finding as a result of a post-judgment declaration by a copyright examiner that he could register some details of the "sculptures" for copyright after doing a separability analysis. Whimsicality v. Rubie's Costume Co., Inc., 836 F. Supp. 112 (E.D.N.Y. 1993). Plaintiff at bar has refused to undertake a separability analysis.

Plaintiffs knowingly failed to advise the Copyright Office of facts which should have occasioned a rejection of Plaintiffs' application. Such amounted to fraud and misuse.

II.  **PLAINTIFF OBTAINED A SPURIOUS COPYRIGHT FOR ARTWORK ON WEARING APPAREL.**

Plaintiffs sought and obtained a spurious copyright for **artwork** on wearing apparel. (See copyright application, attached as Exhibit 1). Clothing is not copyrightable. Aldridge v. The Gap, Inc., 866 F.Supp. 312, 315 (N.D.Tex. 1994) citing, Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989)(Useful articles such as clothes are not copyrightable); Folio Impressions, Inc. v. Byer California, 937 F.2d 759 (2d Cir 1991). Only separable artwork contained on clothing is subject to copyright. Segrets, Inc. v. Gilman Knitwear Co. Inc., 207 F.3d 56 (1st Cir. 2000). Plaintiffs have refused to undertake a separability analysis. Instead Plaintiffs secured the copyright application for artwork on wearing apparel for the purposes of bringing this lawsuit[2] representing that the copyright was for "artwork on wearing apparel." The instant case is analogous to Whimsicality because a false designation on the copyright application, in this case, artwork on wearing apparel, was essential to secure a copyright registration because clothing as a useful article is not copyrightable.

---

[2]  Gianna filed a registration for the Uniform Costume Collection made subject of this copyright infringement claim in the fall of 1999, shortly before the filing of this lawsuit in January of 2000. Gianna filed its application after visiting several Harrah's properties to search for uniforms worn by Harrah's personnel that contained elements of styles displayed in her uniform sketches such as similar collars or similar looking styles of jackets. (See deposition of Jane Galiano, pages 93-97, attached as Exhibit 2)

### III   GIANNA HAS ADMITTED SHE IS ATTEMPTING TO SECURE COPYRIGHT PROTECTION ON MORE THAN ARTWORK.

Although Gianna's copyright is designated for "artwork" on wearing apparel, Gianna is now claiming she has a copyright on all features of all the clothes contained in the entire registered work. Because she drew denim shirts and khaki pants, for example, she now claims she has exclusive copyright ownership of these kinds of clothes. Had she claimed the same ownership before the Copyright Office, her application would have been summarily rejected. Plaintiffs' deposition reveals that Jane Galiano visited several of Harrah's properties before she filed her copyright application to see what types of uniforms Harrah's was using. (See deposition of Jane Galiano, pages 93-97, Exhibit 2). Jane Galiano observed the use of jackets with similar colors, waitresses wearing blue chambray denim shirts with khaki collars, and khaki pants and Gianna has since claimed these types of clothes as her artwork. (Exhibit 2, pages 99-100). Plaintiffs' suit seeks to prevent Harrah's from ordering khaki pants and denim shirts as well as many other common garments, claiming that the original idea came from Gianna. (Exhibit 2, pages 101-103; 105). Gianna also claims that Harrah's infringed her copyright by using a maternity dress that is devoid of any artwork whatsoever. (Exhibit 3). Moreover, Plaintiffs have claimed a copyright on a cuff featuring the word "Harrah's" (Exhibit 2, page 108), and the idea of using Mardi Gras beads and doubloons in a casino. (Exhibit 2, pages 109- 112).

Moreover, Jane Galiano admits that <u>all</u> <u>concepts</u> contained in the Uniform Costume Collection constitutes her "artwork"- even the human figures modeling the clothes. (Exhibit 2, pages 123-125). The Plaintiffs have even claimed that a teal color jacket worn by hotel personnel is an infringement of their copyright, purely on the

basis of the jacket's silhouette.  (Exhibit 2, page 141; Exhibit 4, attached as an Exhibit to Plaintiffs Motion for Summary Judgment).

