


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALIANO and GIANNA, INC.                    CIVIL ACTION

versus                                            No. 00-0071

HARRAH'S OPERATING CO., INC.,                     SECTION: E/5
 and HARRAH'S ENTERTAINMENT, INC.

### RULING ON MOTION

Plaintiffs Jane Galiano ("Galiano") and Gianna, Inc., have filed a motion to dismiss counterclaim under Rule 12(b)(6) or alternatively a motion for a more definite statement under Federal Rules of Civil Procedure 9(b) and 12(e).  Defendants Harrah's Operating Company and Harrah's Entertainment, Inc. ("Harrah's") oppose the motion.

This is an action for copyright infringement by Galiano and Gianna against Harrah's.  Harrah's filed an answer to plaintiffs' Supplemental and Amending Complaint, and incorporated therein a counterclaim, which avers as follows:

1



1.

> Plaintiffs failed to disclose to the United States Copyright Office and to the Court that the alleged copyrighted work was not entirely original but was, instead, based on the prior work of a third party or third parties, portions of which plaintiff has now complained were infringed by defendants' activities.

2.

> Such fraud on the Copyright Office constitutes misuse and grounds for dismissal of plaintiffs' copyright claim and entitled defendants to full attorneys' fees, costs and expenses as prevailing party.

Rec. Doc. No. 86.

Plaintiffs move to dismiss the counterclaim under Federal Rules 12(b)(6) because it does not state a claim upon which relief can be granted. A dismissal under Rule 12(b)(6), which is rarely granted, is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957). In making this determination, the complaint must be liberally construed in favor of the plaintiff and all facts pleaded in the complaint must be taken as true. The

question to be resolved is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000), *quoting* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, 1357, at 601 (1996).

Applying this stringent standard, the Court finds that the motion to dismiss must be denied. The counterclaim fairly sets out Harrah's allegation regarding the plaintiff's copyright application, and the basis upon which attorney's fees and costs are sought.

Galiano and Gianna also seek a more definite statement under Rules 9(b) and 12(e) of the Federal Rules of Civil Procedure. Harrah's has filed an opposition memorandum to the motion to dismiss which specifies its allegation and the basis therefor on its counterclaim. If Galiano and Gianna seek additional or more specific information, including "who, what, where, when and how", that they contend is not contained in the opposition memorandum, which will be treated as a supplement to the counterclaim, such

information can be obtained through interrogatories or requests for admission.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of Jane Galiano and Gianna, Inc., to dismiss counterclaim under Federal Rules of Civil Procedure 12(b)(6) or alternatively for a more definite statement under Federal Rules of Civil Procedure 9(b) and 12(e) be and is hereby **DENIED**.

New Orleans, Louisiana, May ___25___, 2001.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge

4