FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV -2  AM II: 09

LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION "E"(5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE ALMA CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## RENEWED MOTION TO COMPEL DISCOVERY PER PRIOR ORDER OF THIS COURT AND TO ENLARGE THAT ORDER

Now come plaintiffs, Jane Galiano and Gianna, Inc., who respectfully move this Court to enforce its prior order directing defendants to obtain documents from its manufacturers, and who also respectfully move this Court to impose sanctions and discovery cutoff dates as follows, for the reasons set forth in the memorandum of law annexed hereto:

1. To compel production of vital records called for by plaintiffs' request for production of documents, including the correspondence, memos, designs, work orders, graphics, purchase orders, and invoices used to manufacture and produce the "national designs" for Harrah's put into production during and after the breakup between plaintiffs and defendants, and

2. Without limitation of the foregoing, to compel production of All-Bilt Uniform Fashion

1

Fee_____
Process_____
X /Dktd_____
/CtRmDep_____
Doc.No._____

(as well as all associated companies), Uniform Ideas and other manufacturer's invoices at the costs of defendants; including, if necessary, the costs of litigation in New York to compel the production of Harrah's purchase orders from vendor(s) listed above, be they in physical/paper form or electronic form, which Harrah's allegedly cannot locate or refuses to produce,

3. And for other appropriate relief and sanctions.

New Orleans, Louisiana this _____ day of November, 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile : (504) 561-0326
Attorneys for Plaintiffs and Movers
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION "E"(5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF RENEWED
### MOTION TO COMPEL DISCOVERY
### PER PRIOR ORDER OF THIS COURT
### AND TO ENLARGE THAT ORDER

MAY IT PLEASE THE COURT:

Recent discovery has proved beyond a reasonable doubt that Harrah's manufacturers used plaintiffs' designs to produce costumes for defendants. However there are still major gaps that need to be filled in order to give the Court and the jury the opportunity to do substantial justice between the parties.

We still do not know what many of the "Gold Card", and "dealer shirt" designs covered by the Court's prior order actually looked like. It is evident that there are still substantial quantities of documents that are not being produced.

Wherever we have actual pictures of the designs produced, it is easy to see the influence of plaintiff's designs on the jackets and shirts produced for defendants.

3

But it is still a mystery what most of the "Gold Card" and "dealer shirt" designs produced for Harrah's actually looked like because key documents have not been produced..

This case cannot and should not go to trial without complete enforcement of this Court's prior discovery order.

### FACTUAL BACKGROUND

Plaintiffs filed their original motion to compel discovery on March 15, 2001 and an amended version on March 21, 2001. Oral argument on this motion was heard on March 29, 2001, wherein this Court ordered Harrah's to contact the six uniform manufacturers it utilizes to produce their uniforms, and obtain the documents sought in plaintiffs' Request for Production of Documents No. 1 (Annex A), as well as those identified on pages 73 and 74 of Connie Albright's deposition. (Annex B). These documents included: "All documents, invoices, bills records of royalty payments relating to the purchase of costumes and/or uniforms by Harrah's from 1994 to present, in particular but not limited to any documents which may be relevant to your answers to Interrogatories Nos. 1 and 2.";[1] as well as "records for the corporate uniform program" which included the "complete changeovers or new makes at Las Vegas, Tunica, Cherokee and Topeka" and "complete lists of who designed it, who supplied it, who they built it from, how much they spent" and "purchase orders, the names of the designers, the names of companies, how many they bought from each..."[2]

This order was limited to the gold card jacket (Annex C), dealer shirt (Annex D), and fresh market designs. (Annex E)

---

[1] Plaintiff's Request for Production No. 1.

[2] Deposition of Connie Albright pages 73-74.

4

Harrah's was also ordered to obtain affidavits from the appropriate manufacturer's representatives attesting to the completeness and accuracy of the documents that were to be produced.

## I.    ALL-BILT'S PRODUCTION OF DOCUMENTS DOES NOT COMPLY WITH THIS COURT'S ORDER:

In accordance with Magistrate Judge Chasez's order, plaintiffs deposed representatives of All-Bilt Uniform Fashion (hereinafter "All-Bilt"), one of the manufacturers utilized by Harrah's, in New York, at plaintiffs' expense.

After those depositions, All-Bilt finally produced some sketches which linked plaintiffs' designs with the costumes produced by All-Bilt for Harrah's. These sketches finally included pictures and information to link the pictures with actual production at least as to some of the designs they were producing for Harrah's. Some of the sketches included a specific, identifiable style number. All-Bilt also produced numerous copies of invoices illustrating the quantities and sizes of gold card jackets, gold card blazers and dealer shirts purchased by Harrah's. The style numbers from several of the sketches/garment descriptions coincided with the style numbers on some of the invoices, (Annex F). Therefore, if the style numbers matched, one could determine exactly what the uniform ordered looks like, the quantity and sizes of the uniforms ordered, and how much was paid for them.

For example, Style #HALV-DLR-M1, illustrates a button fly front, mandarin collar, long-sleeved shirt with an inverted back pleat, bias sleeve vent, with "suspender" braid sewn on the front. Annex H. All of these features come from plaintiffs's Design H1052, (See Annex KK)

which compares the All-Bilt design with the plaintiffs' design.

Style #HAVDL was used for sixty dealer shirts purchased for Harrah's Las Vegas Casino at a total cost of $2,339.16. (Annex G). The sketch/garment description for style #HALV-DLR-M1 (Annex H) appears on to invoice #120536, on June 26, 1998 for sixty dealer shirts,

However, only seventeen (17) out of one hundred and one (101) of the invoices, produced by All-Bilt, matched up with a corresponding sketch/garment description such as #HALVDL illustrating what the purchased style number looked like.

NONE OF THE OTHER key sketches/garment descriptions, including the gold card jacket and gold card shirt covered by this Court's prior order included style numbers. (Annex I)

Also, NONE OF THE OTHER INVOICES WERE DATED.

Even though many of the invoices contain language indicated that a gold card blazer, gold card jacket and gold card shirt were ordered and purchased, the invoice itself does not illustrate what the garments actually look like.

All-Bilt submitted invoices for the gold card jacket and gold card blazer with the following style numbers: HATUNS 06 REG, HAJOL50, HAJOL52, HATUN80, HATUN81, HATUN8, HANATM HANATF, HANA T1, HANAT2, HANAM1, HANAF2, HARTL1, HASTL3, HA TUCL, DV1100, HACHSU, HACHNA, HANATH, HA6104, and HA6004, (Annex LL). However, NONE of these style numbers correspond to any sketches/garment descriptions that All-Bilt submitted.

All-Bilt also submitted invoices for the dealer shirt with the following style numbers: HAJOL20, HATUN10, HATUDL, HAPBDL, HASTL1, HALVDL, HANATF, HANATM, HAPBDL, HA2002, HA2102, HA1015, HA1014, HA1001, HA9000, HA9102, HA2013, and

HA2113, (Annex MM).    Fifteen (15) invoices with these style numbers, with dates ranging from May 1998 to March 2000, were submitted by All-Bilt, (Annex F).  But NONE of these style numbers correspond to any sketches/garment descriptions that All-Bilt submitted.

There is ample proof that All- Bilt used Harrah's designs to make costumes for Harrah's. All-Bilt's annexed photographed representations of designs with corresponding style numbers that they manufactured for Harrah's.  These photographed representations were identified by Gianna, Inc. artist Shane Mackey in his deposition, exhibit #7,  as substantially similar to several Gianna, Inc. designs.  Mr. Mackey matched specific designs in the Gianna collection to similar designs produced by All-Bilt.  He matched Gianna's design numbers H1051 and H1053 with All-Bilt designs identified as A, B, C, and D, in his deposition.  (Annexes OO and NN).  Mr. Mackey stated that the All-Bilt "D" was the "same design" as Gianna Inc., H1053.  Furthermore he noted that All-Bilt appeared to combine elements of Gianna's design number H1051 and H1053 (see Annexes OO and NN), in creating All-Bilt A, B, C, and D.  Mr. Mackey also identified strong similarities between Gianna design numbers H1039 and H1070, and All-Bilt QQ and RR. (Annexes OO and NN).  He also noted similarities between Gianna design number H1056 and All-Bilt MM. (Annexes QQ and OO), and Gianna design numbers H1084, H1052, and H1044, and All-Bilt H..  (Annexes RR.and OO).

Shane Mackey also identified  All-Bilt designs Gold Card Blazer: HA6005, HA6105, HA6000, HA6100, HA6001, HA6101, HA6002, and HA6102, as substantially similar to Gianna, Inc. style numbers H1053 and H1051, the (Annexes K and OO).   No invoices with these style numbers were submitted by All-Bilt.

The following All-Bilt style numbers:  dealer shirts: HA2010, HA2110, HA2013,

HA2113, HA2004, HA2104, HA2005, HA2105, HA2007, HA2107, HA2006, HA2106, HA2003, HA2103, HA2002, HA2102, HA2000, HA2100, HA2001, HA2101, HA4002, HA4102, HA4003, HA4103, HA4004, HA4104, HA4005, HA4105, HA5000, HA5100, HA5001, HA5101, HA2009, HA2109, HA2008, HA2108, HA1000, HA1100, HA1002, HA1102, HA1005, HA1105, HA1001, HA1101, HA1003, HA1103, HA1004, HA1104, HA3003, HA3103, HA3002, HA3102, HA4000, HA4100, HA4001, HA4101, HA3000, HA3100, HA3001, HA3101, HA3004, HA3104, HA3005, HA3105, HA3006, HA3106, HA3007, HA3107, HA3008, HA3108, HA7020, and HA7021, were also identified by Shane Mackey as substantially similar to Gianna, Inc. style numbers H1052, H1051and H1056.  (Annex L).  Only fifteen (15) invoices with these style numbers with dates ranging from May 1998 to March 2000, were submitted by All-Bilt, (Annex M).

No invoices, sketches/garment descriptions or photographed representations were submitted in response to the order for production of documents relating to the fresh market designs.  On page fifty of his deposition, Howard Wecksler, former president of All-Bilt, states that All-Bilt did manufacture the fresh market chef hats, (Annex N).  Exhibit eight of his deposition consists of copies of purchase orders for not only the fresh market chef hats in three styles: pepper, mushroom and potato, but also the chef coat and the chef pant, (Annex O).  However, All-Bilt has provided **NOTHING** with regards to the fresh market designs as ordered by the court.

In sum, only thirty-two (32) out of one hundred and one (101) All-Bilt invoices had either a corresponding sketch/garment description or photographed representation of various types of dealer shirts. (Annexes F & M).

None of the invoices submitted for gold card jacket/blazer had a corresponding sketch/garment description or photographed representation, (Annexes I, J &P).

Only eleven (11) out of approximately two hundred (200) sketches/garment descriptions or photographic representations had corresponding invoices, (Annex F & M).

All-Bilt has submitted no invoices, sketches/garment description or photographed representations relating to the fresh market designs.

Further, All-Bilt failed to submit an affidavit attesting to the completeness and accuracy of the documents produced, (See Annex II). They produced invoices and sketches/garment descriptions from 1996 through 2000, but where are the style numbers? Without the style numbers these documents are meaningless.

These are not old designs. The orders show that the missing designs were in use as recently as last year! Per this Court's prior Order, it is Harrah's job to find them.

On page twelve of his deposition, Howard Wecksler states that All-Bilt manufactured garments for the following Harrah's properties: New Orleans, Tunica, Joliet, Cherokee, Atlantic City, Las Vegas, Reno, and Lake Tahoe. (Annex N). He further states on page forty that Gianna, Inc. designs were being used at Tunica and Joliet, (Annex N).

We need all sketches, all garment descriptions, all photographed representations and all invoices of all dealer shirt and gold card jacket and fresh market designs produced by All-Bilt for Harrah's casinos from 1995 to the present to determine the actual damage suffered by Plaintiffs as a result of Harrah's breach of its contract with Gianna, Inc.

## II.    **HARRAH'S PRODUCTION OF DOCUMENTS DOES NOT COMPLY WITH THIS COURT'S ORDER:**

The next step is to take the All-Bilt Uniform Fashion invoice numbers, which contain style numbers with coinciding sketches/garment descriptions, and match them to the invoice numbers that Harrah's provided.

In response to this Court's order, Harrah's submitted "Paid Items Reports," accounting records, indicating sums that Harrah's has paid, on behalf of the casinos it owns, to several vendors for the uniforms they produced. Paid Items Reports were produced for:

uniforms manufactured by All-Bilt Uniform Fashion Corporation, All-Bilt Uniform, All-Bilt Uniform Corporation, Red the Uniform Tailor, Incorporated and Red the Uniform Tailor for Cherokee Operations.

uniforms manufactured by All-Bilt Uniform Corporation, All-Bilt Uniform, All-Bilt Uniform Fashion Corporation, Angelica Uniform Group, Angelica Image Apparel, Creations Galore Ad Specialty, Red the Uniform Tailor, Incorporated and Red the Uniform Tailor for Des Plaines Development LTD.

uniforms manufactured by All-Bilt Uniform Corporation and Creations Galore Ad Specialty for Jazz Casino Company LLC .

uniforms manufactured by All-Bilt Uniform and All-Bilt Uniform Corporation for Harrah's Mardi Gras Operation; uniforms manufactured by All-Bilt, Angelica Uniforms Group, Angelica Uniform Company of Nevada and Red the Uniform Tailor, Incorporated for Harrah's Operating Company Incorporated.

uniforms manufactured by All-Bilt Uniform Fashion Corporation and Angelica Uniform

10

Group for Harrah's Vicksburg Corporation.

uniforms manufactured by All-Bilt Uniform Fashion Corporation All-Bilt Uniform Corporation, Angelica Uniform Group and Red the Uniform Tailor, Incorporated for Upper Skagit Operations LOC.

and uniforms manufactured by All-Bilt Uniform Fashion Corporation, All-Bilt Uniform Corporation, Angelica Uniform Group, Creations Galore Ad Specialty, Red the Uniform Tailor, Incorporated and Red the Uniform Tailor for Tunica II, (Annex Q).

These Paid Items Reports list thousands if not millions of invoice numbers.

Exactly **SEVEN** of the All-Bilt Uniform Fashion invoices match to seven of the invoice numbers in Harrah's Paid Items Reports.

**NONE** of the seventeen All-Bilt Uniform Fashion invoices containing style numbers, which coincide with sketches/garment descriptions discussed above, match any of the invoice numbers in Harrah's Paid Items Reports!

Even though we know from All-Bilt that plaintiffs' designs were used to produce costumes for Harrah's because they were billed to Harrah's, we do not have a single Harrah's document - a purchase order, or a sketch - to show what a single garment looked like.

Therefore, we do not know to what **ANY** of the invoices listed in Harrah's Paid Items Reports refer. The Paid Items Reports contain **ONLY** numbers with no **IDENTIFYING KEY.** The only thing that can be inferred from the pages and pages of numbers is that Harrah's paid vendors for uniforms. What they paid for remains a mystery, and as long as no key to these numbers or description is provided no one will ever know.

WE KNOW THOSE DOCUMENTS EXIST BECAUSE PLAINTIFF GOT SUCH

DOCUMENTS FROM HARRAH'S BEFORE THE BREAKUP. (See Annex JJ , which tells us what was ordered, and what it looked like.)

Harrah's lame excuse that they can't find the records will not work. All-Bilt's records show dealer shirts and gold card jackets produced for Harrah's as recently as last year! (See Annexes MM and LL ).

It is inconceivable that neither Harrah's nor All-Bilt has a sketch to show what the 1999 and 2000 gold card jackets and dealer shirts looked like.

All Bilt has managed to find a few of them - after expensive depositions were taken.

Either Harrah's or All-Bilt needs to find the rest - or we will have conclusive proof of spoliation of evidence!

Additionally, **THE NAMES OF THE HARRAH'S OWNED CASINOS LISTED ON MOST OF THE ALL-BILT UNIFORM FASHION INVOICES ARE DIFFERENT FROM THE CASINO NAMES LISTED ON HARRAH'S PAID ITEMS REPORTS**, indicating that the gold card blazer, gold card jacket and dealer shirt were purchased, manufactured and used by more casinos than Harrah's cares to admit.

Defendants have not produced Paid Items Reports for the following casinos: Harrah's Lake Tahoe, Harrah's St. Louis-Riverport, Harrah's Casino Joliet, Prairie Band of Potawatomi Indians, Harrah's Casino Riverside Joint Venture, Harrah's Las Vegas, Harrah's Maryland Heights, Harrah's Laughlin, Tribal Casino Gaming Enterprise, Harrah's Ak-Chin Casino, Harrah's Reno, Harrah's North Kansas City and Harrah's Showboat Casino/ Showboat Mardi Gras Casino, just to name a few.

Aside from the lack of information produced, the documents that were produced are

12

confusing and misleading.

On several of the Paid Items Reports, the word "Payroll" is typed next to what appears to be the name of the casino. However, the report references invoices of purchased uniforms. Also, the casino names listed on the seven All-Bilt Uniform Fashion invoices that do match Harrah's Paid Items Reports, do not always correspond with the casino names on the Paid Items Reports. For example, the Paid Items Report labeled "Des Plaines Development, LTD." coincides with the All-Bilt Uniform Fashion invoice for Harrah's Casino-Joliet. (Annex R)  The Paid Items Report labeled "Tunica II-payroll" coincides with invoices for Harrah's Casino Tunica as well as Harrah's Tunica Mardi Gras, (Annex S).  Uncovering and distinguishing between these discrepancies consumes time that simply does not exist.

Finally, Defendants also submitted two invoices from All-Bilt Uniform Fashion, (Annexes T & U).  These invoices were grouped with Accounts Payable Vouchers, Shipping Forms, Receiving Reports and other untitled papers.

The invoice numbers on these groups of documents coincide with four of the thousands of invoice numbers listed in the Paid Items Reports submitted by Defendant, (Annexes T & U).  The types of garments that were purchased are listed on these invoices.  For example, "Item Description:  ML. GOLD CARD BLAZER;  Style: HANATM1; Size: 54 REG.; Quantity Ordered: 2; Unit Price: $186.25."  (Annex V).  A comparison of these invoices with the Paid Items Reports evidences the type of garments purchased by Harrah's, how many were purchased and when they were purchased.  However, as stated previously, Defendants have still not provided any graphic displays of these garments.  Harrah's must have some graphic representation of the designs they are ordering.  They must have a method to cross-check what they are ordering

13

to what they are receiving.

IF HARRAH'S STILL CLAIMS IT CANNOT FIND THESE RECORDS, THE COURT SHOULD ORDER A SEARCH OF ALL OF THESE PROPERTIES - AT THE PROPERTIES - AT HARRAH'S EXPENSE.  Enough trifling with this Court's orders is enough.

## III.  OTHER VENDOR'S PRODUCTION OF DOCUMENTS DOES NOT COMPLY WITH THIS COURT'S ORDER:

In accordance with the Court's order, Harrah's issued subpoenas to the six uniform manufacturers it utilized. (Annex HH).  Five out of the six vendors submitted affidavits attesting to the completeness and accuracy of the documents that were to be produced.  These included: Uniform Ideas, Varsity Spirit Fashions, Creations Galore, Inc., Red the Uniform Tailor, and Uniforms to You.

But these affidavits (Annex II) do not show any real compliance with this Court's order.

We have received some documents from vendors like Varsity Spirit Corporation, Red the Uniform Tailor and Uniforms to You.  However, these documents are completely inadequate because they lack the corresponding documents - sketches - that give them meaning.

Varsity Spirit turned over fifteen invoices and various other documents, some of which indicated that the fresh market designs were being produced, **BUT THEY WERE NOT ACCOMPANIED BY ANY SKETCHES OR GARMENT DESCRIPTIONS, (ANNEX W).**

Red the Uniform Tailor submitted color printouts of several uniforms they were producing or did produce at some time, but no invoices or dates of production accompanied these pictures, (Annex X).

14

Uniforms to You sent a catalog of uniforms for the year 2000. (Annex Y) but no invoices or purchase orders or design sketches.

Harrah's has still not produced the names, addresses and phone numbers of all of the

manufacturers of uniforms utilized by Harrah's since the settlement agreement and for the last ten years.

It is also imperative that Defendants supply the vendor numbers as well because some of the manufacturers have very similar names.

## IV.    CONCLUSION AS TO PRODUCTION ORDERED ON MARCH 29, 2001:

The response to this Court's order opens the door far enough to see how much still remains to be produced to comply with this Court's prior order.

If All-Bilt has sketches/garment descriptions for certain garments produced for certain Harrah's owned casinos, then where are Harrah's Paid Items Reports for those casinos?

If Harrah's has Paid Items Reports for certain casinos specific to certain vendors, where are the invoices and corresponding sketches/garment descriptions?

Why haven't other vendors turned over their sketches/garment descriptions and invoices like All-Bilt Uniform Fashion?

Where are the missing All-Bilt sketches to show what its Gold Card Jackets and Dealer Shirts actually looked like?

Where we have all of the records, the chain from plaintiffs' designs to Harrah's casinos is complete.

The few invoices out of thousands submitted by Harrah's, that coincide with sketches/garment descriptions is grossly inadequate to determine the unjust enrichment to Harrah's and potential damages owed to Plaintiff.

## V.    THE COURT SHOULD BROADEN THE ORDER COMPELLING DISCOVERY IN LIGHT OF NEW EVIDENCE AS TO THE USE OF PLAINTIFF'S DESIGNS:

Recent discovery provided by All-Bilt Uniform Fashion (hereinafter "All-Bilt") proves that Plaintiff's **EXACT** sketches, complete with Jane Galiano's signature, were found amongst All-Bilt's pattern records, (Annex Z). This discovery proves that more than just the gold card jacket, dealer shirt and fresh market designs (limited in the first order compelling production of discovery) were being used, manufactured and produced.

However, Defendant continues in refusing to provide Plaintiff with the necessary records to determine exactly which designs were being used, how many garments were ordered, produced and delivered to Harrah's so that an accurate damages calculation can be determined.

In Defendant's response to Plaintiffs' objections to Defendant's answers to interrogatories, Defendant claims that no designs based on Plaintiff's sketches were used past May 1996. In its most recent response to Plaintiff's production requests, All-Bilt produced drawings and color sketches of several of the uniforms being manufactured by All-Bilt.(Annex AA).

This packet of drawings includes Gianna, Inc.'s **EXACT** drawing number H1002 labeled "Gold Card Shirt" complete with Jane Galiano's signature, (Annex Z). Furthermore, a notation on the All-Bilt sketch/garment description states that the design was used at sixteen properties.

(Annex Z) Which sixteen properties? How long was it used? Is it still being used? These are questions that Defendant has refused to answer. In the All-Bilt sketch/garment description, Gianna, Inc.'s drawing number H1002 was labeled pattern number AB831 "Gold Card," however no style number was assigned to this sketch/garment description. (Annex Z). Additionally, All-Bilt provided invoices for "Gold Card" purchases from April 1996 to December 1999, but without the style number on the sketch/garment description there is no way to definitively prove that these are in fact Gianna, Inc.'s designs. These invoices are only an indication that Gianna, Inc.'s "Gold Card Shirt" was manufactured and purchased from April 1996 until at least December 1999.

Alternatively, Defendants have provided no information indicating that the "Gold Card" design has been modified in any way since their original purchase of Gianna, Inc.'s design in 1996 or that other gold card shirt designs exist.

Furthermore, the design documents produced by All-Bilt contain additional sketches that are identical to Gianna, Inc.'s sketches. (Annex K & L). The only difference is that All-Bilt's sketches were not rendered by Gianna, Inc.'s artist and, therefore, do not contain Jane Galiano's signature.

However, they are being manufactured for the same positions (barback, bartender, pit clerk, dealer) that Gianna, Inc.'s designs were intended. (Annex K & L). Defendant tries to argue in its response to Plaintiff's objections to Defendant's answers to interrogatories, that because All-Bilt is not using Gianna, Inc.'s **EXACT** sketches to manufacture the garments, Plaintiff has no recourse against them. That is not the law as to scope of discovery or the substantive law on liability for breach of contract and copyright infringement. Simply retouching or redrawing

17

Gianna, Inc.'s sketches does not render All-Bilt's designs original works. It's still a breach of contract. It's still unjust enrichment. Further, Plaintiffs should not have to prove their case prior to receiving discovery. The purpose of discovery is to allow the parties to further evaluate the case.

Harrah's also submitted a 1996 publication entitled "Harrah's People." (Annex BB). On the cover of this publication are pictures of models wearing several of Gianna, Inc.'s designs including the gold card shirt (Annex CC), fresh market chef jacket and display hat (Annex E), fresh market apron (Annex E) and the dealer shirt. (Annex D). Pictures of employees being fitted for other Gianna, Inc. designs are inside the publication including the mermaid bolero jacket (Annexes BB & DD) and dealer vest. (Annexes BB & EE). Also, two of Gianna, Inc.'s sketches were used in the publication and no credit was given to her for these designs or drawings. (Annexes BB & FF) Additionally, Jane Galiano herself witnessed employees wearing the Gianna, Inc. design #H1020 titled Beach bingo apron. (Annex GG).

The "Harrah's people" publication, All-Bilt's sketches/garment descriptions and photographed representations, and Jane Galiano's own eyes show that more designs than just the gold card jacket, fresh market designs and dealer shirts are being used by Harrah's. How many of these uniforms were ordered and purchased?

How long were these uniforms re-ordered and re-produced? When did Harrah's stop purchasing them? Is Harrah's still purchasing them? The only way to achieve an accurate accounting is to obtain every invoice from 1995 to the present with corresponding sketches, garment descriptions, photographed representations or other visual or graphic representation, so that the designs used, the number of designs manufactured, the number of garments purchased

18

and their purchase prices can be determined. Harrah's should be ordered to produce every invoice from every vendor it utilized from 1995 to the present with corresponding sketches, garment descriptions, photographed representations or other visual or graphic representation.

If Harrah's refuses to search for the records and the designs when Plaintiffs have **CLEARLY** identified the manufacturer, then the Court should order Defendant to bear the cost of Plaintiffs' travel to each and every Harrah's casino to inspect the uniforms, costumes and invoice records maintained at each casino and to inspect the uniforms in use at each casino. It is apparent from the few Purchase Orders Plaintiff obtained prior to litigation, (Annex JJ) that the invoices were in fact sent to the individual casinos. Harrah's should be ordered to produce these documents which are maintained on site at each individual casino or, in the alternative, bear the cost of Plaintiffs travel to inspect each casino.

New Orleans, Louisiana ths _____ day of November, 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs and Movers,
Jane Galiano and Gianna, Inc.

19

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

JANE GALIANO, AND GIANNA, INC.    \*     CIVIL ACTION NO. 00-0071
                                      \*
                                      \*
                                      \*
VERSUS                           \*     SECTION "E"(5)
                                      \*
                                      \*     JUDGE MARCEL LIVAUDAIS, JR.
                                      \*
HARRAH'S OPERATING CO., INC.,    \*
            AND                  \*
HARRAH'S ENTERTAINMENT, INC.    \*     MAGISTRATE ALMA CHASEZ
                                      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANNEXES TO RENEWED MOTION TO COMPEL DISCOVERY
## PER THE COURT'S PRIOR ORDER AND TO ENLARGE THAT ORDER

ANNEX A      Plaintiff's request for Production of Documents No. 1.

ANNEX B      Deposition of Connie Albright, pages 73 and 74.

ANNEX C      Color copy of Gianna, Inc. "gold card jacket" design sketch #H1051.

ANNEX D      Color copy of Gianna, Inc. "dealer shirt" design sketch #H1001.

ANNEX E      Color copy of Gianna Inc. "fresh market" design sketches #H1039 and #H1042.

ANNEX F      Copies of All-Bilt sketches and garment descriptions with matching All-Bilt invoices.

ANNEX G      Copy of All-Bilt Uniform Fashion invoice number 120536.

ANNEX H      Copy of All-Bilt Uniform Fashion sketch and garment description for style number HALV-DLR-M1.

ANNEX I      Copy of All-Bilt Uniform Fashion sketch and garment description pattern number AB838, titled "Gold Card".

20

ANNEX J     Copy of All-Bilt Uniform Fashion sketch and garment description pattern number AB831, titled "Gold Card".

ANNEX K     Copies of All-Bilt photo representations identified by Gianna, Inc. artist Shane Mackey and substantially similar Gianna, Inc. design sketches.

ANNEX L     Copies of All-Bilt photo representations identified by Gianna, Inc. artist Shane Mackey and substantially similar Gianna, Inc. design sketches.

ANNEX M    All-Bilt invoices that match All-Bilt photo representations.

ANNEX N    Deposition of Howard Wecksler

ANNEX O    Deposition of Howard Wecksler, Exhibit 8.

ANNEX P     Copies of All-Bilt invoices for gold card jacket/blazer.

ANNEX Q    Copies of Harrah's Paid Items Reports.

ANNEX R     Copies of Harrah's Paid Items Report labeled "Des Plaines Development, LTD." and All-Bilt Uniform Fashion invoice.

ANNEX S     Copies of Harrah's Paid Items Report labeled "Tunica II-payroll" and All-Bilt Uniform Fashion invoices.

ANNEX T     Copy of an All-Bilt Uniform Fashion invoice with accounts payable voucher, shipping form, receiving report and other untitled documents submitted by Harrah's.

ANNEX U     Copy of an All-Bilt Uniform Fashion invoice with accounts payable voucher, shipping form, receiving report and other untitled documents submitted by Harrah's.

ANNEX V     Copy of All-Bilt invoice.

ANNEX W    Copies of fifteen Varsity Spirit invoices and information between Harrah's and Varsity Spirit Fashions.

ANNEX X     Color copies of photographed representations of uniforms manufactured by Red the Uniform Tailor.

ANNEX Y     Uniforms to You 2000 catalog.

ANNEX Z      Copy of All-Bilt design sketches and garment descriptions with Gianna, Inc. sketch and Jane Galiano's signature. Also, color copy of original Gianna, Inc. drawing number H1002.

ANNEX AA     Copies of All-Bilt design sketches and garment descriptions.

ANNEX BB     1996 "Harrah's People" publication.

ANNEX CC     Copy of Gianna, Inc. sketch of "gold card shirt," drawing number H1002.

ANNEX DD     Copy of Gianna, Inc. sketch of the "mermaid bolero jacket," drawing numbers H1016, H1017 and H1018.

ANNEX EE     Copy of Gianna, Inc. sketch of the "dealer vest," drawing numbers H1008 and H1009.

ANNEX FF     Copy of Gianna, Inc. drawings used in "Harrah's People" publication, drawing numbers H1029 and H1026.

ANNEX GG     Copy of Gianna, Inc. "beach bingo apron" drawing numbers H1021 and H102 and photographs of Harrah's employees wearing the "beach bingo apron."

ANNEX HH     Copy of subpoena request issued to manufacturers utilized by Harrah's.

ANNEX II     Copies of affidavits submitted by Uniform Ideas, Varsity Spirit Fashions, Creations Galore, Inc., Red the Uniform Tailor and Uniforms to You.

ANNEX JJ     Copies of purchase orders submitted to Gianna, Inc. prior to litigation.

ANNEX KK     Gianna Inc. design number H1052 compared to All-Bilt style number HALV-DLR-M1

ANNEX LL     Invoices produced by All-Bilt relating to the Gold Card Jacket.

ANNEX MM     Invoices produced by All-Bilt relating to the Dealer Shirt.

ANNEX NN     Gianna Inc. Design Numbers H1051 and H1053 compared to All-Bilt designs identified by Shane Mackey as A, B, C, D. (Deposition of Shane Mackey).

ANNEX OO     Deposition of Shane Mackey

ANNEX PP     Gianna Inc. Design Numbers H1039 and H1070 compared to All-Bilt designs identified by Shane Mackey as RR and QQ (Deposition of Shane Mackey).

ANNEX QQ   Gianna Inc. Design Number H1056 compared to All- Bilt design identified by Shane Mackey as MM (Deposition of Shane Mackey).

ANNEX RR   Gianna Inc. Design Numbers H1084, H1052, and H1044 compared to All- Bilt design identified by Shane Mackey as HH. (Deposition of Shane Mackey).

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION "E"(5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 2nd day of November, 2001 served a copy of

the foregoing Renewed Motion to Compel on Counsel,

Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

for all parties to this proceeding by hand delivery.

_____
BRIAN L. GLORIOSO

24

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

JANE GALIANO, AND GIANNA, INC.    *    CIVIL ACTION NO. 00-0071
    *
    *
    *
VERSUS    *    SECTION " E" " (5)
    *
    *    JUDGE MARCEL LIVAUDAIS, JR
    *
HARRAH'S OPERATING CO., INC.,    *
    AND    *
HARRAH'S ENTERTAINMENT, INC.    *
    *
    *    MAGISTRATE ALMA CHASEZ
    *

* * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

You are hereby notified that the **Renewed Motion to Compel Discovery Per Prior Order of this Court and to Enlarge that Order,** by Jane Galiano and Gianna, Inc will be heard on Wednesday, the 21st. day of November, at 11:00 A. M., at the United States District Court for the Eastern District of Louisiana, 501 Magazine Street, New Orleans, Louisiana 70130.

New Orleans, Louisiana, the 2nd day of November, 2001.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,


SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, # 27226
Guste, Barnett & Shushan & L L P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113
Telephone:  (504) 529-4141
Direct Line: (504) 681-4519
Attorney for Plaintiff Movers
Jane Galiano and Gianna, Inc.

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**