UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. * | | CIVIL ACTION |
| Plaintiff * | | |
| * | | No. 00-0071 |
| versus * | | |
| * | | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. * | | |
| And * | | |
| HARRAH'S ENTERTAINMENT, INC. * | | |
| Defendant * | | |
| * | | |

******************************************

### HARRAH'S OPERATING COMPANY, INC.'S AND HARRAH'S ENTERTAINMENT, INC.'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO COMPEL

Harrah's Entertainment Inc. opposes the motion to compel filed by plaintiffs Jane Galiano and Gianna Inc in this copyright action. Plaintiffs would have this court ignore the earlier order that resolved plaintiffs' overbroad and largely irrelevant discovery requests and that has dictated the preparation of this case for trial.

The court entered an order on March 29, 2001, limiting the document production herein to invoices, bills and records of royalty payments and other documents relating to Harrah's purchases of certain uniforms from its suppliers from 1994 to the present. Harrah's was instructed by the court to contact the six suppliers who might have responsive documents and request sworn production

responses from each. Harrah's contacted each of it six uniform suppliers and prevailed upon them to submit sworn responses regarding documents they had retained that relate to the discovery sought. All six supplier' affidavits were delivered to the plaintiffs together with additional documents.

Plaintiffs and Harrah's have proceeded with the development of this case and undertaken further discovery of the suppliers who indicated they had responsive documents. Plaintiffs relied on the affidavits to contact at least three of the suppliers and arranged with two of them to send representatives to appear for depositions. Plaintiffs then set depositions in New York City in February and then again in April and engaged in lengthy and detailed questioning about numerous documents plaintiffs already possessed and/or that had been furnished to the plaintiffs by Harrah's or its suppliers. Plaintiffs noticed depositions and took deposition testimony from Mary Beth Morgan, Uniform Ideas' vice president, William Morgan, Uniform Ideas' president, Linda Gunnerson, All-Bilt's chief designer, Howard Wecksler, All-Bilt's ex-president, All-Bilt's corporate representative John Sbordone and Angelica's corporate representative Tom Michaelman. Those depositions and their exhibits run into hundreds if not thousands of pages and range expansively over a variety of topics, many of which are irrelevant.

After a lull of more than six months during which plaintiffs did nothing in this case, out of the blue plaintiffs complain that their discovery has been unsuccessful. They want to retrace their steps with the suppliers regarding the costumes they have already so thoroughly hashed and rehashed. But they also now ask the court to vacate its discovery order and allow them to reinstate and

reargue their initial motion to compel. Why ask for only half a loaf when it costs one nothing to ask for the whole bread truck?

To redirect this case to encompass far greater discovery and vastly more factual issues, at this late date and after plaintiffs acquiesced in the court's order limiting discovery (plaintiffs sought no district court review of the magistrate's order ), would be the height of prejudice to a litigant and an obscene waste of time. Moreover, the expansion of the scope of discovery plaintiffs now seek would unquestionably involve re-taking the depositions of the suppliers in New York at significant additional and unjustifiable expense to Harrah's.

Plaintiffs had a full opportunity to ask the suppliers, particularly All-Bilt with whose witnesses their lawyers spent days in deposition, to identify and state the location of any documents covered by the court's order. Plaintiffs availed themselves of the Federal Rules to issue and serve on numerous witnesses in New York expansive subpoenas duces tecum prior to the depositions and after plaintiffs' counsel had been provided the affidavits and documents that the six suppliers (including All-Bilt) sent to plaintiffs' counsel at Harrah's request. Annex A to their deposition notices (in flagrant disregard of the court's limit on costumes) specifically called for the deponents to produce "any and all records of any and all costumes and/or uniforms purchased by Harrah's from your company [including] copies of invoices . . ." See Exhibit 1 attached hereto. Plaintiffs had every opportunity to pursue their discovery face to face with the suppliers during the deposition, and to insist on production that would satisfy their subpoenas. Presumably plaintiffs were satisfied, because they concluded the depositions and let six months pass without taking any

3

further steps toward discovery. They should not now be allowed to disrupt the suppliers' operations yet again and force those companies to retrace their steps with all of the waste and redundancy such discovery would entail.

All-Bilt's witness Linda Gunnerson and Howard Wecksler, an All-Bilt ex-employee, both of whom had had direct contact and involvement with plaintiffs, testified in detail and at length about dealer shirts, Gold Card Jackets and numerous other designed garments. Gunnerson personally claimed to have designed the dealer shirts that plaintiffs now claim to have designed. Both witnesses testified that the Gold Card jacket that All-Bilt eventually manufactured and sold to Harrah's was an All-Bilt design.[1] Plaintiffs have all but conceded that they do not have a copyright infringement case. Their contract case fares no better. Plaintiffs now seek information about uniforms that they argue might have some feature in common with a plaintiff's design or that were designed by another designer who once worked with plaintiffs. Clearly, however, the contract required that plaintiff be paid only for Gianna designs. The suppliers' evidence clearly indicates that plaintiffs were paid what they were owed by the suppliers for the minimal uniforms that plaintiffs designed.

## CONCLUSION

For all of the above reasons, the motion to compel should be denied. Costs should be assessed against the plaintiffs.

---

[1] Plaintiffs fail to discuss this testimony and rely solely on their employee Shane Mackey's opinions that some of the All-Bilt uniforms are "substantially similar to" some of the Gianna Inc. drawings. Though Mackey's loyalty to his employer might to some seem commendable, his effort to supply the ultimate conclusion of fact and/or law is not helpful on this discovery motion.

Respectfully submitted,

ADAMS AND REESE LLP

_____
Joseph W. Looney, T.A. (8773)
Melissa S. LaBauve (25745)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
Fax: (504) 566-0210
*Attorneys for Defendants,
Harrah's Operating Co., Inc.
and Harrah's Entertainment, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13TH November, 2001, I have served a copy of the foregoing pleading on counsel for plaintiffs by hand.

_____

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * *

### NOTICE OF 30(b)(6) DEPOSITION

TO:  Harrah's Operating Co., Inc.
Harrah's Entertainment, Inc.
Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

PLEASE TAKE NOTICE that plaintiffs, Jane Galiano and Gianna, Inc., through undersigned counsel, will take the deposition of the following individuals at Esquire Deposition Services, 216 East 45th Street, 8th Floor, New York, New York 10017-3304, on Monday, April 23rd, 2001, before a court reporter or officer authorized to administer oaths herein or any such legally authorized officer.

| | |
|---|---|
| Howard Wecksler | 9:00 A.M. |
| Linda Gunnerson | 11:00 A.M. |

You are invited to attend and take such part as may be deemed proper.

Ms. Gunnerson is being deposed as a representative of All-Bilt, as the Director of Design



and product Development. She is being asked to produce at that time: Any "standard" industry design(s) predating the Gianna, Inc., designs and used by All-Bilt after the receipt of Gianna's designs to make patterns (hard or soft) and costumes/uniforms for Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. This would include any sketch, picture, or catalogue book pictured representation along with some indication and verification of the date of the documents/designs

New Orleans, Louisiana, April 4, 2001.

Respectfully submitted,

_____
Sidney L Shushan, #12055
Guste, Barnett & Shushan, L L P
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone  (504) 529-4141
Facsimile:  (504) 561-0326
Direct Line (504) 681-4516
Attorneys for Plaintiffs
Jane Galiano and Gianna, Inc

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC | * | MAGISTRATE JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of 30(b)(6) Deposition has been served upon

Mr Joseph W Looney, T.A.
Ms Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc

by depositing a copy of same into the U.S mail, postage prepaid and properly addressed this 4th day of April 2001.

_____
SIDNEY L SHUSHAN

Annex A
Jane Galiano and Gianna, Inc. versus HARRAH'S Operating Co., Inc. and
HARRAH'S Entertainment, Inc
United States District Court, Eastern District of Louisiana,
Civil Action No. 00-0071, Section "E" (5)
Our File: 4830

I. Produce:
   A. Any and all records of any and all costumes and/or uniforms purchased by Harrah's Operating Company, Inc. or Harrah's Entertainment, Inc. From your company.

   1. Copies of Invoices,

   2. Prototypes,

   3. Sketches,

   4. Designs,

   5. and hard and/or soft patterns

used in the manufacture of costumes/uniforms by your company, Inc. for Harrah's since 1996.

   B. A copy of any contractual agreement you or your company entered into with Harrah's since 1996 regarding the manufacture and/or purchase of each and costume and/or uniform as well as any contractual agreement regarding any and all royalties paid as the result of that manufacturing contract.

   C. An accounting of all royalties paid on any and all costumes and/or uniforms purchased by Harrah's Operating Company, Inc. or Harrah's Entertainment, Inc. from your company. Include in your answer:

   1. the amount of royalties paid,

   2. to whom those royalties were paid,

   3. The date the royalties were paid,

   4. the costume and/or uniform design, sketch, prototype and/or hard and/or soft patterns upon which the royalties were paid,

   5. And list the amount of any pending royalties on the costume and/or design that may be due as the result of the manufacture of costumes/uniforms by your company for Harrah's since 1996.

Annex A
Galiano and Gianna, Inc. v HARRAH'S Operating Co., Inc. and
HARRAH'S Entertainment, Inc
-Page 2-
October 30, 2000

---

    D. Produce

        A. Any and all records of any and all promotional items (including but not limited to: jackets, shirts, hats, scarfs, cups, necklaces etc.) which mirror or display a substantial and/or conceptual similarity to the unique design or costumes and/or uniforms purchased by Harrah's Operating Company, Inc. or Harrah's Entertainment, Inc. From your company.

        1. Copies of Invoices,

        2. Prototypes,

        3. Sketches,

        4. Designs,

        5. and hard and/or soft patterns

used in the manufacture of costumes/uniforms by your company, Inc. for Harrah's since 1996.