FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV 27 AM 11: 57

LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE: JUDGE ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THE RENEWED MOTION TO COMPEL

MAY IT PLEASE THE COURT:

Defendants' "Response" is in fact unresponsive.

It is largely argument of counsel based on obsolete deposition testimony given before the last document response from All-Bilt.

It is based on highly selective and misleading facts.

The photos taken by plaintiff in the casino a few blocks away from the Court show the desperate need for the documents sought by the motion.

Jane Galliano went into a public place, the casino, and took photos.

She did it because there was a sign inviting the public to take photos provided no flash was used.

She did it without advice of counsel.

But the photos prove beyond a reasonable doubt that Harrah's and All-Bilt have not complied with the letter or the spirit of this Court's prior order.

Together with the evidence already before the Court, they lay a reasonable foundation for a motion to strike Defendants' answer.

The photo shows an All Bilt design in the New Orleans casino which is obviously based on plaintiffs' design - for reasons which the Court pointed out in oral argument the last time around.

The photos show that Harrah's and All-Bilt have carefully avoided being able to find the key documents to show the full extent of the damages caused by defendants callous breach of contract and copyright infringement.

As to the unfounded assertions made in the "Response", they are quickly disposed of.

Defendants' argument concerning the New York depositions proves nothing because it ignores the key fact that really incriminating documents were produced long after those depositions. The New York depositions were an expensive effort to move this case forward in spite of the fact that All Bilt had not produced any really specific designs. As soon as they produced something specific, it became obvious that Howard Wecksler told the truth when he admitted that All-Bilt and Harrah's had used at least one of plaintiffs' designs to generate the costumes for Harrah's casinos.

Until those documents were produced, further New York depositions would have been a waste of time.

Plaintiff is today sending out deposition notices for New York depositions December 12 and 13.

As to the other manufacturers, given the All Bilt history, it is unconscionable even to

suggest to this Court that the Court should accept at face value the affidavits filed by the other manufacturers who designed for Harrah's.

This Court should order without delay depositions of those manufacturers at Harrah's expense to see what their Harrah's uniforms really looked like.

As to the allegation that a "braided front shirt" is sufficient to prove anything, we respectfully suggest to the Court that the key element is **what those braided front shirts looked like in 1995 and thereafter.**

The Court should also be aware that **plaintiffs' designs began to circulate among Harrah's designers after the 1995 meeting in New Orleans at which plaintiff disclosed her designs to her compeditors per instructions from Harrah's! As the jury will see All-Bilt's designs for braided front shirts began to change dramatically after that meeting. They continued to change dramatically in 1996 until they closely resembled the designs which Harrah's promised not to use in the first place!**

As to the argument based on the Settlement Agreement. Harrah's overlooks the fact that they have attacked the validity of that agreement in this case.

Harrah's also overlooks the unjust enrichment claim made by plaintiffs, in the alternative if the Court finds that the settlement agreement is not valid and enforceable.

The additional designs which should be included in discovery are all reasonable calculated to lead to the production of admissible evidence under either the contract or unjust enrichment theory.

Finally, the "waiver" by plaintiff is limited to "garments now in use at Skagit". The most reasonable interpretation of that "waiver" would be limited to "use at Skagit", not use everywhere

else in the world! The law requires a clear and unambiguous waiver. There was none.

As to these "other designs" not covered by the Court's prior order, our motion is carefully limited to designs where the visual similarity is obvious.

In fact, plaintiffs' letter to Wecksler discussed in the "Response" shows very clearly what plaintiffs' interepretation of the contract was and is: **if her design is "utilized to re-created another concept royalties must be paid".** That letter is not part of the contract with Harrah's, but it is telling evidence as to what the contract meant to the parties when it said Harrah's cannot **"use"** plaintiffs' designs.

In this context, "use" means **use for any purpose.**

The Court should order all of the production sought by the Renewed Motion.

As to the similarities between the All Bilt Gold Card jacket and the Gianna Gold Card jacket, the testimony defendants' rely on completely misrepresents what plaintiffs' design really was. That testimony compares plaintiffs' design 1053 with the All Bilt jacket.

**It ignores plaintiffs' design 1051, which is very, very similar to the All Bilt jacket which was used a few blocks from the Courthouse!**

**Finally, the "response" carefully ignores the damning evidence of the Gold Card shirt documents finally and reluctantly and partially produced by All-Bilt.**

**All-Bilt finally produced one of its copies plaintiffs' designs - the Gold Card shirt.**

Given the evidence before the Court, there is almost enough to lay a foundation for a motion for partial summary judgment by plaintiff. We urge the Court to order further discovery to complete the job.

New Orleans, Louisiana this 21st day of November 2001.

                                                Respectfully submitted,

                                                _____
                                                SIDNEY L. SHUSHAN, # 12055
                                                BRIAN L. GLORIOSO, #27226
                                                Guste, Barnett & Shushan, L.L.P.
                                                639 Loyola Avenue Suite 2500
                                                New Orleans, Louisiana  70113
                                                Telephone:  (504) 529-4141
                                                Facsimile:   (504) 561-0326
                                                Attorneys for plaintiffs,
                                                Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 21st day of November, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorneys for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery.

_____
SIDNEY L. SHUSHAN

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 21st day of November, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorneys for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery.

_____
BRIAN L. GLORIOSO