UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV 27  AM 11: 57
NOV 27 2001
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| JANE GALIANO and GIANNA, INC.  *<br>Plaintiff  *<br>  *<br>versus  *<br>  *<br>HARRAH'S OPERATING CO., INC.  *<br>And  *<br>HARRAH'S ENTERTAINMENT, INC.  *<br>Defendant  *<br>  * | CIVIL ACTION<br><br>No. 00-0071<br><br>SECTION "E"(5) |

*******************************************

## RESPONSE TO PLAINTIFFS' REPLY TO
## HARRAH'S OPPOSITION TO
## PLAINTIFFS' RENEWED MOTION TO COMPEL

NOW COMES Harrah's Entertainment, Inc., defendant herein, and with leave of Court responds to the reply filed by Jane Galiano and Gianna, Inc. ("Plaintiffs") to Harrah's Opposition to Plaintiffs' Renewed Motion to Compel Discovery.

Plaintiffs begin by accusing of Harrah's of misstating "the facts." They suggest that Harrah's has misrepresented the Court's Order by pointing out that discovery was intended to be limited to three designs, the Gold Card jacket, the Dealer Shirt and the Fresh Market designs. Plaintiffs complain that the Order also included a reservation that Plaintiffs could reurge their request for documents relating to other designs "as the need arises." Plaintiffs have failed entirely, however, to show any such need.

Plaintiffs also complain that documents they received from the suppliers were subsequent to the depositions, listing the persons who have been deposed in this case at pages 2 and 3. Mr. DeYoung, Ms. Albright, Mr. Mackey, Mr. Buhrer and obviously plaintiff have nothing to do with suppliers, however, and thus nothing to do with this discovery. As for the others, Plaintiffs admit Howard Wecksler and Linda Gunnerson

were not deposed until after the Court's discovery order. The four witnesses who were deposed before the order all reside in New York and have businesses in New York and clearly could have been deposed by Plaintiffs during the week of April 23, if Plaintiffs had any new areas to cover as a result of the documents produced. However, Plaintiffs made absolutely no effort to take any further discovery from those individuals even though all parties' counsel had had to journey to New York on the case.

The remainder of Plaintiffs' argument for discovery turns on what was contained or not contained in the documents, primarily in All-Bilt's documents and Harrah's Paid Items Report. None of the evidence cited by Plaintiffs, however, justifies any discovery into "other designs" as contemplated by the Court's Order. This case still revolves around a couple of designs – the Gold Card jacket and casino dealer shirts. Plaintiffs' attempt to raise the Fresh Market designs is foreclosed by Plaintiffs' settlement in this case, as will be shown hereinafter.

1.    **The Primary Manufacturers Involved In This Case Are Uniforms Ideas and All-Bilt.**

Plaintiffs seeks information on sales of garments which they claim somehow violated the Settlement Agreement contract, dated May 6, 1996, between Gianna, Inc. and Harrah's. The primary manufacturers involved are Uniform Ideas, Inc. (now Angelica, Inc.) and All-Bilt. All-Bilt sold Harrah's casino dealer shirts, Gold Card jackets and Fresh Market aprons, display chef jackets and chambray shirts.

Gold Card jackets were only manufactured by All-Bilt. All of the other manufacturers submitted declarations in this case stating that they did not sell Gold Card jackets to Harrah's. (See Affidavits grouped *in globo* as Exhibit A.) Indeed, Plaintiffs now introduce what purport to be photographs from the New Orleans casino taken recently showing Gold Card jackets. Those jacket garments appear to be similar

2

to All-Bilt's Gold Card jacket. (See, Gold Card jackets from All-Bilt's catalog, marked as Exhibit B.)

As for the dealer shirts, four of the suppliers, Uniform Ideas, Creations Galore, Uniforms To You and Varsity Fashions, have testified in their affidavits that they have not sold dealer shirts to Harrah's (see Exhibit A.) The fifth manufacturer, Red The Uniform Tailor, states "We made a proposal to Harrah's to sell braided front shirts of our own design as shown in the documents labeled Red 0039, Red 0040, Red 0043, Red 0044 and Red 0058. None of those shirts was ever manufactured or sold to Harrah's. The braided front shirts depicted in the documents were never sold to Harrah's." *See 28 U.S.C. §46 Declaration of Harvey Klein*, para. 2 [ found in Exhibit A]. Notably, Mr. Klein's declaration further states, "We were making braided front shirts in various styles and colors before 1995 as were other manufacturers." *Id.* at para. 3. This is noteworthy because Plaintiffs claim they invented this shirt in 1995.

All-Bilt, on the other hand, testified that it manufactured and sold casino shirts to Harrah's. Thus, the supplier from whom discovery about dealer shirts would be appropriate is All-Bilt. As pointed out, Plaintiffs have taken the depositions of three witnesses associated with All-Bilt, namely, John Sbordone, Linda Gunnerson and Howard Wecksler. Indeed, Ms. Gunnerson is the lead designer for All-Bilt at the present time. Thus, Plaintiffs' complaint about not having sufficient access to discovery about casino shirts is mystifying.

The third group of garments is the so-called Fresh Market designs. Plaintiffs can show neither the need nor the right to discover anything about these designs, however, because they have no claim associated with these designs. On May 6, 1996, Gianna, Inc. entered into a Settlement Agreement with Harrah's stating:

> Gianna waives past or future royalties on the following garments now in use at Harrah's Skagit:

3

Valet jacket
Bingo Apron
Fresh Market Buffet apron
Fresh Market display chef jacket
Chambray shirt for Fresh Market

Settlement Agreement, paragraph No. 2 marked as Exhibit C. Furthermore, in her deposition Galiano admitted that the Fresh Market display chef jacket and the Fresh Market buffet apron and Chambray shirt are waived. (Deposition of Jane G. Galiano, pp. 214, 215, marked and attached hereto as Exhibit D.)

2.    **The All-Bilt Gold Card jacket Is Different From The Gianna Gold Card jacket.**

Gianna claims that the Gold Card jackets that Harrah's bought are her design. In fact, they are All-Bilt's design. All-Bilt produced a catalog including the Gold Card jacket which is marked as Exhibit B. All-Bilt also produced a detailed production specification for the Gold Card jacket which is marked hereto as Exhibit E. The All-Bilt production specification dated February 9, 1996, describes the design for pattern AB838 and details a tailored single-breasted three button cardigan with Princess front with flange and Princess back with bi-swing. The production specification further sets forth the type of fabric, namely, RAEF/55/45D60, style number 573-561 and combo fabric Hamb.55/45D60 331-187. The specification sets forth body style, collar, pocket placement and number, number of buttons, cuff trim, lining and other specifics. All-Bilt further sets forth the sketch and details of the sketch. On page 2 of Exhibit E, further specifics are given for Pattern AB 838. They include interlinings, inside seam dimensions and information on edges, eyelettes and other specifics.

The third page of Exhibit E sets forth cutters' instructions for the All-Bilt Gold Card, Style AB 838.

Plaintiffs claim they need additional information regarding sales to Harrah's of the All-Bilt Gold Card jacket. However, Plaintiffs have failed to show any need or justification for any additional information. Indeed, the information establishes beyond dispute that Harrah's intended to purchase and thought it was purchasing All-Bilt Gold Card jackets. Indeed, none of the evidence submitted by All-Bilt suggests that it sold Harrah's any Gold Card jackets other than the All-Bilt Gold Card jacket shown in its catalog as Exhibit B. The Plaintiffs have not offered a scintilla of testimony or other evidence that Harrah's ever bought the Gianna-designed Gold Card jacket, style No. 1051 which it has designated as Exhibit C to Plaintiff's Renewed Motion to Compel.

Confronted with this absolute lack of any evidence, Plaintiffs are forced to argue that the All-Bilt Gold Card jacket is a modification of the Gianna Gold Card jacket. Even if it is a modification, which is denied, the All-Bilt Gold Card jacket is *clearly a different design*. All-Bilt designer Linda Gunnerson, cataloged the differences between the All-Bilt Gold Card jacket and the Gianna Gold Card jacket in her deposition taken April 23, 2001. Ms. Gunnerson explained that the All-Bilt jacket is single-breasted blazer, whereas the Gianna Gold Card jacket is a mandarin style that "is more like a tunic look as opposed to a blazer look." (Gunnerson, p. 70, lines 20, 24, p. 71, lines 9-12). The All-Bilt Gold Card jacket is a three-button cardigan style; the Gianna jacket has one button, an extended shoulder design and a star detail going down the center panel. (*Id.* at p. 70, lines 20-21, p. 70, lines 24-25, p. 71, lines 1-6.) The All-Bilt Gold Card jacket is cut in a deep "V" and looks like a blazer whereas the Gianna Gold Card jacket goes all the way up to the chin. (*Id.* at p. 71, lines 11-16.) The only similarity, according to Ms. Gunnerson, is the "color blocking," meaning that the jackets are the same colors. (*Id.* p. 73, lines 19-25, p. 74, lines 1-2). (See Gunnerson Deposition, pp. 70-74 attached as Exhibit F).

The deposition of Howard Wecksler, an All-Bilt ex-employee, similarly stated that the All-Bilt Gold Card jacket and the Gianna Gold Card jacket are similar in using tan and black color blocking. When asked whether in addition to the tan and black colors "[is] there any other feature of the Gianna jacket that you can think of that also appears in Total Gold [the All-Bilt Gold Card jacket] ?" he answered "No. Other than the basic silhouette * * * it's a basic silhouette of a jacket." (Deposition of Howard Wecksler, taken April 23, 2001, p. 102, lines 2-20, attached at Exhibit G).

The evidence is undisputed, therefore, that the All-Bilt Gold Card jacket is a different design than the Gianna Gold Card jacket. The fact that they are different designs is indeed obvious from a comparison of Exhibit B hereto, the All-Bilt Gold Card jacket, with Plaintiffs' Exhibit, the Gianna Gold Card jacket Style No. 1051.

As stated above, there is no testimony that Harrah's bought any Gold Card jackets other than All-Bilt's Gold Card jackets. Under Gianna's settlement agreement she is only entitled to royalties for Gianna designs, not for All-Bilt designs or designs by any other manufacturer.

Plaintiffs also attempt to argue that Harrah's is liable if any of Gianna's original concepts were utilized to recreate another concept. Galiano apparently took this position with All-Bilt in an undated letter in which she stated that "any time an original concept is utilized to re-create another concept royalties must be paid (Please see illustration provided for your review.)." See, Gianna, Inc. undated letter to Howard Wecksler, attached as Exhibit H.) It is unclear whether Galiano believes that this letter constituted a contract. Whether or not it was a contract, it creates no privity between Harrah's and Plaintiffs regarding anything in the letter. The letter is between her and All-Bilt only. Plaintiffs have not seen fit to sue All-Bilt, And most significantly, her settlement agreement with Harrah's contains no similar language.

Thus, under the contract Gianna waived any past or future royalties on Fresh Market designs; agreed to look to manufacturers for payment of Dealer Vests, Winning Streak Beverage Server Uniforms and Casino Beverage Server Uniforms; would be entitled to a five percent (5%) royalty for Range Vests (which she ultimately negotiated directly with All-Bilt for a seven percent royalty and was paid by All-Bilt); and by the parties' agreement Harrah's would not use any Gianna designs other than those mentioned in the Settlement Agreement..   Plaintiffs have failed to show how any additional discovery can lead to evidence that Harrah's breached that contract

CONCLUSION

Plaintiffs' motion to expand discovery is baseless, and must be denied.

Respectfully submitted,

**ADAMS AND REESE LLP**

Joseph W. Looney, T.A.  (8773)
Melissa S. LaBauve (25745)
4500 One Shell Square
New Orleans, Louisiana  70139
Tel: (504) 581-3234
Fax: (504) 566-0210
*Attorneys for Defendants,*
*Harrah's Operating Co., Inc.*
*and Harrah's Entertainment, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 20th day of November, 2001, I have served a copy of the foregoing pleading on counsel for plaintiffs via facsimile and via United States mail, properly addressed and first class postage prepaid.

7

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**