FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

JAN 24 2002
2002 JAN 24 PM 1:28

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO EXTEND THE TIME TO COMPLETE DISCOVERY AND FOR LEAVE TO AMEND PLAINTIFFS' EXPERT REPORTS

NOW COME plaintiffs, Jane Galiano and Gianna, Inc., and move this Honorable Court for an Order extending the time to complete discovery for 15 days or until February 6, 2002 and for leave to amend plaintiffs' expert reports, for the reasons more fully set forth in the memorandum of law in support of this motion, annexed hereto. Plaintiffs, Jane Galiano and Gianna Inc., pray that that the deadline for completing discovery be extended for 15 days or until February 6, 2002 and plaintiffs' be allowed to amend their expert reports.

New Orleans, Louisiana this 22nd day of January, 2002.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## **O R D E R**

Considering the foregoing Motion to Extend Discovery,

IT IS ORDERED by the Court that defendants, HARRAH'S Operating Co., Inc. and HARRAH'S Entertainment, Inc., appear and show cause before the above entitled Court, on _____, the _____ day of _____, 2002, at _____ o'clock ___.M., why the Court should not grant plaintiffs' order extending the discovery period for an additional 15 days or until February 6, 2002, and allowing plaintiffs to amend their expert reports.

New Orleans, Louisiana, _____, 2002.


_____
**UNITED STATES DISTRICT JUDGE**

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF
### MOTION TO EXPEDITED HEARING, MOTION TO EXTEND THE TIME TO COMPLETE DISCOVERY, AND FOR LEAVE TO AMEND PLAINTIFFS' EXPERT REPORTS

MAY IT PLEASE THE COURT:

Plaintiffs, Jane Galiano and Gianna Inc., respectfully request an expedited hearing of their Motion to Extend the Time to Complete Discovery and for Leave to Amend Plaintiffs' Expert Reports. Plaintiffs further request that this Honorable Court extend the discovery period for an additional 15 days or until February 6, 2002, and allow plaintiffs to amend their expert reports.

I. The Court should grant an expedited hearing on Plaintiffs' Motion to Extend the Time to Complete Discovery and for Leave to Amend Plaintiffs' Expert Reports.

Plaintiffs seek an expedited hearing on their Motion to Extend the Discovery period, because the discovery cut-off is currently set for January 22, 2002. Key documents have still not been produced by the defendants, and thus plaintiffs may have to travel to Illinois and Arizona to inspect the outstanding

7

documents. Plaintiffs have made every effort to obtain the documents within the time allotted for discovery. However, defendants have not provided the requested documents.

Plaintiffs' expert could not fully complete her report without the missing documents requested by plaintiffs.

This motion is simple and should take little of this Court's time.

II. Plaintiffs' expert should be allowed to amend her report based upon the authenticated copy of the All-Bilt documents, and other documents which are subsequently produced.

Pursuant to the Court's Order of November 27, 2001, plaintiffs issued subpoenas and traveled to New York to inspect documents and take depositions of several of the key manufacturers. At the All-Bilt inspection plaintiffs discovered many documents containing designs which were either identical copies of plaintiffs' designs or designs which are similar to plaintiffs' designs. Plaintiffs copied three boxes of documents from All-Bilt, and made arrangements with opposing counsel for the All-Bilt documents to be authenticated by an All-Bilt representative in New York.

Plaintiffs did not receive the authenticated documents until January 11, 2002 which was four days after Plaintiffs expert reports were due. Because of this delay, plaintiffs had to recreate from a non-authenticated copy the order of the three boxes of All-Bilt documents for use in preparation of plaintiffs' expert reports. This project was very time consuming and expensive. Plaintiffs were forced to employ a team of workers to prepare the documents for the expert.

The documents discovered by plaintiffs' at All-Bilt not only evidence All-Bilt's production of plaintiffs' designs for Harrah's, but also clearly establish that the documents produced by All-Bilt pursuant to the subpoena issued by Harrah's (by order of the Court), were incomplete and misleading.

Because Plaintiffs did not have the authenticated documents from All-Bilt, plaintiffs' expert could not complete her calculation of damages based upon the All-Bilt documents.

This delay was in no way caused by the plaintiffs. Because of the sheer number of documents produced by All-Bilt, the authentication process took several weeks.

Plaintiffs should not be penalized for finding the documents pursuant to the Court's Order.

Plaintiffs should be allowed to amend their expert reports to include a calculation of damages based upon the authenticated All-Bilt documents, and to reflect the experts opinion as to subsequently produced documents.

III. The Time for Completing Discovery should be extended for 15 days or until February 6, 2002 to allow Plaintiffs time to inspect documents at the Harrah's Casinos in Joliet, Illinois, and Ak-Chin, Arizona.

On December 26, 2001 plaintiffs requested from defendants dates for inspection of documents in Joliet, Illinois, and for depositions of representatives of Harrah's at Joliet, Illinois.

Defendants agreed in lieu of plaintiffs issuing subpoenas, to produce the records from Joliet, Illinois.

Relying on defendants promise to produce the requested documents, plaintiffs did not issue the subpoenas.

To date defendants have not produced any documents from Joliet, despite repeated request from plaintiffs.

Further, the defendants delayed plaintiffs ability to travel to Joliet to inspect the documents, by continuously promising to produce the documents.

Further, the paid items reports previously produced by defendants are incomplete in that they do not evidence the purchases by the Joliet, Illinois Casino or the Ak Chin, Arizona Casino.

9

Without the paid items reports for those casinos, it is impossible for plaintiffs to determine which manufactures are supplying uniforms for those locations. Thus plaintiffs could not go directly to the manufacturers for the records of the Joliet, Illinois or the Arizona casinos.

Plaintiffs subsequently requested copies of the paid items reports for Joliet, Illinois and Ac Chin, Arizona. Yet the defendants have not produced any documents from those locations.

During the continuation of plaintiff, Jane Galiano's deposition, on January 17, 2002, the plaintiff testified that she personally witnessed key designs in use at Harrah's Joliet, Illinois, in the year 2000. These designs are crucial evidence in support of plaintiffs' case, and have not been discovered through any of the previous subpoenas.

Plaintiffs should be allowed time to travel to Joliet, Illinois and inspect the records of the casino, and to depose a representative of the Joliet casino.

Defendants should be ordered to supplement their previous response to discovery with the paid items reports for Joliet, Illinois, and Ak Chin, Arizona.

Attached is a subpoena for inspection of documents and the deposition of a Harrah's representative at Joliet, Illinois.

The discovery period should be extended to allow plaintiffs time to travel to Joliet, Illinois for the inspection and depositions.

New Orleans, Louisiana this 22nd day of January, 2002.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

11

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**CERTIFICATE OF SERVICE**

I do hereby certify that I have, on this 22nd day of January, 2002 served a copy of the foregoing pleading to counsel for all parties to this proceeding

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by mailing the same by hand.

_____
BRIAN L. GLORIOSO

12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO:   HARRAH'S OPERATING CO., INC.
Through Its Attorney of Record
Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

HARRAH'S ENTERTAINMENT, INC.
Through Its Attorney of Record,
Joseph W. Looney, T.A.
Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

The Motion to Extend the Time to Complete Discovery and for Leave to Amend Plaintiffs' Expert Reports filed by plaintiffs, Jane Galiano and Gianna, Inc., will be brought on for hearing before the Honorable Alma Chasez, Magistrate Judge, United States District Court, Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana 70130, on the _____ day of _____, 2002, at _____ o'clock _____.M.

3

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

4

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**