

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT HARRAH'S OPERATING COMPANY, INC.

Now come plaintiffs, Jane Galiano and Gianna Inc., who respectfully move this Honorable Court for a Partial Summary Judgment on Liability Against Defendant Harrah's Operating Company, Inc., for the reasons set forth in the annexed Statement of Undisputed Material Facts and Memorandum of Law annexed hereto.

New Orleans, Louisiana, this 7th day of February, 2002

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED by the Court that Plaintiffs' Motion for Partial Summary Judgment on Liability Against Defendant Harrah's Operating Inc. be filed into the record of the above captioned matter.

New Orleans, Louisiana this 7th day of February, 2002.

_____
**UNITED STATES DISTRICT JUDGE**

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF HEARING

To: Mr. Joseph W. Looney, T.A.
    Ms. Melissa S. LaBauve
    Adams and Reese LLP
    4500 One Shell Square
    New Orleans, Louisiana 70139
    Attorney for Defendants,
    Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc.

You are hereby notified that the **Motion for Partial Summary Judgment On Liability Against Defendant Harrah's Operating Inc,** by Jane Galiano and Gianna, Inc. will be heard on _March 6_ 2002, at _10:00_ A. M., at the United States District Court for the Eastern District of Louisiana, 501 Magazine Street, New Orleans, Louisiana 70130.

New Orleans, Louisiana, this 7th day of February, 2002.

_____
UNITED STATES DISTRICT JUDGE

4

Respectfully submitted,

*[signature]*

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, # 27226
Guste, Barnett & Shushan & L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113
Telephone: (504) 529-4141
Direct Line: (504) 681-4519
Attorney for Plaintiffs
Jane Galiano and Gianna, Inc.

5

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* *<br>*<br>* | | CIVIL ACTION NO. 00-0071 |
| VERSUS *<br>* | | SECTION " E " " (5) |
| * | | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., *<br>AND *<br>HARRAH'S ENTERTAINMENT, INC. *<br>*Defendants* * | | |
| * | | MAGISTRATE ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT <u>HARRAH'S OPERATING COMPANY, INC.</u>**

1. The Settlement Agreement was apparently executed by Harrah's Entertainment as the disclosed mandatary of Harrah's Operating Company. (Annex 4, Settlement Agreement).

2. The $7,500.00 check tendered to plaintiffs after the Settlement Agreement was a check drawn by Harrah's Operating Company. (Annex 12, Check in the amount of $7,500.00).

3. The earlier checks written to Plaintiffs under the first [letter] agreement were written by Harrah's Operating Company, Inc. (Annex 5, Preliminary letters of July 21, 1995 and August 22, 1995 and follow up letter of September 25, 1995).

4. When All-Bilt worked with Harrah's in 1996 and thereafter to put the designs in question into production, All-Bilt worked with Connie Albright and Jan Starnes. (Annex 14, Deposition

6

of Connie Albright and Annex 21 Deposition of Linda Gunnerson).

5. Connie Albright was an employee of Harrah's Entertainment, which held itself out as a mandatary of Harrah's Operating Company. (Annex 15, Business card of Connie Albright) (Annex 4, Settlement Agreement) (Annexs 4 and 16 Many other letters on the letterhead of Harrah's Entertainment).

6. Jan Starnes was an employee of (Annex 14, Deposition of Connie Albright).

7. Harrah's Operating Company produced the computer records of purchases of costumes from All-Bilt and other suppliers which show the use of plaintiffs' designs. (Annex 17, Pleading, Response, and covering letters of counsel).

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* * | | CIVIL ACTION NO. 00-0071 |
| VERSUS * | | SECTION " E" " (5) |
| * | | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., *<br>AND *<br>HARRAH'S ENTERTAINMENT, INC. *<br>*Defendants* | | MAGISTRATE: JUDGE ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT HARRAH'S OPERATING COMPANY, INC.

Plaintiffs respectfully move the Court for a partial summary judgment on the issue of liability against Harrah's Operating Company.

*The Settlement Agreement was apparently executed by Harrah's Entertainment as the disclosed mandatary of Harrah's Operating Company.* [*Undisputed fact no. 1*].

*The $7,500 check tendered to plaintiffs after the Settlement Agreement was a check drawn by Harrah's Operating Company.* [*Undisputed fact no. 2*].

*The earlier checks written to Plaintiffs under the first [letter] agreement were written by Harrah's Operating Company, Inc.* [*Undisputed fact no. 3*].

*When All-Bilt worked with Harrah's in 1996 and thereafter to put the designs in question into production, All-Bilt worked with Connie Albright and Jan Starnes.* [*Undisputed fact no. 4*].

8

*Connie Albright was an employee of Harrah's Entertainment, which held itself out as a mandatary of Harrah's Operating Company. [Undisputed fact no. 5].*

*Jan Starnes was an employee of [Undisputed fact no. 6].*

*Harrah's Operating Company produced the computer records of purchases of costumes from All-Bilt and other suppliers which show the use of plaintiffs' designs. [Undisputed fact no. 7].*

If the Court grants the Summary Judgment against Harrah's Operations, Co., Inc., the Court should include Harrah's Entertainment, Inc. as a solidary obligor.

If the Court does not grant a Summary Judgment against Harrah's Entertainment, Inc., alternatively the Court should certainly admit evidence as to the solidary liability of Harrah's Entertainment, Inc. with Harrah's Operations, Co., Inc.[1]

There is ample evidence to permit the Court or the jury to infer that Harrah's Entertainment, Inc. was really a co-principal which would be solidarily liable with Harrah's Operating Company under Louisiana Civil Code Article 3015.

There was ample confusion in minds of Harrah's key employees as to which corporation was which, or whether there was any difference at all between Operations and Entertainment.

Connie Albright was one of the two key Harrah's employees who negotiated with plaintiffs and worked with plaintiffs on designs for Harrah's. Her deposition testimony would convince any reasonable juror that Operations and Entertainment are the same corporation, or are alter egos of each

---

[1] Operations' name appears on the Settlement Agreement, and on the $7,500.00 check issued after the Settlement Agreement.

other, or that their corporate veils should be pierced.

She in fact testified they are one and the same corporation! In her minds they were both lumped together as "Harrah's corporate".

When she was asked which entity she worked for, she answered "Harrah's corporate". [Deposition p. 10, Annex 14].

When she was asked "So you were always an employee of Harrah's corporate, which is just Harrah's Inc.", she answered "Yes, correct".

When she was asked which entity Jan Starnes worked for[2] [the other Harrah's employee who worked directly with plaintiff], she again answered "Harrah's corporate." [Deposition p. 18, Annex 14].

She was completely unaware of what Harrah's Operations was. When she looked at the letterhead of the Settlement Agreement, she commented "That's the corporate office". [Deposition p. 65, Annex 14]

When she was asked "which is the umbrella corporation that owns all of the various and sundry division; Harrah's Entertainment, Harrah's Gaming, the corporation that runs the one in New Orleans...] she answered "Yes, They are the management firm, I understand." [Deposition p. 65, Annex 14]

The deposition continues as follows:

"Q. So this was not Harrah's Entertainment, Inc. This was just Harrah's Inc or is?

---

[2] Jan Starnes worked directly with plaintiff when she became involved with costuming. See Albright Deposition, p. 20-21.

"A. Harrah's Entertainment, Inc. is Harrah's Inc.

"Q. Harrah's Entertainment, Inc. is the big company?

"A. It's the big company." [Deposition pp. 65-66, Annex 14]

She was then asked "what is Harrah's Operating Company", she answered:

"I don't know. Oh, the, that was the, I don't know how that is set up legally, but the lawyers, that's how it was to be signed."

"Q. So the letterhead is for Harrah's Entertainment, Inc., but the signature was on behalf of a different entity called Harrah's Operating Company?

"A. Correct.

"Q. And this was because the lawyers told you to?

"A. The lawyers, yes....

"Q. Did you ever notice any practical – did you ever see any practical differences between Harrah's Entertainment, Inc. and Harrah's Operating Company?

"A. No.

"Q. So to you, you would take them to be basically one in [sic] the same company?

"A. Yes.

"Q. In terms of how they operated?

"A. Yes.

"Q. Do you actually know what Harrah's Operating Company is, or was?

"A. No, I do not." [Albright deposition, pp. 65-67, Annex 14]

If Harrah's principal representative in dealing with Plaintiffs thought Entertainment and

11

Operations were really the same company, this Court should not waste any time on the issue of whether they are both liable to Plaintiffs. The testimony portrays Operations as an idea of the lawyers which never had any practical application or existence.

Even Connie Albright's business card identified her as a representative of Harrah's Entertainment, Inc. [Annex 15].

One hopes Operations was not just another device to prevent Harrah's from having to pay plaintiffs for using their designs to generate the designs for millions of dollars of costumes manufactured for Harrah's by All-Bilt. If it was, there are ample legal devices in the law of Louisiana or any other state to prevent that from happening. [3]

Under these extreme circumstances, plaintiffs would be justified in believing that Harrah's Entertainment was the real party in interest, and Harrah's Operating Company was just another legal device to protect the real Harrah's.

In the Enron era of creative accounting, the jury should decide whether Harrah's Entertainment was a co-principal and a solidary obligor under Louisiana Civil Code Articles 2298, 2324. [Sys. Contr. Corp. v. Williams & Ass's., Architects, 769 So.2d 777, 780 (La. App. 5 Cir. 2000); Hamilton v. AAI Ventures, L.L.C., 768 So.2d 298, 303 (La. App. 1 Cir. 2000); Valet v. City of Hammond, 577 So.2d 155, 159-160 (La. App.1 Cir 1991); Berlier v. A.P. Green Indus., Inc., 787 So.2d 1054, 1060 (La. App. 4 Cir. 2001).]

---

[3] La Del, Inc.v. Fox, 445 So.2d 1299, 1301-1302 (La. App. 5 Cir. 1984); Pine Tree Ass's.v. Doctor's Ass's., 654 So.2d 735, 738 (La. App 1 Cir. 1995); Green v. Champion Ins. Co., 577 So.2d 279, 257 (La. App. 1 Cir. 1991).

As to solidary liability [or joint and several liability in other states], there is more than enough evidence to justify a judgment against both corporations for all of the markups and royalties due plaintiffs for the millions of dollars of costumes manufactured by All-Bilt for Harrah's which use her designs more or less literally.

Solidary liability does not require the use of the word "solidary" in the documents. Louisiana Civil Code Article 1796, Revision Comment (b)

The above facts and the evidence at trial will show that Entertainment was obviously a major player in Harrah's operations and its dealings with plaintiffs. The evidence will show its employees worked with All-Bilt to use plaintiffs' designs for millions of dollars worth of costumes for their subsidiaries.

Even if Entertainment is liable in contract and Operations is not, the Court should admit evidence as to the liability of Entertainment for copyright infringement[4], unjust enrichment[5], and unfair trade practices[6]. If Operations is liable in contract, and Entertainment is liable under another legal

---

[4] Real Songs v Gulf Broad Corp.,824 F. Supp. 89, 91 (M.D., La. 1993); Screen Gems-Columbia Music, Inc. v. Lebow Corp., 453 F. 2d 552, 554 (2d Cir. 1972); Trevino v. Louisiana Gaming, 2002 U.S. District LEXIS 888 (01/08/2002).

[5] Haring v. Stinson, 756 So. 2d 1201, 1204 (La. App. 2 Cir. 2000); Knight v. State, 718 So. 2d 646, 649 (La. App. 2 Cir. 1998); Orr v. Bancroft Bag, Inc., 687 So. 2d 1068, 1070 (La. App. 2 Cir. 1997); Andrus v. Andrus, 634 So. 2d 1254, 1258 (La. App. 3 Cir.1994).

[6] Phillips v. Berner, 789 So. 2d 41, 48-49 (La. App. 4 Cir. 2001); Jarrel v. Carter, 577 So. 2d 120, 123 (La. App. 1 Cir. 1991); United Groups of Nat'l Paper Distribs. v. Vinson, 666 So. 2d 1138, 1345-1346 (La. App. 2 Cir. 1996); Monroe Med. Clinic v. Hosp. Corp. of America, et al, 6222 So. 2d 760, 780-781 (La. App. 2 Cir. 1993).

theory, they are still solidary obligors. Louisiana Civil Code Article 1797.

New Orleans, this 7th day of February 2002.

Respectfully Submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on this 7th day of February, 2002 served a copy of the foregoing pleading to counsel for all parties to this proceeding

> Mr. Joseph W. Looney, T.A.
> Ms. Melissa S. LaBauve
> Adams and Reese LLP
> 4500 One Shell Square
> New Orleans, Louisiana 70139
> Attorney for Defendants,
> Harrah's Operating Co., Inc. and
> Harrah's Entertainment, Inc.

by mailing the same by hand.

_____
BRIAN L. GLORIOSO

15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' ANNEXES TO MOTION FOR SUMMARY JUDGMENT, MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTIONS IN LIMINE**

1. Deposition of Jane Galiano;

2. Gianna's Articles and Bylaws;

3. Deposition of Scott Buhrer;

4. May 6, 1996 Settlement Agreement;

5. Letters constituting first contract and negotiations:
    July 21, 1995;
    August 28, 1995;
    September 14, 1995;
    September 25, 1995;
    November 1, 1995;
    November 28, 1995;
    December 10, 1995;
    February 14, 1996;
    February 15, 1996;
    March 1, 1996;
    March 25, 1996;
    May 15, 1996;
    May 16, 1996;
    June 4, 1996

1

        June 26, 1996;
        September 20, 1996;

6.    Plaintiffs' Complaint;

7.    Harrah's People Magazine;

8.    Gianna's designs used in Harrah's People Magazine;

9.    All-Bilt charge sheets with literal copies of plaintiffs' designs;

10.   All-Bilt charge sheets which are almost literal copies;

11.   Spreadsheets for Coin Shirts, Star Shirts and Range Shirts;

12.   $7,500.00 check tendered to plaintiff after settlement agreement;

13.   All other checks from Harrah's to Gianna, Inc.

14.   Deposition of Connie Albright;

15.   Business card of Connie Albright;

16.   Letters signed by Connie Albright on Harrah's Entertainment letterhead;

17.   Pleadings and responses to discovery relating to the production of Harrah's computer records;

18.   Comparison with All-Bilt Charge Shirts;;

19.   Order from Motion to Compel ordering Harrah's to subpoena records from manufacturer;

20.   Harrah's computer records;

21.   Deposition I and II of Linda Gunnerson;

22.   Deposition of Howard Wecksler;

23.   Letter from Jim Flanagan with All-Bilt production of specs sheets;

24.   Plaintiffs' Motion to compel, dated November 2, 2001;

25. Order to Motion to Compel, dated November 27, 2001;

26. Subpoena to All-Bilt issued November 28, 2001;
27. Spreadsheets of Charge Sheets with plaintiffs' designs;

28. Expert Report prepared by Dr. Bonnie D. Belleau, January 7, 2002;

29. Contract between Plaintiff and Uniform Ideas;

30. Proposed contract between Gianna, Inc. and All-Bilt;

31. Letter between Harrah's and All-Bilt,. December 4, 1995;

32. Letter from All-Bilt to Gianna, Inc., dated May 15, 1996, re: Amending Settlement Agreement dated May 6, 1996;

33. Judgment of November 21, 2000 as to Plaintiffs' first Motion for Summary Judgment.

3