

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -7  PM 5: 01

FEB 0 7 2002
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' FIRST MOTION IN LIMINE:
## TO ADMIT EVIDENCE AS TO THE  LIABILITY OF HARRAH'S ENTERTAINMENT,

Now comes plaintiffs, Jane Galiano and Gianna, Inc., through undersigned counsel, and

respectfully move this Honorable Court to allow plaintiffs to admit evidence as to the Liability of

Harrah's Entertainment, Inc. for the reasons set forth in the Memorandum of Law annexed hereto.

New Orleans, Louisiana, February 7, 2002.

Respectfully submitted,


SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:   (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## ORDER

IT IS ORDERED by the Court that Plaintiffs' First Motion in Limine to Admit Evidence as to the Liability of Harrah's Entertainment, Inc. be filed into the record of the above captioned matter.

New Orleans, Louisiana, February 7, 2002.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALIANO and GIANNA, INC.      *     CIVIL ACTION
            *Plaintiffs*             *
                           *     NO. 00-0071
VERSUS                    *
                           *     SECTION "E" (5)
                           *
HARRAH'S OPERATING CO., INC.      *     JUDGE MARCEL LIVAUDAIS, JR.
         and              *
HARRAH'S ENTERTAINMENT, INC.    *     MAGISTRATE JUDGE ALMA CHASEZ
         *Defendants*          *
* * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO:   Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, Inc. and Harrah's
       Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Defendants' First Motion in Limine to Admit Evidence as to the

Liability of Harrah's Entertainment, Inc. will be heard on Monday, the 6th day of March , 2002, at

10:00 A.M., at the United States District Courthouse, 500 Camp Street,  New Orleans, Louisiana,

before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

-4-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT
OF PLAINTIFFS' FIRST MOTION IN LIMINE: TO ADMIT
EVIDENCE AS TO THE LIABILITY OF HARRAH'S ENTERTAINMENT, INC.**

**MAY IT PLEASE THE COURT:**

If the Court grants the Summary Judgment against Harrah's Operations, Co., Inc., the Court

should include Harrah's Entertainment, Inc. as a solidary obligor.

If the Court does not grant a Summary Judgment against Harrah's Entertainment, Inc.,

alternatively the Court should certainly admit evidence as to the solidary liability of Harrah's

Entertainment, Inc. with Harrah's Operations, Co., Inc.[1]

There is ample evidence to permit the Court or the jury to infer that Harrah's Entertainment,

Inc. was really a co-principal which would be solidarily liable with Harrah's Operating Company under

---

[1] Operations' name appears on the Settlement Agreement, and on the $7,500.00 check issued
after the Settlement Agreement.

-5-

Louisiana Civil Code Article 3015.

There was ample confusion in minds of Harrah's key employees as to which corporation was which, or whether there was any difference at all between Operations and Entertainment.

Connie Albright was one of the two key Harrah's employees who negotiated with plaintiffs and worked with plaintiffs on designs for Harrah's.   Her deposition testimony would convince any reasonable juror that Operations and Entertainment are the same corporation, or are alter egos of each other, or that their corporate veils should be pierced.

She in fact testified they are one and the same corporation!  In her minds they were both lumped together as "Harrah's corporate".

When she was asked which entity she worked for, she answered "Harrah's corporate". [Deposition p. 10, Annex 14].

When she was asked "So you were always an employee of Harrah's corporate, which is just Harrah's Inc.", she answered "Yes, correct".

When she was asked which entity Jan Starnes worked for[2] [the other Harrah's employee who worked directly with plaintiff], she again answered "Harrah's corporate." [Deposition p. 18, Annex 14].

She was completely unaware of what Harrah's Operations was.  When she looked at the letterhead of the Settlement Agreement, she commented "That's the corporate office". [Deposition p. 65, Annex 14]

When she was asked "which is the umbrella corporation that owns all of the various and sundry

---

[2] Jan Starnes worked directly with plaintiff when she became involved with costuming.  See Albright Deposition, p. 20-21.

division; Harrah's Entertainment, Harrah's Gaming, the corporation that runs the one in New

Orleans...] she answered "Yes, They are the management firm, I understand." [Deposition p. 65,

Annex 14]

The deposition continues as follows:

"Q. So this was not Harrah's Entertainment, Inc. This was just Harrah's Inc or is?

**"A. Harrah's Entertainment, Inc. is Harrah's Inc.**

**"Q. Harrah's Entertainment, Inc. is the big company?**

**"A. It's the big company."** [Deposition pp. 65-66, Annex 14]

She was then asked "what is Harrah's Operating Company", she answered:

"I don't know. Oh, the, that was the, I don't know how that is set up legally, but the lawyers,

that's how it was to be signed."

"Q. So the letterhead is for Harrah's Entertainment, Inc., but the signature was on behalf of a

different entity called Harrah's Operating Company?

"A. Correct.

"Q. And this was because the lawyers told you to?

"A. The lawyers, yes....

**"Q. Did you ever notice any practical – did you ever see any practical differences**

**between Harrah's Entertainment, Inc. and Harrah's Operating Company?**

**"A. No.**

**"Q. So to you, you would take them to be basically one in [sic] the same company?**

**"A. Yes.**

"Q. In terms of how they operated?

"A. Yes.

"Q. Do you actually know what Harrah'sOperating Company is, or was?

"A. No, I do not." [Albright deposition, pp. 65-67, Annex 14]

If Harrah'sprincipal representative in dealing with Plaintiffs thought Entertainment and

Operations were really the same company, this Court should not waste any time on the issue of whether

they are both liable to Plaintiffs.  The testimony portrays Operations as an idea of the lawyers which

never had any practical application or existence.

Even Connie Albright's business card identified her as a representative of

Harrah'sEntertainment, Inc. [Annex 15].

One hopes Operations was not just another device to prevent Harrah'sfrom having to pay

plaintiffs for using their designs to generate the designs for millions of dollars of costumes manufactured

for Harrah'sby All-Bilt.  If it was, there are ample legal devices in the law of Louisiana or any other

state to prevent that from happening. [3]

Under these extreme circumstances, plaintiffs would be justified in believing that

Harrah'sEntertainment was the real party in interest, and Harrah'sOperating Company was just another

legal device to protect the real Hurrah's.

In the Enron era of creative accounting, the jury should decide whether Harrah's Entertainment

was a co-principal and a solidary obligor under Louisiana Civil Code Articles 2298, 2324. [Sys. Contr.

---

[3] La Del, Inc.v. Fox, 445 So.2d 1299, 1301-1302 (La. App. 5 Cir. 1984); Pine Tree Ass's.
v. Doctor's Ass's., 654 So.2d 735, 738 (La. App 1 Cir. 1995); Green v. Champion Ins.  Co.,
577 So.2d 279, 257 (La. App. 1 Cir. 1991).

-8-

Corp. v. Williams & Ass's., Architects, 769 So.2d 777, 780 (La. App. 5 Cir. 2000); Hamilton v. AAI

Ventures, L.L.C., 768 So.2d 298, 303 (La. App. 1 Cir. 2000); Valet v. City of Hammond, 577 So.2d

155, 159-160 (La. App.1 Cir 1991); Berlier v. A.P. Green Indus., Inc., 787 So.2d 1054, 1060 (La.

App. 4 Cir. 2001).]

As to solidary liability [or joint and several liability in other states], there is more than enough

evidence to justify a judgment against both corporations for all of the markups and royalties due

plaintiffs for the millions of dollars of costumes manufactured by All-Bilt for Harrah's which use her

designs more or less literally.

Solidary liability does not require the use of the word "solidary" in the documents. Louisiana

Civil Code Article 1796, Revision Comment (b)

The above facts and the evidence at trial will show that Entertainment was obviously a major

player in Harrah's operations and its dealings with plaintiffs. The evidence will show its employees

worked with All-Bilt to use plaintiffs' designs for millions of dollars worth of costumes for their

subsidiaries.

Even if Entertainment is liable in contract and Operations is not, the Court should admit

evidence as to the liability of Entertainment for copyright infringement[4], unjust enrichment[5], and unfair

---

[4] Real Songs v Gulf Broad Corp.,824 F. Supp. 89, 91 (M.D., La. 1993); Screen Gems-Columbia Music, Inc. v. Lebow Corp., 453 F. 2d 552, 554 (2d Cir. 1972); Trevino v. Louisiana Gaming, 2002 U.S. District LEXIS 888 (01/08/2002).

[5] Haring v. Stinson, 756 So. 2d 1201, 1204 (La. App. 2 Cir. 2000); Knight v. State, 718 So. 2d 646, 649 (La. App. 2 Cir. 1998); Orr v. Bancroft Bag, Inc., 687 So. 2d 1068, 1070 (La. App. 2 Cir. 1997); Andrus v. Andrus, 634 So. 2d 1254, 1258 (La. App. 3 Cir.1994).

trade practices[6].  If Operations is liable in contract, and Entertainment is liable under another legal

[6] <u>Phillips v. Berner</u>, 789 So. 2d 41, 48-49 (La. App. 4 Cir. 2001); <u>Jarrel v. Carter</u>, 577 So. 2d 120, 123 (La. App. 1 Cir. 1991); <u>United Groups of Nat'l Paper Distribs. v. Vinson</u>, 666 So. 2d 1138, 1345-1346 (La. App. 2 Cir. 1996); <u>Monroe Med. Clinic v. Hosp. Corp. of America, et al</u>, 6222 So. 2d 760, 780-781 (La. App. 2 Cir. 1993).

theory, they are still solidary obligors. Louisiana Civil Code Article 1797.

New Orleans, this 7th day of February 2002.

Respectfully Submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana  70113-7103
Telephone:  (504) 529-4141
Facsimile:   (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have, on this 7th day of February, 2002  served a copy of the

foregoing pleading to counsel for all parties to this proceeding

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by mailing the same by hand.

_____
BRIAN L. GLORIOSO