FILED
U.S DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -7 PM 5: 02
FEB 0 7 2002
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' FIFTH MOTION IN LIMINE: TO EXCLUDE DEPOSITION TESTIMONY OF HARRAH'S AND ALL-BILT'S EMPLOYEES ABOUT THE CONNECTION BETWEEN PLAINTIFF'S DESIGNS AND THE MILLIONS OF DOLLARS OF ALL-BILT/HARRAH'S COSTUMES WHICH USED PLAINTIFFS' DESIGNS MORE OR LESS LITERALLY**

Now comes plaintiffs, Jane Galiano and Gianna, Inc., through undersigned counsel, and respectfully move this Honorable Court to Exclude deposition testimony of Harrah's and All-Bilt's employees about the connection between plaintiff's designs and the millions of dollars of All-Bilt/Harrah's costumes which used plaintiffs' designs more or less literally for the reasons set forth in the

-1-

New Orleans, Louisiana, February 7, 2002.

                        Respectfully submitted,

                        */s/ signature*

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * *

## **ORDER**

IT IS ORDERED by the Court that Plaintiffs' Fifth Motion in Limine: to Exclude Deposition Testimony of Harrah's and All-Bilt's Employees about the Connection Between Plaintiff's Designs and the Millions of Dollars of All-Bilt/Harrah's Costumes Which Used Plaintiffs' Designs More or less Literally be filed into the record of the above captioned matter.

New Orleans, Louisiana, February 7, 2002.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF HEARING**

TO:  Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Fifth Motion in Limine: to Exclude Deposition Testimony of Harrah's and All-Bilt's Employees about the Connection Between Plaintiff's Designs and the Millions of Dollars of All-Bilt/Harrah's Costumes Which Used Plaintiffs' Designs More or less Literally will be heard on Monday, the 6th day of March, 2002, at 10:00 A.M., at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs, Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' FIFTH MOTION IN LIMINE: TO EXCLUDE DEPOSITION TESTIMONY OF HARRAH'S AND All-Bilt EMPLOYEES ABOUT THE CONNECTION BETWEEN PLAINTIFF'S DESIGNS AND THE MILLIONS OF DOLLARS OF All-Bilt/HARRAH'S COSTUMES WHICH USED <u>PLAINTIFFS DESIGNS MORE OR LESS LITERALLY</u>**

**MAY IT PLEASE THE COURT:**

Harrah's ex-employees have testified in various early depositions about the use and non-use of plaintiffs' designs by Harrah's after the Settlement Agreement.[1]

The Court should not permit defendants to hide behind early deposition testimony of out of state witnesses before the document production from All-Bilt revealed the scope and details of defendants' use of plaintiffs' designs to design and produce millions of dollars of costumes for their subsidiaries thru All-Bilt.

The Court should exclude testimony in that deposition under FRCP 403. There was no

---

[1] Some of this deposition testimony is very enlightening for other purposes. See the Plaintiffs' First Motion in Limine.

opportunity to cross examine the key witnesses about documents produced much later which revealed the true extent of the conspiracy for the first time. The Jury will inevitably lose sight of the time sequence and take the deposition testimony at face value, with or without any effective right to cross examine the witnesses. [2]

It is not an unfair burden on Harrah's to bring these witnesses in for the trial. They are all employees, friendly ex-employees, and employees of manufacturers who work for Harrah's.

**I.  The Connie Albright deposition.** There is no dispute that Connie Albright was the key Harrah's representative in dealing with plaintiff and with All-Bilt after Harrah's breached its contract with plaintiff. Her name is all over the documents as well as the depositions.

Her deposition was taken on February 19, 2001. She was not then employed by Harrah's. (Deposition p. 6, Annex 14). Harrah's may try to use her deposition testimony under F.R.C.P. 32(3)(B).

At that deposition, she testified about alleged problems with plaintiffs' designs. She testified that none of plaintiff's designs were never used for anything (except for a few at the Skagit casino. (See Deposition pp. 77-78, 83-97, 100-101, 104-135. Annex 14.)

There was no opportunity to cross examine her about the story she told because **at that time All-Bilt and Harrah's had not produced one single drawing of the designs All-Bilt put into production for Harrah's to the tune of millions of dollars - using plaintiffs' designs more or**

---

[2] Fowler v. Bossano, 797 So.2d 160, 165 (La. App. 3 Cir. 2001); Conques v. Walmart Stores, Inc., 779 So. 2d 1094, 1098 (La. App. 3 Cir. 2001).

-6-

**less literally.**[3]

At that time Harrah's alleged that <u>it could not find its records of one single actual pictorial design!</u> Judge Chasez ordered Harrah's to get the designs from its manufacturers if it did not have any pictures of its own designs.[4] Harrah's had produced only some computer records - themselves incomplete.[5] At that time All-Bilt had not produced one actual pictorial representation of the designs it put into production for Harrah's.

If the Court admits the above deposition testimony, without any opportunity to cross examine her as to the boxes of pictures of All-Bilt designs with copy (or used in some way) plaintiffs' designs, the Court will in effect reward Harrah's for its refusal to produce one single design of any kind from its own records.

Plaintiffs should have a fair chance to cross examine her - to confront her with what finally, slowly and painfully emerged from All-Bilt's records. The real facts emerged only after written demands, more discovery motions, a second round of depositions in New York, and a page by page review of the records which took weeks to complete.[6]

---

[3] See the annexed detailed worksheets comparing the All-Bilt production with plaintiffs' designs, compiled in the last few weeks from the All-Bilt production **after the second New York depositions.** [Annex 18]. None of this was available prior to the second New York depositions in December 2001.

[4] See Order dated March 3, 2001, Annex 19.

[5] Even the computer records defendants' produced were significantly incomplete. They omitted the Joliet casino, where plaintiff saw her very distinctive three plaquet dealer shirt design in use in 2000. See plaintiff's second deposition, p. 489, Annex 1 and Annex 20.

[6] See the letters to counsel for Harrah's and Albright, and the motions filed to force the disclosure of the real records.

The Court should exclude that testimony under F.R.Ev. Rule 403[7] and 611[8] for lack of opportunity to cross examine, or under F.R.C.P. Rules 32(b).[9]

## II. The Linda Gunnerson Depositions.

She was deposed twice, on April 23, 2001, and again on December 13, 2001.

In both depositions, she denied that she had ever used plaintiffs' designs for any of her "designs" which were produced for Harrah's (to the tune of millions of dollars.)[10]

Before the first deposition, the Magistrate Judge had instructed Harrah's to get the documents from its manufacturers if it could not find one single pattern or picture of what it paid millions of dollars for.[11]

At the time of the first deposition, All-Bilt had not produced any detailed records of what its designs for Harrah's were, or what was actually put into production.

At the time of her first deposition All-Bilt's ex-president had admitted that All-Bilt and Harrah's had used plaintiffs' designs for the Gold Card jacket they produced for Harrah's.[12]

In spite of that, after the first deposition, instead of the detailed pictorial and invoicing records

---

[7] State v. Robinson, 772 So. 2d 966, 973 (La. App. 4 Cir. 2000); Paloma v. Leblanc Hyundai PSHP, 665 So.2d 414, 419 (La. App. 5 Cir. 1995); Fontenot v. Fontenot, 427 So.2d 27 (La. App. 3 Cir. 1983).

[8] State v. Asberry, 2001 La. Appp. LEXIS 348 at 4* (La. App. 1 Cir. 02/16/01); Davis v. Alaska, 415 U.S. 308, 316 (1974); State v. Sam, 283 So.2d 81, 83 (La. 1973).

[9] Doe v. ABC Corp., 790 So. 2d 136, 143 (La. App. 4 Cir. 2001); Rumor v. Wamstad, 751 So. 2d 452, 456 (La. App. 5 Cir. 2000).

[10] See Deposition of December 13, 2001 pp. 170, 172, Annex 21.

[11] See Order of March 3, 2001, Annex 19.

[12] Wecklser deposition, p. 101, Annex 22.

which All-Bilt finally produced, All-Bilt produced an absurd and unintelligible set of detached drawings for unidentified pieces of patterns (See a sample, Annex 23).

Plaintiffs filed another motion to compel Harrah's to obtain from its suppliers the detailed drawings and records it claimed it could not locate.[13] The Magistrate Judge ordered plaintiffs to do the job themselves. (Order, Annex 25) Plaintiffs went to New York to look for themselves. (Subpoena, Annex 26). The day before the deposition. All-Bilt had finally produced boxes of records of detailed designs and invoices of the costumes it actually put into production for defendants.[14] At the time of the second Gunnerson depositions, plaintiffs had not had an opportunity to sort thru them, to review them with the plaintiffs, or to compare them in detail with plaintiffs. Counsel cross examined her based on a very quick scan thru boxes of documents for a few very familiar designs.

The real examination of the documents took days to complete. Plaintiff Jane Galliano (with help from a paralegal) spent days and nights comparing the boxes of paper with her designs, and sorting them according to which of her designs were used for which designs and invoices done by All-Bilt for Harrah's. After that took place, the whole story finally emerged from a detailed and tedious comparison, pattern by pattern and design by design.[15] The real story included a much larger number of All-Bilt designs for defendants, some copied almost literally from plaintiffs' designs.

The Court should not admit Gunnerson's testimony as to what she did, and what she did not

---

[13] Motion, Annex 24.

[14] To get an idea of the scope of the documents plaintiffs' counsel had to wade thru, see the List of Bates stamped documents finally produced after the second deposition by All-Bilt's counsel per a stipulation at the time of the deposition. See Annex 27.

[15] See the sheets of design comparisons and identification of designs with invoices which resulted from that project, Annex 28.

did not use from plaintiffs' designs, for the same reasons as the Albright design testimony. Plaintiffs should have an opportunity to cross examine her in the light of her real work product for Harrah's. [Dickens v. Comm. Union Life Ins. Co., 762 So.2d 1193, 1197 (La. App. 1 Cir. 2001); Lacombe v. Buras, 778 So.2d 1181, 1186 (La. App. 3 Cir. 2001); Darbonne v. Wal-Mart Stores, 774 So.2d 1022, 1028 La. App. 3 Cir. 2001).]

The Court should also note that Gunnerson admitted Harrah's is an ongoing client of All-Bilt, and that All-Bilt certainly hopes for future business from Harrah's. (Deposition, pp. 48-49, Annex 21). The All-Bilt records finally produced show that All-Bilt was manufacturing costumes for Harrah's (which "used" plaintiff's designs more or less literally) as late as last year! (See Annexes 27 and 18).

Gunnerson is clearly a witness plaintiffs are entitled to cross examine. She is a hostile witness and a witness identified with an adverse party. F.R.Ev. 611(c).[16]

The Court should exclude the deposition testimony as to the connection between plaintiffs' designs and the millions of dollars of costumes All-Bilt sold to Harrah's using plaintiffs' designs.

New Orleans, Louisiana this 7th day of February 2002.

Respectfully Submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.

---

[16] Abadie v. Metro Life Ins., Co., 784 So. 2d 46, 75 (La. App. 5 Cir. 2001); Jeansonne v. Quin, 673 So. 2d 1100 (La. App. 5 Cir. 1996).

639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc

-11-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have, on this 7th day of February, 2002 served a copy of the foregoing pleading to counsel for all parties to this proceeding

> Mr. Joseph W. Looney, T.A.
> Ms. Melissa S. LaBauve
> Adams and Reese LLP
> 4500 One Shell Square
> New Orleans, Louisiana 70139
> Attorney for Defendants,
> Harrah's Operating Co., Inc. and
> Harrah's Entertainment, Inc.

by mailing the same by hand.

_____
BRIAN L. GLORIOSO