

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -7 PM 5:02
FEB 0 7 2002
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. * | | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* * | | |
| * | | SECTION " E " " (5) |
| VERSUS * | | |
| * | | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., * | | |
| AND * | | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. * | | |
| *Defendants* * | | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' SIXTH MOTION IN LIMINE TO ADMIT EVIDENCE OF MARKUP AS A MEASURE OF LOST PROFITS

Now come plaintiffs, through undersigned counsel, and respectfully move this Honorable Court to allow plaintiffs to admit evidence of markup as a measure of lost profits as an element of damages for the reasons set forth in the Memorandum of Law annexed hereto.

New Orleans, Louisiana this 7th day of February, 2002.



Respectfully submitted,

*[signature]*

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

IT IS ORDERED by the Court that Plaintiffs' Sixth Motion in Limine to Admit Evidence of Markup as a Measure of Lost Profits be filed into the record of the above captioned matter.

New Orleans, Louisiana, this _____ day of February, 2002.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO: Sunbelt Innovative Plastics, Inc., Through Its Attorney of Record,
Mr. Richard B. Eason, II, 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Sixth Motion in Limine to Admit Evidence of Markup as a Measure of Lost Profits will be heard on the 6th day of March, 2002, at 10:00 a.m., at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs, Jane Galiano and Gianna, Inc.

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
SIXTH MOTION IN LIMINE: TO ADMIT EVIDENCE
OF MARKUP AS A MEASURE OF LOST PROFITS.**

**MAY IT PLEASE THE COURT:**

Plaintiffs' expert submitted a report which uses two yardsticks to measure damages for loss of profits to plaintiffs: royalties and loss of a markup. The markup would have come from the sale of the costumes by plaintiffs to defendants. Plaintiffs would have ordered the costumes from defendants' hand-picked manufacturers and would have resold them at a profit. Her report defines and establishes the business practice of using either markup or royalties in the costume and clothing industry.[1]

The first contract by exchange of letters between plaintiffs and defendants left the door open for

---

[1] See Report, Annex 28, pp. 19. A Supplemental Report is in preparation based on the late discovery of All-Bilt's detailed records.

5

plaintiffs to negotiate directly with the manufacturers and sell the costumes to Harrah's herself. Plaintiffs specifically reserved the right to negotiate with the manufacturers and sell the costumes to defendants: "This design consulting agreement will in no manner limit or restrict Gianna, Inc. from produced and/or manufacturing its own designs for Harrah's or negotiating royalties in excess of the 5% provided herein..." (Letter of August 28, 1995, Annex 5). Harrah's reply confirmed plaintiffs' right to negotiate directly with the manufacturers and resell to Harrah's. It specifically provided that Harrah's retained the right to approve the purchase price of any costumes manufactured by plaintiffs for defendants: "Any royalty in excess of 5% will be between the manufacturer and Gianna, Inc. **However, it is understood Harrah's must approve in advance all prices it will pay for garments.**" (Letter of September 14, 1995, Annex 5) There would have been no reason to reserve the right to approve its own purchase prices if plaintiffs did not have the right to control the manufacturing and resell to Harrah's.

Following the first contract between plaintiffs and defendants, plaintiffs actually entered into a contract with one of defendants' manufacturers.[2] Plaintiff proposed such a contract to All-Bilt, [which ultimately used plaintiffs' designs (more or less literally) to produce millions of dollars in costumes for defendants.[3] All-Bilt did not sign the contract because it was already in direct contact with Harrah's to cut plaintiffs out of the loop.[4]

---

[2] See the Contract between Plaintiffs and Uniform Ideas, Annex 29.

[3] See letter and proposed contract, Annex 30.

[4] See Wecksler deposition, pp. 16-18, Annex 22; See Gunnarson Depositions, Annex 21. See letters, Annex 31.

6

The markup evidence is admissible to prove bad faith breach of contract damages under Louisiana Civil Code Article 1997. Defendants were in bad faith when they worked directly with All-Bilt and refused to pay plaintiffs even royalties under the Settlement Agreement. In fact, defendants tried desperately to amend the Settlement Agreement to eliminate their liability and transfer it to the manufacturers.[5] When plaintiffs refused to amend it, they simply ignored it, and denied that they were "using" plaintiffs' designs (as they have in this lawsuit) in spite of the detailed evidence in All-Bilt's records to show that was not true. (See the documents which show an almost literal copying of certain of plaintiffs' designs by defendants and All-Bilt, annexed to the pending Summary Judgment.) (Annexes ( and 10).

LCC 1997 makes defendants liable for "all of the damages, foreseeable or not, that are a direct consequence of his [the obligor's] failure to perform". The Courts give that test a liberal interpretation.[6]

In this case, the Settlement Agreement included an unlimited, unconditional promise not to "use" plaintiffs' designs - period. (Settlement Agreement, Annex 4)

The facts of this case would meet even the foreseeability test for good faith breach of contract damages under Louisiana Civil Code Article 1996. If defendants had asked plaintiff for permission to "use" her designs (more or less literally, as All-Bilt did) it is **foreseeable** that plaintiff would have asked

---

[5] See letter from Connie Albright to plaintiffs, Annex 32.

[6] Tanner v. Eagle Bag Corporation, 82 So. 682, (La. 1919). The result under Tennessee law would be the same. See Moore Const. Co. v. Clarksville Dept. of Electricity, 707 S.W.2d 1, (Tenn. App. 1985) and Bush v. Cathy, 598 S.W.2d 777, 783 (Tenn. App. 1979).

for the markup, a much higher profit, instead of the royalty[7]. Plaintiff had no incentive to give her designs away.

The test for damages under the Unfair Trade Practices Act[8] or unjust enrichment[9], would be the same.

The Court should admit the evidence of loss of profit from a markup on a resale from the plaintiff.

Respectfully submitted,

*[signature]*

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

---

[7] Angelo and Son, Inc. v. Rapides Bank and Trust Co. in Alexandria, 671 So.2d 1283, (La. App. 3rd Cir. 1996), *writ denied*, 675 So.2d 1083, (La. 1996). The results under Tennessee law would be the same. Wilson v. Dealy, 222 Tenn. 196, 434 S.W.2d 835, (Tenn. 1968).

[8] L.R.S. 51: 1401 et seq.

[9] L.C.C. Art. 2298 et seq.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's Sixth Motion in Limine to Admit Evidence of Markup as a Measure of Lost Profits has been served upon:

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this __7__ day of February, 2002.

_____
BRIAN L. GLORIOSO

9