

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -7 PM 5:02
FEB 0 7 2002
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' EIGHTH MOTION IN LIMINE
TO EXCLUDE OR LIMIT TESTIMONY AS TO THE
MEANING OF THE SETTLEMENT AGREEMENT**

Now come plaintiffs, through undersigned counsel, and respectfully move this Honorable Court to allow plaintiffs to exclude or limit testimony as to the meaning of the settlement agreement as an element of damages for the reasons set forth in the Memorandum of Law annexed hereto.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## **ORDER**

IT IS ORDERED by the Court that Plaintiffs' Eighth Motion in Limine to Exclude or Limit Testimony as to the Meaning of the Settlement Agreement be filed into the record of the above captioned matter.

New Orleans, Louisiana, this _____ day of February, 2002.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO: Sunbelt Innovative Plastics, Inc., Through Its Attorney of Record,
Mr. Richard B. Eason, II, 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Eighth Motion in Limine to Exclude or Limit Testimony as to the Meaning of the Settlement Agreement will be heard on the 6th day of March, 2002, at 10:00 a.m., at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

/s/ 

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
EIGHTH MOTION IN LIMINE TO EXCLUDE OR LIMIT TESTIMONY
AS TO THE MEANING OF THE SETTLEMENT AGREEMENT**

**MAY IT PLEASE THE COURT:**

The Court will recall the outline of the substantive law in Louisiana on interpretation of contracts. LCC Article 2046 provides that: "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." The Articles following 2046 lay out the rules of interpretation if the intent of the parties is not "clear and explicit".

The Court noted in denying the first Summary Judgment that the terms of the Settlement Agreement are "... without any patent ambiguity and its terms are clearly understandable...." (Opinions, Annex 33). The Court commented on several issues of fact, mostly having to do with ratification and mandatary authority (discussed in the pending Summary Judgment). (Opinions, Annex 33), not the interpretation of the words of the contract themselves.

5

Here are the interpretation issues plaintiffs foresee at this time.

**1. The words "major change" in designs Harrah's was permitted to use in return for royalties should not be given an unreasonable meaning which is contrary to the course of dealings between the parties. They should mean a "major change"** *to a designer.*

As the Court will recall, the Settlement Agreement (Annex 4) divides plaintiffs' designs into three categories:

**(a) designs which Harrah's can use without paying for (paragraph 2)**

**(b) designs which Harrah's can use but has to pay royalties for (paragraph 3, 3.1, 3.2)**

**(c) all of the other designs, which Harrah's cannot use at all (paragraph, 5)**

Paragraph 3.3 requires Harrah's to give notice if it makes **"major changes"** in the designs which it can use but has to pay for. Any "major change" terminates its duty to pay royalties. As interpreted by Connie Allbright, any change at all (even a change in the location of one design feature or a change in color) would be a "major change" which would terminate Harrah's duty to pay royalties. (Depo, p. 85, Annex 14).

As a matter of law, that interpretation is unreasonable and absurd. Between the first contract and the Settlement Agreement, Harrah's proposed a draft which would have terminated its duty to pay royalties if it made any change at all. (See Letter of February 14, 1996, Annex 5). Plaintiffs vehemently objected to that draft. (See Letter of February 15, 1996, Annex 5). Given the course of dealings between the parties, **"major changes"** in paragraph 3.3 of the Settlement Agreement does not mean the minor changes which plaintiffs objected to vehemently in the previous letters between the parties.

6

LCC Art. 2047 paragraph 2) says "Words of art and technical terms must be given their technical meaning when the contract involves a technical matter"As a matter of law, the Court should interpret those words to mean a "major change" to a designer, not to a judge or jury with no experience in the area of clothing and costume design.

Plaintiff and her designer will testify to what those words mean to a designer. That should be the interpretation for purposes of this trial.

**2. For the same reasons[1] the word "use" in the final paragraph should mean ANY "use" by a designer to create other designs.**

For the same reasons, under LCC 2047 paragraph 2, the word "use" in the final paragraph should mean "use by a designer to create other designs.

In any dictionary "use" does not mean "copy".

In any dictionary, "use" has a broad meaning.[2] Under LCC 2046, it should extend to the full extent of its dictionary meaning if that has no "absurd consequences". There are no absurd consequences if "use" has the full scope of its dictionary meaning.[3]

If it needs interpretation, Article 2048 says "use" should have a meaning which "conforms to the object of the contract". The contract itself says its object was a "Settlement Agreement". The law favors settlements, and in case of doubt gives them a broad meaning.

---

[1] And under LCC 2047 paragraph 2, 2048, and 2049.

[2] For example, in the Unabridged Webster, "use" includes: "to put into action or service, to employ".

[3] Cashio V. Shoriak, 481 So. 2d 1013, (La. 1986) and Chaisson v. New Orleans Public Group, 761 So.2d 89, (La. App. 5th Cir. 2000). The result would be the same under Tennessee or the general law. See e.g. American Justice Ins. Reciprocal v. Hutchinson, 15 S.W.3d 811, (Tenn Sup. Ct. 2000) and Allstate Ins. Co. v. Watts, 811 S.W.2d 883, (Tenn. Ct. App. 1998).

7

See LCC 3071-3073.[4]

**3. The scope of the final paragraph in the Settlement Agreement includes all the designs in the Design Collection submitted by Plaintiff to Harrah's because no other interpretation makes sense.**

The paragraphs leading up to the final paragraph are very specific as to what designs they cover. (Paragraphs 3, 3.1, 3.2, Annex 4). They refer to designs very specifically. All of them are in the Design Collection plaintiffs will testify they submitted to Harrah's.

The final paragraph is very broad. It is obviously intended to cover all designs which were not covered specifically in the previous paragraphs. Even Connie Albright admitted in her deposition that it included all other designs submitted to Harrah's:

"Q. And that what this would mean to you is that essentially if Harrah's wanted to use any of the other sketches that she submitted to them, a new agreement would have to be made?

"A. That would be my understanding, yes." (Deposition p. 87, Annex 14)

LCC Article 2048 refers the Court to the "meaning that best conforms to the object of the contract if words are susceptible of different meanings. If the object of the Settlement Agreement was to settle all claims, then the final paragraph should include all of the other designs plaintiffs submitted to Harrah's.

**4. The term "visual constructive pattern" is completely irrelevant for purposes of the Settlement Agreement, or the copyright claim, or the Unfair Trade Practices Claim, or the unjust enrichment claim.**

---

[4] Bridges v. State, 738 So.2d 749, (La. App. 2nd Cir. 1999), Kelly v. Owens, 698 So.2d 757, (La. App. 2nd Cir. 1997) and Brignac v. Brignac, 698 So.2d 953, (La. App. 3rd Cir. 1998).

8

That language appears in the first contract. It does not appear in the Settlement Agreement. The letters between the parties show there was apparently great difference between the parties as to what the first contract meant.[5] The parties have disagreed about that in their depositions[6]. The Settlement Agreement was intended to settle those differences. It makes no sense at all to drag the terms "visual constructive patterns" into the Settlement Agreement. See LCC 2046, 2048, 2049.

**"Visual constructive patterns"** is not the relevant test for copyright purposes. The issue of infringement is divided into sub-issues: (1) Whether the defendant had access to copyrighted work, and (2) whether the copyrighted and allegedly infringed work are "substantially similar."[7] To document the infringement of copyrighted works, Plaintiff may, "'either present direct evidence of factual copying or, if that is unavailable, as is typically the case, evidence, 'that the alleged infringer had access to the copyrighted work and that the offending and copyrighted works are so similar that the court may infer that there was factual copying.'"[8] "Actionable copying can be inferred from the defendants' access to the copyrighted portfolio of work as well as the substantial similarity between the copyrighted work and the alleged infringement."

---

[5] See Annex 5.

[6] To plaintiffs, it means the sketches they submitted to Harrah's. To Harrah's it apparently means something very different. See first deposition of Jane Galliano, pp. 101, Annex 1.

[7] Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F. Supp. 175 (D.C. Minn. 185), citing, Eden Toy, Inc. v. Marshall Field & Co., 675 F.2d 498 (2nd Cir. 1982); See also, Segrets, Inc. v. Gillman Knitwear Co., Inc., 207 F. 3d 56 (1st Cir. 2000); Eve of Milady v. Impression Bridal, Inc., 957 F. Supp. 484 (S.D.N.Y. 1997); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F. Supp. 1348 (S.D. Cal. 1988).

Defendants, had access to and continue to hold in their possession copies of mover's designs. Defendants are currently using designs which are identical to and/or substantially similar to mover's designs, together with the substantial similarity between the designs in use by defendants and mover's designs, should lead this Court to infer from the evidence that there was and is factual copying of mover's designs by defendants

It has no relevance for purposes of the Unfair Trade Practices Claim. If defendants committed an unfair trade practice by using her sketches and their bargaining power to cut her out of the loop, that is all plaintiffs have to prove[7].

It has no relevance to the unjust enrichment claim. If the "use" of plaintiffs' sketches by defendants enriched them and impoverished her, if there is no just cause, and if there is no other remedy, that is all plaintiff has to prove for purposes of unjust enrichment.

In Minyard v. Curtis Products, Inc., 251 La. 624, 652, 205 So. 2d 422, 432 (1967), the Louisiana Supreme Court set forth five prerequisites that must be satisfied to successfully invoke the action, noting that there must be: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and the impoverishment, and (5) no other remedy at law available to the impoverishee. Commercial Properties Development Corp. v. State Teachers Retirement System, 2000-0392, p. 2 (La. App. 1st Cir. 3/28/01), 2001 La. App. LEXIS 724 at 7*; Bernard v. First Republic Life Insurance Company, 510 So. 2d 97, 102 (La. App. 1st Cir. 1987).

---

[7] Moore v. Goodyear Tire & Rubber Co., 364 So. 2d 630, 633 (La. App. 2d Cir. 1978) and cases cited therein; see also Lilawanti Enterprises, Inc. v. Walden Book Co., Inc., 95-2048, p. 6 (La. App. 4th Cir. 2/29/96), 670 So. 2d 558, 561; Bolanos v. Madary, 609 So. 2d 972, 977 (La. App. 4th Cir. 1992), writ denied, 615 So. 2d 339 (La. 1993).

Respectfully submitted,

*[signature]*

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:   (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's Eighth Motion in Limine to Exclude or Limit Testimony as to the Meaning of the Settlement Agreement has been served upon:

> Mr. Joseph W. Looney, T.A.
> Ms. Melissa S. LaBauve
> Adams and Reese LLP
> 4500 One Shell Square
> New Orleans, Louisiana 70139
> Attorney for Defendants,
> Harrah's Operating Co., Inc. and
> Harrah's Entertainment, Inc.

by hand delivery of a copy of same this ___7___ day of February, 2002.

_____
BRIAN L. GLORIOSO

12