

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -7 PM 5:02
FEB 0 7 2002
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' NINTH MOTION IN LIMINE TO ADMIT EVIDENCE OF SALES TO SUBSIDIARIES OF DEFENDANTS

Now come plaintiffs, through undersigned counsel, and respectfully move this Honorable Court to allow plaintiffs to admit evidence of sales to subsidiaries of defendants as an element of damages for the reasons set forth in the Memorandum of Law annexed hereto.



Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED by the Court that Plaintiffs' Ninth Motion in Limine to Admit Evidence of Sales to Subsidiaries of Defendants be filed into the record of the above captioned matter.

New Orleans, Louisiana, this_____ day of February, 2002.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF HEARING

TO:   Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Ninth Motion in Limine to Admit Evidence of Sales to Subsidiaries of Defendants will be heard on the 14th day of March, 2002, at 10:00 a.m., at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' NINTH MOTION IN LIMINE TO
<u>ADMIT EVIDENCE OF SALES TO SUBSIDIARIES OF DEFENDANTS</u>**

**MAY IT PLEASE THE COURT:**

At the trial, plaintiffs will offer evidence of sales of All-Bilt costumes to individual Harrah's casinos to prove damages and loss of profits to plaintiffs, unjust enrichment of defendants, and unfair trade practices.

The history of this case and the deposition testimony justifies admitting this evidence as against defendants.

It is undisputed that defendants entered into a contract with plaintiffs to design costumes for individual Harrah's casinos.[1] Then they signed a Settlement Agreement to terminate their ongoing relationship with plaintiffs, in which they agreed to pay royalties for the use of certain costumes at certain casinos. (Settlement Agreement of May 6, 1996, Annex 4)

---

[1] See first contract by exchange of letters dated August 28, 1995, September 14, 1995, Annex 5.

5

From the beginning, defendants spoke for and controlled the individual casinos. Defendants had to approve all designs and set the prices which they would pay for each costume. **"[I]t is understood that Harrah's must approve in advance all prices it will pay for garments."**[2]

Defendants - not their subsidiaries - from the beginning guaranteed the payment of plaintiffs' royalties **"on all garments purchased by Harrah's or its subsidiaries"**.[3]

The Settlement Agreement (Annex 4) entered into by defendants specifies which individual casinos could use the designs which defendants were permitted to use (some with and some without payment of royalties, paragraphs 2 and 3).

Immediately after the Settlement Agreement, defendants moved quickly to cut off any direct communications between plaintiffs and the individual casinos.[4]

Later, in response to discovery requests for defendants' records of costume sales, defendants produced computer records of defendants showing sales of uniforms to individual casinos. The records included shipments to many individual casinos. (For a sample, see Annex 20) These records were in the custody of defendants. If these were not defendants' business records, they should have advised the Court and counsel of that fact long ago.

Defendants' key employee and manager Connie Albright testified in her deposition that she and defendants put in place a national costume program for all Harrah's casinos. (Albright

---

[2] (Letter of September 14,1995, part of the original contract by exchange of letters., Annex 5).

[3] See the first contract by exchange of letters, Annex 5.

[4] See letter of May 15, 1996 enclosing the $7,500 check, Annex 5.

6

deposition, pp. 54, Annex 14). She was an employee of Entertainment. (See her business card, Annex 15). She testified as to her decisions as to which costumes would be ordered for individual casinos.

All-Bilt witnesses Gunnarson and Wecksler testified they dealt directly with defendants' employees Connie Albright and Jan Starnes to work out the details of uniforms to be shipped to the individual casinos. (See Wecksler Depo, pp. 35-36, Annex 22; Gunnarson Depo. I, pp. 26-27, Annex 21.) All-Bilt's records show shipments to many individual casinos of the costumes specified by Albright and Starnes. (See Annex 27 for an example).

Obviously defendants controlled and managed and did the purchasing for the individual casinos thru employees such as Albright and Starnes.

From all of that evidence, any jury can infer that the costume shipments to the individual casinos benefitted defendants, and that the shipments to the individual casinos directly from the manufacturers violated the Settlement Agreement if defendants "used" plaintiffs' designs (more or less literally) without her permission.

Throughout the long process of this lawsuit, defendants have never sought to hide behind their subsidiaries. It is too late for them to start now.

Defendants cannot manage the costume business of the individual casinos, and hire and fire designers for the individual casinos - whatever their legal status - and then distance themselves from the individual casinos. They cannot have it both ways. The law of Louisiana and of other states implies a promise of good faith in all contracts. Badalamenti v. Jefferson Guar. Bank, 759 So.2d 274, 278 (La. App. 5 Cir. 2000); Sutton's Steel & Supply, Inc. v. Bell South Mobility, Inc., 776 So.2d 589, 594 (La. App. 3 Cir. 2000).

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's Ninth Motion in Limine to Admit Evidence of Sales to Subsidiaries of Defendants has been served upon:

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this ___7___ day of February, 2002.

_____
BRIAN L. GLORIOSO

9