FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB 19 AM 11: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALLIANO and GIANNA, INC.                CIVIL ACTION

versus                                         NO. 00-0071

HARRAH'S OPERATING CO., INC., ET AL           SECTION: E/5

## O R D E R

Following a telephone conversation with Messrs. Brian L. Glorioso and Joseph Looney, counsel for the parties, opposition to plaintiff's motion to continue the February 22, 2002 final pre-trial conference and the March 11, 2002 jury trial has been withdrawn. Accordingly,

**IT IS ORDERED** that the February 22, 2002 final pre-trial conference and the March 11, 2002 jury trial are CANCELLED.

**IT IS ORDERED** that the following motions in limine, previously scheduled to be submitted March 6, 2002, are hereby **STAYED** until a final pre-trial conference and trial date are set.

1. Plaintiff's first motion in limine: to admit evidence as to the liability of Harrah's Entertainment;
2. Plaintiff's second motion in limine: to admit plaintiff's testimony on damages;
3. Plaintiff's third motion in limine: to exclude evidence of "collaborative" design by defendants' employees;

DATE OF ENTRY
FEB 19 2002

4. Plaintiff fourth motion in limine: to dispense with the necessity to authenticate all business records and correspondence and designs;

5. Plaintiff's fifth motion in limine: to exclude deposition testimony of Harrah's and All-Bilt's employees about the connection between plaintiff's design and the millions of dollars of All-Bilt/Harrah's costumes which used plaintiffs' designs more or less literally;

6. Plaintiff sixth motion in limine: to admit evidence of markup as a measure of lost profits;

7. Plaintiff seventh motion in limine: to admit plaintiffs' own testimony as to the use of her designs by defendants and Allbright, and the substantial similarity of her designs to the Harrah's/All-Bilt designs;

8. Plaintiff eighth motion in limine: to exclude to limit testimony as t the meaning of the settlement agreement; and

9. Plaintiff's ninth motion in limine: to admit evidence of sales to subsidiaries of defendants.

Once the parties have a firm trial date then the Court will issue a Minute Entry assigning a specific motion day for the various motions in limine listed hereinabove.

**IT IS FURTHER ORDERED** that a preliminary conference will be held on <u>**THURSDAY, MARCH 14, 2002 at 2:00 P.M.**</u> for the purpose of scheduling various cut-off dates, final pre-trial conference and trial dates. The preliminary conference will be initiated by Mr. Cecil J. Murphy, Jr., Courtroom Deputy, Section "E", (504)-589-7695.

**TRIAL COUNSEL MUST PARTICIPATE IN THIS CONFERENCE, <u>A PARALEGAL OR SECRETARY MAY NOT BE SUBSTITUTED</u>.** If, however, you are unable, for good cause, another representative of your office may participate if acquainted with all details of the case and authorized to enter into any necessary agreements. If, for good cause, neither is possible, you must file a Motion and Order to Continue at least seven (7) days prior to the above date.

Counsel advised the Court that they will meet to address outstanding discovery issues prior to the preliminary conference presently scheduled March 14, 2002.

_____
MARCEL LIVAUDAIS, JR.
Senior United States District Court