FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB 27 PM 3: 36

FEB 27 2002
LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION "E"(5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY TO HARRAH'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO COMPEL DISCOVERY

NOW COME plaintiffs, Jane Galiano and Gianna, Inc., who respond to Defendants' Opposition Memorandum as follows:

Once again Harrah's has grossly misstated the facts to the Court.

It is plainly apparent from defendants' Opposition that either they have forgotten the details of the Order Compelling Discovery or have failed to read the Judge's Order.

Your Honor Ordered defendants' to go to the six identified manufacturers and to obtain documents relating to three designs, the Gold Card Jacket, the Dealer Shirt, and the Fresh Market Designs. The Court Ordered Harrah's to subpoena these documents directly form the manufacturers because Harrah's refused to search its own records for the documents.

Your Honor further Ordered that if Harrah's effort to obtain the discovery documents

1

from the manufacturers proved to be unsatisfactory, the Court would entertain deposition possibilities to complete discovery.

Your Honor also granted Plaintiffs' leave to re-urge their request for documents pertaining to OTHER DESIGNS as the need arises. (Annex SS).

Your Honor's Order is concise and unambiguous. Yet Harrah's Opposition Memorandum submits facts to the Court which are clearly at odds with Your Honor's Order. Harrah's tactics should be seen as nothing less than another attempt to delay and impede plaintiffs' discovery, and to mislead this Court.

Harrah's misstates the time at which Depositions were taken and documents were produced. Your Honor's Order Compelling Discovery was issued on March 29, 2001. The discovery depositions to which Defendants refer in their Opposition took place prior to Your Honor's Order and prior to the production of any meaningful documents by either Harrah's or the manufacturers. Plaintiffs' depositions were hampered by the lack of discovery produced by Harrah's. To date, depositions have been taken of the following witnesses:

1. Vincent DeYoung - deposed on February 19, 2001;

2. Connie Albright - deposed on February 19, 2001;

3. Thomas Michaelman - deposed on February 21, 2001;

4. Mary Beth Morgan - deposed on February 21, 2001;

5. William Morgan - deposed on February 21, 2001;

6. John Sbordone - deposed on February 21, 2001;

7. Jane Galiano - deposed on March 13, 2001. Deposition incomplete;

8. Shane Mackey - deposed on March 16, 2001;

2

9. Scott Buhrer - deposed March 16, 2001.

10. Howard Wecksler - deposed April 23, 2001;

11. Linda Gunnerson - deposed April 23, 2001.

Only two of the above depositions took place following the Order Compelling discovery, and at the time of the depositions key documents had not been produced. Further many documents to date have still not been produced.

In fact the key All-Bilt documents containing pattern sheets with the corresponding style numbers for "some" designs were not produced by All-Bilt until after the Gunnerson and Wecksler depositions. These documents were finally produced on June 21, 2001.

Defendants' contend that Plaintiffs' have taken no action since Your Honor's Order. In fact Plaintiffs' have spent countless hours and effort attempting to decipher the coded information produced by Harrah's and the manufacturers. Harrah's produced a list of paid item reports, Annex Q, which contain a series of numbers. They contain no description of the garments. Harrah's provided no key to identify what the numbers mean. Further most of the invoices, later received from All-Bilt, do not appear on Harrah's paid item reports. Plaintiffs have presented the Court with evidence in the form of Harrah's purchase orders which plaintiffs obtained prior to the beginning of litigation. Harrah's has not produced the detailed purchase orders which the evidence clearly shows they have.

Plaintiffs' do not ask this court to vacate the discovery order, but rather plaintiffs' seek the remedies outlined by Your Honor in the discovery order. The Order plainly states that plaintiffs' are granted leave to re-urge their request for documents pertaining to other designs. The Order

plainly states that if the production from the manufacturers is unsatisfactory, the Court will entertain deposition possibilities. For Harrah's to allege otherwise in their Opposition Memorandum is additional evidence of their bad faith refusal to participate in discovery.

Harrah's states that the Plaintiffs had a full opportunity to ask the suppliers to identify the documents. In fact Plaintiffs did seek the documents from the suppliers. All-Bilt argued that production would be over burdensome. Harrah's argued that production of the documents would be over burdensome. Your Honor ordered Harrah's to subpoena the records from the manufacturers in leu of Harrah's searching for and producing the documents themselves. Thus following Your Honor's Order it was not Plaintiffs' burden to seek the information directly from the manufacturers, but rather Harrah's was required to subpoena the information directly from the manufacturers.

Photographs taken recently at Harrah's New Orleans Casino, show that Harrah's is still using plaintiff's Gold Card Jacket and Dealer Shirts. (Annex VV). Yet neither Harrah's, nor the manufacturers produced any document evidencing the purchase of the designs that are being used currently at Harrah's Casino New Orleans.

The fact that Harrah's has failed to produce purchase orders or invoices of the Gold Card Jacket and Dealer Shirt which are currently in use at Harrah's New Orleans, is further evidence of Harrah's bad faith in the discovery process. There can be no excuse for not turning over documents evidencing the order and purchase of uniforms currently in use.

Plaintiffs' have made every effort to amicably resolve the discovery disputes with the defendants. Attached hereto as (Annex TT), are letters and a detailed memorandum which were sent to the defendants' in attempts to resolve the discovery issues. Plaintiff spent considerable

4

time and effort attempting to resolve the discovery dispute without Court intervention. Following the July 27, 2001, memorandum, Plaintiffs' Counsel and Defendants' Counsel discussed the discovery issues. At that time Defendants' Counsel again tried to ague that the defendants did not know what designs were in question. That arguments is absurd. Plaintiffs have provided the defendants with a clear indication of the exact designs at issue from the very beginning of the law suit. It is clear to Plaintiffs that the defendants will not produce any documents unless this Court forces them to participate in discovery.

Plaintiffs regret that we again have to ask this Court to resolve a discovery dispute, but the actions of the defendants in continuously refusing to participate in discovery, have left Plaintiffs with no other remedy.

New Orleans, Louisiana this _____ day of November, 2001.

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
BRIAN L. GLORIOSO, # 27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs and Movers
Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION "E"(5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **LOCAL RULE 37.1 CERTIFICATE**

I hereby certify that counsel for plaintiffs, Jane Galiano and Gianna Inc., contacted Joseph Looney, Esq., counsel for defendants, by letter dated July 27, 2001, and by a subsequent telephone conversation, and that the parties are unable to amicably resolve the issues of discovery. Plaintiffs' counsel has exhausted all means of resolving the discovery issues.

New Orleans, Louisiana ths _____ day of November, 2001.

                                                 Respectfully submitted,

                                                 SIDNEY L. SHUSHAN, #12055
                                                 BRIAN L. GLORIOSO, #27226
                                                 Guste, Barnett & Shushan, L.L.P.
                                                 639 Loyola Avenue, Suite 2500
                                                 New Orleans, Louisiana 70113-7103
                                                 Telephone: (504) 529-4141
                                                 Facsimile: (504) 561-0326
                                                 Attorneys for Plaintiffs and Movers,
                                                 Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| | * | |
| VERSUS | * | SECTION "E"(5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___16th___ day of November, 2001 served a copy of the foregoing Reply to Harrah's Opposition to Plaintiffs' Renewed Motion to Compel on Counsel,

> Joseph W. Looney, T.A.
> Melissa S. LaBauve
> Adams and Reese LLP
> 4500 One Shell Square
> New Orleans, Louisiana 70139

for all parties to this proceeding by hand delivery.

_____
BRIAN L. GLORIOSO

7

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 29 PM 3:42
MAR 29 2001
LORETTA G. WHYTE
CLERK

MINUTE ENTRY
CHASEZ, M.J.
MARCH 28, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALIANO AND GIANNA, INC.                CIVIL ACTION

VERSUS                                       NUMBER: 00-0071

HARRAH'S OPERATING CO., INC., ET AL.         SECTION: "E"(5)


HEARING ON MOTION

APPEARANCES:   Sidney Shushan, Joe Looney, Melissa LaBauve

MOTION:

(1) Plaintiffs' Motion to Compel, for Leave to Allege Single Enterprise, and for Spoliation of Evidence in the Alternative
(2) Plaintiffs' Revised Motion to Compel Discovery

_____ :    Continued to

_____ :    No Opposition

 1,2  :    Opposition (combined)

_____ :    Local Rules 37.1E, 33.2, 36.1, 7.1E

"ANNEX SS"

DATE OF ENTRY
MAR 3 0 2001

Fee\_\_\_\_
Process\_\_\_\_
X Dktd\_\_\_\_
CtRm\_\_\_\_
Doc.No\_\_\_\_

## ORDERED

_____ : Dismissed as moot.

_____ : Dismissed for failure of counsel to appear.

_____ : Granted.

_____ : Denied.

__1,2__ : Other. Limited to the gold card jacket, dealer shirt, and fresh market designs, Harrah's is to contact the six uniform manufacturers that it has utilized and is to make every effort to obtain the documents sought in plaintiff's Request for Production of Documents No. 1, as well as those that were identified on pages 73 and 74 of the Albright deposition, within the next thirty days. Harrah's is also to obtain affidavits from the appropriate manufacturers' representatives attesting to the completeness and accuracy of the documents that will be produced. If that effort proves to be unsatisfactory and/or if fewer than all manufacturers cooperate in the process, the Court is to be notified so that deposition possibilities can be discussed. Plaintiffs are granted leave to re-urge their request for documents pertaining to other designs as the need arises.

Plaintiffs are granted leave to amend their complaint to allege a single enterprise. However, plaintiffs' request to amend to raise a spoliation claim is denied without prejudice to their right to re-urge same following receipt of the manufacturers' documents ordered above.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

_____

CASE:      2:00-cv-00071
DOCUMENT:  85
DATE:      03/30/01

CLERK:     cca


Notices sent to:

   Sidney Shushan by fax to  504-561-0326
   Joseph Looney by fax to  504-566-0210

           Document scanned by: _____

# MEMORANDUM

TO:     Joseph Looney

From :  Sidney L. Shushan

Date:   July 27, 2001

RE:     Galiano v. Harrah's Operating Company, Inc. et al

*********************************************************************
Dear Sir:

    Below are listed the information and depositions that need to be taken:

1. We received a Letter from Adams and Reese dated June 22, 2001, enclosing documents produced by All Bilt labeled AB-00001 through AB-00100. **These are invoices without a key or code to reading or interpreting them. There is no way to extrapolate useful data from them. The documents are part of a complex centralized computer system that has the capabilities to produce the records we requested without a problem.**

2. We received a copy of computer disks from All Bilt that contained patterns **without** any information, identification on what they were for or the items of clothing they represented. **Our expert had to print out the designs which have NO identifying information on them. We need some means of identifying the designs and the information regarding the patterns printed from Design CAD Program.**

3. We received one catalogue from Uniforms to You . Opposing Counsel was suppose to  produce catalogues from other manufacturers from whom they ordered uniforms covering the years 1995-current.

4. Additional documents were provided Bates Nos. H00097 through H00178 from Harrah's files.  However there is no key with the invoices for us to extrapolate any data that will be meaningful for the discovery we need. **We do not for instance have a key to the UNIFORM NUMBER and ACCT NUMBER.** ALL computer and internal code keys explanations need to be provided.

5. No photographs of any uniforms that have been or are in use by Harrah's have been produced. for any Harrah's Casino that is owned or was previously owned

1


"ANNEX TT"

for the years 1995-current.

6. The following information was not completely answered nor supplied in keeping with Judge Chasez' order at the conclusion of the Motion to Compel.

**INTERROGATORY 1:**

A) Gold card jacket

   Dealer shirt

   fresh market design

   Harrah's was suppose to produce:

1. The location where the design is in use or has been used,

2. The number of uniforms and/or costumes purchased by Harrah's Operating Company and Harrah's Entertainment, Inc.

3. The name of the manufacturer who produced the design for Harrah's :

**INTERROGATORY NUMBER 2:**

B) Gold Card Jacket

   Dealer Shirt

   Fresh Market Design

Harrah's was suppose to:

identify if the design and/or design similar to the design is in use, or has been used by Harrah's Operating Company, the location where the design is in use and/or has been used, the number of uniforms and/or costumes purchased by Harrah's Operating Company for each design, and the manufacturer who produced the design for Harrah's Operating Company.

All - Bilt , Uniform Ideas, Angelica, Uniform Ideas and Red the Tailor

**There is no reason for a delay in discovery.**

2

7. No photos and/or sketches of any costumes or uniforms Harrah's used at its locations -- past or present.

8. Harrah's( H's) has failed to identify its design expert for us to depose, has failed to identify a representative of Walt Disney, Philip Morris or a representative of the patent office as per its witness list other witnesses it claims it will call.

9. H Harrah's has not produced to date a list of any and all royalties paid to Jane which even match the number of documents (invoices) we have in our possession (by means of its own responses to our discovery).

10. Jane has seen personally 22 of her designs in use at Harrah's (Annex H in our Motion to Summary Judgment) Yet, Harrah's has not produced any invoices for those designs nor has it identified the changes that it claims may have been made to those designs. Harrah's has not identified the manufacturer's of said designs, nor produced invoices.

11. We need to depose Jan Starnes in Las Vagas, John Boushy, and Henry Conversano as well as the artist of the smuggler's cove design. A printed copy of the instructions given to all individuals vying for the original Harrah's contract held in New Orleans needs to be forwarded to our attention.

12. Ellen Dixon in New Orleans.

13. We need the name and location of the head of its centralized accounts payable department, it computer or communications department, head of its computer soft designer, head of its computer department at each Harrah's casino and at its centralized computer system in Las Vegas.

14. Listed below are the documents that were listed on Harrah's Exhibit list and have not been turned over to us by means of discovery:
Exhibit 1 - Undated handwritten letter from Gianna to Connie Albright
Exhibit 3 - Connie Albright's Expense Report 11/20-11/25/95
Exhibit 18 - Excerpts of the La Civil Code 1966
Exhibit 19 - Note from Mary Miller to Vince re: settlement check to Gianna, Inc.
Exhibit 29 Prototypes and production Samples
Exhibit 32 Examples of uniforms currently in use at Harrah's
Exhibit 33 Examples of markers used by Uniform Ideas to assist in the creation of uniforms
Exhibit 34 Sketch of Tunica uniform as of 11/10/98

15. Any and ALL RECORDS/Invoices/ account Payable records and the code keys for

3

the internal designs and/or the ORIGINAL INVOICES from the following vendors gleamed from the Harrah's documents

| Bates No. | Vendor No. Vendor Name |
|---|---|
| H00097, 114,115,118 | 158467 All Bilt Uniform Fashion Corp |
| H00098,107,108,19 | 182626 All Bilt Uniform Corp. |
| H00100,08, 11 | 23606 No Name listed on invoice registers |
| H00102,06,12 | 6208 No name listed on invoice register |
| H00103 & 07 | 26270 No name listed on the invoice register |
| H00104,,09 | 936 No name listed on invoice register |
| H00110,116;165 | 182626 All Bilt Uniform Corp. |
| H00113 | 21519 No name for vendor listed on invoice register |
| H00127 | 100433 Angelica Uniform Co. of Nevada |
| H00114 | 985 No vendor name listed paid items report |
| H00120,29-32 | 91 Angelica Uniform Group |
| H00121,22 | 34 Vendor name not listed on Invoice Register |
| H00128 | 23218 Angelica Uniform Co. of Nevada |
| H00133,133-35 | 151019 Creations Galore Ad Speciality |
| H00136-37; 49-51 | 126447 Red the Uniform Tailor, Inc. |
| H00138-40 | 194051 Red the Uniform Tailor |
| H00152-53;60-61 | 17343 Red The Uniform Tailor, Inc. |
| H00123-26 | 246 Angelica Uniforms Group |
| H00127 | 100433 Angelica Uniform Co. of Nevada |
| H00141 | 25706 Vendor name not on the Invoice Register |
| H00142-46 | 3916 Red the Uniform Tailor |
| H00147-48 | 62190 Red the Uniform Tailor |
| H00154-59 | 3916 Red the Uniform Tailor, Inc. |
| H00162;64 | 126447 Red the Uniform Tailor, Inc. |
| H00163 | 194051 Red the Uniform Tailor |

Any and All records involving the following G/L accounts for Harrah's::
   03100  00200-0200
   03100 000108-0100
   03100 000200-0200
   936-03100-32011-000108-0100
   C78    0000-2010-005
   C78    1930-8066-000
   C78    1830-8066-000

4

# GUSTE, BARNETT & SHUSHAN, L.L.P.

## ATTORNEYS AND COUNSELORS AT LAW

William M. Barnett
Sidney L. Shushan (P.C.)
William J. Guste, III
J. Harrison Henderson, III
Richard L. Weil
Robert A. Barnett (P.C.)
Claude A. Schlesinger

Gideon T. Stanton, II
Jonathan M. Shushan
Charlotte Gilman

TWENTY-FIFTH FLOOR

ENTERGY CORPORATION BUILDING

639 LOYOLA AVENUE

NEW ORLEANS, LOUISIANA

70113-7103

William J. Guste (1893-1957)
Herman L. Barnett (1893-1982)

Telephone: (504) 529-4141
Facsimile: (504) 561-0326

April 26, 2001

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
504-566-0210

**BY FAX ONLY**

RE:  Jane Galiano and Gianna, Inc. versus Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc
United States District Court, Eastern District of Louisiana,
Civil Action No. 00-0071, Section "E" (5)
Our File: 4830

Dear Mr. Looney:

The return on the subpoena to Red the Uniform Taylor is incomplete.

It does not contain one single Harrah's invoice or Red's purchase order to track any of the designs which have a strong similarity to plaintiffs' designs.

Some of the sketches are obviously similar, particularly the uniform shirts with vertical brightly colored patches. It is another variation on the same Gianna, Inc. design we saw in New York.

The summary produced by your clients show hundreds of thousands of dollars paid to Red the Uniform Taylor.

But those summary sheets have no identification of the designs involved.

Gianna, Inc. versus Harrah's Operating Co., Inc. et al
Page 2
April 26, 2001

---

Either your clients or Reds needs to produce the purchase orders and invoices to link up your register of invoices to the sketches from Reds.

In particular, but without any limitation of or right to move for further production, we need the invoices and purchase orders to go with Red 39, 40, 43, 44, and 58.

After the New York depositions, it is also clear that either your clients or All Bilt uniform Fashions is going to have to produce the missing All-Bilt purchase orders and invoices for the uniform shirts with brightly colored vertical stripes, and the Gold Card Jacket. The testimony of Mr. Wecksler as to the Jacket will not discourage the Court from ordering production of the purchase orders and invoices.

Unless I hear from you without delay, I will file an appropriate motion as indicated by the Court at our last hearing.

Yours truly,

Sidney L. Shushan

SLS/jmc

```
************************************************************************
*                       TRANSACTION REPORT                             *
*                                              APR-26-01 THU 03:18 PM  *
*                                                                      *
*  DATE  START      RECEIVER       TX TIME PAGES TYPE    NOTE      M#  *
*                                                                      *
*  APR-26 03:16 PM 5660210          1'17"    3   SEND    OK            *
*                                                                      *
************************************************************************
```

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**