UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR -1 PM 5:01

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| JANE GALIANO and GIANNA, INC. * <br> Plaintiff * <br> * <br> versus * <br> * <br> HARRAH'S OPERATING CO., INC. * <br> And * <br> HARRAH'S ENTERTAINMENT, INC. * <br> Defendant * <br> * | CIVIL ACTION <br><br> No. 00-0071 <br><br> SECTION "E"(5) |

*******************************************

### OPPOSITION OF DEFENDANTS HARRAH'S OPERATING CO., INC AND HARRAH'S ENTERTAINMENT , INC. TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendants, Harrah's Operating Co., Inc. and Harrah's  Entertainment, Inc. (collectively "Defendants") file this opposition to Plaintiffs' Motion for Partial Summary Judgment on Harrah's Operating Co., Inc.'s Liability.

**I.      Introduction**

Plaintiffs'  memorandum of fact and law filed in support of their so-called "Motion for Partial Summary Judgment on Liability Against Defendant Harrah's Operating Company, Inc." addresses a variety of claims and alternative claims. Defendants will respond to each of them in turn.  First, though, Defendants note that intentionally or not the title of Plaintiff's motion is misleading.  Plaintiff's Motion purports to urge that Harrah's Operating Co., Inc. be held liable because of what they claim is its identity with Harrah's Entertainment, Inc.  Despite the misimpression this motion might leave there has been absolutely no showing



that Harrah's Entertainment is liable. Defendant's oppose the entry of a

judgment of liability against *either* Harrah's Operating Company., Inc. or

Harrah's Entertainment, Inc. and in fact urge the court to grant their own motion

for partial sumary judgment and dismiss the breach of contract claims in their

entirety.

II.    **Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc.. are not solidarily liable.**

Plaintiffs' allege that Harrah's Operating Co., Inc. and Harrah's

Entertainment, Inc. are solidarily liable under the Settlement Agreement at issue

(attached herein as Exhibit 1).  However, the burden of proof that this solidary

liability exists is with the Movant Plaintiffs and they have failed to bear the

burden. Plaintiffs have failed to establish any legal or factual basis for a finding

of *in solido* liability in this case.

A.    **Harrah's Entertainment, Inc. is not a party to the contract with Plaintiffs.**

Plaintiffs seeks to make Harrah's Entertainment, Inc. liable with Harrah's

Operating Co. for the breach claim. The  contract document in issue was entered

into by Harrah's Operating Co., Inc.only, however,  *not* Harrah's Entertainment,

Inc. Such a circumstance precludes a judgment of solidarity under LSA C.C. Art.

1796 which provides, "Solidarity of obligation shall *not* be presumed."  A

solidary obligation can only arise from a *clear* expression of the parties' intent or

from the law.[1]  The "clear expression of the parties' intent" is that Harrah's

---

[1] Louisiana Civil Code article 1796 also states that solidary obligations may arise "by operation of law".  For example, there can be solidary liability that arises in tort.  LSA C.C. art. 2324 provides for solidary liability when two or more people conspire to commit an intentional or

Entertainment, Inc. is not bound by the document since it is nowhere mentioned nor even impliedly associated with the document.

Furthermore, it is "elementary that for a party to be bound by a written instrument, that party must be a signatory to the instrument." *Pennington Constr. Co. v. R A Eagle Corp.*, 652 So.2d 637, 639 (La. App. 1st Cir. 1995). Harrah's Entertainment, Inc. was not a signatory to the instrument by which Plaintiff seeks to find Harrah's Entertainment, Inc. liable. Plaintiffs have failed to meet the burden imposed on them by LSA C.C. Art. 1831. The first paragraph of the Settlement Agreement clearly identifies the parties as Gianna, Inc. and Harrah's Operating, Inc. Plaintiffs have offered no interpretation of the contract or legal basis that would justify reforming the contract so radically as to hold an unmentioned party for its breach.

Notably, also, the Design Consulting Agreement that the Settlement Agreement was drafted to preempt provides that "The Design Consulting Agreement will be with Harrah's Operating Company, Inc. Because of this, the references to 'Harrah's' means 'Harrah's Operating Company, Inc.'" The Agreement leaves no room for confusion. Harrah's Operating Co., Inc. agreed and intended to be bound to the Design Consulting Agreement, and no other Harrah's entity was included.

Plaintiffs' contractual dealings were not with Harrah's Entertainment, Inc. and that entity cannot be held liable therefor under aby theory.

---

willful act that causes damage to another person. Plaintiffs have alleged no such tortious conduct on the part of Defendants that would give rise to solidarity by operation of law.

**B.**    <u>Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc.</u>
<u>are *separate* legal entities</u>

Plaintiffs' claim that Harrah's Operating Company., Inc. and Harrah's

Entertainment, Inc. are the same corporation is a familiar refrain in this case. The

alter ego analysis is closely related to the analysis required for a claim of "single

business enterprise" that Plaintiffs sought to introduce into this case oa year ago.

Plaintiffs were granted leave by the Magistrate Judge to amend their complaint

to allege a claim of "single business enterprise" over the objections of

Defendants. Defendants' objections on the ground that the amendment would be

wasteful and meaningless proved correct. Plaintiffs failed to introduce any

evidence on the issue of single business enterprise, and still haven't. With the

filing of this Motion for Partial Summary Judgment, Plaintiffs now allege, again

without evidentiary support, that Harrah's Entertainment, Inc. and Harrah's

Operating Company, Inc. are alter egos of one another.

Plaintiffs single business enterprise claim was based solely on the identical

two points that they urge for finding Harrah's Entertainment to be the alter ego

of Harrah's Operating Co. First, they mention that the Harrah's Entertainment,

Inc.'s logo appeared on the piece of paper used for the Settlement Agreement;

and second, they observe that the employee with whom plaintiffs dealt had a

Harrah's Entertainment, Inc. business card. Under Louisiana law ordinarily the

person claiming the benefit of an exception to the general law must carry the

burden of bringing himself within that exception. When a plaintiff alleges

liability based on an exception to the general rule that a corporation, as a juridical

person, has separate and distinct existence apart from its shareholder, officers,

and related corporations, *plaintiff* has the burden of proving such. *In re New Orleans Train Car Leakage Fire Litig.* 690 So.2d 255 (4th Cir. 1997).

One year later, Plaintiffs are *still* relying on the letterhead and the business card as proof that Harrah's Entertainment Co., Inc. and Harrah's Operating Company., Inc. are the same corporation. This is wholly insufficient to carry Plaintiff's burden of proving recovery under a "single enterprise" theory. Louisiana law also makes very clear that in order to prevail on a claim of "single business enterprise" the plaintiff must present evidence to the court of:

1. Corporations with identity or substantial identity of ownership
2. Common directors or officers
3. Unified administrative control of corporations whose business functions are
   Similar or supplementary
4. Directors and officers of one corporation act independently in the interest of that corporation
5. Corporation financing another corporation
6. Inadequate capitalization
7. Corporation paying the salaries and other expenses or looses of another corporation
8. Receiving no business other than that given to it by its affiliated corporations
9. Corporation causing the incorporation of another affiliated corporation
10. Corporation using the property of another corporation as its own
11. Noncompliance with corporate formalities
12. Common employees
13. Services rendered by the employees of one corporation on behalf of another corporation
14. Common officers
15. Centralized accounting
16. Undocumented transfer of funds between corporations
17. Unclear allocation of profits and looses between corporations and
18. Excessive fragmentation of a single enterprise into separate corporations.

*Lifemark Hospitals, Inc. v. St. Jude Hosp. Of Kenner, La., Inc.* 720 So.2d 1244, 1248 (La. App. 5th Cir. 1998). The law is clear that all these factors are to be examined. *In re New Orleans at 25.* Plaintiffs have failed to discuss even one.

Harrah's Operating Company, Inc and Harrah's Entertainment, Inc. are corporations, legal entities that are entitled to a presumption of seperateness. Their legal identities should not be lightly disregarded. *Overstreet v. Southern Ry. Co.*, 371 F.2d 411 (5th Cir. 1967). Even identity of corporate names, stockholders, and officers, and the complete ownership of the capital stock of a subsidiary by its parent would not be dispositive of piercing the corporate veil should be pierced. *Andrew Martin Marine Corp. v. Stork-Werkspoor Diesel B.V.*, 480 F. Supp. 1270, 1275-1276 (E.D. La. 1979). Whether the corporate form should be disregarded and the contract terms imputed to a related company depends on the relationship between the corporate entities involved.

Plaintiffs allege that Harrah's Operating Company, Inc. and Harrah's Entertainment, Inc. are alter egos, that is, the *same* corporation. The Fifth Circuit requires that in order to find two entities to be alter egos a court should consider under a totality of circumstances approach whether the facts demonstrate (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization ; (4) failure to provide separate bank accounts and bookkeeping records;  (5) failure to hold regular shareholder and director meetings. *Huard v. Shreveport Pirates, Inc.* 147 F.3d 406 (5th Cir. 1998).  Plaintiffs have not established, or even alleged for that matter, a single one of those prerequisites for an "alter ego" claim.

The appearance of the Harrah's Entertainment, Inc. logo at the top of the page on which the contract was executed insignificant considering the fact that the individual who signed the contract did so *specifically on behalf of* Harrah's Operating Co., Inc.  That Connie Albright had a business card is not a basis

6

under Fifth Circuit precedent on which this court can reasonably pierce the corporate veil. Moreover, that Ms. Albright had an incomplete understanding of the corporate law details that distinguish Harrah's Operating Co., Inc. from Harrah's Entertainment, Inc. neither can be imputed to the corporation nor does it provide a basis for this Court to find that these two corporations are mere alter egos of one another. Significantly, Ms. Albright's perception of who she worked for was merely "Harrah's Corporate, " not Harrah's Entertainment. In other words, she consider it necessary in her job only to make clear that she did not work for a particular casion or Harrah's property.

Therefore, Plaintiffs failed to prove that Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc. are solidarily liable; and also have failed to present ay material evidence to support their alter-ego/single enterprise theory. Under the law controlling summary judgments, the motion for a judgment of solidary liability must be denied.

III.    **Plaintiffs Louisiana Unfair Trade Practices Act can not prevail**

Plaintiffs also allege that Harrah's Operating Co., Inc. and/or Harrah's Entertainment, Inc. are liable for violations of the Louisiana Unfair Trade Practices Act (LUTPA). However, as is explained more fully below, Plaintiffs' LUTPA claim cannot prevail.

A.  **Plaintiffs have no right of action under §51:1409 of the LUTPA**

Under Fifth Circuit precedent, as previously recognized by this Court, there are *only* two grounds for standing under the LUTPA: (1) A paintiff must allege facts sufficient to prove that he is a "consumer" as defined by the LUTPA

or (2) he must allege facts sufficient to prove that he is a "business competitor" of

the efendant. *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d

220 (5th Cir.1991); *Delta Truck & Tractor, Inc. v. J.J. Case Co.*, 975 F.2d 1192 (5th Cir.

1992); *5 Star Premium Finance, Inc. v. Wood,* 1999 WL 1532896 (E.D. La. 1999),

*Landrum v. Bd. Of Com'rs of New Orleans Levee Dist.*, 758 F.Supp. 387 (E.D. La,

1991).  Plaintiffs at bar are neither a business competitor of Defendants nor an

ordinary "consumer." Plaintiffs therefore do not have a private right of action

under §51:1409(A) of the LUTPA.[2]

In *Wang Delta Truck & Tractor*, the Fifth Circuit held that *only* consumers

or business competitors have a cause of action under the LUTPA.  In *Hamilton v.*

*Business Partners, Inc.* 938 F.Supp. 370 (E.D. La. 1996), the court examined this

issue in detail and reached the same conclusion as the Fifth Circuit: the LUTPA

*only* applies to consumers or business competitors of the defendant.  The

*Hamilton* Court determined that though there was some conflicting *dicta* in

Louisiana appellate court's decisions on this matter, several Louisiana circuits

have held that the LUTPA provides relief for only consumers or business

competitors of the defendant. *See, Thibaut v. Thibaut*, 607 So.2d 587 (La. App. 1st

Cir. 1992) and *Davis v. Manpower International, Inc.* 623 So.2d 946 (La. App. 4th Cir.

1993).

---

[2] LSA Rev . Stat. 51:1409(A) provides in pertinent part that :
> Any person who suffers any ascertainable loss of money or movable property, corporeal
> or incorporeal, as a result of the use or employment by another person of an unfair
> or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring

**B.    Plaintiffs are not "consumers" for purposes of LSA Rev. Stat. 51: 1409**

*Orthopedic & Sports Injury Clinic v. Wang, supra* is directly on point on this issue. In *Wang*, plaintiff was a medical clinic that purchased computers from Wang Laboratories and contracted with Wang to service the equipment. Wang's repairmen allegedly destroyed valuable disks. The Fifth Circuit found that the purchase of computer equipment did not amount to a "consumer transaction" since it was not primarily intended for personal, family or household use[3]. Therefore, the clinic had no cause of action under the LUTPA. Similarly, in the case at bar, Plaintiffs did not intend the sale of clothing designs for "personal, family or household use" and therefore Plaintiffs are not a "consumer".

Further, in *Hamilton, supra* the plaintiffs tried to argue that they were consumers but the court in *Hamilton* agreed with the reasoning of *Wang* and held that plaintiffs were not "consumers" as contemplated by the LUTPA. In *Hamilton*, the plaintiffs bought a distributorship to sell Walt Disney-licensed products. Plaintiffs brought a breach of contract suit against defendant for failing to fulfill the promises and commitments made by defendants. The plaintiffs argued that they did qualify as "consumers" under the definition of "consumers"[4] in the LUTPA. Defendants in *Hamilton* argued that the term "consumers" must be read in conjunction with "consumer transaction". Relying on facts of *Wang* the court in *Hamilton* agreed with defendants and held that plaintiffs were *not* "consumers" for purposes of the LUPTA. Therefore, Plaintiffs

---

an action individually but not in a representative capacity to recover actual damages…

[3] LSA Rev. Stat. 51:1402(3) defines "consumer transaction" as "any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family or household use."

Jane Galiano and Gianna, Inc. are not "consumers" as defined by the LUTPA and controlling caselaw interpreting the LUTPA; and thus have no cause of action as "consumers" under the LUPTA. Plaintiffs also have no cause of action under the LUTPA as "business competitors" of Defendants.

**C.    Plaintiffs are not "business competitors" for purposes of La. R.S. 51:1409**

Louisiana law defines "business competitor" as one engaging in a similar business as another. *Summit Inst. for Pulmonary Med. and Rehabilitation, Inc. v. Poultry*, 691 So.2d 1384 (La. App. 4th Cir. 1996). In *Traina v. Nationsbank of Texas*, 2001 WL 1041773 (E.D. La. 2001) the Court stated that in order to qualify as a "business competitor", the plaintiff must actually or potentially engage in business that competes directly or indirectly with defendant.  Further, plaintiff must be able to asset that the alleged unfair business methods of defendant have somehow injured him in his business pursuits as the defendant's competitor. *Sears, Roebuck & Co., v. Danny Williams Plumbing, Inc.*, 1999 WL 280439 (E.D. La. 1999).  Therefore, Plaintiffs must assert that their business dealings with other competitors (with whom Defendants also competes) have been injured by Defendants' alleged conduct. Plaintiffs have not alleged any such fact. *See W.A. Offshore Equip. Co., Inc. v. Parmatic Filter Co.*, 767 F.Supp. 125 (E.D. La. 1991); *Philips v. Berner*, 789 So.2d 41 (La. App. 4th Cir. 2001); *Nat. Gypsum Co. v. Ace Wholesale, Inc.*, 738 So.2d 128 (La. App. 5th Cir. 1999).  (Compare a case where Louisiana law *has* found competition is in *SDT Industries, Inc. v. Leeper*, 793 So.2d

---

[4] LSA Rev. Stat 51:1402(1) defines "consumers" as "any person who uses, purchases, or leases goods or services."

327 (La. App. 2nd Cir. 2001) in which the parties were *both* manufacturers of water soluble fertilizer.)

Plaintiffs here are a corporation and the corporation's president whose principal occupation (at least at the material time) was the designing of clothing. Defendants are two corporations whose dealings and holdings are exclusively related to the gaming industry. Defendants do not design or manufacture clothing, nor do they participate in the clothing design or manufacturing industry. Therefore, Plaintiffs are not Defendants' business competitors. Accordingly, plaintiffs are not entitled to any relief under the LUTPA as a business competitor of Defendants.

Finally, a claim brought under the LUTPA should be dismissed if the plaintiffs fail to allege facts sufficient to explain how they are either "consumers" or "business competitors". See *Cowboy Mouth L.L.C. v. Monkey Hill Productions, Inc.* 1999 WL 35303, (E.D. La. 1999). The controlling circuit's law is very clear: relief under the LUTPA is limited to "consumers" and "business competitors" of the defendant. Plaintiffs in this case are *neither* "consumers" *nor* "business competitors" of Defendants. Therefore, Plaintiffs do not have a claim for relief under the LUTPA.

## IV.   Plaintiffs' can not recover under an "unjust enrichment" theory of recovery.

There are five elements that must be satisfied for a claim of unjust enrichment to succeed. Plaintiffs must prove that: (1) the Defendants have been enriched; (2) the Plaintiff has been impoverished; (3) there is a causal connection between the enrichment and the impoverishment; (4) the enrichment and impoverishment are without lawful cause; (5) there is no other remedy available to the plaintiff.

*Minyard v. Curtis Products*, 205 So.2d 422, 433 (La. 1967). Plaintiffs have not alleged facts sufficient to satisfy all five of these *necessary* elements of a an unjust enrichment claim.

### A. Plaintiff has not proved that Defendants were enriched

Plaintiffs must prove that defendant has materially benefited from the act that gave rise to Plaintiffs cause of action. In this case, Plaintiffs must prove that Defendants were enriched when they bought uniforms, designed by Plaintiffs from All Built, the uniform manufacturer. Simply put, Defendants paid manufacturers for the uniforms in question, and Plaintiffs must prove that, though Defendants paid a third party for the uniforms, *Defendants* were enriched. In *Brihgnac v. Boisdore*, 288 So.2d 31 (La. 1973), the Court held that allegations of a plaintiffs impoverishment alone were insufficient to carry a claim of unjust enrichment, the *plaintiff* must also prove the defendant was enriched. Again, Plaintiffs have not alleged any facts that prove Defendants were enriched from the buying of uniforms from a third party manufacturer.

### B. Plaintiffs have not proven that their impoverishment has a causal connection to defendants' enrichment.

Plaintiffs must prove not only enrichment, but enrichment, "at the expense of another person". LSA C.C. art. 2298. First, Plaintiffs have not proven that Defendants were enriched. Plaintiffs have not proven that defendants were enriched and thus their proof lacks the *predicate* for proving causal connection. Plaintiffs have not proven that any impoverishment they have suffered has a *causal connection* to that alleged enrichment.

### C. There is a contract between the Plaintiff and Harrah's Operating Co., Inc.

The remedy of unjust enrichment is a *quasi-contractual* remedy. Therefore, the absence of a contract is generally a prerequisite to an quasi-contractual claim. However, by virtue of Plaintiffs bringing suit on the Settlement Agreement, Plaintiffs have acknowledged the existence of a contract. Secondly, even if this Court disregards the quasi-contractual nature of this remedy, for a claim of unjust enrichment to succeed, this Court must logically find that Plaintiffs' claims were *justified* by the contractual Settlement Agreement, thereby precluding a claim for unjust enrichment.

### D. Plaintiffs have not proven that they have no other remedy available to them.

The final sentence of LSA C.C. art.2298 provides that, "The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverished or declares a contrary rule." As this Court is well aware, Plaintiffs have brought claims on numerous theories of law. Clearly, Plaintiffs believe that they have other remedies available to them. Plaintiffs should be forestalled from bringing an unjust enrichment claim as they have other remedies available to them.

Furthermore, regarding this "subsidiarity" requirement, *if* Plaintiffs' allegations are true then they have a claim against the manufacturers, All Built, Inc. Therefore, Plaintiffs *do* have other available claims. *See* statement by Judge Albert Tate's, author of the seminal case on unjust enrichment *Minyard, supra*, wherein Judge Tate determined that: where recovery is sought from a defendant for an enrichment for which a third person was originally liable, the better conclusion is that the plaintiff must allege and prove *as a condition for his recovery*

13

that he has *no* practical remedy against the *third person*. Emphasis added. *51* Tul.
L. Rev. 447, 466 (1967)

Again, in order to sustain a claim of unjust enrichment, Plaintiffs
must satisfy *all* of the required elements: enrichment by Defendants,
impoverishment by Plaintiffs, lack of lawful cause for the enrichment /
impoverishment, a causal connection between the enrichment and the
impoverishment *and* no other remedy available to the Plaintiffs. Plaintiffs have
*not* satisfied the elements necessary for this claim of unjust enrichment as to *either*
Harrah's Operating Co, Inc. *or* Harrah's Entertainment, Inc.

## V.    Conclusion

There are many genuine issues of material fact concerning the liability of
Harrah's Operating Co., Inc. and therefore summary judgment on the issue of
this Defendant's liability is not proper. Furthermore, Plaintiffs have failed to
allege facts sufficient to support a claim that Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc. are solidarily bound on the Settlement Agreement
because Plaintiffs have not proven that Harrah's Entertainment, Inc. was a party
to that contract. Plaintiffs have failed to prove that they are entitled to relief
under the LUTPA because Plaintiffs have not alleged facts sufficient to prove
that Plaintiffs are either "consumer" or "business competitors" are required for
recovery under the LUTPA. Plaintiffs have also failed to entertain facts sufficient
to support a claim of unjust enrichment because Plaintiffs have not proven all of
the necessary elements required to sustain a claim for unjust enrichment.

WHEREFORE, Defendants respectfully pray that Plaintiff's Motion for
Partial Summary Judgment be denied and Plaintiffs claims of: solidarity, alter
ego, and single business enterprise between Harrah's Entertainment, Inc. and

Harrah's Operating Co., Inc. be dismissed. Defendants further pray that Plaintiffs' claims under the LUTPA, and claims of unjust enrichment be dismissed as well

Respectfully submitted,

**ADAMS AND REESE LLP**

Joseph W. Looney, T.A. (8773)
Melissa S. LaBauve (25745)
Kristen P. Biever (27382)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
Fax: (504) 566-0210
Attorneys for Defendant,
*Harrah's Operating Co., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2002, I have served a copy of the foregoing pleading on counsel for plaintiffs via facsimile and by hand.

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of April, 2002, I have served a copy of the foregoing pleading on counsel for plaintiffs via facsimile and by hand.

16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE GALIANO and GIANNA, INC.  *<br>                    Plaintiff   *<br>                              *<br>versus                        *<br>                              *<br>HARRAH'S OPERATING CO., INC.   *<br>And                           *<br>HARRAH'S ENTERTAINMENT, INC.  *<br>         Defendant            *<br>                              * | CIVIL ACTION<br><br>No. 00-0071<br><br>SECTION "E"(5) |

**********************************************

### HARRAH'S OPERATING COMPANY, INC.'S LIST OF CONTROVERTED FACTS IN RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Harrah's Operating Co, Inc.'s Controverts the Statement of Material Facts in Response to Plaintiffs' Motion for Partial Summary Judgment On Liability Against Defendant Harrah's Operating Co., Inc.

1.    Denied.

2.    Admitted.

3.    Denied, except to admit that Harrah's Operating Co., Inc. was the party that issued certain checks to Gianna Inc. in payment of invoices Gianna Inc. submitted under the Design Consulting Agreement.

4.    Denied; Harrah's, and particularly Connie Albright and Jan Starnes, did not work with All-Bilt to put Gianna designs into production after the May 6, 1996 Settlement Agreement. The references to the "Annexed"

depositions as alleged support for the statement are also contested, as they do not support the statement.

     5     Denied.

     6.     Denied; the predicate of the statement is incomplete and therefore is an improper statement under Rule 56.

     7.     Denied as to any purchases of "costumes" using plaintiffs' designs after May 6, 1996.

Respectfully submitted,

**ADAMS AND REESE LLP**

Joseph W. Looney, T.A. (8773)
Melissa S. LaBauve (25745)
Kristen P. Biever (27382)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
Fax: (504) 566-0210
*Attorneys for Defendant,*
*Harrah's Operating Co., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2002, I have served a copy of the foregoing pleading on counsel for plaintiffs via facsimile and by hand.

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| And | * | Judge Livaudais, Jr. |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| Defendant | * | Mag. Chasez |
| | * | |

**************************************

## <u>ORDER</u>

Considering the foregoing Motion of Harrah's Operating Co., Inc.,

IT IS HEREBY ORDERED that Harrah's Operating Co., Inc. is granted leave to file a Supplemental Memorandum In Opposition To Plaintiffs' Motions For Summary Judgment.

New Orleans, Louisiana this _____ day of April 2002.

_____
UNITED STATES DISTRICT JUDGE



May 6, 1996

Gianna, Inc.
600 Loyola Avenue
Suite 300
New Orleans, LA 70113

Attn:  Mr. R. Scott Buhrer

Dear Scott:

Settlement Agreement

This letter represents the settlement agreement reached today regarding the Design Consulting Agreement between Harrah's Operating Company (Harrah's) and Gianna, Inc. (Gianna).

It is agreed as follows:

1.    Harrah's agrees to pay Gianna $7,500 on or before May 20, 1996.

2.    Gianna waives past or future royalties on the following garments now in use at Harrah's Skagit:

- Valet jacket
- Bingo apron
- Fresh Market Buffet apron
- Fresh Market Display Chef Jacket
- Chambray shirt for Fresh Market

3.    Harrah's agrees that Gianna will continue to be entitled to the royalty that Gianna is currently receiving from the manufacturer for Harrah's purchases of the following garments now in use at Harrah's Skagit:

Male dealer vest
Female dealer vest
Winning streak beverage server uniform
Casino beverage server uniform



**EXHIBIT**

1

Harrah's agrees that Gianna is entitled to a 5% royalty for Harrah's purchases of the following Range Restaurant vests now in use at Harrah's Joliet:

Range vest with 3 buckles for women servers

Range vest with 1 buckle for men servers

Harrah's will determine the number of these vests previously purchased by Harrah's based on purchase orders and will pay the 5% royalty on these purchases on or before May 20, 1996. Royalties on future purchases of these vests will be paid within 30 days of receipt of the invoice for the purchases.

It is agreed that if a major change occurs in the design of any of the above garments on which Harrah's is agreeing to pay a royalty, no royalty will be due or payable on purchases of the changed garment. Harrah's will advise Gianna contemporaneously of any such design change(s).

4.    Each party agrees not to refer to each other's specific name in their respective marketing communications to third parties without the other party's prior written consent. However, it is agreed that Gianna may refer to Harrah's as a former client in Gianna's marketing communications.

5.    Harrah's agrees not to use any designs of Gianna other than those mentioned in this Settlement Agreement. The parties agree that their Design Consulting Agreement is terminated and this Settlement Agreement represents the only agreement among the parties. Each party releases the other party and their respective affiliates, subsidiaries, officers and directors from any and all past or future claims whatsoever arising under the Design Consulting Agreement.

If this Settlement Agreement is acceptable, please sign in the space provided below:

Agreed:                                    Sincerely,

Gianna, Inc.                               Harrah's Operating Company, Inc.

By: _____              By: _____

Title _Vice President_                        Connie Albright
                                          Corporate Director