

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR -8 PM 12: 48
APR 0 8 2001
LORETTA G. WHYTE
           CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE GALIANO and GIANNA, INC. <br> Plaintiff <br> <br> versus <br> <br> HARRAH'S OPERATING CO., INC. <br> And <br> HARRAH'S ENTERTAINMENT, INC. <br> Defendant | CIVIL ACTION <br> <br> No. 00-0071 <br> <br> SECTION "E"(5) |

**REPLY BRIEF OF HARRAH'S OPERATING CO., INC.
TO PLAINTIFFS' BRIEF IN OPPOSITION TO
HARRAH'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Harrah's filed a Motion for Partial Summary Judgment on March 8, 2002, seeking dismissal of the breach of contract claims asserted against it by plaintiffs Jane Galiano and Gianna, Inc. On March 26, 2002, plaintiffs filed a memorandum opposing Harrah's Motion for Partial Summary Judgment. This brief is filed to reply to plaintiffs' opposition brief primarily to demonstrate that the evidence plaintiffs rely on to defeat the motion fails to supply any proof of an essential element of their case, namely, that Harrah's was involved in using any Gianna, Inc. sketches after the May 6, 1996, Settlement Agreement.

Second, Harrah's seeks to clarify the confusion caused by plaintiffs' analysis of transaction and compromise under the Civil Code.

1.  **Plaintiffs Have Failed To Prove An Essential Element Of Their Case.**

Plaintiffs attempt to defeat Harrah's Motion for Partial Summary Judgment by relying on what they consider similarities between Gianna's sketches and the uniforms designed and sold by All Bilt. However, this is entirely insufficient to defeat Harrah's Motion for Partial Summary Judgment. Whether the drawings are similar or not, and Harrah's agrees with All Bilt that they are not, nevertheless, plaintiffs have failed to prove their allegation that Harrah's was involved in using Gianna's sketches in connection with the All Bilt uniforms, at least after May 6, 1996.

The May 6, 1996 date is important. Prior to that date Connie Albright attempted to assist All Bilt in completing a limited number of uniforms based on a few of Gianna, Inc.'s designs. It should be recalled that Gianna, Inc. had specifically contracted to provide uniforms, so the provision of uniforms was a matter of the Design Consulting Agreement. Both plaintiffs and defendant found out, however, that plaintiffs could not accomplish getting these uniforms delivered. Thus, third-party suppliers had to step in. Harrah's worked with All Bilt, one of the suppliers, in an effort to bring some of Gianna, Inc.'s uniforms to reality. As it turned out, as Harrah's principal brief explained, only a couple of

items ended up being manufactured, namely the Fresh Market chef garments and a Range vest.

The Settlement Agreement purported to release Harrah's of any use predating May 6, 1996. Moreover, if the Settlement Agreement were to be found valid, there could be no complaint about activities prior to the date on which the Settlement Agreement was executed and came into effect.

Harrah's has shown in its principal brief that All Bilt did not manufacture any Gianna designs other than the Gianna designs aforementioned Fresh Market chef garments and Range vest. As the principal brief demonstrates, All Bilt's designer Ms. Gunnerson specifically so testified. Plaintiffs have offered no evidence, in terms of documents or testimony, to refute Ms. Gunnerson's sworn testimony and it stands uncontradicted and undisputed.

Plaintiffs then resort to claiming that All Bilt design efforts used Gianna's designs and Harrah's in this way "used" Gianna's designs. In order for Harrah's to be liable, however, there would have to be involvement by Harrah's in the use of Gianna's designs. This is an essential element of plaintiff's breach claim. Because plaintiff's have no proof of such involvement summary judgment is called for.

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91, L.Ed. 2d, 202 (1986), the Supreme Court held that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." The Supreme Court also held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 334, 106 S. Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986), that where after adequate time for discovery and upon motion a party fails to make a showing of an essential element, "there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the non-moving parties' case, necessarily renders all other facts immaterial."

When a summary judgment motion is filed by a party seeking to defeat a claim filed against him, the party opposing the motion may not rest upon mere allegations or denials of his pleadings but must set forth specific facts showing a genuine issue exists. *In Re: Central Gulf Lines, Inc.*, 176 F.Supp 2d 599, 2001 A.M.C. 2002 (E.D. La., June 25, 2002) (where this Court ruled that despite extensive discovery, claimants failed to identify facts sufficient to hold the defendant "legally responsible" for any fault for a vessel collision and resulting damages.)

Plaintiffs have failed to introduce any proof that Harrah's was legally responsible for using Gianna designs in the manufacture of All Bilt's uniforms. All Bilt has testified that Gianna, Inc.'s designs were not used in the manufacture, and plaintiffs have not demonstrated that they were. But even if the Court finds there is some question of fact as to whether the Gianna, Inc. designs were used, plaintiffs have not introduced even a scintilla of evidence that Harrah's was involved in any use of those designs. Both All Bilt witnesses and Harrah's employee Connie Albright were specifically questioned on this topic. Plaintiffs'

counsel asked Ms. Gunnerson whether she had any recollection as to any input Connie Albright had into All Bilt designs. (See deposition references in Harrah's Opposition to Plaintiffs' Motion for Summary Jurdment on the Settlement Agreement at pages 5 through 7). Ms. Gunnerson was also asked whether she recalled anyone at Harrah's even saying which Gianna designs they liked or disliked. She was also specifically asked what took place during the design of the All Bilt Gold Card jacket. She was also asked specifically whether there was any Harrah's input in connection with the casino shirts.

Ms. Gunnerson answered all of these questions under oath. *Id.* Ms. Gunnerson was the designer for All Bilt who was assigned by All Bilt to work on these uniforms. Yet she does not recall what Harrah's input was, if any. More importantly, nowhere did she testify that Harrah's used, suggested or even referred to any Gianna designs as a basis for any of the uniforms All Bilt came up with.

The same holds true for Connie Albright, one of the two Harrah's employees whom plaintiffs suggest were involved in All Bilt's design process. Ms. Albright nowhere testified that she used any of the Gianna, Inc. designs in any of the All Bilt design process after May 6, 1996. Plaintiffs do not cite any testimony from Ms. Albright's deposition to support their allegations. Plaintiffs did not even take the deposition of the other Harrah's employee at the time, Jan Starnes.

Consequently, plaintiffs have entirely failed to prove an essential element of their case. They have made no proof that Harrah's used Gianna, Inc.'s designs

in connection with All Bilt's design process. Having failed to link any use by Harrah's of those designs to the All Bilt process, they cannot defeat summary judgment even if they were to establish that All Bilt itself used plaintiffs' designs. Without proof that Harrah's was legally responsible, they cannot maintain the suit against Harrah's. Under Rule 56, therefore, plaintiffs have failed to demonstrate enough proof to defeat summary judgment.

    2.    **Plaintiffs Err In Suggesting That When One Party Breaches A Settlement Contract The Other Party Remains Bound To Its Terms.**

Plaintiffs erroneously argue that a non-breaching party remains bound to a settlement agreement's terms even though the other party breaches it. Plaintiffs mislead the Court stating that Civil Code art. 3078 says that a settlement agreement cannot be repudiated. Article 3078 says nothing of the kind. In fact, there is no authority in the Civil Code for the proposition that settlement agreements are unbreachable, as plaintiffs maintain.

The Fifth Circuit held in *Parich v. State Farm Mutual Auto. Ins. Co.*, 919 F.2d 906 (5th Cir. 1990) that a transaction or compromise must possess the essential elements of any type of contract to be valid. *Id.* at 913. One of the "five specific requirements of a valid compromise," according to the Fifth Circuit, is "performance by the parties in the agreed-upon manner." The court further held in *Parich* that "several cases * * * suggest that a material breach by one party to

a compromise agreement abrogates the compromise agreement." *Id.* at 917.[1] The Louisiana Supreme Court has specifically held that when one party to a settlement agreement does not perform the other party is not required to perform. In *Wall v. Hardwood Mfg. Co.*, 127 La. 959 (La. 1911), the court held that the failure of one settling party to perform his obligation in a settlement agreement that was for the benefit of the other party, relieved the other party of its performance under the settlement agreement. The court explained:

> [T]hat clause was necessarily conditional upon plaintiff's fulfilling his part of the agreement of compromise. The respective stipulations of a contract are interdependent. Plaintiff cannot pretend to hold defendant to its part of the agreement while he himself is refusing to perform his part.

*Id.* at 968. The appellate courts in Louisiana have similarly held that settlement agreements are abrogated by one of the parties' failure to perform. *Midlow & Lemann v. Katz*, 195 So.2d 383 (La. App. 4th Cir. 1967); *Smith Construction Co. v. Brechtel*, 51 So.2d 643 (La. App. Orleans 1951); *see, also, Salling Wiping Cloth Co. Inc. v. Sewell, Inc.*, 419 So. 2d 112 (La. App. 2d Cir. 1982) (holding that where the party has substantially performed, however, there is no abrogation that would permit resort to rights under the original agreement.)

Plaintiffs have not even attempted to reconcile the holding in *Wall*, nor have they cited any authority for their extraordinary proposition that one may not perform his part of the settlement and yet demand performance of the other party.

---

[1] Plaintiffs take issue with Harrah's use of the word "repudiate." In common usage repudiate means "to reject the validity of." See, the American Heritage Dictionary, Second College Edition (Houghton Mifflin Company).

The Settlement Agreement, moreover, may not satisfy the requirements of a valid transaction and compromise even apart from the issues of non-performance and lack of authorization of Mr. Buhrer. In order for a compromise to have the force of things adjudged it must be perfect and complete in itself with nothing left for ascertainment by parole proof. *Texas Creosoting Co. v. R.B. Tyler, Co.*, 180 La. 535, 156 So. 814 (1934). This is not a case of simply agreeing to do some specific definite thing in the future. Instead plaintiffs argue the breach of duty not to do. Consequently, additional parole evidence is necessary to show whether there has been compliance with the Settlement Agreement. Where evidence is required to support an act of compromise, "the agreement is reduced to the rank of a mere commutative contract, and is controlled by the laws of conventional obligations governing such contracts." *Id.* at 541. *See, also, Delabigarre v. Second Municipality of New Orleans*, 3 La. Ann. 230 (La. 1848) (finding that a settlement arrangement under the form of an onerous donation was a compromise and was subject only to the rules applicable to commutative contracts.)

Under the Civil Code a compromise is an "agreement" and a "contract." C.C. art. 3071. As a "nominate contract" a compromise is subject to any special rules that modify, complement or depart from the rules of contracts in general. (Article 1916 states, "Nominate contracts are subject to the special rules of the respective titles when those rules modify, complement, or depart from the rules of this Title [Conventional Obligations].") For cases where there is no competing "special rule of the title" of transaction and compromise, however, general

contract principles apply. Article 1915 provides, "All contracts, nominate and innominate, are subject to the rules of this title."

In commutative contracts, the performance of the obligation of each party is correlative to the performance of the other. La. C.C. art. 1911. "The reference to correlative performances contained in this Article sets for the ground for the traditional defense of non-performance." Revision Comment (c) to art. 1911. It is a basic tenet of contract law that where one party does not perform under a contract the other party is not required to perform. *Mobil Oil Exploration & Prod. S.E., Inc. v. United States*, 120 S.Ct. 2423 (2000); *The Eliza Lines*, 26 S.Ct. 8, 10 (1905) ("a repudiation of a contract, amounting to a breach, warrants the other party in going no further in the performance on his side.") *See, also,* Louisiana cases cited at pages 15 and 16 of Harrah's principal brief.

Thus, as a contract a settlement agreement, once breached, is not binding against the non-breaching party. Moreover, even if a compromise has *res judicata* effect as under the *Wall* case, a material breach is an abrogation of the contract relieving the non-breaching party of any duty to perform the settlement.

## CONCLUSION

For all of the reasons set forth in Harrah's original Memorandum in Support of its Motion for Partial Summary Judgment, as well as the explanations provided herein, Harrah's Motion for Partial Summary Judgment dismissing the claims of breach of contract should be granted.

9

Respectfully submitted,

ADAMS AND REESE LLP

_____
Joseph W. Looney, T.A. (8773)
Melissa S. LaBauve (25745)
Kristen P. Biever (27382)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
Fax: (504) 566-0210
*Attorneys for Defendants,*
*Harrah's Operating Co., Inc.*
*and Harrah's Entertainment, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of April, 2002, I have served a copy of the foregoing pleading on counsel for plaintiffs via facsimile and by hand.

_____