```
                                        FILED
                                    U.S. DISTRICT COURT
                                  EASTERN DISTRICT OF LA

                                    2002 APR -2 PM 3:18

                                    LORETTA G. WHYTE
                                         CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. <br> *Plaintiffs* | * <br> * <br> * <br> * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * <br> * <br> * <br> * | SECTION " E " " (5) <br><br> JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., <br> AND <br> HARRAH'S ENTERTAINMENT, INC. <br> *Defendants* | * <br> * <br> * <br> * <br> * | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

## EX PARTE MOTION FOR LEAVE TO SUBSTITUTE PLAINTIFFS' SUPPLEMENTAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS BASED ON NEWLY DISCOVERED EVIDENCE

ON MOTION of plaintiffs, through undersigned counsel, on representing that plaintiffs filed an original Supplemental Rule 56.1 Statement of Undisputed Facts Based on Newly Discovered Evidence on the above cause on March 26, 2002; on further representing that plaintiffs referred to Annex 39, affidavit of Jane Galiano on page 2 of the pleading, but attached an unsigned copy of said annex to the original Supplemental Rule 56.1 Statement of Undisputed Facts, filed with the Court; on further representing that plaintiffs desire to substitute the Supplemental Rule 56.1 Statement of Undisputed Facts as a matter of course, pursuant to FRCP Rule 15(a), by attaching a signed copy of Annex 39, affidavit of Jane Galiano; on further

```
DATE OF ENTRY
  APR 0 8 2002
```



representing that the substitution is necessary to clarify and simplify the issues.

                                Respectfully submitted,

*[signature]*

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *Plaintiffs* | * * * * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * * * * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. *Defendants* | * * * * * | MAGISTRATE JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROPOSED ORDER

Considering the foregoing Ex Parte Motion for Leave to file Supplemental Rule 56.1 Statement of Undisputed Facts Based on Newly Discovered Evidence;

IT IS ORDERED by the Court that plaintiffs' original Supplemental Rule 56.1 Statement of Undisputed Facts Based on Newly Discovered Evidence in the above cause filed on March 26, 2002 be and it is hereby substituted by attaching a signed copy of plaintiff's affidavit marked as Annex 39, affidavit of Jane Galiano.

New Orleans, Louisiana, _April 5th_, 2002.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE: JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

Mr. Joseph W. Looney, T.A.
Ms. Kristen P. Biever
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same on the 2nd day of April, 2002.

_____
BRIAN L. GLORIOSO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

**************************

## MOVING AFFIDAVIT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned Notary Public, personally came and appeared:

### JANE GALIANO

Who being duly sworn, did depose and say:

1. Affiant is a party plaintiff and the President of plaintiff in the above case and has been at all times relevant to the allegations of the Complaint and the Motion for Summary Judgment.

2. Affiant knows of her own personal knowledge and observations that her designs and

ANNEX 39

designs substantially similar to her designs are being used by defendants in certain of their casinos as set forth in the Complaint, in violation of the contract annexed hereto and of Affiant's copyright, a copy of which has been filed into the record in this case.

3. Affiant further represents that said casinos, at which her designs are being used are located in several states, and that Affiant has been unable to have site visits performed in every one of defendants' casinos for lack of funds.

4. Affiant submitted numerous designs to defendants for their review, including the entire collection annexed hereto, but that the annexed contract by its own terms restricts defendants to certain very limited designs as spelled out on the face of the said contract.

5. At the Harrah's Skagit Valley casino uniform installation Jane Galiano learned that Harrah's had ordered Gianna Inc., designs directly from manufactures, including All-Bilt and Varsity Sprits. Jane Galiano was not aware of these orders until the installation and had not authorized the manufacturers to produce her designs.

6. At the time of the Skagit Valley installation Gianna Inc., had negotiated a contract with Uniform Ideas for the production of Gianna Inc., designs. However Gianna Inc., had not negotiated a contracts with Varsity Spirits or All-Bilt.

7. Gianna Inc., subsequently attempted to negotiate a contract with All-Bilt. However an agreement was never reached.

8. Subsequently through the discovery process Affiant has learned that Harrah's had gone directly to All-Bilt as early as 1995 to have Gianna Inc., designs produced.

9. **Following the Skagit Valley installation a series of disputes arose between Gianna Inc., and Harrah's regarding Harrah's going directly to manufacturers to have Gianna Inc., designs produced and regarding royalty amounts.**

10. Gianna Inc., sent copies of all of the designs at issue in this case to Harrah's, and also sent Harrah's prototypes of several of the designs. To date Harrah's has not returned all of the prototypes.

*[signature]*
Affiant

Sworn to and subscribed before me, this 27 day of March,

*[signature]*
NOTARY PUBLIC