

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* * | | CIVIL ACTION NO. 00-0071 |
| *<br>* | | |
| VERSUS * | | SECTION " E " " (5) |
| * | | |
| * | | JUDGE MARCEL LIVAUDAIS, JR. |
| * | | |
| HARRAH'S OPERATING CO., INC., *<br>AND * | | |
| HARRAH'S ENTERTAINMENT, INC. *<br>*Defendants* * | | MAGISTRATE: JUDGE ALMA CHASEZ |
| * | | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

### MOTION FOR SUPPLEMENTAL ORDER FOR DETERMINATION UNDER RULE 54(b)

ON MOTION of the plaintiffs, Jane Galiano and Gianna, Inc. through undersigned counsel, respectfully request that this Court supplement the April 10, 2002, Order, denying Plaintiffs' Motion for Partial Summary Judgment and granting Defendants' Motion for Partial Summary Judgment to include a Rule 54(b) Certification.

On April 10, 2002, an Order was entered by this Court in the above entitled cause as follows:

IT IS ORDERED that plaintiffs' motion for partial summary judgment to enforce the settlement agreement be and is hereby DENIED; and

DATE OF ENTRY
APR 2 6 2002

IT IS ORDERED that defendants' motion for partial summary judgment dismissing plaintiffs' claim for breach of the May 6, 1996 Settlement Agreement be and is hereby GRANTED.

This is a multiple claims action, as more than one claim for relief was presented as contemplated by Rule 54(b) of the Federal Rules of Civil Procedure. In and by the order of the Court did not make the express determination that there is no just reason for delay nor did it expressly direct the entry of judgment as to the dismissal of plaintiffs' claim for breach of the May 6, 1996, Settlement Agreement.

There is no just reason for delay with respect to the entry of judgment upon the ruling dismissing plaintiffs' claim for breach of the May 6, 1996 settlement agreement. To make such a determination would render certain the appealability of the order and thus prevent a circuity or multiplicity of actions.

Plaintiffs further avers that this motion is not made for the purpose of delay but solely for the purpose of obtaining the entry of final judgment as to the ruling dismissing plaintiffs' claim for breach of the May 6, 1996 settlement agreement, whereby the determination as to the validity of the settlement agreement may be expedited.

Wherefore plaintiffs pray for a supplemental order to be entered by this Court with respect to its ruling dismissing plaintiffs' claim for breach of the May 6, 1996, Settlement Agreement, the supplemental order to include and be supported by a finding that there is no just reason for the delay with respect to the entry of judgment as provided by Rule 54(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue Suite 2500
New Orleans, Louisiana 70113
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC.<br>*Plaintiffs* | * * * * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * * | SECTION " E " " (5) |
| | * * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC.,<br>AND<br>HARRAH'S ENTERTAINMENT, INC.<br>*Defendants* | * * * * | MAGISTRATE: JUDGE ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUPPLEMENTAL ORDER FOR DETERMINATION UNDER RULE 54(b)

MAY IT PLEASE THE COURT:

On April 10, 2002, an Order was entered by this Court in the above entitled cause as follows:

IT IS ORDERED that plaintiffs' motion for partial summary judgment to enforce the settlement agreement be and is hereby DENIED; and

IT IS ORDERED that defendants' motion for partial summary judgment dismissing plaintiffs' claim for breach of the May 6, 1996 Settlement Agreement be and is hereby GRANTED.

This is a multiple claims action, as more than one claim for relief was presented as contemplated by Rule 54(b) of the Federal Rules of Civil Procedure. In and by the order of the

4

Court did not make the express determination that there is no just reason for delay nor did it expressly direct the entry of judgment as to the dismissal of plaintiffs' claim for breach of the May 6, 1996, Settlement Agreement.

The District Court may in the exercise of its discretion, convert a partial judgment into an immediately appealable final order by (a) finally resolving at least one claim, (b) expressly certifying that no just cause exist to delay the appeal from such a ruling, and (c) directing the entry of judgment on the ruling. See Rule 54(b).

**A. In the interest of substantial justice and judicial efficiency this Court should certify the April 10, 2002 judgment as a final judgment pursuant to Rule 54(b).**

The April 10, 2002, judgment dismissed one of several claims of the plaintiffs.

This case involves complex issues of fact and law. Several key witnesses reside outside of the state of Louisiana and must thus travel a substantial distance to attend the trial of this matter. Additionally this case involves a substantial amount of documents and visual exhibits which will be presented to the jury at the trial of this matter.

The complexity of the issues of fact and law, as well as the fact that several witnesses reside outside of the state of Louisiana will result in substantial expense to both plaintiffs and defendants in the preparation and trial of this case.

Should the Court of Appeals reverse this Court's ruling dismissing plaintiffs' claim for breach of the May 6, 1996, Settlement Agreement, after there has been a trial on the remaining claims, the result would force a second trial on the issue of the settlement agreement.

In the interest of justice and judicial efficiency this Court should certify the April 10, 2002, ruling as a final judgment, and allow plaintiffs' the opportunity to appeal the judgment

prior to the trial of the remaining claims. Such a ruling will minimize the possibility of the need for a second trial.

**B. The April 10, 2002, Order, involves a controlling questions of law the final resolution of which is likely to affect the future course of the litigation.**

The Court ruled that under Louisiana, a mandatary must have express authority to bind the principal. The Court specifically rejected plaintiffs' contention that the putative authority of the mandatary was sufficient to bind the principal to the transaction.

This Court also ruled that under Louisiana law, ratification can only occur when the principal does not repudiate the contract. The Court rejected plaintiffs' argument of ratification of the agreement by the filing of suit following the insistence by the defendants that the contract was a valid agreement. The Court also rejected plaintiffs' argument that a settlement agreement by its very nature can not be repudiated. There is a controlling question of law as to whether or not under Louisiana law a settlement agreement can be repudiated.

**C. There is substantial ground for difference of opinion on the legal issues which the Order resolves.**

The case law cited by both parties relating to the repudiation of a settlement agreement raises complex and important issues of Louisiana law. There is substantial ground for a difference of opinion on this as well as other legal issues involved in this Court's ruling.

The plaintiffs' asserted that a contract of "transaction or compromise" has a special protected status in the law.

Civil Code Article 3078 says in plain language that a Settlement Agreement cannot be "repudiated". Article 3078 provides that: "Transactions have, between the interested parties, a

force equal to the authority of things adjudged".

All Louisiana contracts have the "effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law". LCC Art. 1983. Only contracts of transaction or compromise have the authority of the "thing adjudged" without any judgment of Court.

Case after Louisiana case - state and federal - applies and respects the special status of a Settlement Agreement as a "thing adjudged".

Brown v. Simoneaux, 4th Cir. 1992, 91-CA-0962, 593 So.2d 939; 1992 La. App. LEXIS 87 is a good example. In Brown, as in the present case, a party who was represented by an attorney and signed a broad form release later tried to argue the settlement agreement in that case did not mean what its clear language indicated. The Court applied the plain language of the release. The Court noted that the party attacking the release was an "intelligent adult", even if he was not an attorney, or represented by an attorney. In our case the Vice President was an attorney.

An even better representation of this principal is Barbara Daigle, et al. v. Clemco Industries, et Al., 613 So. 2d 619; (La. 1993). In Daigle, a plaintiff was injured. He settled his claims, and his family settled theirs, with the defendants. The plaintiff subsequently died. The settlement agreement had waived any future causes of action. This included the wrongful death claims.

The Louisiana Supreme Court held that the agreement did not violate public policy. It held that article 3078 applied to bar the claim. It finally held that unless a party compromises "gross fault" or there is a "specific provision" of the law prohibiting the particular compromise at

issue, then the parties agreement has the force "of a thing adjudged" and a party cannot later get out of the agreement unilaterally. That is exactly what is happening in this case. No party to the compromise agreement at issue can "repudiate" the agreement. Louisiana law simply does not provide for repudiation.[1]

Case after case holds that a Settlement Agreement made out of Court supports a plea of "res judicata" in a subsequent lawsuit.

The language of 3078 is not empty verbiage. The Courts apply it literally. The best example of this is Cochgennic v. City of New Orleans, 722 So.2d 325, (La. App. 4th Cir. 1998). In this case, the plaintiff settled his case against the City of New Orleans. His attorney notarized the settlement agreement and sent it to the defendant. The plaintiff then discovered that his attorney had been disbarred prior to the settlement's finality. The Louisiana Court of Appeals upheld the settlement agreement. It held that because they are not specifically enumerated in Article 3078, a false notary entry and a disbarred attorney who concealed this fact was insufficient to set aside the agreement. The Court of Appeals used C. C. Art. 3078 to uphold the agreement. Federal Courts have made the same essential holding.

Defendants' cases all turn on the issues not present in this case, such as the lack of any document signed by all parties, or ambiguous language in the "settlement agreement" in those

---

[1] See also, Campbell v. Roman Catholic Church, 490 So. 2d 798 (La.App. 3d Cir.), writ denied, 494 So. 2d 1175 (La.1986). Cited by: Sidney R. WILHITE, v. H.I. SCHENDLE; Federal Deposit Insurance Corporation, Defendants-Appellees, and James W. Beaver; James M. Rasbery, 92 F.3rd 372, (5th Cir. 1996). Both cases holding that an agreement under Louisiana Civil Code Article 3078 cannot be attacked even for an error of law. Even when that error of law injures a party, the agreement is still enforceable.

cases - <u>not the authority of the corporate officer and attorney who signed it</u>.[2]

Harrah's cases show that there is no such thing as an anticipatory breach of a Settlement Agreement. Harrah's brief, with all respect to its able counsel, does not accurately represent the facts or the holdings of those cases.

Plaintiffs' asserted that some of Harrah's cases are cited for pure dictum. The holdings of those cases actually respect and enforce the Settlement Agreements at issue in those cases. <u>Parich v. State Farm Mutual Automobile Ins. Co.</u>, 5th Cir. 1990, 89-4636, 919 F.2d 906; <u>Salling Wiping Cloth, Inc. v. Sewell, Inc.</u>, 2d Cir.1982, 419 So.2d 112.

Harrah's other case citations all involve a very different kind of Settlement Agreement from the one in this case. None of them involve an "anticipatory breach" by a mere verbal "repudiation" of the Settlement Agreement. They all involved a Settlement Agreement which required the party asserting the validity of the Agreement to do something in order to put the

---

[2] In <u>Moak v. American Automobile Insurance Company</u>, La. 1962, 242 La. 160, 134 So.2d 911; 1961 La.LEXIS 623 the issue was whether the parties who signed the release without benefit of counsel understood that the release was a complete release.
The Court obviously gave an unrepresented party the benefit of the doubt. In other cases cited by Defendants there was nothing in writing at all! <u>Rivett v. State Farm</u>, La. 1987, 508 So.2d 1356, 1987 La.LEXIS 9529; <u>Mayeaux v. Denny's, Inc.</u>, 5th Cir. 1995, 95-CA-453, 663 So.2d 822; 1995 La.App.LEXIS 3077.
    In another case the only person who signed was an agent/mediator for both parties who did not have express or putative authority to bind both sides, and both sides did not sign the settlement agreement - obviously very different from the present case. <u>Baker v. Purselley</u>, 1st Cir. 1982, 411 So.2d 553; 1982 La.App.LEXIS 6849.
    In other cases the fact issue was the <u>scope</u> of the settlement agreement, but there was no issue as to the authority of the person who signed. <u>Brown v. Drillers, Inc.</u>, La. 1994, 93-CC-1019, 630 So.2d 741, 1994 La.LEXIS 181; <u>Munna v. Buffone</u>, 4th Cir. 1981, 404 So.2d 1008, 1981 La.App.LEXIS 5274. Here there is no issue as to the scope of the Settlement Agreement. (See headnote below).
    In other case there was no settlement agreement purporting to be signed by all of the parties. <u>Nugent v. Hartford</u>, 3d Cir. 1985, 467 So.2d 623, 1985 La.App.LEXIS 9188.

Settlement Agreement into effect.

This Settlement Agreement required Plaintiffs to do absolutely nothing except to accept a check for royalties for millions of dollars of costumes which used Jane Galiano's sketches as part or all of their design. Louisiana Civil Code Article 1756 provides that an obligation may consist of "giving, doing, or not doing something".

In all of Harrah's cases, the Court held that there was an implied condition on the part of the obligor, which made the other party's obligation to perform a conditional obligation. That did not exist in this case, which is an alleged "anticipatory breach" of a Settlement Agreement by verbal "repudiation". That was not an issue in any of Harrah's cases.

<u>Smith Const. Co. v. Brechtel</u>, Orl. App. 1951, 51 So.2d 643 held that the Settlement Agreement was conditional on payment in a given period of time. There was no alleged "anticipatory breach" by verbal "repudiation" of a Settlement Agreement.

If Harrah's failed to pay timely (which it did), Plaintiffs could of course seek to set aside the Settlement Agreement judicially. But Plaintiffs have filed this suit to enforce it, which they have every right to do! The law does not give Harrah's the option of withdrawing from a Settlement Agreement by self-help based on a mere anticipatory "verbal" repudiation of that Settlement Agreement!

<u>Midlo & Lehman v. Katz</u>, 4th Cir 1967, 4th Cir. 1967 195 So.2d 383, also holds that timely payment was a condition to the enforcement of the Settlement Agreement. It is Plaintiffs, not Harrah's, would have had that option in this case.

<u>Wall v. Hardwood Mfg., Co.</u>, La. 1911, 127 La. 959, 54 So. 300, also held that the plaintiff failed to perform a condition which required timely delivery of lumber. There was no

condition which required Plaintiffs to do anything except accept the royalty check for royalties on millions of dollars of costumes.

Harrah's did not have to put Plaintiffs in default by tendering a check for the royalties. Louisiana Civil Code Article 1989, 1990 and Revision Comments 1984.

But Plaintiffs certainly had the right to file this lawsuit to enforce the Settlement Agreement in spite of their mere words to the contrary. "An obligee who has not put his debtor in default before filing suit is deemed to do so at the moment of filing." Revision Comments 1984 to LCC 1989.

Harrah's had the right to sue to set aside the Settlement Agreement. It did not do so. It could have tendered a real check for real royalties for orders placed before and after the signing of the Settlement Agreement. It did not do so. If it chooses to rely on mere words by Plaintiff, it breaches the Settlement Agreement at its peril. FRCP 60B, La. CCP 2001 and the case law cited in Plaintiffs' Briefs. Harrah's could and should have known that mere words do not set aside a Settlement Agreement which is res judicata.

There is very strong public policy behind these rules of law. If Harrah's had ever tendered a check for the royalties on the millions of dollars of costumes it bought using plaintiff's designs, Plaintiffs would have accepted it.

Those policy reasons fit this case like a glove. Harrah's had no intention of abiding by the Settlement Agreement if it required Harrah's to pay any substantial royalties.

Nor does Harrah's argument that the Settlement Agreement must be clear tip the scales against Plaintiffs' motion. The language of the Civil Code is very clear: "Where the words of a contract are clear and explicit, and lead to no absurd consequences, no further interpretation may

be made in search of the parties' intent." LCC Art. 2046.

Further there is substantial ground for a difference of opinion as to whether or not actual authority was required under Louisiana law for Buhrer to bind Gianna Inc., to the settlement agreement. This Court's ruling a mandatary must have express authority to bind the principal to a settlement agreement under Louisiana law will effect the resolution of many other cases involving settlement agreements, and thus it is appropriate for this question of law to be certified for immediate appeal.

**D. An immediate appeal from the interlocutory order may materially advance the ultimate termination of the litigation, and avoid the expense of protracted litigation.**

An immediate appeal from this interlocutory order will eliminate the possibility of the parties having to try this case twice.

This case involves complex issues of fact and law. Many witnesses reside outside of the state of Louisiana. There is a substantial number of business records and visual exhibits which both parties will present to the jury at the trial of this matter.

In the event that the Court of Appeals should reverse the decision of this Court on the issue of the validity of the May 6, 1996, settlement agreement, the parties would bear the great expense of a second trial.

In the interest of judicial efficiency and substantial justice this Court should certify the April 10, 2002, Order, and allow plaintiffs to take an immediate appeal.

Respectfully submitted,

*[signature]*

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue Suite 2500
New Orleans, Louisiana 70113
Telephone: (504) 529-4141
Facsimile:   (504) 561-0326
Attorneys for plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* * | | CIVIL ACTION NO. 00-0071 |
| VERSUS * | | SECTION " E " " (5) |
| * | | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., *<br>AND *<br>HARRAH'S ENTERTAINMENT, INC. *<br>*Defendants* * | | MAGISTRATE: JUDGE ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Considering the forgoing Motion for Supplemental Order for Determination Under Rule 54(b),

**IT IS ORDERED** by the Court that Plaintiffs' Motion for Supplemental Order for Determination Under Rule 54(b) be filed into the record of the above entitled cause of action;

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* * <br> * <br> * | | CIVIL ACTION NO. 00-0071 |
| VERSUS * <br> * <br> * <br> * | | SECTION " E " " (5) <br><br> JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., * <br> AND * <br> HARRAH'S ENTERTAINMENT, INC. * <br> *Defendants* * <br> * | | MAGISTRATE: JUDGE ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Supplemental Order for Determination Under Rule 54(b), has been served upon:

> Joseph W. Looney, T.A.
> Kristen P. Biever
> Adams and Reese LLP
> 4500 One Shell Square
> New Orleans, Louisiana 70139
> Attorney for Defendants,
> Harrah's Operating Co., Inc. and
> Harrah's Entertainment, Inc.

by facsimile and hand delivery of a copy of same on the 22nd day of April, 2002.

_____
SIDNEY L. SHUSHAN