FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY -7 PM 4:32

LORETTA G. WHYTE
   CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE GALIANO and GIANNA, INC. *<br>Plaintiffs *<br> *<br>versus *<br> *<br>HARRAH'S OPERATING CO., INC. *<br>And *<br>HARRAH'S ENTERTAINMENT, INC. *<br>Defendants *<br> * | CIVIL ACTION<br><br>No. 00-0071<br><br>SECTION "E"(5) |

********************************************

OPPOSITION OF HARRAH'S OPERATING CO., INC.
AND HARRAH'S ENTERTAINMENT, INC. TO
MOTION FOR ORDER PERMITTING APPEAL OF INTERLOCUTORY ORDER
AND MOTION FOR SUPPLEMENTAL ORDER DETERMINATION
UNDER RULE 54(b) FILED BY JANE GALIANO AND GIANNA, INC.

MAY IT PLEASE THE COURT:

Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc. ("Defendants") file this Opposition to the Plaintiffs' Motion Permitting Appeal of Interlocutory Order and Plaintiffs' Motion for Supplemental Order Determination Under Rule 54(b). Plaintiffs seek an immediate appeal from this Court's Order of April 10, 2002, that denied their Motion for Partial Summary Judgment and granted Defendants' Motion for Partial Summary Judgment. Plaintiffs have pled several other grounds for recovery besides the breach of contract claim, all of which claims remain to be

litigated. Appealing only the breach of contract dismissal in advance of resolution of the others in this case is not justified under applicable law.

1. **The Court's Judgment Does Not Involve A Harsh Result That Would Justify An Interlocutory Appeal Under F.R.C.P. 54(b).**

Plaintiffs move this Court to enter a final judgment on the breach of contract claim under Rule 54(b) which provides as follows:

> **(b) Judgment Upon Multiple Claims Or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

F.R. Civ. P. 54(b). Plaintiffs argue that there is no just reason for delay and thus their case for a Rule 54(b) order is established. Plaintiffs entirely fail to address that Rule 54(b) is not designed to overturn the settled federal policies limiting piecemeal disposal of litigation and permitting appeals only from final judgments. Under Rule 54(b) a court's discretion is exercised only to "afford a remedy in the infrequent harsh case." Advisory Committee Notes, 1946 amendment, *Federal Civil Judicial Procedure and Rules* (West Group 2001 ed.)

Plaintiffs have made no showing of hardship that normal case management would cause here. Plaintiffs' argument that a duplicative trial could be avoided by an immediate appellate review of the breach of contract claim is not sufficient in light of the posture of this case. Plaintiffs informed this Court at a status conference before the Court rendered its judgment that they could try their case in at most three days even including the breach of contract claim. Without the breach claim trial

should be even shorter. Such a short trial would not involve inordinate or "harsh" expense even if some portion had to be retried after an appeal. Certainly Plaintiffs have made no showing that a remand for new trial would be any "harsher" in this case than in others.

Certification under Rule 54(b) is to be used sparingly and deliberately, *Jasmin v. Dumas, et al.*, 726 F.2d 242 (5th Cir. 1984); it should not be granted routinely, but only where there exists some danger of hardship or injustice if entry of judgment is delayed. *Shell Oil Refinery v. Shell Oil Company*, 1991 WL 211570 *1 (E.D.La. 1991).

Indeed, Rule 54(b) has the potential to multiply litigation costs for parties and for the appellate court. *Ettrick v. Wood Products, Inc.*, 916 F.2d 1211 (7th Cir. 1990). No doubt it would do so here. Breaking up the case at this point would also circumvent the purpose of Rule 56(d) which encourages the use of partial summary judgments to speed up litigation by eliminating matters before trial about which there is no genuine issue of fact. Rule 56(d) and Rule 16 vest the trial court with discretion to use partial summary judgments and preliminary orders to facilitate timely resolution of its cases. Advisory Committee Notes, 1946 amendment to subdivision (d), *Federal Civil Judicial Procedure and Rules, supra*.

Plaintiffs have failed to offer any valid justification for the piecemeal adjudication and appellate process they encourage this Court to authorize. Consequently, Plaintiffs have set forth no basis for relief under Rule 54(b) in this case.

2.  **This Is Not A Case For Certification Under 28 U.S.C. A. § 1292(b).**

Plaintiffs have also failed to show why the judgment should be certified under 28 U.S.C.A. §1292(b). That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C.A. § 1292(b).

Thus, the rule prohibits this Court from certifying an order for interlocutory appeal unless the moving party has demonstrated that the matter involves (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. *Steel Coins, Inc. v. M/V Lake Marion*, 2000 WL 1801842, *2 (E.D. La. 2000). Plaintiffs must establish all of these criteria. *Complaint of L.L.P. & D. Marine, Inc.*, 1998 WL 66100, *1 (E.D. La. 1998).

a.  **Plaintiffs Have Not Raised A Controlling Issue Of Law As To Which There is Substantial Ground For Difference Of Opinion.**

The issue Plaintiffs have raised -- whether a settlement agreement can be repudiated -- is neither controlling nor subject to a legitimate difference of opinion.

First, the judgment Plaintiffs seek to appeal dismissed Plaintiffs' breach of contract claim because Plaintiffs had failed to show a valid contract. The Court's finding that Plaintiffs had repudiated the settlement agreement, although clearly supported by the facts, was not the controlling issue. Equally or more controlling was the Court's finding that the person who signed the settlement agreement lacked

4

the authority necessary to bind Gianna, Inc. to the settlement agreement. This finding was supported by undisputed evidence in the form of Gianna, Inc.'s Articles and By-Laws as well as the absence of a corporate resolution. Gianna, Inc. itself initially insisted this evidence precluded a meeting of the minds.

The Court also found, again on undisputed evidence, that Gianna, Inc. did not ratify the signatory's act; to the contrary, Gianna, Inc. repudiated the act. This, too, was an essential finding. The Court properly considered Gianna, Inc.'s own correspondence and the correspondence of its counsel, all of which insisted that the settlement was invalid and without effect.

Moreover, that evidence established that Gianna, Inc. intentionally renounced the release from claims set forth in the settlement agreement, and instead demanded $500,000 to release those very claims.

Plaintiffs failed to explain how their renege on the settlement agreement and demand of hundreds of thousands of dollars to settle could constitute ratification. Of course they cannot.

It is incumbent on Plaintiffs to show some authority in the Fifth Circuit or the Louisiana courts to demonstrate that the issue they seek to appeal not only has merit but is the subject of dispute. This Court has held that where the law is settled on the issue sought to be appealed, a motion for interlocutory appeal is without merit. *See, Gonzalez v. Trinity Marine Group, Inc.*, 1996 WL 403830 (E.D. La. 1996) (where the issue of determining whether an employment relationship exists has been clearly expressed by controlling Fifth Circuit authority, there is no substantial ground for difference of opinion.) Plaintiffs have cited no Fifth Circuit law to suggest that this Court's holding on invalidity of the contract was clearly wrong or even open to

question. Plaintiffs may not rest on their own difference of opinion. They must set forth authority that recognized the questionable nature of a decision. This they have not done and cannot do.

Even had the Court ruled that the contract was initially valid or had been properly ratified, Plaintiffs' conduct in renouncing the settlement agreement and reneging on its terms also clearly demonstrates a failure to perform in accordance with the settlement's terms. The Fifth Circuit has held that performance in accordance with a settlement agreement's terms is an essential element in an action to enforce a settlement agreement. *Parich v. State Farm Mutual Auto Ins. Co.*, 919 F.2d 906 (5th Cir. 1990). The Fifth Circuit noted several Louisiana cases suggesting that a material breach by one party to a compromise agreement abrogates the compromise agreement. *Id.* at 917. Plaintiffs have cited no contrary authority, and thus have not shown a difference of opinion in the Fifth Circuit or the Louisiana courts. Plaintiffs' citation to Civil Code article 3078 on compromises having the authority of the thing adjudged is not contrary authority on this issue. The article has no application to an invalid settlement agreement. Their discussion of *Brown v. Simoneaux*, *Daigle* and *Cochennic*, repeated verbatim in their last three briefs, is not helpful either. All of those cases involved parties who were attempting to sue on claims that they had settled. None of the cases on which Plaintiffs rely involved the situation at bar where a party refused to perform in accordance with the terms of a settlement agreement and then sued to make the other party perform under that agreement.

In summary, the issue on which Plaintiffs seek an appeal -- whether a settlement agreement can be repudiated -- is not the controlling issue on Plaintiffs'

6

judgment, nor does it present a substantial ground for difference of opinion. For this reason alone Section 1292(b) certification should be denied.

      b.      **Certification Under Rule 1292(b) Would Not Materially Advance The Ultimate Termination of the Litigation, The Final Requirement For Certification.**

Plaintiffs would still have to litigate their other claims for copyright infringement, unfair trade practice and unjust enrichment, even if the ruling dismissing the breach of contract claim were reversed. Such a reversal would only serve to re-introduce the breach of contract claim. That claim would then have to be again resolved in addition to all Plaintiffs' other claims. The Fifth Circuit has held that certification is particularly inappropriate when a party has claims remaining for adjudication by the finder of fact. *A.A. Spurlin v. General Motors Corp.*, 426 F.2d 294 (5th Cir. 1970). This is not a case where the judgment to be appealed involves a central factual or legal issue, for example, on which all the claims depend. The judgment held only that the contract that was allegedly breached was invalid. The validity *vel non* of the contract does not dispose of the copyright infringement issue or the unfair trade practice or the unjust enrichment issues. Thus, if a court of appeals were to decide that the contract was valid, the case would not be disposed of any more expeditiously, and probably less so.

Moreover, the appeal process itself is likely to result in delays. As noted in *Clark-Dietz and Assoc.-Engineers v. Basic Construction Co.*, 702 F.2d 67 (5th Cir. 1983), even under a favorable docket, decision of an appeal would take six months, and much longer where dockets are backed up. The well-established general rule that

7

only final judgments can be subject to appeal avoids delays and piecemeal appeals. 702 F.2d at 69.

Interlocutory appeals are the rare exception; the strong judicial policy disfavoring piecemeal appeals is the rule. *Complaint of L.L.P. & D. Marine, supra*, at *1. Plaintiffs have not even approached the substantial showing necessary to have this Court depart from the rule.

### CONCLUSION

Plaintiffs have shown no basis for converting this interlocutory judgment into an appeal at this juncture. An appeal would be as likely to delay this matter as to expedite it. Moreover, Plaintiffs have failed to show any particular harshness or injustice from allowing this matter to be handled in the trial court pursuant to the Court's broad discretionary powers to manage its cases. The issue on which Plaintiffs seek an appeal is not sufficiently controlling or subject to dispute to require an immediate appeal. Thus, Plaintiffs have failed to make a case under Rule 54(b) or 28 U.S.C. § 1292(b) for the appeal they seek at this juncture. The motion should be denied.

          Respectfully submitted,

          ADAMS AND REESE LLP

          Joseph W. Looney, T.A. (8773)
          Melissa S. LaBauve (25745)
          Kristen Pate Biever (27382)
          4500 One Shell Square
          New Orleans, Louisiana 70139
          Tel: (504) 581-3234
          Fax: (504) 566-0210
          *Attorneys for Defendants,*
          *Harrah's Operating Co., Inc.*
          *and Harrah's Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2002, I have served a copy of the foregoing pleading on counsel for plaintiffs via facsimile and by hand.

_____