

```
            FILED
       U.S. DISTRICT COURT
      EASTERN DISTRICT OF LA

      2002 MAY 15  P 4: 26

      LORETTA G. WHYTE
            CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALIANO and GIANNA, INC.                CIVIL ACTION

versus                                        No. 00-0071

HARRAH'S OPERATING CO., INC. and              SECTION: E/5
HARRAH'S ENTERTAINMENT, INC.

### ORDER AND REASONS

Plaintiffs Jane Galiano and Gianna, Inc., have filed two motions: (1) motion for a supplemental order for determination under Rule 54(b) (R. D. #182) and/or, (2) motion for order permitting appeal of interlocutory order under 28 U.S.C. 1292(b) (R. D. #183), of the court's ruling on cross motions for partial summary judgment (R. D. #171). That ruling granted defendants' motion for partial summary judgment and denied plaintiffs' motion for partial summary judgment on plaintiffs' claim for breach of a settlement agreement. Defendants oppose the motions.

### BACKGROUND

1



```
DATE OF ENTRY
 MAY 16 2002
```

This matter involves multiple claims, one of which is for breach of the settlement agreement at issue in this motion. Plaintiffs Gianna, Inc., and its president, Jane Galiano and defendant Harrah's Operating Co. entered into a "Design Consultation Agreement" in 1995 pursuant to which plaintiff was to provide design services to Harrah's for uniforms for employees of various casinos. Gianna invoiced Harrah's $7,500.00 monthly for the consulting services rendered pursuant to the Consultation Agreement. Several disputes arose between the parties and negotiations for an extension of the Agreement, or a new one, failed.

Ultimately, on May 6, 1996, the parties entered into the written settlement agreement at issue. The settlement agreement was signed on behalf of Gianna by Scott Buhrer, a vice president and director of Gianna, Inc. Harrah's sent Gianna a check for $7,500.00 which Gianna cashed. However, within a few weeks, Ms. Galiano wrote Harrah's repudiating the settlement agreement because Buhrer did not have authority to sign it; Harrah's claimed the settlement was valid and enforceable. Ultimately, the parties

reversed positions with Gianna filing suit claiming Harrah's breached the settlement agreement and Harrah's claiming that the agreement was not valid or enforceable.

## FED. R. CIV. P. 54(b)

Rule 54(b) provides that when more than one claim for relief is presented in an action, the court may direct entry of a final judgment as to one or more, but fewer than all, claims "upon an express determination that there is no just reason for delay...."

> Rule 54(b) was adopted to avoid the possible injustice that might result in some cases from a delay in the effectiveness of a decision on a distinctly separate clam while the parties awaited adjudication of the entire case. It was not designed to overturn the settled federal rule against piecemeal appeals. It grants "a discretionary power to afford a remedy in the infrequent harsh case." Notes of Advisory Committee on Rules concerning 1946 amendments. ... A request for entry of final judgment and certification under this rule is, therefore, not to be granted routinely. The procedure should be sparingly and deliberately used for it brings parts of a case before the court seriatim.

Jasmin v. Dumas, 726 F.2d 242, 244 (5th Cir. 1984) (citations omitted). Rule 54(b) certification is limited to orders that would be final if entered in a simple single-claim two party case. DeMelo v. Woolsey Marine Industries, Inc., 677 F.2d 1030, 1032 (5th

3

Cir. 1982) (citations omitted.)

Plaintiffs argue that the case involves complex issues of fact and law, and that if the appellate court reverses the district court's grant of partial summary judgment in favor of defendants, the claims relating to the settlement agreement would have to be tried after the trial on all remaining claims, at substantial expense and inconvenience to the litigants and inconvenience to the court. The remaining claims include breach of the original consulting contract, copyright infringement, unfair trade practices and unjust enrichment. All causes of action arise out of the same factual scenario. Plaintiffs allege that Harrah's used some of Gianna's designs for uniforms in various casinos without paying Gianna for the use of the designs pursuant to the terms of the consulting contract and/or the settlement agreement. Harrah's countered that the designs used were not exclusively Gianna's designs for which Gianna is entitled to payment, and if they were, the uniform manufacturer and not Harrah's is responsible for payment to Gianna. Plaintiff is correct that if the district court's judgment as to the settlement agreement is reversed, many

of the same witnesses and evidence would be needed for a trial on the issue of breach of the settlement agreement.

Harrah's argues that according to plaintiffs' assertions, they can try the entire case in three days, and that without the breach of the settlement agreement claim, a trial would be even shorter. According to Harrah's opposition, such a "short trial would not involve inordinate or 'harsh' expense" justifying certification under Rule 54(b), even if a retrial of the claim at issue were necessary. Opposition memorandum at pp. 2-3. Harrah's does not indicate how long the defense presentation would take in either trial.

Plaintiffs further argue that the court's judgment involves controlling questions of law, the final resolution of which is likely to affect the future course of the litigation.[1] That

---

[1] Plaintiffs state that the court held that under Louisiana law, a mandatary must have express authority to bind the principal, rejecting plaintiffs' argument that putative authority was sufficient to bind the principal to the transaction. This is a misstatement of the court's ruling as discussed in the body of this ruling.
    Plaintiffs further argue the settlement is valid and enforceable as a compromise pursuant to La. Civ. Code art. 3071, and because it has the "authority of things adjudged" as provided in La. Civ. Code art. 3078 it cannot simply be repudiated by one of the parties. The district court reasoned that the compromise agreement was invalid *ab initio* because the agent lacked authority to execute it on behalf of his principal, thus it cannot have the "authority of

question is whether La. Civ. Code art. 2997 controls over article 3021.[2] The court held that La. Civ. Code arts. 2996 and 2997 were controlling. Article 2996 states that "[a] mandate conceived in general terms, confers only a power of administration. If it be necessary to alienate or give a mortgage, or do any other act of ownership, the power must be express." That is immediately followed by article 2997 which specifies: "Thus the power must be express for the following purposes: ... (6) to compromise or refer a matter to arbitration." Under La. Civ. C. art. 3021, "[t]he principal is bound to execute the engagements contracted by the attorney, conformably to the power confided to him. For anything further he is not bound, except as he has expressly ratified it." Plaintiffs' produced no evidence of express authority authorizing plaintiffs' agent who actually signed the compromise and settlement agreement to in fact sign the compromise and settlement agreement on behalf of the principal.

Plaintiffs argue in their reply brief, at p. 2, that <u>First</u>

---

things adjudged".

[2]Louisiana Civil Code of 1996 applies in this case.

6

Interstate Bank of Texas, N.A. v. First National Bank of Jefferson, 928 F.2d 153 (5th Cir. 1991) supports the argument that the agent had apparent authority to execute the settlement agreement, therefore did not need express authority as required by article 2997. In that case, the Fifth Circuit noted that article 2997 prevents a party from recovering under an implied actual authority theory. Id. at 157. However, that Court went on to explain as follows:

> A corporation will be liable to a third party for the unauthorized acts of its agent under the doctrine of apparent authority if (1) the corporation manifests the agent's authority to the third party, and (2) the third party reasonably relies on the agent's purported authority as a result of the manifestation.

Id., citing Southwest Motor Leasing, Inc. v. Matthews Lumber Co., 325 So.2d 870, 873 (La. App. 2 Cir. 1976). The Court's discussion of apparent authority did not mention La. Civ. Code art. 3021.

The court concludes that certification of the court's order granting partial summary judgment to defendants on plaintiffs' claim of breach of the settlement agreement may avoid the possibility of a second trial involving the same operative facts. If the district court's order is affirmed, trial on the remaining

7

claims can proceed. If the district court's order is reversed, then all claims can be tried together avoiding duplicative trial on one claim individually.

## 28 U.S.C. § 1292(B)

"[S]ection 1292(b), entitled "Interlocutory decisions", is clearly directed at orders which are interlocutory in nature." DeMelo, 677 F.2d at 1032. The order in question disposed of one of several separate claims against defendants. Had this been a simple one claim case, the order would have the "requisite finality" to be appealable under 28 U.S.C. 1291. See, e.g., id. at 1031. The proper procedural route for appeal of the challenged order is certification under Rule 54(b). Id. The court need not address the motion for an order permitting an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of plaintiffs Jane Galiano and Gianna, Inc., for a supplemental order for determination under Rule 54(b) be and is hereby **GRANTED;** and,

**IT IS FURTHER ORDERED,** finding no just reason for delay, the

district court's order entered at Record Document # 171 on April 10, 2002, be and is hereby **CERTIFIED** for appeal pursuant to Federal Rule of Civil Procedure 54(b); and

**IT IS FURTHER ORDERED** that the motion of plaintiffs Jane Galiano and Gianna, Inc., for order permitting appeal of interlocutory order be and is hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana, May 15, 2002.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge