# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

—————————————

No. 02-30578

—————————————

D.C. Docket No. 00-CV-71-E

U.S. COURT OF APPEALS

**FILED**

MAY 1 4 2003

CHARLES R. FULBRUGE III
CLERK



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED    JUN - 9 2003
LORETTA G. WHYTE
CLERK

JANE GALIANO; GIANNA INC

                Plaintiffs - Appellants

  v.

HARRAH'S OPERATING COMPANY INC;
HARRAH'S ENTERTAINMENT INC

                Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before SMITH and BARKSDALE, Circuit Judges, and DUPLANTIER, District
Judge.*

J U D G M E N T

      This cause was considered on the record on appeal and was
argued by counsel.

      It is ordered and adjudged that the judgment of the District
Court is affirmed.

      IT IS FURTHER ORDERED that plaintiffs-appellants pay to
defendants-appellees the costs on appeal to be taxed by the Clerk of
this Court.

ISSUED AS MANDATE: JUN 0 5 2003

*District Judge of the Eastern District of Louisiana, sitting by
designation.

OP-OA-J-1

A true copy
     Test

Clerk, U. S. Court of Appeals, Fifth Circuit

By _____
           Deputy

New Orleans, Louisiana    JUN 0 5 2003

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No. 199

United States Court of Appeals
Fifth Circuit

# F I L E D

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-30578

---

JANE GALIANO; GIANNA, INC.,

Plaintiffs-Appellants,

VERSUS

HARRAH'S OPERATING COMPANY INC., HARRAH'S ENTERTAINMENT, INC.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
00-CV-0071

---

Before SMITH and BARKSDALE, Circuit Judges, and DUPLANTIER, District Judge[*]

PER CURIAM:[**]

Jane Galiano and Gianna, Inc. (collectively "Gianna") filed suit against Harrah's

Entertainment Company, Inc. and Harrah's Operating Company, Inc. (collectively "Harrah's")

---

[*]    District Judge for the Eastern District of Louisiana, sitting by designation.

[**]    Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published

and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

asserting various claims, including claims arising out of a "Design Consulting Agreement" entered into between Gianna and Harrah's. The district court entered partial summary judgment against Gianna on one of those claims, which seeks to enforce a settlement entered into between the parties, related to the Design Consulting Agreement. Gianna appeals; we affirm.

In September 1995, Gianna and Harrah's entered into a "Design Consulting Agreement," under which Gianna agreed to create a national costume design collection for Harrah's casinos. As compensation Harrah's agreed to pay Gianna a monthly fee as well as a design royalty on Gianna-designed garments. In December 1995, when negotiations to extend that agreement failed, the agreement expired. A dispute arose concerning the fees and the royalties owed to Gianna under the Design Consulting Agreement.

On May 6, 1996, a meeting was held to attempt to settle the dispute. The meeting was attended by Connie Albright and Jan Starnes on behalf of Harrah's and by Scott Buhrer, Gianna's vice president, and Jane Galiano, Gianna's president, on behalf of Gianna. A settlement was reached at the meeting. Galiano left the meeting before it ended; it is not clear from the record whether the settlement was reached prior to the time Galiano left the meeting.

The settlement agreement provided that Harrah's would pay Gianna $7,500 before May 20, 1996, listed the garments for which no past or future royalties would be paid, and identified the garments for which Harrah's would pay royalties to Gianna. The agreement contained a mutual release of all claims arising under the Design Consulting Agreement. The agreement required no further services by Gianna. Buhrer signed the agreement on behalf of Gianna.

On May 15 Harrah's sent Gianna a check in the amount of $7,500 which Gianna negotiated.

2

Approximately two weeks thereafter, Galiano, on behalf of Gianna, wrote the president of Harrah's, stating that Buhrer had no authority to enter into the settlement agreement and that the settlement was "absolutely void." Shortly thereafter Harrah's responded to Galiano's letter, asserting that the settlement agreement was valid. On September 18 Gianna's attorney wrote Harrah's, reiterating that the settlement agreement was void because Buhrer lacked authority to execute it and proposing a new settlement of Gianna's claims, which would have required Harrah's to pay an additional $500,000. Harrah's attorney responded promptly that the May 6 settlement agreement was valid and that Harrah's would make no other settlement proposal. Nearly four years elapsed before Gianna filed this suit, asserting claims against Harrah's for damages for copyright infringement, breach of the Design Consulting Agreement, unfair trade practices, and unjust enrichment, and seeking to enforce the settlement agreement which it had earlier repudiated.

The parties filed cross-motions for partial summary judgment on the settlement agreement claim. The district court granted Harrah's motion, concluding that there was no valid settlement agreement because Buhrer lacked the requisite express authority to enter into it on behalf of Gianna. The district court also concluded that Gianna, having repudiated the settlement agreement by taking the position that Buhrer was not authorized to execute it, could not thereafter enforce it. The district court granted Gianna's motion to enter a final appealable judgment pursuant to Federal Rule of Civil Procedure 54(b).

We review the district court's grant of a motion for summary judgment *de novo*; in doing so we apply the same standards applicable to the district court. *Roberts v. Energy Development Corporation*, 235 F.3d 935, 938 (5th Cir. 2000). Summary judgment is properly granted only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter

3

of law. Fed. R. Civ. Pro. 56(c). The evidence is viewed in the light most favorable to the non-moving party. *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). There is no dispute with respect to any material fact related to the claim dismissed by the district court; hence summary judgment is appropriate.

It is undisputed that Louisiana law applies to this diversity case. The parties and the district court discuss at length whether Article 2997 of the Louisiana Civil Code, which requires that a mandatary have express authority to compromise a claim, applies in this case, and if so, whether Buhrer had express authority to execute the settlement agreement. We need not address that issue; assuming *arguendo* that the settlement agreement was valid Gianna cannot enforce it.

A compromise is "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner in which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." La. Civ. C. art. 3071. Clearly, one of the primary purposes of a settlement agreement is to put an end to litigation. *See Rivett v. State Farm Fire and Cas. Co.*, 508 So.2d 1356, 1359 (La. 1987). "A contract which does not put an end to the dispute through mutual concessions cannot constitute a compromise." *Id.* at 1361.

A compromise is abrogated by a breach of the agreement and cannot thereafter be enforced. *Midlo & Lehmann v. Katz*, 195 So.2d 383, 385 (La. App. 4th Cir. 1967); *Smith Construction Co. v. Brechtel*, 51 So.2d 643, 644 (La. App. Orleans 1951). The settlement agreement imposed upon Gianna a primary obligation, to refrain from asserting thereafter any claims against Harrah's under the Design Consulting Agreement. Almost immediately, Gianna not only disavowed Buhrer's authority to enter the agreement, but also failed to comply with the one obligation imposed upon it

4

by the settlement agreement. Within one month after the settlement agreement was entered into, in a letter to Harrah's Gianna began to assert further claims under the consulting agreement: "the lingering issue of Harrah's debts and obligations owed to Gianna, Inc. pursuant to the terms and conditions of the ... Design Consulting Agreement remains unresolved." Thereafter Gianna's lawyer wrote to Harrah's again repudiating the May 6 settlement agreement and again asserting claims under the Design Consulting Agreement: "[i]n the spirit of compromise and settlement and in an attempt to avoid the normal cost and unpleasant aspects of litigation, Gianna, Inc. is now tendering two proposals for settlement of all claims by Gianna, Inc. against Harrah's arising from the ... Design Consulting Agreement." As previously noted, both proposals required Harrah's to pay to Gianna an additional $500,000.

Because Gianna breached the settlement agreement by continuing to urge claims against Harrah's under the Design Consulting Agreement, Gianna cannot enforce the settlement agreement.

We affirm the district court's judgment.

5

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS

**F I L E D**

MAY 16 2003

CHARLES R. FULBRUGE III
CLERK

BILL OF COSTS

**NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion*. See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.**

Jane Galiano and Gianna, Inc.    v.    Harrah's Operating/Harrah's Entertain,    No.    02-30578

The Clerk is requested to tax the following costs against: Plaintiffs-Appellants, Jane Galiano and Gianna, Inc.

| COSTS TAXABLE UNDER FED. R. APP. P. & 5TH CIR. R. 39 | REQUESTED | | | | ALLOWED (if different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket fee ($100.00) | | | | | | | | |
| Appendix or Record Excerpts | 8 | 29 | .25 | 58.00 | 8 | 29 | 25 | 58.00 |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 10 | 57 | .25 | 142.50 | 10 | 57 | 25 | 142.50 |
| Appellant's Reply Brief | | | | | | | | |
| Other: Binding of briefs and record excerpts | 18 | | 2.50 | 45.00 | 18 | | 1.50 | 27.00 |
| | | | Total $ | 245.50 | | | Costs are taxed in the amount of $ | 227.50 |

Costs are hereby taxed in the amount of $ $227.50 this 5 day of June 2003

State of
County of

CHARLES R. FULBRUGE III, CLERK

By _____
Deputy Clerk

I    Joseph W. Looney    , do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 16th day of May 2003.

_____
(Signature)

Attorney for Defendants-Appellees, Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc.

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS

U.S. COURT OF APPEALS
RECEIVED
MAY 16 2003
NEW ORLEANS, LA

OP-JDT-7

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**CHARLES R. FULBRUGE III**
**CLERK**

**TEL. 504-310-7700**
**600 CAMP STREET**
**NEW ORLEANS, LA 70130**

June 5, 2003



Ms Loretta Whyte, Clerk
Eastern District of Louisiana, New Orleans
United States District Court
Room C-151
500 Camp Street
New Orleans, LA 70130

No. 02-30578 Galiano v. Harrah's Oprt Co Inc
USDC No.   00-CV-71-E

Enclosed, for the district court only, is a certified copy of the
judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's
opinion.

Record/original papers/exhibits are returned:

( 10 ) Volumes    (   ) Envelopes    ( 1 ) Box

Enclosed for the district court and counsel is the approved bill of
costs.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: *Rhonda M. Ferrara*
    ──────────────────────────────
    Rhonda M. Ferrara, Deputy Clerk
    504-310-7703

cc: (letter only)
    Honorable Marcel Livaudais Jr
    Mr Sidney L Shushan
    Mr Joseph W Looney