

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *Plaintiffs* | * * * * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * * | SECTION " E " " (5) |
| | * * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. *Defendants* | * * * * | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

### MOTION FOR LEAVE
### TO TAKE ORAL AND VIDEO DEPOSITION FOR USE AT TRIAL

Now come plaintiffs, Jane Galiano and Gianna, Inc., who respectfully move the Court for an Order pursuant to Rule 30 of the Federal Rules of Civil Procedure, granting Jane Gailiano and Gianna, Inc., leave to take the oral and video deposition of Connie Albright and Jan Starnes, whose residences are in Florida and California respectively, and who will be called as witnesses during trial. The deponents have knowledge of the facts, files, writings, books, papers, and documents pertaining to transactions that are the subject matter of the above matter. The oral and video depositions will relieve the witnesses of being present at the trial, and will reduce the

burden of travel to Louisiana to testify during trial.

Subsequent to the first deposition of Ms Albright and Ms. Starnes, numerous boxes of documents were produced by All-Bilt Fashions that evidenced uniform and costume orders by Harrah's. These documents were unavailable at either Ms Albright's or Ms. Starnes' previous depositions, and are crucial to plaintiffs claims Therefore, plaintiffs request a second deposition of both Ms. Albright and Ms. Starnes regarding their personal knowledge of the subsequently produced documents and to avoid the necessity of requiring their appearance at trial.

                                      Respectfully submitted,

                                      _____
                                      SIDNEY L. SHUSHAN, # 12055
                                      JONATHAN M. SHUSHAN, #21977
                                      BRAIN L. GLORIOSO, # 27226
                                      Guste, Barnett, & Shushan, L.L.P.
                                      Attorneys for Plaintiffs,
                                      Jane Galiano and Gianna, Inc.
                                      639 Loyola Avenue, Suite 2500
                                      New Orleans, La. 70113
                                      Telephone. 504-529-4141
                                      Direct Line: 504-681-4519
                                      Facsimile. 504-561-0326

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* * | CIVIL ACTION NO. 00-0071 |
| VERSUS * | SECTION " E" " (5) |
| * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., *<br>AND *<br>HARRAH'S ENTERTAINMENT, INC. *<br>*Defendants* * | MAGISTRATE JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The motion of plaintiffs, Jane Galiano and Gianna, Inc., for leave to take the **oral** and video deposition of Connie Albright and Jan Starnes was heard on _____ day of _____, 2003, and the court being fully advised, is of the opinion that there is urgent necessity for the taking of the deposition,

**IT IS ORDERED** that the oral and video deposition of Connie Albright and Jan Starnes may be taken by plaintiffs after the December 21, 2003, discovery deadline date.

New Orleans, Louisiana this _____ day of _____, 2003.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* * <br> * <br> * | | CIVIL ACTION NO. 00-0071 |
| VERSUS * <br> * <br> * <br> * | | SECTION " E " " (5) <br><br> JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., * <br> AND * <br> HARRAH'S ENTERTAINMENT, INC * <br> *Defendants* * <br> * | | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Leave to Take Oral and Video Depositions Pursuant to Federal Rules of Civil Procedure 30(a)(2)(B) and 30(b)(2) and (3) and Memorandum in support has been served upon:

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same on the 12th day of December, 2003.

_____
BRIAN L. GLORIOSO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC.<br>*Plaintiffs* | * * * * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * * * * | SECTION " E" " (5)<br><br>JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC.,<br>AND<br>HARRAH'S ENTERTAINMENT, INC.<br>*Defendants* | * * * * | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TAKE ORAL AND VIDEO DEPOSITIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30 (a)(2)(B) and 30 (b)(2) and (3).

MAY IT PLEASE THE COURT:

Plaintiffs respectfully ask this Court for leave to take oral and video depositions for trial pursuant to Federal Rules of Civil Procedure 30 (a)(2)(B) and 30 (b)(2) and (3).

Plaintiffs, pursuant to Federal Rule of Civil Procedure 30 (b)(2) and (3) desire to take the oral and video depositions of Connie Albright and Jan Starnes, whose residences are in Florida and California, respectively, and who will be called as witnesses during trial. Plaintiffs originally desired to depose the above individuals prior to December 21, 2003, as evidenced by the annexed Notices of Depositions. (See Annex B of the attached Pro Se Verbal for Jan Starnes - Exhibit 1). However, both witnesses were unavailable for their respective deposition. Therefore, plaintiffs request leave of Court to take the depositions of these fact witnesses for use at trial after the December 21, 2003 discovery deadline.

Pursuant to Federal Rule of Civil Procedure 30 (a)(2)(B), Plaintiffs requires leave of Court to re-depose Connie Albright. The re-deposing of the above individual will be consistent with the principles as stated in Federal Rule of Civil Procedure 26 (b)(2). The deponent has personal knowledge of the facts, files, writings, books, papers, and documents pertaining to transactions between plaintiffs and defendants that were submitted after her original deposition. The oral and video deposition will allow the witness not to be present at trial, and thus reduce her burden and expense of travel. Further as the witness is outside of Louisiana, plaintiffs cannot compel her attendance at trial. FRCP 45(c)(3)(A)(ii)

As the Court is aware the above captioned case involves certain uniform designs which plaintiffs have alleged were designed by Gianna Inc., and which were used by Harrah's, according to plaintiffs, in violation of contractual obligations and in violation of plaintiffs' copyrights, among other claims. Ms Albright was, at the time of plaintiffs' business relationship with defendants, an employee of the defendants and was intimately involved in the contractual negotiations and approval of designs.

Subsequent, to the first deposition of Ms Albright, plaintiffs, after a prolonged discovery battle with Harrah's, traveled to New York and obtained the business records of All-Bilt Fashion, a manufacturer who supplied uniforms to Harrah's, both during plaintiffs' business relationship with Harrah's and subsequent to the termination of the business relationship between plaintiffs and Harrah's At the time of Ms. Albright's first deposition, plaintiffs did not have the All-Bilt documents that evidenced the volumes of orders, by Harrah's, of designs which are at issue in this matter Therefore, it is necessary that plaintiffs have an opportunity to depose Ms. Albright, and to question her regarding the documents produced by All-Bilt These documents contain among other evidence, duplicate copies of plaintiffs' designs

Further, plaintiffs recently received additional All-Bilt documents evidenceing uniform orders placed by Harrah's through the beginning of 2003. These documents will evidence orders, placed by Harrah's, of designs that are alleged by plaintiffs to be Gianna Inc. designs.

Ms Jan Starnes is also a former Harrah's employee who was employed by Harrah's during the time when there was an ongoing business relationship between Harrah's and the plaintiffs. Further, Ms. Starnes was hired to work specifically with Ms. Connie Albright and plaintiffs regarding the use of Gianna Inc , designs in Harrah's casinos throughout the United States Therefore, Ms. Starnes will have intimate knowledge of the facts and circumstances surrounding the design by Gianna Inc., of the designs in questions, and the production and use by Harrah's of those designs.

Plaintiffs originally intended to depose Ms Albright and Ms. Starnes prior to the discovery deadline, and had prepared a subpoenas and Notices of Deposition for both. However, because Ms. Albright and Ms Starnes are former Harrah's employees, plaintiffs were not privy to their addresses or other information that would have allowed plaintiffs to easily locate the witnesses However, after much effort, including the use of investigators, plaintiff were able to locate both witnesses within the last couple of weeks. However, neither witness was available for deposition prior to the discovery deadline.

Further, it appears that Ms. Starnes has actively avoided attempts to serve her with the subpoena for her deposition (See Annex A of Pro Se Verbal for Jan Starnes, Exhibit 1). The day before her deposition was scheduled to take place, counsel for plaintiffs received a call from opposing counsel for Harrah's, indicating that he had received a facsimile from Ms Starnes indicating that she would not appear for deposition on the date originally noticed. Counsel for Harrah's would not disclose the content of the letter, except to state that the witness would not

appear Counsel for Harrah's reason for not disclosing the information provided by the witness was that he may be representing the witness and the information provided was protected by attorney client privilege.

Because both of the witnesses are former Harrah's employees, plaintiffs have not had the opportuntity to interview the witnesses regarding the information submitted after their original depositions  However, after a tedious investigation plaintiffs have identifed the witnesses' current address

Plaintiff request these depositions because of the voluminous documents submitted by All-Bilt Uniform  These documents have revealed information that was unavailable prior to the original depositions of the above individuals  These individuals are in the best position to clarify and respond to the information revealed from the voluminous documentation.

As both witnesses were Harrah's employees involved in the uniform contract and approval of design between Harrah's and plaintiffs, and given the fact that they are outside of Louisiana and thus plaintiff cannot compel their attendance at trail, the Court should allow the depositions in the interest of justice

New Orleans, Louisiana, this 12th day of December, 2003.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Sidney L Shushan Direct Line. (504) 681-4519
Attorney for Plaintiffs
Jane Galiano and Gianna, Inc

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**