FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 22  PM 4: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MOTION IN LIMINE:**
**TO EXCLUDE EVIDENCE OF**
**"COLLABORATIVE" DESIGNS BY DEFENDANTS' EMPLOYEES**


Now comes plaintiffs, Jane Galiano and Gianna, Inc., through undersigned counsel, and

respectfully move this Honorable Court to Exclude Evidence of "Collaborative" Designs by

Defendants' Employees for the reasons set forth in the Memorandum of Law annexed hereto

New Orleans, Louisiana, December 22, 2003.


-1-

___ Fee_____
_X_ Process___
_X_ Dktd.____
___ CtRmDep.___
___ Doc. No.___ 228

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:   (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED by the Court that Plaintiffs' Motion in Limine: to Exclude Evidence of "Collaborative" Designs by Defendants' Employees be filed into the record of the above captioned matter.

New Orleans, Louisiana, _____ , _____ , 2003

_____
**UNITED STATES DISTRICT JUDGE**

-3-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO:    Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Motion in Limine to  Exclude Evidence of

"Collaborative" Designs by Defendants' Employees will be heard on , the 7th day of January,

2003, at 10:00 A.M., at the United States District Courthouse, 500 Camp Street,  New Orleans,

Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

-4-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' MOTION IN LIMINE: TO EXCLUDE EVIDENCE OF

## "COLLABORATIVE" DESIGNS BY DEFENDANTS' EMPLOYEES

MAY IT PLEASE THE COURT:

The Court should exclude evidence of "collaborative" designs by defendants and their

employees.

It is undisputed that no Harrah's employee ever put pen to paper, or drew anything on

paper or a computer screen. For purposes of copyright law, mere ideas or verbal suggestions are

irrelevant under F.R.Ev.402 or prejudicial and misleading under F.R.Ev. 403.[1]

For purposes of the contract claim, the original contract between Harrah's and plaintiffs,

does not mention "collaborative designs". (Annex 1 ) The original contract is contained in two

letters one of August 28, 1995 from plaintiffs to Harrah's and the other from Harrah's to

plaintiffs, dated September 14, 1995. (Annex 2 ) There is no mention of "collaborative **designs**"

---

[1] Girgis v. Maaluso Realty Co., Inc, 778 So. 2d 210 (La. App. 4 Cir. 2001), Landry v. St. Charles Inn, Inc., 446 So. 2d 1246, 1251 (La. App 4 Cir. 1989), Louisiana Land and Exploration Co. v. Verdin, 681 So 2d 63, 66 (La. App 1 Cir. 1996), Kestanbaum v. Falstaff Brewing Corp., 514 F. 2d 690, 698-699 (5th Cir. 1975).

in either letter.

The second contract or Settlement Agreement does not refer to "collaborative designs".  All

of the paragraphs of the Settlement Agreement simply state that the designs Jane Galliano

submitted to Harrah's are her designs for purposes of that contract. [Annex 4].  The final

paragraph of that contract should be read together with the previous paragraphs. [2]  See also

Louisiana Civil Code Article 2050.[3]  Under the Settlement Agreement, the alleged evidence of

"collaboration" is irrelevant under F.R.Ev. 402, or misleading and prejudicial under 403.

It is also irrelevant or misleading and prejudicial for purposes of the Unfair Trade

Practices Claim.[4]

It is also irrelevant or misleading and prejudicial for purposes of the unjust enrichment

claim.  A few words spoken by Harrah's employees in a meeting did not cost Harrah's anything.

It was plaintiffs who did 100% of the work of translating an idea or a few words into the reality

of artistic expression in a real medium.  A few words spoken by Harrah's employees do not

weigh heavily enough in the scale of justice for purposes of unjust enrichment to justify

admitting that evidence - which is very likely to mislead the jury.[5]

Even for purposes of the alternative claim under the first contract, the Court should

---

[2] Lawrence v. Terrel Seed, 796 So. 2d 115, 121 (La. App. 2 Cir. 2001), Becnel v. Alexander, 783 So. 2d 540, 543 (La. App. 5 Cir. 2001), Dantonio V. Fontana, 636 So. 2d 218, 222 (La. 1994).

[3] Prof'l Dental Health Network, Inc. V. Advantage Health Plan, Inc., 782 So. ed 1068, 1073 (La. App 5 Cir. 2001), F & G Ins., L. L. C. v Reynolds, 807 So.2d 1004 (La. App. 5 Cir. 01/15/2002).

[4] SDT Indus. v. Keeper, 793 So. 2d 327, 332-333 (La. App. 2 Cir. 2001), Wyatt v. PO2, 651 So. 2d 359, 361 (La. App. 2 Cir. 1995), United Group of Natn'l Paper Distribs. v. Vinson, 666 So. 2d 1338, 1345-1346 (La. App. 2 Cir. 1996), La. Rev. Stat. Ann. § 51: 1401 (West 2001).

[5] S. Casting of L.A., Inc. V. Houma Avionics Inc., 809 So.2d 1040 (La. App. 1 Cir. 2001), City Fin. Corp. v. Bonnie, 762 So. 2d 167, 169 (La. App. 1 Cir. 2000).

exclude evidence which implies that mere ideas or words never expressed in any artistic medium are "collaborative designs". The letter which contains those words does not define them. They should be given their customary meaning in the context of intellectual property, which requires expression of ideas or words in some artistic medium in order to amount to joint or "collaborative" designs. See e.g., Louisiana Civil Code Article 2047 paragraph 2.[6]

Respectfully Submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc

---

[6]Pique'-Weinstein-Pique'Architects, Inc. v. New Orleans Aviation, 762 So.2d 76,78(La. App. 5 Cir.2000), South Central Bell Te. Co. v. Ka-Jon Food stores of Lousiaina, 644 So. 2d 357, 360 (La. 1989), Lousiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 630 So. 2d 759 (La. 1994).

-7-



# GIANNA,INC.

600 Loyola Avenue, Suite 300
New Orleans, Louisiana 70113

*tel: (504) 738-0557*                                    *fax: (504) 527-0071*

August 28, 1995

Ms. Connie Albright
Corporate Director
Strategic Alliances/Business Travel
The Promus Companies Incorporated
1023 Cherry Road
Memphis, Tennessee 38117

RE:   Design Consulting Agreement            **BY TELEFACSIMILE**

Dear Connie:

I enjoyed meeting with you again this past week while you were in New Orleans and appreciated
the opportunity to discuss Harrah's interest in retaining the services of Gianna to assist in
wardrobe design at your various existing and future properties. In furtherance of our discussions
and based on our understanding of Harrah's needs and our own company requirements, I would
like to propose the following basis for an ongoing consulting arrangement.

> 1. Gianna, Inc. will provide the services of its designer (Gianna), its commercial artists,
> equipment and staff to Harrah's for a minimum of ten (10) days per month on a priority
> basis during the duration of the contract term. At Harrah's direction, these services will
> include, but not necessarily be limited to, meetings with company personnel, on-site
> inspections, development of preliminary and final designs, materials sourcing and
> acquisition, sourcing of production, supervision of production and assistance in
> wardrobing of employees at location.

> 2. Gianna, Inc. will receive a monthly fee of $7500.00 payable in advance in consideration
> of the services provided by Gianna hereunder. Gianna, Inc. will receive additional
> compensation of $85.00 per hour for each hour of services provided in excess of ten (10)
> hours per twenty-four hour period and/or the minimum ten (10) days per month agreed to
> herein. All Federal Express or other overnight or express delivery charges will be
> reimbursed by Harrah's. Payment terms are net thirty (30).



PLAINTIFF'S
EXHIBIT

7

# GIANNA, INC.

Correspondence to Ms. Connie Albright
August 28, 1995
Page 2.

      3. All travel expenses of Gianna and a commercial artist, if necessary, will be paid and/or reimbursed by Harrah's. These travel expenses will include airfare, ground transportation, hotels and meals as well as any other expenses reasonably incurred in the performance of out-of-state activities pursuant to this agreement.

      3. The term of the contract will be through December 31, 1995, with Harrah's having the right to terminate the agreement at any time upon thirty (30) days advance written notice to Gianna, Inc.

      4. Harrah's will have the exclusive right to utilize Gianna, Inc.'s designs created on its behalf pursuant to this agreement, however, the designs themselves and all working patterns will remain the sole property of Gianna, Inc.. Harrah's agrees that Gianna, Inc.'s own label will be displayed either alone or concurrently with Harrah's own labelling on the inside of each garment in no less prominent a location as Harrah's labelling.

      5. Harrah's agrees that on original or repeat manufacturing orders of Gianna-designed garments, Harrah's will guarantee that Gianna, Inc. receives a minimum design royalty of 5% of the gross purchase order price of the garments, not including shipping, sales taxes or alteration fees, payable either directly from Harrah's or as a required component of any production bid. This design consulting agreement will in no manner limit or restrict Gianna, Inc. from producing and/or manufacturing its own designs for Harrah's or negotiating royalties in excess of the 5% provided herein from prospective initial or repeat manufacturers of the designs created for Harrah's under this agreement.

I hope that the foregoing can serve as the basis for an agreement between our two companies. Again, nothing herein is "cast in stone" and we would be pleased to discuss any changes and/or modifications which you deem appropriate. Gianna is very excited about working with you and your staff and I'm certain that she will make a very positive contribution to your company.

I have also taken the liberty of enclosing a copy of our bill for services rendered through August 25, 1995. Should you have any questions or problems with the bill please let me know. Otherwise, we would appreciate anything you could do to expedite payment.

I hope that your return to Memphis was uneventful and that you have a smooth recovery from your surgery. Please give me a call as soon as you feel up to it to discuss this proposal.

# *GIANNA,*INC.

Correspondence to Ms. Connie Albright
August 28, 1995
Page 3.

Sincerely,

R. SCOTT BUHRER
Vice President of Marketing and Sales

RSB/lb



Connie Albright
Corporate Director,
Strategic Alliances and
Corporate Business Travel

**HARRAH'S ENTERTAINMENT, INC.**
The Premier Name in Casino Entertainment

Telephone
901 762-8778
Fax
901-537-3300

September 14, 1995

Gianna, Inc.
600 Loyola Avenue
Suite 300
New Orleans, LA 70113

Attn:  Mr. R. Scott Buhrer

    RE:    Design Consulting Agreement

Dear Scott:

    Thank you for your letter of August 28, 1995 outlining the terms of the proposed Design Consulting Agreement.

    I am happy to let you know that the terms you have outlined are acceptable with the following modifications:

    1.  The Design Consulting Agreement will be with Harrah's Operating Company, Inc.  Because of this, the references to "Harrah's" means Harrah's Operating Company, Inc.

    2.  We require that Gianna, Inc. sign a Confidentiality Agreement (attached).

    3.  Travel expenses will be supported by receipts as may reasonably be requested by Harrah's.

    4.  Harrah's exclusive rights to utilize Gianna, Inc.'s designs which are created for Harrah's (as described in paragraph 4 of the August 28, 1995, letter) will be perpetual and will continue after the Agreement is terminated.  Gianna, Inc. covenants not to provide designs similar to the Gianna designs used by Harrah's to Harrah's competitors (other casinos in markets where there is a casino operated by Harrah's or its subsidiaries) and this covenant will continue after our Agreement terminates.

    5.  The design royalty of 5% will only be due and guaranteed by Harrah's on garments purchased by Harrah's or its subsidiaries that are manufactured according to Gianna, Inc.'s visual constructive patterns exclusively created for Harrah's under this Agreement.  The royalty obligation will continue for such purchases after this Agreement is terminated if the visual constructive pattern of the purchased garment was designed by



PLAINTIFF'S EXHIBIT
2

Gianna, Inc.
September 14, 1995
Page 2

Gianna, Inc. exclusively for Harrah's under this Agreement. However, it is agreed no royalty will be payable or guaranteed by Harrah's on any stock or catalog items or on any items not designed by Gianna, Inc. for Harrah's under this Agreement. It also is agreed the royalty obligation will terminate if Gianna, Inc. breaches this Agreement.

6. To satisfy the royalty, Harrah's may direct the manufacturer in the garment purchase order or production bid to include the royalty in the bid or purchase price of the garment and to pay the royalty to Gianna, Inc. from the price paid by Harrah's to the manufacturer. If this direction is given, Harrah's will not be responsible if the manufacturer fails to pay the royalty.

7. Any royalty in excess of 5% will be between the manufacturer and Gianna, Inc. However, it is understood Harrah's must approve in advance all prices it will pay for garments.

8. Gianna, Inc. is an independent contractor. All purchases of garments will require the written approval of Harrah's (Connie Albright or another person designated by Harrah's to approve purchases). Harrah's will not be liable for any injuries to employees or agents of Gianna, Inc. incurred in connection with performing this Agreement. This Agreement cannot be assigned by either party (except to affiliated companies) without the written consent of the other party. Gianna, Inc. agrees that all designs it creates for Harrah's are or will be original creations of Gianna, Inc. or entirely owned by Gianna, Inc.

9. Gianna, Inc. agrees to obtain any necessary licenses or approvals required to perform its services.

If you agree to these modifications, please indicate your agreement by signing below. Our Agreement will then be comprised of your letter of August 28, 1995 as modified by this letter.

Sincerely,

Connie Albright

Agreed:                              Agreed:

GIANNA, INC.                         HARRAH'S OPERATING COMPANY, INC.

By: _____ _____       By: _____ _____

Title: _____ _____         Title: _____ _____

Confidentiality Agreement


September 14, 1995
    (Date)



Gianna, Inc.
600 Loyola Avenue
Suite 300
New Orleans, LA 70113


You have received or may be receiving certain information from Harrah's Operating Company, Inc. and/or its affiliates and its subsidiaries ("Harrah's") in connection with your performing certain services for Harrah's. As a condition to our furnishing such information to you, we are requesting that you agree, as set forth below, to treat confidentially all information we or our agents furnish you (collectively, the "Information").

You agree that the Information will be used solely for the purpose of performing your services for Harrah's, and that such Information will be kept confidential by you and your representatives and agents; provided, however, that any such Information may be disclosed to your representative or agents who need to know such Information for the purpose of performing your services for Harrah's (it being understood that such representatives and agents shall be informed by you of the confidential nature of such Information, and shall be directed by you to treat such Information confidentially). You agree to be responsible for any breach of this Agreement by your representatives or agents.

The obligations not to use or disclose the Information shall not apply to Information which (a) has been made previously available to the public by Harrah's; (b) is or becomes generally available to the public, unless the Information being made available to the public results in a breach of this Agreement; (c) prior to disclosure to you or your representatives or agents, was already rightfully in any such person's possession; or (d) is obtained by you or your representatives or agents from a third party who is lawfully in possession of such Information, and not in violation of any contractual, legal or fiduciary obligation to Harrah's, with respect to such Information and who does not require you to refrain from disclosing such Information to others.

You agree not to make any public disclosure that you are having or have had discussions with Harrah's except with Harrah's written consent. You understand and acknowledge that any and all information contained in the Information is being provided without any representation or warranty, express or implied, as to the accuracy or completeness of the Information, on the part of Harrah's.

You acknowledge and agree that a violation of the terms of this Agreement would cause irreparable harm to Harrah's, and that Harrah's remedy at law for any such violation would be inadequate. In recognition of the foregoing, you agree that, in addition to any other relief afforded by law, including damages sustained by a breach of this Agreement and without any necessity of proof of actual damage, Harrah's shall have the right to enforce this Agreement by specific remedies, which shall include, among other things, temporary and permanent injunctions, it being the understanding of the undersigned parties hereto that both damages and injunctions shall be proper modes of relief and are not being considered as alternative remedies.

This Agreement is for the benefit of Harrah's and shall be governed and construed in accordance with the laws of the State of Tennessee.

If you are in agreement with the foregoing, please sign and return one copy of this letter which will constitute our agreement with respect to the subject matter of this letter.

Very truly yours,

HARRAH'S OPERATING COMPANY, INC.

By: _____ .

Its: ____ _____ _____

Read and agreed to this _____ day of _____, 1995

GIANNA, INC. _____ _____ .

_____
Signature of Officer

_____
Printed Name and Title