FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 22 PM 4:52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION IN LIMINE:**
**TO DISPENSE WITH THE NECESSITY TO AUTHENTICATE**
**ALL BUSINESS RECORDS AND CORRESPONDENCE AND DESIGNS**

Now comes plaintiffs, Jane Galiano and Gianna, Inc., through undersigned counsel, and respectfully move this Honorable Court to dispense with the necessity to authenticate all business records and correspondence and designs for the reasons set forth in the Memorandum of Law annexed hereto.

New Orleans, Louisiana, December 22, 2003.

-1-

___ Fee
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No. 231

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED by the Court that Plaintiffs' Motion in Limine: to Dispense with the Necessity to Authenticate All Business Records and Correspondence and Designs be filed into the record of the above captioned matter.

New Orleans, Louisiana, this _____ day of _____.


_____
UNITED STATES DISTRICT JUDGE

-3-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF HEARING**

TO: Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Motion in Limine: to Dispense with the Necessity to Authenticate All Business Records and Correspondence and Designs will be heard on the 7th day of January, 2004, at 10:00 A.M., at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

/s/ Sidney L. Shushan

SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION IN LIMINE: TO DISPENSE
WITH THE NECESSITY TO AUTHENTICATE
ALL BUSINESS RECORDS AND CORRESPONDENCE AND DESIGNS**

**MAY IT PLEASE THE COURT**:

The Court should dispense with the requirement of authentication of business records of plaintiffs or defendants. F.R.Ev. 901 has been satisfied under the circumstances of this case.[1]

Not one single witness in a deposition has denied the authorship of any letter or memorandum which that witness sent or received.

Defendants have not denied the authorship of their own business records - such as letters or computer records which they produced in discovery.

So far defendants have not disputed the identify of the designs which plantifts and their employees put on paper and submitted to defendants. So far defendants have not disputed which designs plaintiffs included in the collection submitted to defendants. Each one has a distinctive

---

[1] Barrier Constr. Co. v. Sys. Contr. Corp., 764., 764 So. 2d 127, 131 (La. App. 4 Cir. 2000); Malloy v. Vannwinkle, 662 So. 2d 96, 100-101 (La. App. 4 Cir. 1995).

-5-

marking placed on it by plaintiffs and their employees. The issues before the Court involve the legal consequences of what plaintiffs submitted to defendants, not which ones they were. The issues before the Court involve the legal consequences of the written communications between the parties, not who wrote them or when they were sent.

The Court can, for convenience sake, admit documents which appear to be authentic and to which there is no genuine dispute. Specifically, the Ninth Circuit held that there is a "convenience" doctrine which Courts apply to documents whose authenticity is not questioned in fact.[2] More recently a Bankruptcy Court in New York made the same "convenience of the Court" reference to admit documents whose authenticity is unquestioned.[3]

Specifically, the volume of documents in this case requires some action for the Court's own convenience. There are almost 10,000 documents at issue. There authenticity is not genuinely disputed. It would take literally weeks to authenticate them individually. If there ever was a case in which to apply the existing convenience doctrine, this is it. The Court should admit the documents in globo to avoid a massive waste of all concerned's time.

---

[2] The objection to the papers as evidence was put solely upon the ground that the papers were inadmissible, because "not authenticated in the manner provided by the statutes of the United States." On their faces both papers appear to be regular official documents issued by competent state authorities, and as no specific lack of [**5] authenticity was pointed out, the court committed no error in admitting them. In the admission of record evidence, rules of convenience may often be applied by courts in cases where documents which bear every appearance of regularity and the seal of officials of the state are offered in evidence.
Curtis v. North American Indian, Inc., 277 F. 909, 911 (9th Cir., 1922)

[3] While for the sake of convenience, this Court, like others, accepts affidavits of attorneys on motions to present documents to the Court whose authenticity is unquestioned, affidavits of attorneys are not a substitute for affidavits of witnesses who are competent to testify. Spencer v. Bogdanovich (In re Bogdanovich), 301 B.R. 129, (Bankr S.D. N.Y., 2003)

New Orleans, Louisiana this 22nd day of December, 2004.

                                                  Respectfully Submitted,

                                                  _____
                                                  SIDNEY L. SHUSHAN, #12055
                                                  JONATHAN M. SHUSHAN, #21977
                                                  BRIAN L. GLORIOSO, #27226
                                                  Guste, Barnett & Shushan, L.L.P.
                                                  639 Loyola Avenue, Suite 2500
                                                  New Orleans, Louisiana 70113-7103
                                                  Telephone: (504) 529-4141
                                                  Facsimile:  (504) 561-0326
                                                  Attorneys for Plaintiffs,
                                                  Jane Galiano and Gianna, Inc

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on this 22nd day of December, 2003 served a copy of the foregoing pleading to counsel for all parties to this proceeding

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by mailing the same by hand.

_____
BRIAN L. GLORIOSO

-8-