UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  DEC 23 2003
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

## MOTION TO EXCLUDE EVIDENCE OF OTHER CLAIMS OR LAWSUITS BY THE PLAINTIFFS

Now come Plaintiffs, and respectfully move the Court to exclude any evidence of other claims or lawsuits by Plaintiffs or either of them on the ground that such lawsuits have no reasonable relationship whatsoever to the claim in the present lawsuit, for the reasons set forth in the Memorandum of Law annexed thereto.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113
Telephone: 504-529-4141
Facsimile: 504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

__ Fee____
__ Process___
X  Dktd___
__ CtRmDep___
__ Doc. No. 235

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO EXCLUDE EVIDENCE OF OTHER CLAIMS OR
## LAWSUITS BY THE PLAINTIFFS

MAY IT PLEASE THE COURT:

Plaintiff Jane Galiano is a plaintiff in a personal injury suit arising from a carbon monoxide incident. She may also be a plaintiff or a defendant in other litigation, or other pending claims.

No such litigation has any relationship to the contract, copyright, trade practices, and unjust enrichment claims made in this lawsuit.

It is inadmissible in this lawsuit, and highly prejudicial and unfair.

Courts routinely exclude such evidence of unrelated and dissimilar claims, lawsuits, transactions and accidents. See FREV Rules 402, 403. The Fifth Circuit has held, repeatedly, that acts or omissions which are not the subject of the lawsuit may be excluded. In Celestine v. Petroleos de Venez. SA, 266 F.3d 343, 351 (5th Cir. 2001) the Fifth Circuit addressed the issue and excluded evidence of discrimination which were not the subject of the lawsuit.[1] Other 5th Circuit panels have

---

[1] the "closing date" for this action of May 24, 1994, was also arrived at by looking at the dates on which EEOC charges were filed. May 24, 1994, was the date on which the last EEOC

held the same thing.[2] Other Federal Circuits follow the same pattern and exclude evidence of "prior acts" which are not the subject of the litigation.[3]

The Court should exclude any evidence of any claims or lawsuits by Plaintiffs.[4]

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113
Telephone: 504-529-4141
Facsimile: 504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

---

claim was filed against CITGO's Lake Charles facility. The appellants did not attempt to amend their complaint or supplement their responses to interrogatories to include evidence of discriminatory acts occurring after this date. Therefore, the district court was acting within its discretion when it decided to exclude all evidence of discriminatory acts occurring after May 24, 1994.

[2] Scott v. Univ. of Miss., 148 F.3d 493, 513 (5th Cir. 1998), overruled on other grounds, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000) (excluding evidence of post-charge discrimination which was not included in an amended complaint); Info. Res. Inc. v. United States, 996 F.2d 780, 785 (5th Cir. 1993) (holding that the district court did not abuse its discretion in excluding a post-charge claim where the plaintiff delayed supplementing discovery responses to include the claim until shortly before trial).

[3] see Lovett v. Union Pacific R.R.Co., 8th Cir. 2000, 201 F.3d 1074, 1080-81; Kinser v. Gehl Co., 10th Cir. 1999,184 F.3d 1259, 1273; Nachtsheim v. Beech Aircraft Corp., 7th Cir. 1988, 1261, 1268-69(citing many other cases); compare Bunion v. Allstate Ins. Co., E.D.Pa. 1980, 502 F. Supp 340 where the evidence was admitted fraud was an issue in the subject lawsuit and other lawsuits.

[4] The Court will recall that Jane Galiano's mental status was at issue in a prior motion for continuance involving a carbon monoxide exposure. Plaintiff will not object to cross examination based on her mental status arising from that incident if a proper foundation is laid. But the Court should exclude evidence that a lawsuit resulted from that incident. There is no remote similarity between a personal injury claim and the commercial claims involved in this lawsuit.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED by the Court that Plaintiffs' to Exclude Evidence of Other Claims or Lawsuits by the Plaintiffs is hereby granted in the above captioned matter.

New Orleans, Louisiana, December_____, 2003.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. *Plaintiff* | * * * | CIVIL ACTION |
| | * | NO. 00-0071 |
| VERSUS | * * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. and | * * | JUDGE: MARCEL LIVAUDAIS, JR. |
| HARRAH'S ENTERTAINMENT, INC. *Defendants* | * * | MAGISTRATE JUDGE: ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO: Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Motion to Exclude Evidence of Other Claims or Lawsuits by the Plaintiffs, will be heard on Wednesday, the 7th day of January, 2004, at 10:00 a.m., at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
GUSTE, BARNETT & SHUSHAN, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113
Telephone:  504-529-4141
Facsimile:  504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC.<br>*Plaintiff* | \*<br>\*<br>\* | CIVIL ACTION<br><br>NO. 00-0071 |
| VERSUS | \*<br>\*<br>\* | SECTION "E" (5) |
| HARRAH'S OPERATING CO., INC.<br>and<br>HARRAH'S ENTERTAINMENT, INC.<br>*Defendants* | \*<br>\*<br>\*<br>\* | JUDGE: MARCEL LIVAUDAIS, JR.<br><br>MAGISTRATE JUDGE:<br>ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion To Exclude Evidence of Other Claims or Lawsuits by the Plaintiffs' and Memorandum of Law in Support of Motion To Exclude Evidence of Other Claims or Lawsuits by the Plaintiffs' has been served upon:

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 23nd day of December, 2003.

_____
BRIAN L. GLORIOSO