

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   DEC 26 2003

LORETTA G. WHYTE
     CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM

Now come Plaintiffs and respectfully move this Honorable Court for a summary judgment dismissing the counterclaim, or alternatively for a partial summary judgment dismissing the fraud claim, for the reasons set forth in the Memorandum of Law annexed hereto.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113
Telephone: 504-529-4141
Facsimile: 504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc

___ Fee_____
___ Process___
_X_ Dktd_____
_X_ CtRmDep__
___ Doc. No. 239

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM

MAY IT PLEASE THE COURT:

In support of its claims for copyright misuse and fraud, Harrah's submits only 2 specific examples of the alleged misuse or fraud. On their face they are minor. They amount to a claim that two of the over 50 designs in Plaintiffs' Harrah's collection are derivative. They do not justify a misuse claim, much less a fraud claim.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiffs submitted over 50 designs for copyright as a collection. [Annex A].

2. Harrah's opposition to the Rule 12 motion filed by plaintiffs claims that two designs were derivative, the Pirate's Cove design and the use of the Harrah's logo.

3. Harrah's claims that the Pirate's Cove background in Plaintiff's Design No. H1113 was derivative. For the purposes of this motion we assume it was.

4. Harrah's claims that a portion of the background of Plaintiffs' was drawn by another artist for

1

Harrah's. [Opposition, Annex B; Ps' Design No. Red-0013.]. For the purposes of this motion we assume it was.

5. A simple visual comparison of the designs in Harrah's Opposition shows that the Plaintiffs' design was anything but a simple visual copy. The concept of a sailing boat is a portion of the background of Plaintiffs' design, and it is not a literal copy. The parrot is completely original, the treasure chest in the foreground is original, and the sailing ship is very different. [Galliano Depo 1. pp. 33-36 and Exhibits 1 and sketch H1113].

6. As to the Harrah's logo, at the time the Harrah's Collection was done, Plaintiffs were working under a contract with Harrah's, the "First Contract" formed by exchange of letters. [Annex D].

7. For the purposes of this Motion, we assume that a portion of the Pirate's Cove design, and the Harrah's logo, were derivative.

8. Harrah's also claims "misuse" because Plaintiffs have copyrighted their costume designs.

9. Harrah's admitted by letter on February 14, 1996 that Plaintiffs submitted proprietary designs because Harrah's offered to pay royalties on those designs.

10. Plaintiffs' copyright application describes the "Nature of Authorship" as "two dimensional drawings", not "sculpture" or anything else. [Annex 2]

11. The two dimensional designs in Plaintiffs' collection are almost all identified as wearing apparel on the face of the drawing. There was absolutely no attempt made to conceal the fact that the two dimensional artwork represented costumes which were articles of clothing.[1]

---

[1] Except for a few which were interior designs, or other non-clothing items, and obviously subject to copyright.

It does not require any lengthy research into the law to dismiss the counterclaim, in whole or in part.

**1. As a matter of law, the Application was not "misuse" because a portion of one design, and a logo on other designs by an artist under contract, were derivative.**

Plaintiffs collection of designs submitted to the copyright office contained some 50 or more designs. The designs contained both illustrations of garments and a few silkscreen illustrations. The application list the title of the work as, "Uniform and Costume Collection submitted to Harrah's Operating Company, Inc.", and the nature of the work as, "Artwork **for** Wearing Apparel." The application is plainly clear that plaintiff is copyrighting her designs for uniforms and costumes.

The party seeking to establish fraud on the Copyright Office in order to rebut the presumption of copyright validity, bears the heavy burden of proving deliberate misrepresentation. Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir.1989); *see also Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d Cir.1984) (fraud on the Copyright Office occurs only when there is a "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application"); *Santrayall v. Burrell,* 993 F.Supp. 173, 176 (S.D.N.Y.1998) (the affirmative defense of fraud requires proof of deliberate misrepresentation to overcome the presumption of validity).

The counterclaim itself [Annex 3, paragraph 1] uses the words "not *entirely* original" to describe what Plaintiffs allegedly did. The words "not entirely" are a good description of a minor error - minor derivative portions of a collection which is as a whole and overwhelmingly completely original.

Minor errors - if there was an error - are corrected administratively. They are not "misuse". Even after registration the Copyright Office corrects "minor substantive errors or omissions" directly with the Applicant. 37 C.F.R. 201.7(d) Even after registration, it is easy to correct a minor error by a supplementary registration. 37 C.F.R. 201.5(b). R. Ready Productions, Inc. v. Cantrell, 85 F. Supp.2d 672(S.D. Tex. 2000). By comparison, the Regulation on cancellation sets a high standard for cancellation (i.e. *de minimis* authorship). 17 CFR sec. 201.7. The copyright application was prepared under the supervision of the president and designer, Jane Galiano. Even if an employee of Gianna Inc., reviewed a prior design before he created the one design Harrah's has cited, there is no evidence that the president of Gianna Inc., had any knowledge of the alleged use. Thus Harrah's has no evidence to meet the steep burden of proving that plaintiffs delibretley misrepeseted anything to the copyright office.

**2. As a matter of law, submitting a costume collection as two dimensional artwork with original artwork and design features is not "misuse".**

The application list the title of the work as, "Uniform and Costume Collection submitted to Harrah's Operating Company, Inc.", and the nature of the work as, "Artwork **for** Wearing Apparel." The application is plainly clear that plaintiff is copyrighting her drawings of designs for uniforms and costumes.

This is not the first time the copyright office has granted a certificate of registration for designs for clothing. Under 17 U.S.C. § 410(c), the certificates constitute prima facie evidence of the originality of the work and the facts stated in the certificates.

In Chere Amie, Inc. v. Windstar Apparel, Corp., 191 F. Supp.2d(S.D.N.Y. 2001), plaintiff

registered sleepwear designs for childrens clothing. The Court did not disturb plaintiff's registration and plaintiff sucessfully enjoined the infringment of her designs by a competitor.

The courts have not hesitated to look past the utility of fashion design to the conceptually separate aesthetic and artistic aspects of fashion designs in holding copyrightability for: costumes, bridal dresses, sweaters, slippers, and other forms of clothing.[2] Movers' designs possess artistic and aesthetic aspects of fashion design which are separate from there utilitarian functions and, as such, movers' possess valid copyrights for movers' designs, which are the subject of this claim.

Even the case law cited by Defendants shows that artwork which is "physically separable" from an article of clothing can be copyrighted. See *Whimsicality, Inc. v. Rubie's Costume Company*, 2d Cir. 1989, 891 F.2d 452, 454. Plaintiff's artwork was "physically separable" by definition.

It is significant that during registration, the Copyright Office corrected one minor problem but did not even raise the issue of whether two dimensional artwork of costumes is copyrightable. [See notes of discussion with Copyright Office by Brian Glorioso, Annex 4]

There is no need for the Court to consider whether Plaintiff's designs are "conceptually" separable from the article of clothing in order to grant this motion. The physical separation in the copyright solves the alleged "misuse" problem.

However, the two dimensional designs on their face contain artwork which is easy to separate

---

[2] See, Segrets, Inc. v. Gilman Knitwear Co., Inc., 207 F.3d 56 (1st Cir. 2000); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp.1348 (S.D. Cal. 1988); Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484(S.D.N.Y. 1997); Wildlife Express Corp., v. Carol Wright Sales, Inc. 18 F.3d 502 (7th Cir. 1994); Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996 (2nd Cir. 1995).

"conceptually" from the finished article of clothing. There is valid case law dating back to Judge Learned Hand which supports the validity of Plaintiffs' copyright. In determining substantial similarity between designs, the courts have consistently used the "ordinary observer test."[3] Judge Learned Hand spelled out the "ordinary observer test" in Peter Pan Fabric, Inc. v. Martin Weiner Corporation, 274 F.2d 487, 489 (2d Cir. 1960). Judge Hand held that two works are substantially similar, "if the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same."[4]

This line of cases shows why it was not "misuse" to apply for copyright of the Harrah's Design Collection.

The "physical separability" is enough to justify the dismissal of the counterclaim.

The "conceptual separability" of the artwork is an issue for the jury on the Plaintiffs' cause of action for copyright infringement. With the Plaintiffs' drawings and the All Bilt costume designs side by side, the jury will find that is an easy decision to make.

Further there is no misuse because *the two dimensional artwork itself on most of the pages describes articles of clothing which the designs represent!* [Annex 5.][5] It is obvious that the others

---

[3]See, Segrets, Inc. v. Gilman Knitwear Co., Inc., 207 F.3d 56 (1st Cir. 2000); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp. 1348 (S.D. Cal. 1988); Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484 (S.D.N.Y. 1997); Wildlife Express Corp., v. Carol Wright Sales, Inc. 18 F.3d 502 (7th Cir. 1994); Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996 (2nd Cir. 1995).

[4]Peter Pan Fabric, Inc. v. Martin Weiner Corporation, 274 F.2d 487, 489 (2d Cir. 1960).

[5] See Designs Nos. , among others.

represent artwork of articles of clothing.

It is unreasonable to claim "misuse" because of something which was obvious on the face of the artwork itself.

By comparison, *Whimsicality, supra* involved an application which misrepresented clothing as "soft sculpture"! Plaintiffs did not misrepresent what their artwork represented - designs of costumes.

Further, there was no "misuse" because this case presents the issue the Second Circuit did not reach in *Whimsicality*. The issue was whether masquerade costumes are an exception to the usual rule about copyright of clothing designs. 891F.2d at 455. The Gianna Harrah's Collection contains for the most part obvious "fancy dress" costumes which no one would wear on the street as everyday clothing.[6]

The description of the work submitted to the copyright office clearly indicates that the work contains designs for uniforms and costume wearing apparel. Therefore Harrah's can not meet the heavy burden of proof of a knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application. To the contrary plaintiffs clearly indicated in the title of the work, in the nature of the work, and on the designs themselves, that the work contained designs for uniforms and costumes.

**3. The Court should dismiss the claim for attorney's fees because as a matter of law there was no "wilful misrepresentation" of anything to the Copyright Office.**

---

[6] See for example, Annex A.

*Whimsicality, supra,* also shows why there was no "wilful misrepresentation of anything. That case misrepresented clothing as "soft sculpture"! *Whimsicality, supra,* 891 F.2d at 454. Plaintiffs copyrighted two dimensional artwork representing articles of clothing. [See Application, Annex A].

Plaintiffs did not "wilfully" misrepresent what they were designing.

As to the Pirate's Cove design and whether it was "derivative", Plaintiffs did not "wilfully" misrepresent anything. Jane Galliano testified she could not recall that she had seen the Pirate's Cove design submitted to Defendants by another designer. [Annex 1, p. 31.] Shane Mackey's testimony says that he was "trying to remember" whether he had seen a similar drawing or not. He said "it was very likely" Harrah's showed him another design to give him a general idea of what they wanted. [Mackey Deposition pp. 36-38, Annex 6].

On the other hand his testimony strongly maintained that the collection as a whole was entirely original. [Mackey Deposition pp. 38-39, Annex7].

As to the Harrah's logo, Plaintiffs were under contract to Harrah's at the time the collection was designed. They had every right to show where the Harrah's logo would appear. The logo was plain to see on the designs. That is not "wilful misrepresentation" of anything, to Harrah's or to the Copyright Office.

**4. The Court should dismiss the claim for fraud because none of the alleged errors in the application meet any legal definition of "fraud".**

The very short counterclaim uses the word "fraud". That is a loaded word. It is a word

design to impress the jury. It is a word Defendants should have used very cautiously - but did not.

The counterclaim describes the fraud as "fraud on the copyright office". "Fraud" is not a word which appears in the federal copyright statutes. The regulation on cancellation nowhere deals with the issue of fraud. 17 CFR sec. 201.7. Nor does the statute on attorney's fees. 17 U.S.C. sec. 505.

A claim of fraud on the Copyright Office typically is asserted as a defense in a copyright infringement action. In general, courts have viewed the defense skeptically and have been reluctant to invalidate a copyright on the grounds of fraud on the Copyright Office. *See generally* 2 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* § 7.20[B] at 7-207 (1997) (surveying fraud on the Copyright Office case law and concluding that "courts generally follow a liberal approach to upholding even erroneous registration applications"); William F. Patry, *Copyright Law and Practice* 1223-24 (1994) (**the defense of fraud on the Copyright Office "is rarely meritorious** and usually stems from ignorance about the nature of the copyright, the copyright registration process, and the role of courts as the ultimate arbiter of copyrightability"). Although the case law is not entirely clear, most courts have held that, at a minimum, a party alleging fraud on the Copyright Office must allege that the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent to defraud the copyright office and that the Copyright Office would have probably denied the copyright application if it had been made aware of the undisclosed information. See, e.g., *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 456 (2d Cir.1989); *Santrayall v. Burrell,* 993 F.Supp. 173, 175-76 (S.D.N.Y.1998).

The description of the work submitted to the copyright office clearly indicates that the work

contains designs for uniforms and costume wearing apparel. Therefore Harrah's can not meet the heavy burden of proof of a knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application. To the contrary plaintiffs clearly indicated in the title of the work, in the nature of the work, and on the designs themselves, that the work contained designs for uniforms and costumes. Harrah's claim of fraud is without merit.

Further Harrah's allegations that a Gianna Inc., employee may have used an outside design to create one of the more than 50 designs submitted, even if true, does not reach the level of fraud. The evidence indicates clearly that the president of Gianna Inc., was unaware of any use by her artist of any other designs in creating Gianna Inc., designs. Therefore Harrah's cannot possibly meet the burden of proof required for a fraud claim.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
BRIAN L. GLORIOSO, #27226
GUSTE, BARNETT & SHUSHAN, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA   70113
Telephone: 504-529-4141
Facsimile: 504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANE GALIANO and GIANNA, INC.** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| | * | **NO. 00-0071** |
| **VERSUS** | * | |
| | * | **SECTION "E" (5)** |
| | * | |
| **HARRAH'S OPERATING CO., INC.** | * | **JUDGE: MARCEL LIVAUDAIS, JR.** |
| and | * | |
| **HARRAH'S ENTERTAINMENT, INC.** | * | **MAGISTRATE JUDGE:** |
| *Defendants* | * | **ALMA CHASEZ** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED by the Court that Plaintiffs' Motion for Summary Judgment on Counterclaim be hereby granted in the above captioned matter.

New Orleans, Louisiana, December_____, 2003.

_____
**UNITED STATES DISTRICT JUDGE**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION "E" (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF HEARING

TO:  Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs, **Motion for Summary Judgment on Counterclaim be heard on the 7th day of January, 2004, at 10:00 a.m.**, at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs, Jane Galiano

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANE GALIANO and GIANNA, INC.** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| | * | **NO. 00-0071** |
| **VERSUS** | * | |
| | * | **SECTION "E" (5)** |
| | * | |
| **HARRAH'S OPERATING CO., INC.** | * | **JUDGE: MARCEL LIVAUDAIS, JR.** |
| and | * | |
| **HARRAH'S ENTERTAINMENT, INC.** | * | **MAGISTRATE JUDGE:** |
| *Defendants* | * | **ALMA CHASEZ** |

* * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion fro Summary Judgment on Counterclaim and Memorandum of Law In Support.

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 23nd day of December, 2003.

_____
BRIAN L. GLORIOSO

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**