FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 30  PM 2: 27

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANE GALIANO and GIANNA, INC.** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| | * | **NO. 00-0071** |
| **VERSUS** | * | |
| | * | **SECTION "E" (5)** |
| | * | |
| **HARRAH'S OPERATING CO., INC.** | * | **JUDGE: MARCEL LIVAUDAIS, JR.** |
| **and** | * | |
| **HARRAH'S ENTERTAINMENT, INC.** | * | **MAGISTRATE JUDGE:** |
| *Defendants* | * | **ALMA CHASEZ** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, though undersigned counsel, comes Plaintiffs' Jane Galiano and Gianna, Inc. and file this Memorandum Of Law In Opposition To Defendants' Motion For Partial Summary Judgment:

**1. The Court should deny Defendants' motion because Plaintiffs copyright certificate creates a presumption of validity and is prima face evidence of a valid copyright claim.**

In order to prevail in a copyright infringement claim, the Plaintiffs must show two elements:

_\_\_\_ Fee_____
\_\_\_ Process_____
X Dktd_____
\_\_ CtRmDep\_\_\_\_\_
\_\_ Doc. No.\_\_\_\_\_

(1) ownership of a valid copyright, and (2) copying of the protected work by the alleged infringer.[1]

Plaintiffs possess a copyright for the work titled, "Uniform and Costume Collection submitted to Harrah's Operating Company", which contains a collection of uniform and costume designs.    Movers received a certificate of registration from the U.S. Register of Copyrights on October 28, 1999, for movers' original work of authorship entitled Uniform and Costume Collection submitted to Harrah's Operating Co., Inc.*(Annex 10, Undisputed Fact No. 8)*

Plaintiffs' Certificate is prima facie evidence of a valid claim.  A certificate of registration from the U.S. Register of Copyrights constitutes prima facie evidence of the validity of a copyright. 17 U.S.C. Section 410(c).  Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189, 192 (2d Cir.1985); Gund, Inc. v. SKM Enterprises, Inc. 2001 WL 125366 (S.D.N.Y.,2001) ;Lakedreams v. Taylor, 932 F.2d 1103(5th Cir. 1991); Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45(5th Cir. 1995). That Certificate has a presumption of validity.[2]

All of Movers' designs which are the subject of this infringement claim are included in the aforementioned original work of authorship.  *(Annex A, of Motion for Summary Judgment on Counterclaim,).*

Under general copyright law an author's original work has copyright protection at the moment it is fixed in a tangible medium. 17 U.S.C. Section 102; TechniCAL, Inc. v. Allpax Products, Inc., 1990 WL 41924(E.D. La. 1990).

**2. The Court should deny Defendants' motion because Plaintiffs' designs meet every**

---

[1]Segrets, Inc. v. Gillman Knitwear Co., Inc., 42 F. Supp.2d 58 (D. Mass. 1998), citing, Grubb v. Kms Patriots, L.P., 88 F.3d 1, 6(1st Cir. 1996). See also, Eve of Milady v. Impression, Inc., 957 F.Supp 484, 487(S.D.N.Y. 1997).

[2] Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189, 192 (2d Cir.1985); Gund, Inc. v. SKM Enterprises, Inc. 2001 WL 125366 (S.D.N.Y.,2001) ;Lakedreams v. Taylor, 932 F.2d 1103(5th Cir. 1991); Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45(5th Cir. 1995).

requirement for copyright protection.

   a.  The "substantial similarity" to the "ordinary observer" test applies to costume designs.

   Defendants' statement of the law leaves out an essential part of the legal test for determining the validity of copyrights of artwork of clothing designs. The "separability" test is not a complete statement of the law on copyright protection of costume designs.

   The general law rule which takes into account substantial similarity and the overall effect of a design applies to costume designs. The "substantially similar" test applies to clothing designs.[3]

   In determining substantial similarity between costume and clothing designs, the Second Circuit and other courts have consistently used the "ordinary observer test."[4] Judge Learned Hand spelled out the "ordinary observer test" in Peter Pan Fabric, Inc. v. Martin Weiner Corporation, 274 F.2d 487, 489 (2d Cir. 1960).

   Judge Hand held that two clothing or costume designs are substantially similar, "if the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same."[5]

   Other Courts have applied the test to other areas of copyright law.  See e.g., Concrete

---

[3]Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998), Citing, Lotus Devolpment Corporation v. Borland International, Inc., 49 F.3d 807, 813 (1st Cir. 1995).

[4]See, Segrets, Inc. v. Gilman Knitwear Co., Inc., 207 F.3d 56 (1st Cir. 2000); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp. 1348 (S.D. Cal. 1988); Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484 (S.D.N.Y. 1997); Wildlife Express Corp., v. Carol Wright Sales, Inc. 18 F.3d 502 (7th Cir. 1994); Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996 (2nd Cir. 1995).

[5]Peter Pan Fabric, Inc. v. Martin Weiner Corporation, 274 F.2d 487, 489 (2d Cir. 1960).

Machinery, Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 607 (1st Cir.1988), in which the court held the test, "is whether the accused work is so similar to the Plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the Plaintiff's protected expression by taking material of substance and value." The court in Concrete Machinery, Inc., further held that, "[t]he *sine qua non* of the ordinary observer test is the *overall similarities* rather than the *minute differences* between the two works."[6]

In determining substantial similarity the court will examine: the color, the arrangement and spacing of design elements, the size, shape and orientation of design elements and the use of patterns as well as the overall appearance of the works.[7]

Mere changes in color will ordinarily not preclude a finding of substantial similarity.[8]

As to clothing designs also, the test of infringement is whether the work is recognizable by an "ordinary observer" as having been taken from the copyrighted source.[9]

Slight differences and variations will not serve as a defense.[10]

The burden of proof required for a Plaintiff to establish substantial similarity will vary

---

[6]Concrete Machinery, Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 607 (1st Cir. 1988).

[7] Segrets, Inc. v. Gillman Knitwear Co., Inc., 42 F. Supp.2d 58 (D. Mass. 1998). Citing, The Prionce Group v. MTS Products, 967 F.Supp. 121, 126 (S.D.N.Y. 1997); In Design v. Lynch Knitting Mills, Inc., 689 F. Supp. 824 (S.D.N.Y. 1991).

[8] Segrets, Inc. v. Gillman Knitwear Co., Inc., 42 F. Supp.2d 58 (D.Mass. 1998). Saban Entertainment, Inc. v. 222 World Corp., 865 F. Supp. 1047 (S.D.N.Y. 1994). Concrete Machinery, Inc. v. Classic Lawn Ornament, Inc., 843 F.2d 600, 607 (1st Cir. 1988).

[9] Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985), Citing, Wihtol v. Crow, 309 F.2d 777 (8th Cir. 1962).

[10]Id.

depending on the number of ways in which the idea at issue can be expressed.[11]

**b. Plaintiffs have an easy burden of proof because there are an infinite number of ways to express general concepts of costume and clothing designs.**

The burden of proof varies when the where the idea can only be expressed in a limited number of ways: " burden of proof is heavy on the Plaintiff who may have to show 'near identity' between the works at issue."[12] Conversely, when the idea is capable of being expressed in an "infinite variety of ways," the Plaintiff will bear a lighter burden inasmuch as "duplication or near identity" between the works is not required to establish infringement.[13]

**The lighter burden of proof applies to clothing designs.** Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998)(granting Plaintiff's motion for summary judgment), quoting, Concrete Machinery Company, Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 607 (1st Cir. 1988). The court in Segrets held that because of the infinite number of ways to express the idea of a sweater, the Plaintiff need not prove near identity between the copyrighted designs and the offending work.[14]

The court held that there is an " infinite number of ways to express the idea of a sweater with

---

[11]Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998).

[12]Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998); Quoting, Concrete Machinery Company, Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 606 (1st Cir. 1988).

[13]Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998); Quoting, Concrete Machinery Company, Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 607 (1st Cir. 1988).

[14]Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998).

a southwestern look, or a primitive look."[15]

If the lighter burden of proof applies to every day sweaters, it certainly should apply to fancy costume designs for a casino.

In Segrets, Inc., the court considered the copyright and infringement of sweater deigns entailing a "southwestern and primitive look", produced by Segrets, Inc.[16] In Segrets, the defendant purchased several of Segrets' sweaters and sent them to an overseas manufacturer with instructions to make minor changes, including changes in the color of the sweaters.[17] In granting Plaintiffs motion for summary judgment for infringement, the court held that the sweater designs were copyrightable and that defendant had infringed upon Segrets' copyrighted work. Segrets shows there is nothing unusual or novel in Plaintiffs' interpretation of the law and their copyright.

**c. The law protects Plaintiffs' two dimensional artwork because those designs incorporate artistic expressions which can be separated conceptually from the utilitarian aspects of the article.[18]**

The law does not require actual physical separability. All the law requires is "conceptual separation" of the art from the utility of the costumes.[19] The conceptual separation distinguishes

---

[15]Id. See also Cofre, Inc. v. Lollytogs, Limited, 1991 WL 40366 (S.D.N.Y. 1991). (Holding "there is an infinite number of styles and designs that can be made into a garment for children.").

[16]Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998).

[17]Id.

[18] 17 U.S.C. Section 101. See Also, Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985); National Theme Productions, Inc. v. Jarry B. Beck, Inc., 696 F. Supp. 1348 (S.D. Cal 1988); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484 (S.D.N.Y. 1997); Folio Impressions, Inc. v. Byer California, 937 F.2d 759 (2nd Cir. 1991).

[19]National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp. 1348 (S.D. Cal. 1998), citing, Fabrica, Inc. v. El Dorado Corp., 697 F.2d 890, 893 (9th Cir. 1983); Kieselstein-

copyrightable applied art from uncopyrightable industrial design.[20]

The courts have not hesitated to look past the utility of fashion design to the conceptually separate aesthetic and artistic aspects of fashion designs in upholding copyrights for costumes, bridal dresses, sweaters, slippers, and other forms of clothing.[21]

Some of Plaintiffs' designs were copied by Harrah's and All Bilt. *( See Disputed Facts Nos. 5).* The others on their face have artistic and aesthetic aspects of fashion design which are separate from their utilitarian functions. *(See Disputed Facts Nos.17,18, and19, Galliano Affidavit ~ Annex 7, Belleau Report ~Annex 1)*

That is all Plaintiffs need for a valid copyright for their designs. See for example National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F. Supp. 1348(S.D. Ca. 1988)(granting protection to several masquerade costumes); Celebration International, Inc. v. Chosun International, Inc., 234 F. Supp. 2d 905(S.D. In. 2002)(granting protection to tiger costume).

Defendants are using designs which are so similar to movers' designs that there can be no question that defendants' copied movers' designs. (See Disputed Facts Nos. 5,6,7,8 and Headnote [e] below).

As in the cases cited, movers' designs deal with the expression of costume designs.

**d. Even if the "separability test" is a complete statement of the law, the separate**

---

Cord v. Accessories by Pearl, Inc., 632 F.2d 989, 993 (2nd Cir. 1980).

[20]National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp. 1348 (S.D. Cal. 1998), citing H.R. Rep. No. 1476, 94th Cong., 2nd Sess. 54.

[21] See, Segrets, Inc. v. Gilman Knitwear Co., Inc., 207 F.3d 56 (1st Cir. 2000); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp.1348 (S.D. Cal. 1988); Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484(S.D.N.Y. 1997); Wildlife Express Corp., v. Carol Wright Sales, Inc. 18 F.3d 502 (7th Cir. 1994); Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996 (2nd Cir. 1995).

**artwork includes a broad range of design elements.**

As this Court noted in its prior opinion on copyright law in this case, a broad range of elements of costume artwork are entitled to copyright protection:

"Courts have extended copyright protection to the separable artistic, non-useful elements of apparel, such as an embroidered design on clothing, distinctive striping and color patterns, placement of appliques, jacquard patterns, costume elements, and novelty features. *See Segrets, Inc. v. Gilman Knitwear,* 207 F.3d 56 (1st Cir.2000) (designs on women's sweaters); *Knitwaves, Inc. v. Lollytogs Ltd., Inc.,* 71 F.3d 996 (2nd Cir.1995) (designs on children's sweaters); *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502 (7th Cir.1994) (animal designs on duffel bags); *National Theme Productions, Inc. v. Jerry B. Beck, Inc.,* 696 F.Supp. 1348 (S.D.Cal.1988) (masquerade costumes); *Animal Fair, Inc. v. Amfesco Industries, Inc.,* 620 F.Supp. 175 (D.C.Minn.1985) (slipper resembling a bear's paw); *Eve of Milady v. Impression Bridal, Inc.,* 957 F.Supp. 484 (S.D.N.Y.1997) (bridal dresses incorporating lace designs)."

The cases cited by the Court are examples, not a complete and exclusive list . See e.g., Celebration International, Inc. v. Chosun International, Inc., 234 F. Supp. 2d 905(S.D. In. 2002)(granting protection to tiger costume).

The artistic elements of Plaintiffs' designs easily fall within the broad parameters set by these cases.

**e. Plaintiffs' designs easily meet even the limited version of the separability test.**

Even under Defendants' incomplete statement of the law, Plaintiffs' work consisting of designs for casino costumes qualifies for copyright protection to because Plaintiffs' artistic expressions are easy to separate conceptually or physically from the useful purposes of the garments.

**f. Every Circuit that has addressed head on the issue of copyright protection for costumes has applied the separability test, and every Circuit that has ruled on the issue of copyright protection for costumes, has granted copyright protection to the extent that the utilitarian function is separable from the artistic nature of the work.**

The First Circuit in <u>Segrets, Inc. v. Gilman Knitwear Co., Inc.</u>, 207 F.3d 5(1st Cir. 2000), upheld the ruling of the District Court, granting copyright protection to a sweater design. In fact in <u>Segrets</u> the Court not only enforced the copyright but granted plaintiff's Motion for Summary Judgment finding substantial similarity and thus infringement. ___*Id.*___

Defendants rely on the Second Circuit's opinion in <u>Whimsicality, Inc. v. Rubie's Costume Co., Inc.</u>, 891 F.2d 452(2nd Cir.1989), however the Second Circuit never ruled on this issue of whether the garments could be copyrighted. The Second Circuit resolved the case on the issue of fraud on the Copyright Office. That holding was later vacated following the District Court reopening the issue and accepting new testimony from the Copyright Examiner. The issue of copyright protection applying to the costumes was not reargue to the Second Circuit and thus the Second Circuit has not ruled on the issue. In fact in its opinion the Second Circuit is clear that, "the pictorial, graphic and sculptural aspects of useful articles may be copyrightable if they are separable from the article, physically or conceptually." ___*Id.*___

In *Kieselstein-Cord v. Accessories By Pearl, Inc.,* 632 F.2d 989 (2d Cir.1980), 632 F.2d at 990, the Second Circuit upheld the Copyright Office's determination that sculptured belt buckles were eligible for copyright protection. The court viewed their primary sculptural elements as "conceptually separable" from their subsidiary utilitarian function. *Id.* at 993.

Thus even the Second Circuit recognizes that aspects of useful articles may be copyrighted.

It was the District Court in <u>Whimsicality, Inc. v. Rubie's Costume Co., Inc.</u>, 721 F.Supp.

1566 (E.D.N.Y.1989), that held the costumes were not copyrightable.  This decision is in direct conflict with the First Circuit in Segrets, Inc. v. Gilman Knitwear Co., Inc., 207 F.3d 5(1st Cir. 2000), Celebration Intern., Inc. v. Chosun Intern., Inc., 234 F.Supp.2d 905(S.D.Ind.,2002), and with National Theme Productions, Inc. v. Jerry B. Beck, Inc, 696 F.Supp. 1348 (S.D.Cal.1988), which granted copyright protection to costumes.

This Court should apply the standard set forth in Segrets, Inc. v. Gilman Knitwear Co., Inc., 207 F.3d 5(1st Cir. 2000), and applied in Celebration Intern., Inc. v. Chosun Intern., Inc., 234 F.Supp.2d 905(S.D.Ind.,2002), and with National Theme Productions, Inc. v. Jerry B. Beck, Inc, 696 F.Supp. 1348 (S.D.Cal.1988), to determine that plaintiffs' work contains elements which are separable from the utilitarian function of the garments, and as such the designs are subject to copyright protection.

**[1]  Harrah's directed All Bilt Uniform Fashion to produce literal copies of Plaintiffs' design number H1002.  Harrah's use constitutes a violation of Plaintiffs' copyright.**

Harrah's directed All Bilt to produce literal copies of Plaintiffs' design number H1002. The All Bilt document (See Disputed Facts No. 5 , Annex 2, ) depicts a literal copy of Plaintiffs' design within the All Bilt specification sheet.

**The side by side comparison is strikingly obvious.  The All Bilt design, produced for Harrah's is a literal copy of Plaintiffs' design. *(See Disputed Facts No. 5, Annex 2. Side by side comparison of Plaintiffs Design H 1002 with All Bilt Pattern Nos. 831, and Gunnerson deposition, December 5th, 2003, pp.49-56 , Annex 3).***

**[2]  Harrah's directed All Bilt Uniform Fashion to produce copies of Plaintiffs' design number H1041.  Harrah's use constitutes a violation of Plaintiffs' copyright.**

Harrah's directed All Bilt to produce literal copies of Plaintiffs' design number H1041. The

All Bilt document (See Disputed Facts No. 7, Annex 5 ) depicts a literal copy of Plaintiffs' design within the All Bilt specification sheet. *(See Disputed Facts, Gunnerson deposition, December 5th, 2003, pp. 50-51 Annex 3)*. The side by side comparison makes it obvious that the All Bilt design, produced for Harrah's, is a literal copy of Plaintiffs' design. *( See Disputed Facts No. 7, Annex 5. Side by side comparison)*.

**[3] Harrah's directed All Bilt Uniform Fashion to produce copies of Plaintiffs' design number H1055. Harrah's use constitutes a violation of Plaintiffs' copyright.**

Harrah's directed All Bilt to produce copies of Plaintiffs' design number H1055. The All Bilt document *(See Disputed Facts No. 8, Annex 6 )* depicts a copy of Plaintiffs' design within the All Bilt specification sheet. *(See Disputed Facts No. 8, Gunnerson deposition, December 5th, 2003, pp.59-84, Annex 3)*. The side by side comparison makes it obvious that the All Bilt design, produced for Harrah's, is a copy of Plaintiffs' design. *(See Disputed Facts No 8, Annex 6. Side by side comparison)*.

**[4] Harrah's directed All Bilt Uniform Fashion to produce copies of Plaintiffs' design number H1056. Harrah's use constitutes a violation of Plaintiffs' copyright.**

Harrah's directed All Bilt to produce copies of Plaintiffs' design number H1056. The All Bilt document *(All Bilt ~ AB 878D, Annex 1)* depicts a copy of Plaintiffs' design within the All Bilt specification sheet. *(See Gunnerson deposition, December 5th, 2003, pp. 85-86 Annex 2)*. The side by side comparison makes it obvious that the All Bilt design, produced for Harrah's, is a copy of Plaintiffs' design. *(Annex 1, Side by side comparison)*.

**[5] Harrah's directed All Bilt Uniform Fashion to produce literal copies of Plaintiffs' design number HRH 28 B. Harrah's use constitutes a violation of Plaintiffs' copyright.**

Harrah's directed All Bilt to produce literal copies of Plaintiffs' design number HRH 28 B.

The All Bilt document *(See Disputed Facts No. 6, Annex 4)* depicts a literal copy of Plaintiffs' design within the All Bilt specification sheet. *(See Disputed Facts, Gunnerson deposition, December 5th, 2003, pp. 52-53, Annex 3)*. The side by side comparison makes it obvious that the All Bilt design, produced for Harrah's, is a literal copy of Plaintiffs' design. *(See Disputed Facts, No. 6, Annex4, Side by side comparison)*.

**[6]    The artistic elements of Plaintiffs' design number H1052, are conceptually separable from the useful purpose of the garment.  Harrah's use of the design constitutes a violation of Plaintiffs' copyright.**

Gianna Inc. design number H1052 *(Annex 2 )* contains elements of designs which are purely aesthetic and which are conceptually separable from the utilitarian aspects of the design.  The base design is a shirt.  The artistic aspects of the design include the mandarin collar with multicolor piping around the rim, three jacquard patterned plackets, colored piping on the cuff, an inverted pleat with contrasting color on the interior, and a star above the inverted pleat again in contrasting color.  These aspects of the shirt are aesthetic in nature and evidence the artistic expression of Plaintiffs.  These element s are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection.

According to Plaintiffs' Expert Dr. Belleau: Design H1052 is the same as the All Bilt design as evidenced by specification sheets attached. These All Bilt designs are based on H1052, but have short sleeves.    63274        63707        62552        64412        57133

The above referenced All Bilt designs are the same as the Galiano design; there are substantial similarities between the designs, and in fact, some of the All Bilt designs are exact copies of the Galiano designs.  Design H1052 is a functional shirt, but it also has distinct and unique artistic characteristics that have been copyrighted.  Those are: the piped mandarin collar with a center front

notch, jacquard fabric trim on a concealed button or snap placket, with additional jacquard fabric stripes down either side, the piped cuff trim, the inverted center back pleat with a star at the top. The overall look of design H1052 is distinct and unique. It has been copied by All Bilt, produced, and sold to HOCI, even though the design was copyrighted by Ms. Galiano.

Some of the shirts have the jacquard trim over the concealed placket, others have the suspender look with jacquard trim on either side of center front, some have the jacquard trim halfway down center front, but all the shirts have the distinct look of Ms. Galiano's designs. Her shirt design has a unique 'look' that is easily identifiable in the shirts produced by All Bilt. The above referenced shirts have short sleeves, but other than that feature, are copies of Ms. Galiano's designs. *(See Disputed Facts, No. 9, Belleau Expert Report, Annex 1, pp. 26-27,)*

**[7] The artistic elements of Plaintiffs' design number H1051, are conceptually separable from the useful purpose of the garment. Harrah's use of the design constitutes a violation of Plaintiffs' copyright.**

Gianna Inc. design number H1051 (Annex 3 ) contains elements of designs which are purely aesthetic and which are conceptually separable from the utilitarian aspects of the design.
The base design is a jacket. The artistic aspects of the design include the use of color blocking on the sides, mandarin collar with multicolor piping around the rim, choice of a princes cut fabric, and the use of stars. These aspects of the jacket are aesthetic in nature and evidence the artistic expression of Plaintiffs. These element s are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection.

According to Plaintiffs' Expert Dr. Belleau: Designs H1051, 1053, 1004 are the same as the All Bilt design as evidenced by specification sheets attached to the following charge sheet packets:

| | | | | | | |
|---|---|---|---|---|---|---|
| 58554 | 64911 | 63548 | 64911 | 64420 | 64331 | 65702 |
| 64060 | 63550 | 62399 | 7400 | 73030 | 73730 | 73031 |
| 64543 | 64449 | 64421 | 65146 | 65887 | 64977 | 65218 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 71716 | 70526 | 64420 | 65384 | 65134 | 64331 | 65702 |
| 58553 | 55677 | 61762 | 63271 | 74374 | 73202 | 61522 |
| 63336 | 65049 | 64061 | 63087 | 62394 | 63043 | 62109 |
| 63875 | 55676 | 63271 | 66496 | 70526 | 65708 | 62753 |
| 63533 | 67405 | 64924 | 61002 | 61520 | 61753 | 57295 |
| 57147 | 65800 | 65701 | 59735 | 61039 | 61521 | 57377 |
| 60761 | 73029 | 66452 | 67344 | 69259 | 68794 | 69492 |
| 68785 | 67410 | 64011 | 63348 | 60737 | 63543 | 62211 |
| 57177 | 57392 | 59378 | 59678 | 57148 | 53673 | 59288 |
| 63527 | 72142 | 69476 | 70075 | 72424 | 71353 | 63528 |
| 71518 | 71229 | 71228 | 66474 | 68777 | 68201 | 67206 |
| 58386 | 64051 | 63268 | 62201 | 63080 | | |

The above referenced All Bilt designs are the same as the Galiano design; there are substantial similarities between the designs, and in fact, some of the All Bilt designs are exact copies of the designs, and in fact, some of the All Bilt designs are exact copies of the Galiano designs. Designs H 1051, 1053 and 1004 are all unique jackets with a semi-fitted look. Each is characterized by princess lines in front and back. Star buttons are also a unique feature. The jackets also have a flange at the shoulder to allow for more ease in that area. All the All Bilt designs have the above features. Since these features are not a part of the functional aspects of the garments, they are part of copyrighted designs and provide concrete examples of Ms. Galiano's designs that are being produced by All Bilt.

In addition, All Bilt used Ms. Galiano's distinctive button style on the jackets, as evidenced by specification sheets attached to the following charge sheet packets:

64727         65391         69980         65178

The button styles on Ms. Galiano's design are very distinctive and unique and go beyond the basic functional requirements of a button, and, as such were copyrighted. All Bilt ordered and used the button style originally created by Ms. Galiano. The buttons on AllBuit garments are identical to the buttons on the designs created by Ms. Galiano. *(See Disputed Facts No. 10, Belleau Expert Report, Annex 1, p. 24-25).*

[8]    **The artistic elements of Plaintiffs' design number H1041, are conceptually**

**separable from the useful purpose of the garment. Harrah's use of the design constitutes a violation of Plaintiffs' copyright.**

Gianna Inc. design number H1041 *(See Disputed Facts No. 7, Annex 5 )* contains elements of designs which are purely aesthetic and which are conceptually separable from the utilitarian aspects of the design.

The base design is a jacket. The artistic aspects of the design include use of three large buckle style clasp, and the cut of the garment. These aspects of the jacket are aesthetic in nature and evidence the artistic expression of Plaintiffs. These element s are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection.

According to Plaintiffs' Expert Dr. Belleau: 15. Design H1041 is the as the All Bilt designs as evidenced by specification sheets attached.

72376          53665          55457          67208

These original Galiano designs are distinctively styled vests (male and female). The cut of the female vest is princess lines with a very unique buckle closure. It features a deep V neckline and a semi-fitted look. The male vest also has a deep V neckline and features two buckle accents on one side of the front. Those features are independent of the functional aspects of the garments and, as such, are copyrighted. The All Bilt designs are substantially similar to the Galiano designs. In fact, one of the All Bilt specification sheets has a exact copy of the Galiano Drawing. The overall look of the All Bilt vest is the same as the overall look of the Galiano vests. *(See Disputed Facts No. 7, Belleau Expert Report, Annex 1, p. 28 and Annex 5, side by side comparison)*

**[9]    The artistic elements of Plaintiffs' design number H1055, are conceptually separable from the useful purpose of the garment. Harrah's use of the design constitutes a violation of Plaintiffs' copyright.**

Gianna Inc. design number H1055 *(Annex 4 )* contains elements of designs which are purely

aesthetic and which are conceptually separable from the utilitarian aspects of the design.

The base design is a shirt. The artistic aspects of the design include the mandarin collar with multicolor piping around the rim, a unique cascade of stars coming down from the right shoulder, and an overlapping flap buttoned by star buttons. These aspects of the shirt are aesthetic in nature and evidence the artistic expression of Plaintiffs. These elements are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection.

According to Plaintiffs' Expert Dr. Belleau: Designs H1055, 1056, 1095 are the same as the All Bilt designs as evidenced by specification sheets attached to the following charge sheet packets:

| | | | | | | |
|---|---|---|---|---|---|---|
| 64208 | 65143 | 62113 | 60237 | 36927 | 62253 | 65292 |
| 59386 | 57141 | 57149 | 62769 | 58510 | 57717 | 59281 |
| 62619 | 58509 | 57834 | 60045 | 65026 | 65293 | 61012 |
| 57393 | 55616 | 55461 | 65144 | 63084 | 57139 | 57220 |
| 66297 | 62555 | 57143 | 55617 | 56367 | 56495 | 54982 |
| 59876 | 62752 | 62758 | | | | |

These original Galiano designs are distinctly styled shirts with asymmetric closures. Artistic features such as the piped mandarin collar with a center front notch, embroidered cuff logo, star buttons, and coin design on the shirt characterize these designs. Those features are not critical to the function of the garment, and as such, are copyrighted. The All Bilt designs have substantial similarities to the Galiano designs in terms of design features and the overall 'look' of the garment. *(See Disputed Facts No. 11, Belleau Expert Report, Annex 1, p. 25-26).*

**[10] The artistic elements of Plaintiffs' design number H1056, are conceptually separable from the useful purpose of the garment. Harrah's use of the design constitutes a violation of Plaintiffs' copyright.**

Gianna Inc. design number H1056 *(Annex 1 )* contains elements of designs which are purely aesthetic and which are conceptually separable from the utilitarian aspects of the design.

The base design is a shirt. The artistic aspects of the design include the mandarin collar with multicolor piping around the rim, and an overlapping flap with stars around the rim of the flap.

These aspects of the shirt are aesthetic in nature and evidence the artistic expression of Plaintiffs. These element s are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection.

According to Plaintiffs' Expert Dr. Belleau: Designs H1055, 1056, 1095 are the same as the All Bilt designs as evidenced by specification sheets attached to the following charge sheet packets:

| | | | | | | |
|---|---|---|---|---|---|---|
| 64208 | 65143 | 62113 | 60237 | 36927 | 62253 | 65292 |
| 59386 | 57141 | 57149 | 62769 | 58510 | 57717 | 59281 |
| 62619 | 58509 | 57834 | 60045 | 65026 | 65293 | 61012 |
| 57393 | 55616 | 55461 | 65144 | 63084 | 57139 | 57220 |
| 66297 | 62555 | 57143 | 55617 | 56367 | 56495 | 54982 |
| 59876 | 62752 | 62758 | | | | |

These original Galiano designs are distinctly styled shirts with asymmetric closures. Artistic features such as the piped mandarin collar with a center front notch, embroidered cuff logo, star buttons, and coin design on the shirt characterize these designs. Those features are not critical to the function of the garment, and as such, are copyrighted. The All Bilt designs have substantial similarities to the Galiano designs in terms of design features and the overall 'look' of the garment. *(See Disputed Facts No. 11, Belleau Expert Report, Annex 1, p. 25-26).*

**[11] The artistic elements of Plaintiffs' design number H2000A, are conceptually separable from the useful purpose of the garment. Harrah's use of the design constitutes a violation of Plaintiffs' copyright.**

Gianna Inc. design number H2000A (Annex 6) contains elements of designs which are purely aesthetic and which are conceptually separable from the utilitarian aspects of the design. The base design is a shirt. Plaintiffs' design H2000 is a variation of Plaintiffs' design H1052. The artistic aspects of the design include the mandarin collar with multicolor piping around the rim, one jacquard patterned placket, and colored piping on the cuff.. These aspects of the shirt are aesthetic in nature and evidence the artistic expression of Plaintiffs. These element s are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection. (See

Disputed Facts No. 18, annexed Affidavit of Galiano Annex 7,)

[12]   **The artistic elements of Plaintiffs' design number H1002, are conceptually separable from the useful purpose of the garment.  Harrah's use of the design constitutes a violation of Plaintiffs' copyright.**

Gianna Inc. design number H1002 *(See Disputed Facts No. 5, Annex 2)* contains elements of designs which are purely aesthetic and which are conceptually separable from the utilitarian aspects of the design.  The base design is a shirt.  The artistic aspects of the design include the mandarin collar with multicolor piping around the rim and color blocking, numerous large overlapping pleats on the front of the shirt in contrasting colors, and colored piping on the cuff with contrasting colors on each cuff..  These aspects of the shirt are aesthetic in nature and evidence the artistic expression of Plaintiffs.  These element s are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection.

According to Plaintiffs' Expert Dr. Belleau: Design H1002 is the same as the All Bilt designs as evidenced by specification sheets attached.    54983              01904
The original Galiano design featured a color-blocked mandarin collar and concentric flanges on the front accenting the princess lines.  The front of the shirt was also color-blocked, as were the sleeves.  The very distinctive features of the color-blocked flange effect on the font of the blouse are not essential to the functions of the blouse.  Those features are copyrighted.  The All Bilt design is substantially similar, in fact, the All Bilt specification sheet uses the exact drawing that Ms. Galiano copyrighted.  It's very easy to see that All Bilt copied the Galiano copyrighted.  It's very easy to see that All Bilt copied the Galiano design exactly.  Since a exact copy was used by All Bilt, the overall look of the All Bilt garment is identical to the design by Ms. Galiano. *(See Disputed Facts No. 5, Belleau Expert Report, Annex 1, pp. 28-29)*

[13]  **The artistic elements of Plaintiffs' design number HRH 28 B, are conceptually**

separable from the useful purpose of the garment. Harrah's use of the design constitutes a violation of Plaintiffs' copyright.

Gianna Inc. design number HRH 28 B *(See Disputed Facts No. 6, Annex 4)* contains elements of designs which are purely aesthetic and which are conceptually separable from the utilitarian aspects of the design. The base design is a shirt. The artistic aspects of the design include DESCRIBE DESIGN.. These aspects of the shirt are aesthetic in nature and evidence the artistic expression of Plaintiffs. These element s are conceptually separable from the utilitarian function of the shirt and thus are subject to copyright protection.(See Disputed Facts, No. 17, Galiano Affidavit, Annex 7).

**[14]. The Court should deny Defendants' motion because new undisputed evidence in this case reinforces the Court's observations in the Court's previous opinion that Plaintiffs' designs have striking similarities with the Harrah's/All Bilt designs.**

Even at the time of the Court's prior opinion on the copyright issues, the Court remarked that Plaintiff's designs are very similar to the Harrah's/All Bilt designs. This Court noted in its Judgment of Plaintiffs' Motion for Summary Judgment that

*" a review of the color photographs and sketches indicates that a particular color scheme and contrasting ribbed borders were used in the actual uniforms, which were present in the sketches. A genuine issue of material fact exists with regard to whether separable, artistic elements of the clothing are present which were copyrightable ".*

Discovery since the Court's previous opinion has reinforced the Court's earlier remarks.

Undisputed evidence now shows the undeniable strong similarity between Plaintiffs' Harrah's Collection and the Harrah's/All Bilt production designs.

Business Records discovered at All Bilt fashions, evidenced literal copies of three of Plaintiffs' designs in specifications sheets for orders placed by Harrah's. *( See Disputed Facts No.5*

*Design H1002 ~ Annex 2, Disputed Facts No. 7 Design H1041 ~ Annex 5, Disputed No. 6 Design HRH 28 B ~ Annex 4)*

All Bilt's records also contained numerous orders of a designs which is strikingly similar to Plaintiffs' design number H1056. *(Annex 4 side by side, See Disputed Fact No.11).* The cascade of coins in a unique design of Plaintiffs and is quite literally copied by All Bilt for use at Harrah's casinos. Further All Bilt's lead designer Linda Gunnerson admits that someone at Harrah's showed her the cascading coin design before she prepared her specification sheet for Harrah's. *(See Deposition of Gunnerson, December 5th, 2003 pp.74-75, Annex 5).*

The evidence is overwhelming that Harrah's directed All Bilt to make designs which were copies of Plaintiffs' designs for use in Harrah's casinos across the United States. Plaintiffs' found nearly 8000 documents in All Bilt's files detailing the extent of Harrah's use of Plaintiffs' designs.

It is undisputed that Harrah's had access to Plaintiffs' designs. It is undisputed that Harrah's provided Plaintiffs' designs to All Bilt. It is undisputed that All Bilt's records contained literal copies of Plaintiffs' designs.

In one instance All Bilt did not even bother to remove Plaintiffs' signature from her design. *(See Undisputed Facts No. 10, H1002 from All Bilt records, Annex 11).*

It is undisputed that Harrah's ordered millions of dollars of uniforms from All Bilt. It is undisputed that Harrah's approved and controlled all of the designs produced by All Bilt for Harrah's. *(See Undisputed Facts No.4).*

The evidence paints a clear picture of Harrah's wilful infringement of Plaintiffs' designs through its manufacturer All Bilt Uniform Fashions. Thus Harrah's is a contributory infringer and is vicariously liable for the infringement of its manufacturer All Bilt.

**[15]. The Court should also deny the summary judgment because Harrah's had Plaintiffs' silkscreen design H1020, copied and printed on cups which were distributed at a**

Harrah's casino.  **This action also constitutes a violation of Plaintiffs' copyright.**

Harrah's directed the production of promotional cups with an exact copy of Plaintiffs' design number H1020 printed on the cup.  (See Annex 7).  Harrah's has to this date not produced the name of the manufacturer or any information relating to the production of this cup.  But there is no question that copyright protection covers Plaintiffs' two dimensional silkscreen design H1020. Defendant's admit as much in their brief.  Yet Harrah's wilfully infringed upon Plaintiffs' copyright by the unauthorized reproduction and distribution of design number H1020 on promotional cups.

**[16].  The Court should deny the motion because Harrah's at the very least is a contributory infringer.**

Harrah's is vicariously liable for the copyright infringement of All Bilt Uniform Fashions, and any other manufacturer whom Harrah's directed in the copying of Plaintiffs' designs.

The undisputed facts show Harrah's is at least a contributory infringer because Harrah's directed All Bilt Uniform Fashion in the production of designs which are substantially similar to Plaintiffs' designs. *(SeeUndisputed Facts No.  7).*

One who, with knowledge of copyright infringing activity, induces, causes or materially contributes to infringing conduct of another may be held liable as a "contributory" infringer".  17 U.S.C.A. §§ 1(e), 101.  Harrah's can not avoid liability by claiming they did not actually produce the infringing designs, when they directed and supervised the production of the infringing designs.[22]

Harrah's  directed manufacturers to use Plaintiffs' designs to produce garments for use in Harrah's casinos which meet all of the elements of the copyright infringement test for costume

---

[22]Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Ass'n, Inc., 554 F.2d 1213 (C.A.1.Mass.,1977); Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304(C.A.2.N.Y.,1963); Gershwin Pub. Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159(C.A.2.N.Y.,1971); Southern Bell Tel. and Tel. Co. v. Associated Telephone Directory Publishers, 756 F.2d 801(C.A.11.Ga.,1985); Sygma Photo News, Inc. v. High Soc. Magazine, Inc., 778 F.2d 89(C.A.2.N.Y.,1985); Universal City Studios, Inc. v. Sony Corp. of America, 659 F.2d 963(C.A.9.Cal.,1981).

designs by any interpretation of the law. *(See Undisputed Facts No.7and Disputed Facts Nos.5-18)*

The owner of a copyright may seek relief not only against someone who infringed that owner's copyright, but also against someone who knowingly contributed to that infringement.[23]

The copyright infringement Plaintiff can name as defendant one who is liable only as vicarious infringer without also naming "direct" infringer as defendant.[24]

Harrah's provided Plaintiffs' designs to All Bilt and directed All Bilt to produce designs which are substantially similar to Plaintiffs' designs. (See Disputed Facts, Deposition of Gunnerson, December 5th, 2003 pp.10 and 11, Annex 3, Disputed Fact No.5-18). Harrah's then ordered millions of dollars of designs which are substantially similar to Plaintiffs' designs from All Bilt. Harrah's cannot not escape liability by claiming that it did not actually produce the garments.

**[17]. The Court should deny the motion because Harrah's undisputed conduct falls well within the scope of the conduct prohibited by the copyright statutes.**

The issue of infringement is divided into two sub-issues: (1) Whether the defendant had access to Plaintiff's copyrighted work, and (2) whether the copyrighted and allegedly infringed work are "substantially similar.[25]

---

[23] Lehman Brothers, Inc. v. Wu, 2003 WL 22926929(S.D.N.Y.,2003); Medallic Art Co., Ltd. v. Novus Marketing, Inc., 2003 WL 22053139(S.D.N.Y.,2003); Gordon v. Nextel Communications and Mullen Advertising, Inc., 345 F.3d 922(C.A.6.Mich.,2003);

[24]Gordon v. Nextel Communications and Mullen Advertising, Inc., 345 F.3d 922(C.A.6.Mich.,2003); Medallic Art Co., Ltd. v. Novus Marketing, Inc., 2003 WL 22053139(S.D.N.Y.,2003); Lowry's Reports, Inc. v. Legg Mason, Inc., 2003 Copr.L.Dec. P 28655(D.Md.N.Div.,2003)(Vicarious copyright liability does not depend on the existence of a master- servant or employer-employee relationship; vicarious copyright liability extends more broadly, and reaches any defendant who has the right and ability to supervise the infringing activity and also has an obvious and direct financial interest in exploitation of the copyrighted material. )

[25] Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985), citing, Eden Toys, Inc. v. Marshall Field & Co., 675 F.2d 498 (2nd Cir. 1982); See also, Segrets, Inc. v. Gillman Knitwear Co. Inc., 207 F.3d 56 (1st Cir. 2000); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484 (S.D.N.Y. 1997); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp. 1348 (S.D. Cal. 1988).

To document the infringement of copyrighted works, Plaintiff may, " 'either present direct evidence of factual copying or, if that is unavailable,' as is typically the case, evidence, 'that the alleged infringer had access to the copyrighted work and that the offending and copyrighted works are so similar that *the court may infer that there was factual copying*.'" [26] "*Actionable* copying - from the defendants' access to the copyrighted portfolio of work as well as the *substantial similarity* between the copyrighted work and the alleged infringement."[27]

In other words, access plus substantial similarity supports an inference by the fact finder that Defendants copied Plaintiffs' designs.

Defendants, had access to and continue to hold in their possession copies of movers' designs.(See Undisputed Facts No. 2, Annex1, 3, and 4 ).

Defendants are currently using designs which are identical to and/or substantially similar to movers' designs. (See Undisputed Facts No. 7, Annex 9).

Defendants' possession of and access to movers' designs, together with the substantial similarity between the designs in use by defendants and movers' designs, should lead this Court to infer from the evidence that there was and is factual copying of Movers' designs by defendants.(See Disputed Facts Nos. 5-18, Annex's 1-7).

**[18]. Harrah's undisputed conduct easily falls within the scope of the word "use" in Plaintiffs' claim.**

Harrah's complaints about the word "use" in Plaintiffs' pleadings to describe its conduct.

---

[26]Segrets, Inc. v. Gillman Knitwear Co. Inc., 42 F. Supp. 58 (D. Mass. 1998), Citing, CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc. 97 F.3d 1504,1513 (1st Cir. 1996), (quoting Lotus Devolpment Corporation v. Borland International, Inc., 49 F.3d 807, 813 (1st Cir. 1995)).

[27]Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484 (S.D.N.Y. 1997), quoting, Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139 (2nd Cir. 1992). See also, Wildlife Express Corp., v. Carol Wright Sales, Inc. 18 F.3d 502 (7th Cir. 1994).

There is no need to amend the pleading to bring it within the scope of statutory infringement by a contributory infringer such as Harrah's.

According to Webster's Unabridged Dictionary, "use" includes among others: ***"to employ, enjoy...to put into action or service...to carry out a purpose or action by means of...to benefit from the use of..."*** Harrah's undisputed actions easily fit every one of these definitions. When Harrah's told All Bilt that their designs should look like Plaintiffs' designs, Harrah's "employed", "enjoyed", "put into action or service", and "benefitted from the use of" Plaintiffs' designs. Plaintiffs' They constitute an unauthorized "use" of Plaintiffs' work and thus a violation of Plaintiffs' copyright.

Harrah's directed the production, sale, and distribution of infringing copies of Plaintiffs' original designs. Harrah's "use" constitutes a violation of Plaintiffs' copyright. [28]

Harrah's directed the reproduction of Gianna Inc.'s designs through All Bilt and other manufactures in violation of Sec. 106(1). Harrah's directed its manufacturers to prepare derivative works based upon plaintiffs' designs in violation of Sec. 106(2). Harrah's directed the reproduction of Gianna Inc. design number H1020(silkscreen cups) (See Annex 5), for use on a promotional cup, and then distributed those cups to the public in violation of Sec. 106(3).

As previously addressed Harrah's can not escape liability for unauthorized copying which Harrah's directed merely by pointing the finger at its manufacturers. [29]

Plaintiffs' complaint clearly put Harrah's on Notice of the nature of plaintiffs' claims.

---

[28] Lehman Brothers, Inc. v. Wu, 2003 WL 22926929(S.D.N.Y.,2003); Medallic Art Co., Ltd. v. Novus Marketing, Inc., 2003 WL 22053139(S.D.N.Y.,2003).

[29] Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Ass'n, Inc., 554 F.2d 1213 (C.A.1.Mass.,1977); Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304(C.A.2.N.Y.,1963); Gershwin Pub. Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159(C.A.2.N.Y.,1971); Southern Bell Tel. and Tel. Co. v. Associated Telephone Directory Publishers, 756 F.2d 801(C.A.11.Ga.,1985); Sygma Photo News, Inc. v. High Soc. Magazine, Inc., 778 F.2d 89(C.A.2.N.Y.,1985); Universal City Studios, Inc. v. Sony Corp. of America, 659 F.2d 963(C.A.9.Cal.,1981).

Harrah's actions constitute unauthorized reproduction and distribution of plaintiffs' copyrighted work.

Alternatively, the Court should permit an amendment of the pleadings to conform to the evidence developed thru discovery, and insert the precise statutory language Harrah's wants in the pleadings. The Federal Rules permit amendment even during the trial, much less prior to the trial. FRCP 15(b).

**[19]. The Court should deny the motion because even Harrah's Statement of Undisputed Facts does not comply with the letter or the spirit of the rules.**

Harrah's Statement does not comply with that rule because it does not cite a document or any testimony to support many of those facts.

The following important facts have no support by any reference to any document or deposition testimony: 24, 26-30.

That does not comply with Rule 56 because facts cited in support of a summary judgment must at least meet the minimum requirements for admissibility into evidence. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455(5th Cir. 1998); Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415(5th Cir. 1996).

Undisputed facts with no support from any evidentiary facts at all obviously do not meet this test.

**[20]. The Court should deny the motion because Harrah's Statement of Undisputed Facts is neither undisputed nor factual.**

Plaintiffs annex as Annex 8 a fact by fact discussion of Defendants' alleged undisputed facts.[30]

---

[30] Defendants put their Statement of Facts into an Annex, Annex 8 hereto. Plaintiffs respectfully do the same with their fact by fact replies.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113
Telephone:  504-529-4141
Facsimile:  504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law In Opposition To Defendants' Motion For Partial Summary Judgment.

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 30th day of December, 2003.

Sidney L. Shushan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO ALLEGED UNDISPUTED FACTS

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, though undersigned counsel, Plaintiffs' Jane Galiano and Gianna, Inc. and file this Opposition To Alleged Undisputed Facts:

*1-6 True but not material to the summary judgment:*

1.  Plaintiff Gianna Inc. is Louisiana Corporation that was formed by its principals in 1995 as a minority contractor, based on female ownership, to do business with Harrah's.

2.  Plaintiff Gianna Inc. Jane Galiano is a principle of Gianna, Inc., and is a resident of the State of Louisiana.

3.  Harrah's Operating Co. Inc. is a Tennessee corporation licensed to do business in the State of Louisianan and in this district.

4.  Harrah's Entertainment, Inc. is a Delaware corporation licensed to do business in Louisiana and in this district.

5.  All Bilt Uniform Fashion Corp. is a corporation organized and existing under the

laws of the State of New Jersey and is a wholly owned subsidiary of Fechheimer Brothers.

6.    Uniform Ideas, Inc. is currently a division of Angelica, Inc. and has no affiliation with either defendant herein.

*7-10    "Affiliate" is not defined. If it means an ownership connection, that is immaterial if true:*

7.    All-Bilt has never been affiliated with either of the Harrah's companies. Deposition of John Spordone, taken December 19, 2003, marked "Exhibit 12," p. 31 lines 14 through p. 32 line 9.

8.    All Bilt was never a division of Harrah's Id., p.32 lines 10-11.

9.    All Bilt wan never in a joint venture with Harrah's Id., p 32 lines 12-14.

10.    All Bilt was never in a partnership with Harrah's Id., p.32 lines 15-17

*11-23    True but support the Opposition to the Summary Judgment or are not material:*

11.    All Bilt was a supplier of casino uniforms, and Harrah's puchased casino uniforms form All Bilt. Id., lines 18-22.

12.    Plaintiff Jane Galiano submitted sketches of uniform designs to Connie Albright, an employee of Harrah's, in the summer or fall of 1995.

13.    Plaintiff Galiano met with Mary Beth Morgan of Uniform Ideas in an effort to arrange to have uniforms manufactured so they could be sold to Harrah's through Galiano's minority contractor company Gianna Inc.

14.    Gainna, Inc. and Uniform Ideas signed a contract dated September 1, 1995 whereby Uniform Ideas was to manufacture uniforms and would in turn pay Gianna Inc. a royalty for their design. The contract is attached as Exhibit 1.

15.    Gianna, Inc.'s contract with Uniform Ideas expired on December 31, 1995 and was not renewed.

16.     Uniform Ideas paid Gainna, Inc. royalties for uniforms that it manufactured and sold to Harrah's Copies of royalty statements are attached as Exhibit 6.

17.     Uniform Ideas only manufactured a few garments form Gianna designs. (Deposition of Mary Beth Morgan, taken February 21, Exhibit 5)

18.     Plaintiff Galiano also met with the president of All Bilt, Howard Wecksler.

19.     Plaintiff Galiano attempted to negotiate a contract with All Bilt whereby All bilt would manufacture garments based on her designs and sell them to Harrah's

20.     Gianna, Inc. and All Bilt corresponded with each other about pricing of uniforms that they would attempt to manufacture based on Gianna, Inc.'s fashion designs.

21.     Gianna, Inc. sent All Bilt a contract setting forth the terms whereby All Bilt would manufacture fashion designs of Gianna, Inc. and Gianna Inc. would be compensated therefore, but the contract was never signed.

22.     With the consent of plaintiff Galiano, All Bilt manufactured prototypes of certain uniforms.

23.     All Bilt produced uniforms based on some of the prototypes it had manufactured from Gianna, Inc. designs.

24.     All Bilt ceased to produce the uniforms based on the prototypes in Spring of 1996.

*If it means All Bilt never produced literal copies of Plaintiffs' designs for Harrah's, or substantially similar designs, it is very much disputed. See all of the Disputed Facts above and the relevant headnotes of the above brief.*

25.     All Bilt Paid royalties to Gianna Inc. based on some of her fashion designs for the so-called Range garments and Fresh market garments. See Deposition of Howard Wecksler, taken December 10, 2003, Exhibit 2.

*True but not material. This lawsuit is about the 3-4 millions of dollars of designs for which*

*no royalties were paid.*

26.    Neither Harrah's Operating Co., Inc. nor Harrah's Entertainment Inc. has ever copied Plaintiffs' sketches.

*Immaterial. See above headnote on contributory infringement by Harrah's.*

27.    Neither Harrah's Operating Co., Inc. nor Harrah's Entertainment Inc. has ever manufactured garments based on Plaintiffs' sketches.

*Immaterial. See above headnote on contributory infringement by Harrah's.*

28.    Garments that All Bilt sold to Harrah's were in all case manufactured by All Bilt.

*Immaterial. See above headnote on contributory infringement by Harrah's.*

29.    Garment that All Bilt sold to Harrah's were in all cases manufactured form specifications created by All Bilt designers and pattern makers.

*Very much disputed. See Undisputed Facts Nos. _____ above, and all of the Disputed*

*Facts.*

30.    Plaintiffs attempted to get the Harrah's companies to enter into a contract for fashion design services, but were unsucessful.

*Immaterial.    See above headnote on contributory infringement by Harrah's.*

*31-35    True but immaterial to this motion.*

31.    Plaintiffs then brought a lawsuit against Harrah's Operating Co., Inc. and Harrah's Entertainment Inc., which is the suit in the premises.

32.    In connection with the commencement of this lawsuit, plaintiffs filed and application for copyright on form Vau for sketches of clothing designs referred to as "Uniform and Costume Collections  submitted to Harrah's Operating Company, Inc." Exhibit 13.

33.    The application identified the nature of the work as "Artwork for Wearing Apparel."

Exhibit 13, section 1. It further referred to the work in section 2 as "2-dimensional artwork." 28, 1999, Registration Certificate No. Vau 456-437 was issued by the Copyright Office to Plaintiffs base on their application.

34. The nature of the work as stated to be protected on the copyright registration certificate has never been amended.

35. The Copyright Office treats 2-dimensional artwork different form 3-dimensional artwork under its internal procedures. Circular 40a, marked Exhibit 14.

*36-37  True but immaterial to this motion. Among other reasons, the designs in questions were fancy dress costumes, not everyday street wear, and contained easily separable artistic elements.*

36. Artwork for wearing apparel, according to the Copyright Office, is the characterization given for 2-dimensional sketches of wearing apparel.

37. Plaintiff Jane Galiano has testified that the "artwork for wearing apparel" referred to in the certificate is the sketches themselves.

38. Plaintiff Galiano has also testified that the artwork includes everything in the sketches, including the human forms shown therein. Galiano Dep., March 13, 2001 marked Exhibit3, pp. 123-125.

*Disputed. Plaintiff's testimony obviously meant that every design contained easily separable artistic elements. It is also immaterial because the Court should deny this motion if even one but less than all of the designs include separable artistic elements. It is also immaterial because many of Plaintiffs' designs were not copied by the Harrah's\All Bilt designs and are therefore not relevant to this motion or this lawsuit.*

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113
Telephone:  504-529-4141
Facsimile:  504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the above and foregoing Opposition To Undisputed Facts.

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 30th day of December, 2003.

Sidney L. Shushan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

## STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

NOW COME Plaintiffs' Jane Galiano and Gianna, Inc. and file this Statement Of Undisputed Facts In Opposition To Defendants' Motion For Partial Summary Judgment:

1. Gianna Inc., and Jane Galiano designed a collection of uniforms, costumes, and artwork during Gianna Inc.'s business relationship with Harrah's. (*Annex H and I to Plaintiffs' First Motion for Summary Judgment, filed on September 9, 2000).*

2. Harrah's was and is in possession of copies of Gianna Inc.'s designs and artwork.; *(Deposition of Wecksler, April 23, 2001 p. 14 & p18, Annex 1; Deposition of Gunnerson, April 23, 2001, p. 9,*

*Annex 2; Letter of December 4th from All Bilt to Harrah's providing pricing of Plaintiffs' designs, Annex 3; Letter of February 14th , 1996 offering to pay royalties for Plaintiffs' designs, Annex 4.)*

3.   Harrah's provided copies of Gianna Inc.'s artwork and designs to uniform and costume manufacturers, including All Bilt Uniform Fashions. *(Letter of December 4th, 1995 from All Bilt to Harrah's providing pricing of Plaintiffs' designs, Annex 3; Letter of February 14th, 1996 offering to pay royalties for Plaintiffs' designs, Annex 4)*

4. Harrah's ordered millions of dollars of uniforms from All Bilt.  *(See Reports of Mr. David J. Bourg, CPA, Annex 5 ).*

5. Harrah's approved and controlled all of the designs produced by All Bilt for Harrah's.  Harrah's has control over the designs which it orders from All Bilt and directs the production of the designs. *(Deposition of Gunnerson, April 23, 2001, pp. 26 and 27, Annex 6)*

6.  Harrah's provided Plaintiffs' designs to All Bilt and directed All Bilt to produce designs which are substantially similar to Plaintiffs' designs. *(See deposition Deposition of Gunnerson, April 23, 2001, pp. 20 and 21, Annex 7, Deposition of Gunnerson, December 5, 2001, pp. 128 and 129, Annex 8)*

7.  In 2003, Harrah's continued to order  costumes from All Bilt Uniform Fashions. *(Annex 9 sampling of May, 2003 orders by Harrah's from All Bilt)*

8. Gianna Inc., and Jane Galiano applied for and received a copyright Certificate of Registration for a work titled, "Uniform and Costume Collection submitted to Harrah's Operating Company, Inc.". This work consisted of Gianna Inc., designs for garments and artwork of Gianna Inc. *(Annex 10 Registration Certificate)*

9. The copyright application submitted by Gianna Inc., list the nature of the work as, "Artwork for Wearing Apparel". *(Annex 10 Registration Certificate) .*

10. At least one of the All Bilt\Harrah's designs still has Plaintiffs' signature on it in the All Bilt

Pattern Specification. *(See Annex 11, Design H 1002)*

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113
Telephone:  504-529-4141
Facsimile:  504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |
| * * * * * * * * * * * * * * * * * * * * * * | | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Statement Of Undisputed Facts In Opposition To Defendants' Motion For Partial Summary Judgment.

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 30th day of December, 2003.

_____
Sidney L. Shushan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT:

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, though undersigned counsel, comes Plaintiffs' Jane Galiano and Gianna, Inc. and file this Statement Of Disputed Facts In Opposition To Defendants' Motion For Partial Summary Judgement:

1. It is my opinion that the collection which Ms. Galiano designed contained unique and original designs. The collection contains designs that have original features that are different from designs used by Harrah's HOCI prior to hiring Ms. Galiano. Designs in the collection are characterized by unique features such as the logo cuff, the piped mandarin collar with a notch at center front, the inverted center back pleat with a star at the top, and combination of fabrics, style

lines, trim and silhouette. *(See Belleau Expert Report, Annex 1, p. 22)*

2. Individual designs have a distinct overall "costume" look, as compared to the functional appearance of a typical uniform worn by an individual in a service industry. *(See Belleau Expert Report, Annex 1, p. 22)*

3. Therefore, the designs contained in the collection were copyrighted because they have a distinct and unique look or style which is separate from the functional aspects of apparel. *(See Belleau Expert Report, Annex 1, p. 22.)*

4. The unique design features are artistic characteristics that are not critical to the functional aspects of the garments, therefore the collection qualifies for a copyright. *(See Belleau Expert Report, Annex 1, p. 22.)*

5. Harrah's directed All Bilt to produce literal copies of Plaintiffs' design number H1002. The All Bilt document depicts a literal copy of Plaintiffs' design within the All Bilt specification sheet.

The side by side comparison is strikingly obvious. The All Bilt design, produced for Harrah's is almost a literal copy of Plaintiffs' design. (See Annex 2, side by side comparison of Plaintiffs Design H 1002 with All Bilt Pattern Nos. 831; See also Gunnerson deposition, December 5th, 2003, pp. 49-50 Annex 3.)

6. Harrah's directed All Bilt to produce literal copies of Plaintiffs' design number HRH 28 B. The All Bilt document depicts a literal copy of Plaintiffs' design within the All Bilt specification sheet.

The side by side comparison is strikingly obvious. The All Bilt design, produced for Harrah's is almost a literal copy of Plaintiffs' design. *(See Annex 4, side by side comparison of Plaintiffs Design HRH 28 B with All Bilt Pattern Nos. 822B; See also Gunnerson deposition,*

*December 5th, 2003, pp. 49-50.  Annex 3).*

7. Harrah's directed All Bilt Uniform Fashion to produce literal copies of Plaintiffs' design number H1041.  Harrah's use constitutes a violation of Plaintiffs' copyright.

Harrah's directed All Bilt to produce literal copies of Plaintiffs' design number H1041.  The All Bilt document depicts a literal copy of Plaintiffs' design within the All Bilt specification sheet. *(See also Gunnerson deposition, December 05th, 2003, pp. 50 -051 Annex 3).*

The side by side comparison makes it obvious that the All Bilt design, produced for Harrah's, is a literal copy of Plaintiffs' design. *(Annex 5, side by side comparison of Plaintiffs' Design H1041 with All Bilt Pattern Nos.AB828).*

8. Harrah's directed All Bilt Uniform Fashion to produce copies of Plaintiffs' design number H1055.  Harrah's use constitutes a violation of Plaintiffs' copyright.

Harrah's directed All Bilt to produce copies of Plaintiffs' design number H1055.  The All Bilt document  depicts a copy of Plaintiffs' design within the All Bilt specification sheet.

The side by side comparison is striking obvious that the All Bilt design, produced for Harrah's, is a copy of Plaintiffs' design. *(Annex 6, side by side comparison of Plaintiffs' Design H1055 with All Bilt Pattern Nos.AB 830B; See also Gunnerson deposition, December 05, 2003 pp. 59-84, Annex 3).*

9. Design H1052 is the same as the All Bilt (misspelled as AllBuilt in the Dr. Belleau's report) design as evidenced by specification sheets attached to the following charge sheet packets:

| | | | | | | |
|---|---|---|---|---|---|---|
| 74107 | 56906 | 64425 | 67350 | 67347 | 72139 | 71230 |
| 70203 | 59557 | 68656 | 69180 | 65701 | 67331 | 67878 |
| 66720 | 65029 | 65655 | 65028 | 66070 | 66070 | 68971 |
| 68792 | 56907 | 56909 | 67994 | 65224 | 65225 | 64550 |
| 73285 | 73291 | 73297 | 73990 | 72922 | 73979 | 69256 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 61761 | 65081 | 65033 | 60250 | 59555 | 60249 | 61759 |
| 64328 | 57140 | 57138 | 57144 | 57190 | 64078 | 67349 |
| 62259 | 70527 | 60234 | 71717 | 72620 | 71710 | 71709 |
| 71708 | 64391 | 64395 | 67404 | 64640 | 63331 | 66500 |
| 72401 | 66472 | 69186 | 66478 | 74366 | 74365 | 65452 |
| 65788 | 66473 | 60248 | 61514 | 65453 | 61758 | 67984 |
| 72619 | 65032 | 69185 | 72216 | 67224 | 64120 | 72923 |
| 66299 | 62215 | 65709 | 73037 | 61763 | 61402 | 61515 |
| 62224 | 61519 | 70216 | 72511 | 66284 | 67348 | 72138 |
| 68675 | 66722 | 65715 | 66298 | 66202 | 60768 | 60767 |
| 60763 | 59561 | 60771 | 63928 | 59586 | 63541 | 69481 |
| 69186 | 66721 | 66719 | 53665 | 62759 | 70408 | 68969 |
| 71351 | 71250 | 72403 | 74103 | 70214 | 74106 | 74364 |
| 65714 | 67539 | 65711 | 62244 | 62561 | 64206 | 66296 |
| 62755 | 65147 | 63328 | 64476 | 63345 | 62756 | 65884 |
| 62760 | 65141 | 65082 | 55707 | 71365 | 62761 | 57145 |
| 72235 | 70745 | 72924 | 72925 | 72577 | 70638 | 62763 |
| 62766 | 69497 | 66106 | 62762 | 59676 | 59200 | 67842 |
| 67401 | 65712 | 64207 | 61768 | 74418 | 62390 | 63253 |
| 75066 | 65297 | 59388 | 57925 | 57144 | 56495 | 58386 |
| 57381 | 64265 | 59388 | 57925 | 57144 | 56495 | 58386 |
| 57445 | 60935 | 57476 | 60939 | 68787 | 65031 | 63673 |
| 68969 | 65713 | 65474 | 67441 | 68776 | 65713 | 67879 |
| 66722 | 63873 | 67978 | 57278 | 70749 | 71723 | 60769 |
| 65465 | 64534 | 67542 | 69493 | 67589 | 63273 | 61523 |
| 64265 | 67843 | 67978 | 57278 | 70749 | 71723 | 60769 |
| 60246 | 65789 | 60786 | 65890 | 72907 | 64626 | 65189 |
| 62751 | 58387 | 67403 | 67221 | 73864 | 67220 | 61957 |
| 60238 | 67340 | 67807 | 57134 | 56910 | 63930 | 63950 |
| 66717 | 65883 | 70206 | 56490 | 55709 | 56483 | 55460 |
| 59432 | 61517 | 62574 | 64577 | 56911 | 69497 | |

The above referenced All Bilt designs are the same as the Galiano design; there are substantial similarities between the designs, and in fact, some of the AllBuilt designs are exact copies of the Galiano designs. Design H1052 is a functional shirt, but is also piped mandarin collar with a center front notch, jacquard fabric trim on a concealed button or snap placket, with additional jacquard fabric stripes down either side, the piped cuff trim, the inverted center back pleat with a star at the top. The overall look of design H1052 is distinct and unique. It has been copied by All Bilt, produced, and sold to HOCL, even though the design was copyrighted by Ms. Galiano.

Some of the shirts have the jacquard trim over the concealed placket, others have the suspender look with jacquard trim on either side of center front, some have the jacquard trim halfway down center front, but all the shirts have the distinct look of Ms. Galiano's desighns. Her shirt design has a unique "look" that is easily identifiable in the shirts produced by All Bilt fashion Uniforms. *(See Belleau Expert Report, Annex 1, p. 22-24)*.

10. Designs H1051, 1053, 1004 are the same as the All Bilt design as evidenced by specification sheets attached to the following charge sheet packets:

| | | | | | | |
|---|---|---|---|---|---|---|
| 58554 | 64911 | 63548 | 64911 | 64420 | 64331 | 65702 |
| 64060 | 63550 | 62399 | 7400 | 73030 | 73730 | 73031 |
| 64543 | 64449 | 64421 | 65146 | 65887 | 64977 | 65218 |
| 71716 | 70526 | 64420 | 65384 | 65134 | 64331 | 65702 |
| 58553 | 55677 | 61762 | 63271 | 74374 | 73202 | 61522 |
| 63336 | 65049 | 64061 | 63087 | 62394 | 63043 | 62109 |
| 63875 | 55676 | 63271 | 66496 | 70526 | 65708 | 62753 |
| 63533 | 67405 | 64924 | 61002 | 61520 | 61753 | 57295 |
| 57147 | 65800 | 65701 | 59735 | 61039 | 61521 | 57377 |
| 60761 | 73029 | 66452 | 67344 | 69259 | 68794 | 69492 |
| 68785 | 674100 | 64011 | 63348 | 60737 | 63543 | 62211 |
| 57177 | 57392 | 59378 | 59678 | 57148 | 53673 | 59288 |
| 63527 | 72142 | 69476 | 70075 | 72424 | 71353 | 63528 |
| 71518 | 71229 | 71228 | 66474 | 68777 | 68201 | 67206 |
| 58386 | 64051 | 63268 | 62201 | 63080 | | |

The above referenced All Bilt designs are the same as the Galiano design; there are substantial similarities between the designs, and in fact, some of the All Bilt designs are exact copies of the designs, and in fact, some of the All Bilt designs are exact copies of the Galiano designs. Designs H 1051, 1053 and 1004 are all unique jackets with a semi-fitted look. Each is characterized by princess lines in front and back. Star buttons are also a unique feature. The jackets also have a flange at the shoulder to allow for more ease in that area. All the All Bilt designs have the above features. Since these features are not a part of the functional aspects of the garments, they are part of copyrighted designs and provide concrete examples of Ms. Galiano's designs that are being produced

by All Bilt.

In addition, All Bilt used Ms. Galiano's distinctive button style on the jackets, as evidenced by specification sheets attached to the following charge sheet packets:

64727      65391      69980      65178

The button styles on Ms. Galiano's design are very distinctive and unique and go beyond the basic functional requirements of a button, and, as such were copyrighted. All Bilt ordered and used the button style originally created by Ms. Galiano. The buttons on AllBuit garments are identical to the buttons on the designs created by Ms. Galiano. *(See Belleau Expert Report, Annex 1, p. 24-25).*

11. Designs H1055, 1056, 1095 are the same as the All Bilt designs as evidenced by specification sheets attached to the following charge sheet packets:

| | | | | | | |
|---|---|---|---|---|---|---|
| 64208 | 65143 | 62113 | 60237 | 36927 | 62253 | 65292 |
| 59386 | 57141 | 57149 | 62769 | 58510 | 57717 | 59281 |
| 62619 | 58509 | 57834 | 60045 | 65026 | 65293 | 61012 |
| 57393 | 55616 | 55461 | 65144 | 63084 | 57139 | 57220 |
| 66297 | 62555 | 57143 | 55617 | 56367 | 56495 | 54982 |
| 59876 | 62752 | 62758 | | | | |

These original Galiano designs are distinctly styled shirts with asymmetric closures. Artistic features such as the piped mandarin collar with a center front notch, embroidered cuff logo, star buttons, and coin design on the shirt characterize these designs. Those features are not critical to the function of the garment, and, as such, are copyrighted. The All Bilt designs have substantial similarities to the Galiano designs in terms of design features and the overall 'look' of the garment. *(See Belleau Expert Report, Annex 1, p. 25-26).*

12. Design H1039(# for 2nd design) is the same as the All Bilt design as evidenced by specification sheets attached to the following charge sheet packets:

| | | | | | | |
|---|---|---|---|---|---|---|
| 55113 | 53665 | 63092 | 53949 | 53950 | 57277 | 65220 |
| 67545 | 67827 | 70215 | 72515 | 72736 | 64912 | 66490 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 66723 | 67204 | 71245 | 69146 | 64450 | 66781 | 63251 |
| 62982 | 73465 | 73577 | 61404 | 64900 | 64643 | 63931 |
| 64892 | 65891 | 63874 | 64424 | 54808 | 61524 | 59199 |
| 72515 | 66323 | 67848 | 62258 | 68780 | 72920 | 65185 |
| 63711 | 65219 | 61754 | 68834 | 62258 | 62796 | 63414 |
| 63528 | 71026 | 59393 | 63873 | 63334 | 70638 | |

These original Galliano designs for a chef uniform are characterize by the distinctive bib front, mandarin collar with center front notch, cuff logo and trim, and striped pants. The accompanying chef hats are very uniquely styled like vegetables. These unique features are not critical to the functional aspects of the chef uniform, and as such, are copyrighted. Because the features are so distinct and unique, it is very easy to see that the All Bilt designs are based on Ms. Galiano's designs. In fact, some of the features on the All Bilt designs are identical to the Galiano designs. In fact, some of the features on the All Bilt designs are identical to the Galiano designs. The overall look of the All Bilt designs is the same as the overall look of the Galiano designs. *(See Belleau Expert Report, Annex 1, p. 26)*

13. Design H1052 is the same as the All Bilt design as evidenced by specification sheets attached. These All Bilt designs are based on H1052, but have short sleeves.

| | | | | |
|---|---|---|---|---|
| 63274 | 63707 | 62552 | 64412 | 57133 |

The above referenced All Bilt designs are the same as the Galiano design; there are substantial similarities between the designs, and in fact, some of the All Bilt designs are exact copies of the Galiano designs. Design H1052 is a functional shirt, but it also has distinct and unique artistic characteristics that have been copyrighted. Those are: the piped mandarin collar with a center front notch, jacquard fabric trim on a concealed button or snap placket, with additional jacquard fabric stripes down either side, the piped cuff trim, the inverted center back pleat with a star at the top. The overall look of design H1052 is distinct and unique. It has been copied by All Bilt, produced, and

sold to HOCI, even though the design was copyrighted by Ms. Galiano.

Some of the shirts have the jacquard trim over the concealed placket, others have the suspender look with jacquard trim on either side of center front, some have the jacquard trim halfway down center front, but all the shirts have the distinct look of Ms. Galiano's designs. Her shirt design has a unique 'look' that is easily identifiable in the shirts produced by All Bilt. The above referenced shirts have short sleeves, but other than that feature, are copies of Ms. Galiano's designs. *(See Belleau Expert Report, Annex 1, pp. 26-27)*

14. Design H1079 is the same as the All Bilt design as evidenced by specification sheets attached.

56361          55462

This original Galliano design is a tuxedo jackets characterized by distinctive shawl collar styling with a deep V neckline. The collar and neckline are artistic interpretations of a shawl collar and are not critical to the function of the jacket, and as such are copyrighted. The All Bilt designs are substantially similar to the Galiano designs. The overall look of the Galiano design is copied in the All Bilt design. *(See Belleau Expert Report, Annex 1, pp. 27-28.)*

15. Design H1041 is the as the All Bilt designs as evidenced by specification sheets attached.

72376          53665          55457          67208

These original Galiano designs are distinctively styled vests (male and female). The cut of the female vest is princess lines with a very unique buckle closure. It features a deep V neckline and a semi-fitted look. The male vest also has a deep V neckline and features two buckle accents on one side of the front. Those features are independent of the functional aspects of the garments and, as such, are copyrighted. The All Bilt designs are substantially similar to the Galiano designs. In fact, one of the All Bilt specification sheets has a exact copy of the Galiano Drawing. The overall look

of the All Bilt vest is the same as the overall look of the Galiano vests. *(See Belleau Expert Report, Annex 1, p. 28)*

16. Design H1002 is the same as the All Bilt designs as evidenced by specification sheets attached.

54983          01904

The original Galiano design featured a color-blocked mandarin collar and concentric flanges on the front accenting the princess lines. The front of the shirt was also color-blocked, as were the sleeves. The very distinctive features of the color-blocked flange effect on the font of the blouse are not essential to the functions of the blouse. Those features are copyrighted. The All Bilt design is substantially similar, in fact, the All Bilt specification sheet uses the exact drawing that Ms. Galiano copyrighted. It's very easy to see that All Bilt copied the Galiano copyrighted. It's very easy to see that All Bilt copied the Galiano design exactly. Since a exact copy was used by All Bilt, the overall look of the All Bilt garment is identical to the design by Ms. Galiano. *(See Belleau Expert Report, Annex 1, pp. 28-29)*

17. Galliano Harrah's Collection Design No. HRH 28 B has the following artistic and aesthetic aspects which are separate from the functional aspect of the designs:

*(See Galliano Affidavit Annex 7).*

18. Galliano Harrah's Collection Design No. 2000A has the following artistic and aesthetic aspects which are separate from the functional aspect of the designs:

*(See Galliano Affidavit Annex 7).*

19. Galliano Harrah's Collection Design No. 2000B has the following artistic and aesthetic aspects which are separate from the functional aspect of the designs: *(See Galliano Affidavit Annex 7)*

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113
Telephone: 504-529-4141
Facsimile: 504-561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANE GALIANO and GIANNA, INC.** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| | * | **NO. 00-0071** |
| **VERSUS** | * | |
| | * | **SECTION "E" (5)** |
| | * | |
| **HARRAH'S OPERATING CO., INC.** | * | **JUDGE: MARCEL LIVAUDAIS, JR.** |
| **and** | * | |
| **HARRAH'S ENTERTAINMENT, INC.** | * | **MAGISTRATE JUDGE:** |
| *Defendants* | * | **ALMA CHASEZ** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Statement Of Disputed Facts In Opposition To Defendants' Motion For Partial Summary Judgment.

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 30th day of December, 2003.

_____
Sidney L. Shushan

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED