FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 30 PM 3: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. * | | CIVIL ACTION |
| Plaintiff * | | |
| * | | No. 00-0071 |
| versus * | | |
| * | | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. * | | |
| And * | | Judge Livaudais, Jr. |
| HARRAH'S ENTERTAINMENT, INC. * | | |
| Defendant * | | Mag. Chasez |
| * | | |

**************************************

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE AND MOTION TO STRIKE WITNESSES

The following Motions in Limine were re-filed by Plaintiffs on December 22, 2003, but had been previously disposed of by the Court in an Order dated August 7, 2003:

1. Motion In Limine To Admit Plaintiffs' Testimony On Damages (original filing – court docket number 135);

2. Motion In Limine To Exclude Evidence Of "Collaborative" Designs By Defendants' Employees (original filing – court docket number 136);

3. Motion In Limine To Dispense With The Necessity To Authenticate All Business Records And Correspondence And Designs (original filing – court docket number 137);

4. Motion In Limine To Exclude Deposition Testimony Of Harrah's and All-Bilt's Employees About The Connection Between Plaintiffs' Designs And The Millions Of Dollars Of All-Bilt/Harrah's Costumes Which Used Plaintiffs' Designs More Or Less Literally (original filing – court docket number 138);

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. 242

5. Motion In Limine To Admit Evidence Of Markup As A Measure Of Lost Profits (original filing –court docket number 139);

6. Motion In Limine To Admit Plaintiffs' Own Testimony As To The Use Of Her Designs By Defendants And AllBright (sic), And The Substantial Similarity Of Her Designs To The Harrah's/All-Bilt Designs (original filing – court docket number 140);

7. Motion In Limine To Admit Evidence Of Sales To Subsidiaries Of Defendants (original filing – court docket number 142).

The court should deny these motions. All were previously submitted and all dismissed. The Court ruled that "the following Motions in Limine, Record Documents 134, 135, 136, 137, 138, 139, 140 & 142 are hereby DISMISSED AS PREMATURE, reserving to the parties the right to reurge at trial". Plaintiffs have shown no reason to reconsider the court's ruling.

Plaintiffs also filed a motion to allow evidence of the invalid settlement contract that this Court disposed of on partial summary judgment. The United States Court of Appeals for the Fifth Circuit affirmed this court's holding of invalidity. Plaintiffs now seek to introduce it through the back door. They have failed to demonstrate any relevance of this document. Their motion should be denied.

Finally, Plaintiffs moved to preclude Harrah's from calling Mr. Glorioso of Plaintiffs' counsel's office as a witness. Mr. Glorioso submitted a deposition in this case to support the validity of copyright, and Plaintiffs relied on that affidavit in motions filed with this court on December 22, 2003. His testimony is obviously material and important. Apparently, Mr. Glorioso is the only person who negotiated the copyright certificate with the Copyright Office. He alone would appear to have knowledge of representations made to that Office.

All of Plaintiffs' motions on evidence, therefore, should be denied.

Respectfully submitted,

*[signature]*

Joseph W. Looney (La. Bar #8773)
**Adams and Reese LLP**
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: 504-581-3234
Facsimile: 504-566-0210
*Attorneys for Defendant, Harrah's Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 30, 2003, I served a copy of the foregoing to the following:

Sidney Shushan, Esq.
Brian Glorioso, Esq.
Guste, Barnette & Shushan, LLP
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113-7103

via Hand Delivery.

*[signature]*

Joseph W. Looney

3