FILED
U S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 30  PM 3: 58

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| Plaintiffs | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| and HARRAH'S ENTERTAINMENT, | * | Judge Livaudais, Jr. |
| INC. | * | |
| Defendants | * | Magistrate Chasez |
| | * | |

**********************************

### MEMORANDUM OF HARRAH'S OPERATING CO., INC.
### IN OPPOSITION TO PLAINTIFFS' MOTION FOR
### SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

Harrah's Operating Co. Inc., made Defendant herein ("Harrah's"), files this Opposition to

Plaintiffs' Motion for Summary Judgment and Partial Summary Judgment on Counter-Claim

served on Harrah's on December 23, 2003. Plaintiffs' motion should be dismissed. Plaintiffs

intentionally misrepresented facts to the Copyright Office in order to obtain their copyright

registration on the sketches referred to as "Uniform and Costume Collection submitted to

Harrah's Operating Company" ("Sketches"). Plaintiffs state several times in their brief that they

attempted to copyright designs for uniforms and costumes. As this court is fully aware and as

Harrah's recently discussed in its Motion for Partial Summary Judgment filed on December 23,

___ Fee_____
___ Process_____
X   Dktd_____
___ CtRmDep_____
___ Doc. No._243_

2003 ("Harrah's Motion"), copyright is unavailable for clothing designs. Plaintiffs admit that they filed an application not for clothing designs but for "artwork for wearing apparel." They thereby withheld fundamental and critical information from the Copyright Office, information that might have resulted in the rejection of their copyright application.

Plaintiffs' characterization of the sketches as "artwork" rather than "design" was also intended to enable it to bring this lawsuit to establish copying through the manufacture of 3-dimensional garments Plaintiffs then believed Harrah's was manufacturing. Thus, they seek to claim copyright in the design of the garments themselves. They knew from the outset that their case was not based on copying of artwork for wearing apparel and that they would instead be attempting to recover for "copying" of designs. Characterizing the sketches as "artwork" was necessary to secure a certificate from the Copyright Office; but they also knew, as indicated in their Complaint, that they were actually seeking to recover for copyright of designs. Nothing could be more clearly intentional and misrepresentative.

1. **Plaintiffs have the burden on their motion to show that the Copyright Office would not have rejected their application.**

Plaintiffs must prove there is no issue in order to prevail on the summary judgment motion. In this case, the issue is whether the Copyright Office would not have rejected their application had Plaintiffs forthrightly described the work as "designs for uniforms" as they now clearly state in their brief.

Plaintiffs have offered no evidence of any kind to show that the Copyright Office would nevertheless have accepted their application and issued a certificate. Indeed, as already discussed in Harrah's motion, the Copyright Office had no choice but to reject an application for designs of uniforms; otherwise, the Court would have had no choice but to invalidate the copyright certificate.

It is the plaintiff's burden to show (1) ownership of a valid copyright, and (2) actual copying, which is the copying of constituent elements of plaintiff's work that are copyrightable. *Bridgemon v. Array Systems Corp,* 325 F.3d 572 (5th Cir. 2003); *Fergusson v. National Broadcasting Co.,* 584 F.2d 111, 113 (5th Cir. 1978). Where the plaintiff fails to demonstrate proof of copyright ownership, it is the defendant, not the plaintiff, who is entitled to summary judgment. See *Geoscan, Inc. v. Geotrace Tech, Inc.,* 226 F.3d 387, 392-393 (5th Cir. 2000).

Here, the plaintiffs attempt to persuade this court to enter summary judgment on the issue of misrepresentation and fraud on the Copyright Office. Plaintiffs argue that their application for copyright for designs of uniforms and costumes was permissible; therefore, they cannot be said to have misrepresented in anything to the Copyright Office. It is Plaintiffs' burden not only to prove ownership of a valid copyright but also on summary judgment to show absence of material facts and entitlement to judgment as a matter of law. They cannot show either.

**2.      The Copyright Office was not told it was being asked to certify a copyright in designs.**

Plaintiffs state several times in their brief that their attorney applied for and obtained a copyright on designs. See page 1, first statement of facts; page 2, eighth statement of fact; page 3 ("The application is plainly clear that plaintiff is copyrighting her designs for uniforms and costumes."); page 4 ("The application is plainly clear that plaintiff is copyrighting her drawings of designs for uniforms and costumes."); page 5  ("[T]he Movers' [sic] possess valid copyrights for Movers' designs, which are the subject of this claim." Also noting issue of "whether 2-dimensional artwork of costumes is copyrightable."; and page 7 ("Plaintiffs did not misrepresent that their artwork represented – designs of costumes.").

The certificate of registration, marked as plaintiffs' Exhibit 2, states that the nature of the work is "artwork for wearing apparel."  Moreover, the "nature of the authorship is stated at

section 2 of the certificate as "2-dimensional artwork." From this choice of wording, the Copyright Office could certainly have concluded that there was artwork somewhere in the material being submitted that was 2-dimensional artwork to be applied to wearing apparel.

Harrah's has pointed out in the Harrah's motion that artwork for wearing apparel is a term of art with the Copyright Office. Circular 40(a) deals with the deposit requirements for that artwork. Were "artwork" to be given the meaning "wearing apparel," then it would not be 2-dimensional and therefore could not satisfy the requirement of a deposit of 2-dimensional material under that category. Artwork to be applied to wearing apparel, however, could clearly be rendered in two dimensions, as the Copyright Office has prescribed in terms of deposit of material.

The Copyright Office has issued a notice in the Federal Register relating to its handling of copyright applications for costumes. See *"Registrability of Costume Designs,"* November 5, 1991, 56 FR 56530-02, 1991 WL 224879 (F.R.). The Copyright Office noted that Congress had sought to draw a clear line between copyrightable works of applied art and uncopyrightable works of industrial design. It noted the house reports comment that a 2-dimensional painting, drawing or graphic work can be identified as such when it is "printed on or applied to utilitarian articles such as textile fabrics * * *." It noted that although the shape of an industrial product may be aesthetically satisfying, the intention is not to offer it copyright protection.

The Copyright Office then stated the following: "The Copyright Office has generally refused to register claims to copyright in 3-dimensional aspects of clothing or costume design on the ground that articles of clothing and costumes are useful articles that ordinarily contain no artistic authorship separable from their overall utilitarian shape." It noted that a 2-dimensional design "applied to the surface of the clothing may be registered." It noted further that this claim

4

to copyright is generally made by a fabric producer rather than a garment designer. It also noted that this claim to copyright is ordinarily made when the 2-dimensional design is applied to textile fabric and before the garment was actually cut from the fabric.

The same Federal Register notice set forth "examining practices with respect to garment designs." It stated:

> The general policy of non-registrability of garment design will be applied not only to ordinary wearing apparel but also to period and historical dress, and uniforms.
>
> The standards for determining separability of pictorial authorship in a case of "fanciful costumes" are set forth in section 505 of Compendium II of Copyright Office Practices.

The Copyright Office noted that it is required to make a registration of any portion of a work can reasonably be construed as containing copyrightable authorship. It stated, "Such a registration should not be treated as extending protection to uncopyrightable elements."

The Copyright Office further stated that "the Copyright Office will generally limit the claim if the application specifically asserts protection in an uncopyrightable element." It then noted:

> In most cases, however, there is no correspondence detailing the basis of the registration. It is hoped that this policy decision will clarify the policies of the Copyright Office with respect to masks and costumes and will discourage the drawing of misleading conclusions regarding registrations which are made for parts of costumes.

Thus, the Copyright Office has given clear notice that (1) it will note register copyright of designs for uniforms or costumes; and (2) it will not issue a certificate when what is asked for is uncopyrightable.

Thus, had Plaintiffs disclosed that they intended to copyright designs for uniforms or costumes, registration would have been denied.

### 3.    Plaintiffs intended all along to attempt to copyright designs.

Plaintiffs filed this lawsuit within only a couple of months of the effective date of the registration. The complaint filed in the suit claims a copyright in designs, not artwork. Thus, although Plaintiffs must be understood to have known that the Copyright Office would reject an application for copyright for designs, Plaintiffs nevertheless fully intended to assert that that is exactly what they have.

A similar fact situation was at issue in *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* the leading case on misrepresentation and fraud on the Copyright Office.[1] In *Whimsicality*, the court noted that applicants for copyright must be taken to know that clothes are particularly unlikely to meet the separability test.[2] We also noted that the registration must describe the separable elements, citing to the Compendium II of the Copyright Office Practices §505.02. The Court then noted:

> *Whimsicality* does not assert that it is ignorant of the prior caselaw as to the copyrightability of garments, or of the practices of the Copyright Office. It was aware, therefore that an application for costumes as such would be rejected. * * * *Whimsicality* chose to classify its creations as soft sculptures with no useful function as wearable articles.[3]

As in the *Whimsicality* case, Plaintiffs here do not assert that they are ignorant of the prior case law or practices of the Copyright Office. Instead, they cite the Court to case law which they incorrectly state stands for holding copyrightability for costumes, bridal dresses, sweaters, slippers and other forms of clothing. See Plaintiffs' Brief, page 5 at footnote 2 and

---

[1] 898 F.2d 452, 455-456 (Second Cir. 1989).
[2] *Id.*
[3] *Id.*

text. Many of the cited decisions, however, involve fabric designs, which are recognized as distinguishable from fashion designs. *See Knitwaves, Inc. v. Lollytogs, Ltd., Inc.,* 71 F.3d 996; 1 Nimmer on Copyright §2.08[h] at p.2-144.

The *Segrets* case[4] treated sweater designs as fabric designs, specifically, "intricate geometrical patterns and juxtaposition" and "stitching." The *Knitwaves* case was clearly a fabric design case, not a clothing design case. The Court stated "Clothes are not copyrightable . . . in contrast, fabric designs, such as the artwork on *Knitwaves'* sweaters, are . . . protectible." *Folio Impressions*[5] was another fabric design case and did not involve the separability test. The Court stated: "Fabric designs are distinguishable from 'dress designs,' which as useful articles under 17 U.S.C. §101, are not typically copyrightable."

In *Eve of Milady v. Impression Bridal, Inc.,*[6] the Court was addressing five lace fabric designs that were numbered and incorporated into the plaintiff's dress styles; but the dress styles themselves were not the subject of the copyright. In *Wildlife Express Corp.*[7] the item at issue was a duffel bag, not clothing. Moreover, the parties agreed they were dealing only with artistic elements and not with the useful article of the duffel bag.

In only two of the cases plaintiff say stand for copyrightability of dress designs did the Court actually conduct a separability analysis.[8] However, in both of those cases the Court was dealing with particular artistic expression used in the works and not simply with design feature ideas, and moreover was dealing with evidence that the defendants had themselves copied the work which is entirely missing in this case.

---

[4] 207 F.3d 56 (1 Cir. 2000)
[5] 937 F.2d 759 (2 Cir. 1991)
[6] 957 F.Supp. 484 (S.D.N.Y. 1997).
[7] *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502 (7th Cir. 1994)
[8] *Animal Fare, Inc. v. Amfesco Industries, Inc.,* 620 F.Supp. 175, 187 (D. Minn. 1985), and *National Theme Productions, Inc. v. Gerry B. Beck, Inc.,* 696 F.Supp. 1348 (S.D.Cal. 1988).

Thus, Plaintiffs cannot seriously maintain that they believed the Copyright Office would ever issue a copyright registration certificate for clothing designs. Indeed, the case law is more than reasonably clear that any certificate issued to cover the clothing designs portrayed in Plaintiffs' sketches would have been invalid. Several courts have held that registration certificates would have to be invalidated if they covered useful articles, of which clothing is always included. *See Spectrum Creations, Inc. v. Catalina Lighting, Inc.*, 2001 WL 1910566 (W.D. Tex. 2001), where the Court held that if it were to construe an application for "graphic design in stained glass" to be an application for copyrights to the lampshade design and form itself, it would have to invalidate the registration. Also, in *Collezione Europa U.S.A., Inv. v. Hillsdale House, Ltd.,* 243 F.Supp.244 (N.D.N.C. 2003), the Court noted that a registration certificate could only be *prima facie* evidence of validity because the work was described as only covering 3-dimensional sculptured features pertaining to sculpted leaf adornments and not to the furniture on which those adornments had been placed. Also, in *Celebration Int'l, Inc. v. Chosun, Int'l, Inc.,* 234 F.Supp.2d 905, 914-915 (S.D. Ind. 2002), a certificate of registration referring to a "3-dimensional sculpture" submitted with accompanying photographs of a tiger costume was held to only be valid if limited to the sculptural aspects and not to the garment portion. In *Jack Adelman, Inc. v. Sonner & Gordon, Inc.*, 112 F.Supp.187 (S.D.N.Y. 1934), the Court held: [T]he Copyright Office's action must be construed as [not] covering * * * useful or artistic articles portrayed therein." 112 F.Supp. at 188, 190. The Court noted:

> All a plaintiff could accomplish under this section was to register its drawing, and unless we read into the statue something which is not there plaintiff secured no exclusive monopoly in the dress shown in the drawing.
>
> This seems clear to be kept in mind that it is the drawing which is assumed to be a work of art and not the dress. It follows that plaintiff's copyright gives it the exclusive right

8

> to make copies or reprints of the drawing only, and that it
> gives the copyright owner no monopoly of the article
> illustrated.

This law is too well established, as shown by the date of the *Adelman* case, to allow any argument by plaintiffs that they should not have known that their attempted copyright of clothing designs would be illegal. On this motion Plaintiffs should have to show that, had they advised the Copyright Office of the fact that they were seeking to claim a copyright for the designs themselves, it would not have occasion to rejection of the application. Plaintiffs simply cannot establish that the Copyright Office definitely would not have rejected their application. Indeed, they made every effort not to disclose this factor to Copyright Office, thereby precluding any possibility of determining what the Copyright Office would have said. However, as stated, had the Copyright Office issued a certificate (which under its own internal operating procedures would have been highly unlikely) then this Court would have had to declare it invalid.

## CONCLUSION

Plaintiffs' Motion for Summary Judgment and Partial Summary Judgment on Misrepresentation and Fraud on the Copyright Office must be denied.

Respectfully submitted,


**ADAMS AND REESE, LLP**


Joseph W. Looney (La. Bar #8773)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: 504-581-3234
Facsimile: 504-566-0210
*Attorneys for Defendant, Harrah's
Entertainment, Inc.*

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 30, 2003, I served a copy of the foregoing to the following:

Sidney Shushan, Esq.
Brian Glorioso, Esq.
Guste, Barnette & Shushan, LLP
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113-7103

via Hand Delivery.

_____
Joseph W. Looney

10