FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 30 PM 3:58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. * | | CIVIL ACTION |
| Plaintiffs * | | |
| * | | No. 00-0071 |
| versus * | | |
| * | | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. * | | |
| and HARRAH'S ENTERTAINMENT, * | | Judge Livaudais, Jr. |
| INC. * | | |
| Defendants * | | Magistrate Chasez |
| * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OF HARRAH'S OPERATING CO., INC. IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 37B

Harrah's Operating Co., Inc. ("Harrah's") opposes the Plaintiffs' Rule 37 sanctions motion as being without any support in fact or law.

Plaintiffs have painted an entirely fictitious picture of discovery in this case. They claim that Harrah's ignored court orders and forced them to take depositions they otherwise would not have taken. On this basis, they claim, Harrah's conducted itself in bad faith and should be punished as they claim would be permitted under the Federal Rules of Civil Procedure. Plaintiffs' motion is mere diatribe. It lacks any support in fact or law.

Plaintiffs state that Harrah's ignored the order of the Magistrate Judge issued March 29, 2001. The record shows, however, that Harrah's complied in virtually every detail with that

___ Fee___
___ Process___
_X_ Dktd___
___ CtRmDep___
___ Doc. No. 244

order, and that Plaintiffs sought no further relief thereunder, choosing instead to conduct discovery of unrelated third parties directly and without Harrah's assistance.

The March 29 order resulted from Harrah's Rule 26 objections to interrogatories based on Plaintiffs' patently burdensome, overbroad and vague discovery. Harrah's timely filed objections and stated clear and proper grounds therefore. Harrah's also filed a timely and thorough opposition to Plaintiffs' Motion to Compel. The court's order reflects a resolution of the dispute resulting in narrowing the uniform designs in issue, and clarifying the type of discovery response that would be appropriate and reduce the burden on Harrah's in light of Harrah's valid objections.

The Order instructed Harrah's to direct third party suppliers to provide the records they had pertaining to the limited designs, and Harrah's complied. Plaintiffs admit that Harrah's complied at pages 5 and 6 of their brief. The only complaint Plaintiffs voice relates to the compliance of third-party supplier All-Bilt Uniform Fashions, which provided only a part of its records. By that point, however, Plaintiffs' counsel was in direct communication with All-Bilt's lawyers, with Harrah's consent, and worked out various details of production directly with the third-party company and its witnesses.

Harrah's also obtained from five of the six suppliers the affidavits of completeness addressed in the order, as Plaintiffs' again have admitted in the brief. See pages 5 and 6. The only supplier that would not give an affidavit of completeness was All-Bilt, the supplier with whom Plaintiffs' counsel was in direct communications. Harrah's was not a party to the communications that Plaintiffs' counsel had with All-Bilt or its attorneys. But Harrah's believes that counsel did not insist on an affidavit of completeness from All-Bilt or its counsel and chose instead to take depositions of All-Bilt's witnesses.

Thus, Harrah's fully complied with the magistrate's order. All-Bilt's partial production under the order became moot once Plaintiffs' counsel began working with All-Bilt's attorney, and to the exclusion of Harrah's, to obtain documents directly.

Plaintiffs' counsel can hardly claim to have been denied anything in productions. At depositions of All-Bilt's witnesses, counsel came armed with All-Bilt's internal correspondence, billing records and even computerized garment patterns. Moreover, All-Bilt opened its filing cabinets to counsel and he took full advantage of this discovery, copying more than 8,000 records from All-Bilt's files.

Counsel used the wealth of information he obtained from All-Bilt to question witnesses over and over in depositions. Linda Gunnerson, who designed all the allegedly offending garments, gave three depositions. Howard Wexler, All-Bilt's past president, gave two. John Sbordone, the company's ex-vice president gave three, and Danielle Thompson also gave a deposition. Plaintiffs' complaint that he didn't have all the documents he wanted when he took the depositions of these witnesses was attributable to his own dealings with All-Bilt's counsel and the agreements the two of them apparently made. Harrah's took no steps to interfere, and to the contrary did not claim privilege, confidentiality or any other ground that would have limited All-Bilt's production in any way, and was not even informed of Plaintiffs' counsel's dealings until Harrah's would receive notice of All-Bilt depositions being set.

Since counsel for Plaintiffs took discovery of All-Bilt into their own hands and out of Harrah's, they cannot complain if they did not get what they wanted from All-Bilt. And they certainly cannot blame Harrah's. And if what they wanted was evidence that Harrah's copied anything or manufactured anything from Plaintiffs' sketched designs (or any other garment, for

that matter), they were destined to be dissatisfied. There was no such copying or manufacture by Harrah's; thus, there is no record of any.

## CONCLUSION

The motion for sanctions should be denied.

Respectfully submitted,

ADAMS AND REESE, LLP

*[signature]*

Joseph W. Looney (La. Bar #8773)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: 504-581-3234
Facsimile: 504-566-0210
*Attorneys for Defendant, Harrah's Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 30, 2003, I served a copy of the foregoing to the following:

Sidney Shushan, Esq.
Brian Glorioso, Esq.
Guste, Barnette & Shushan, LLP
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113-7103

via Hand Delivery.

*[signature]*

Joseph W. Looney