In her testimony, Plaintiff Galiano disclosed that she is seeking a copyright for everything depicted in the drawings she submitted to the Copyright Office, not just on the sketches as artwork or for any artwork drawn on the garments.  Thus, Gianna is using its Copyright Registration to secure an exclusive monopoly not granted by the Copyright Office.  Plaintiffs seek to exclude Harrah's from purchasing clothes using gold and black panels, khaki pants, denim shirts, collars and plackets of a type found in several manufacturer's catalogs and in use in casinos since the early 1990's.  As revealed during the course of discovery, many uniform vendors that supply uniforms to casinos utilize the same styles.

Indeed, had Plaintiffs submitted a copyright application for the same material they are trying to protect in this action, the Copyright Office would have rejected the application.  Plaintiffs are claiming everything depicted in the drawings as protected by copyright law—even stock items.  Defendants submit that Gianna is attempting to utilize this application encompass much more than artwork on designs as represented to the Copyright Office; she seeks to copyright the collars of clothing, the colors of clothing and the basic seams used on the clothing.  This misuse of a copyright application to cover these types of materials is not permitted.

## II.  PLAINTIFFS FAILED TO DISCLOSE THEY WERE REGISTERING WORK BELONGING TO OTHERS.

Failure to disclose that a registered work is a derivative of an earlier, underlying work will generally result in a rejection of the registration by the copyright office if the claimant, Gianna, were ineligible to register the derivative

5

work. A plaintiff is considered ineligible to register a derivative work if the work sought to be registered contains material form an underlying work derived without permission from the copyright owner. In <u>Garner v. Sawgrass Mills</u>, 35 U.S.P.Q.2d 1396 (D. Minn. 1994), the court invalidated a registration in which the plaintiff failed to reveal that its work was a derivative of any underlying work furnished by the defendant. <u>Id.</u> at 1403. In <u>Garner</u>, the defendants provides an artist with its alligator head logo and asked that artist to create a full alligator logo based on the existing alligator head logo. <u>Id.</u> The artist failed to reveal the use of the alligator head logo in his copyright application. <u>Id.</u> Consequently, the copyright registration was cancelled, and his copyright infringement claim barred. <u>Id.</u> See also, <u>Vouge Ring Creations, Inc. v. Hardman</u>, 410 F. Supp. 609 (D.R.I. 1976).

      a.    **The true origin of the Pirates' Cove mural.**

Plaintiffs have claimed that Harrah's copied her drawing depicted in H1113 to create a mural on the wall in the Harrah's New Orleans Casino. (See Exhibit 2, page 37 lines, 1-6; page 113, lines 18-21). A drawing of the mural of Smuggler's Cove was contained in documents produced to Harrah's by the Plaintiffs, however, on the date of Gianna' depositions. This drawing was part of a group of renderings submitted to Harrah's for the interior design for various courts in the New Orleans Casino. (See Exhibit 5, renderings of casino interior by HC Designs, Inc.; Exhibit 6, Declaration of Henry Conversano). The design of Pirates Cove created by HC Designs, Inc. was used to build the Pirates Cove mural, and HC Designs, Inc.'s drawings were created independently of any drawings by Jane Galiano or Gianna, Inc. (Exhibit 6).

6

HC Designs, Inc.'s renderings of the interior of the casino was presented to a meeting group of uniform designers/manufacture's on July 17, 1995.[3] Jane Galiano was in attendance at this meeting and received the drawings by HC Designs, Inc. (Exhibit 2, pages 31-32). Plaintiffs claimed that she did not rely on the document in creating her sketch H1113 nor did her artist, Shane Mackey use the drawing to create H1113.

> Q: **Looking at Exhibit Galiano Number 1, which is part of the HC Designs Booklet, . . . . did you see this drawing before you did your Sketch H1113?**
>
> \* \* \*
>
> A: No, I did not.
>
> \* \* \*
>
> Q: **Did you provide a copy of Document 233, and specifically, Exhibit Number 1, to your artist when you were discussing the creation of the pirate ship?**
>
> A: No.

(Exhibit 2, pp. 29-30).

But the deposition of Plaintiff's artist, Shane Mackey reveals otherwise. Mr. Mackey testified that he saw the drawing depicted in Exhibit 5 to this Motion before creating H 1113. (Plaintiffs' design H1113 is attached as Exhibit 7). Mr. Mackey testified as follows with regard to HC Design, Inc.'s illustration:

> Q. **Did you see it prior to your illustration that we've marked as Exhibit 3?**

---

[3] Designers and manufacturers of uniforms were invited to attend a meeting at One Canal Place in which the uniforms for the Harrah's Casino were discussed.

  A. . . . I would say that I used—I've seen this prior to drawing this.

  Q. You have seen 4 [HC Design, Inc.'s design] prior to drawing Exhibit 3 [H1113]?

  A. **Right.**

(Deposition of Shane Mackey, pp. 36-37, Exhibit 8).

  Plaintiff cannot use H1113 to create a drawing and then file a lawsuit based in part on the alleged copying of the very work that was used to create H 1113. <u>Garner v. Sawgrass Mills</u>, 35 U.S.P.Q.2d 1396 (D. Minn. 1994). The conflicting testimony of Shane Mackey and Jane Galiano calls into question the alleged date that the pirates cove drawing, H1113 was created by the Plaintiffs. The Plaintiffs represent that the Pirates Cove drawing was created on July 2, 1995, prior to the receipt of the drawing by HC Designs, Inc. that Mackey used in creating H1113.

  b. **Harrah's registered trademark**

  Gianna filed a copyright application that includes the Harrah's registered trademark first used in 1994. (Exhibit 9, copy of Harrah's trademark made part of the Plaintiffs' copyrighted work in two locations; Exhibit 10, United States Patent & Trademark Office history of Harrah's trademark). Plaintiffs' copyright application does not mention that this work was not material created by plaintiff, but rather, Plaintiffs' have deceived the copyright examiner as well as the public by representing that this trademark was created by the Plaintiff herself. Indeed, Gianna is well aware of and acknowledges that this is work that is owned by Harrah's and was not created by Gianna. (Exhibit 2, pages 111-113). The registration of the Harrah's trademark as part of the copyrighted work of the Plaintiffs is significant in this litigation as one of the items that is at issue in this litigation is the creation of certain

Mardi Gras beads that were distributed at the Harrah's New Orleans Casino. (Exhibit 2, pages 109-113). Plaintiff claims that these Mardi Gras beads bearing the Harrah's logo (Exhibit 11) infringe her copyright when the expression contained in the copyrighted work is the Harrah's logo. Notably, the Uniform Costume Collection does not contain any Mardi Gras beads -- with or without the Harrah's registered trademark. And what Plaintiffs are claiming is a copyright protection for the idea of using Mardi Gras beads and doubloons. Clearly, copyright law does not protect ideas.

### c. Other works that may be derivative

Further, plaintiffs have created other derivative works and concealed their derivative nature. Plaintiffs created a sketch of Phillip Morris counterparts and through their copyright application are now seeking exclusive right to this famous Phillip Morris personality (See Exhibit 12). This "Phillip Morris" uniform has been associated with a brand of cigarettes since early television commercials featuring a bellcap crying, "Call for Phillip Mor-ris!"

### III. CONCLUSION

Plaintiffs secured copyright for artwork on designs because the law does not provide a copyright in clothing. Plaintiffs are attempting to use their copyright application to secure a copyright on clothing-items not subject to copyright. As a result of the misuse, Plaintiffs are effectively preventing Harrah's from securing any uniforms that contain basic design features, and that are pervasive in the casino industry. Moreover, Plaintiffs failed to reveal that its work filed with the copyright

office was a derivative work. Finally, Plaintiffs are erroneously seeking a copyright registration on Harrah's registered trademark.

WHEREFORE, Defendants respectfully request that this Court not dismiss Harrah's Counterclaim.

                              Respectfully submitted,

                              ADAMS AND REESE LLP

                              _____
                              Joseph W. Looney, T.A. (8773)
                              Melissa S. LaBauve (25745)
                              4500 One Shell Square
                              New Orleans, Louisiana 70139
                              Tel: (504) 581-3234
                              Fax: (504) 566-0210
                              *Attorneys for Defendants,*
                              *Harrah's Operating Co., Inc.*
                              *and Harrah's Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2001, I have served a copy of the foregoing pleading on counsel for plaintiffs via facsimile and via United States mail, properly addressed and first class postage prepaid.

_____

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED