

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JAN -7 PM 12: 22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E" " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## REPLY TO OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE
## AND MOTION TO STRIKE WITNESS

**MAY IT PLEASE THE COURT:**

   **1. Plaintiffs' Motions in Limine are not premature and should be considered by the**

**Court prior to the trial of this matter.**

   The purpose of a motion in limine is to narrow the evidentiary issues for trial and to

eliminate unnecessary trial interruptions.[1] Motions in Limine are favored by the Courts as the

---

   [1] *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1070 (3d Cir.1990)(The purpose of a
motion in limine is to narrow the evidentiary issues for trial and to eliminate unnecessary trial
interruptions.)

Page -1-

Fee_____
Process____
Dktd_____
CtRmDep____
Doc. No._248

best method of resolving evidentiary issues.  *U.S. v. Luna Saenz*, 2001 U.S. Dist. LEXIS 22557 (W.D. Tex. 2001).

Plaintiffs' filed nine Motions in Limine on December 22, 2003, in accordance with the scheduling order then in place.  Subsequently,  the trial was continued due to the medical condition of plaintiff, Jane Galiano.  Because the trial was continued,  this Court initially stayed the Motions in Limine and then dismissed Motions, 134, 135, 136, 137, 138, 139, 140, and 142 as premature, reserving the parties right to reurge the Motions at trial.

Plaintiffs' have not reset the same Motions which were previously filed.  Instead plaintiffs have filed new Motions in Limine updated with the extensive evidence discovered since the original Motions in Limine were filed.

This Court did not intend by its order of August 7, 2003 to preclude plaintiffs from filing Motions in Limine.  The Court simply held absent a trial date the Motions were premature.  Now is the time of trial.  The Court's Scheduling Order  issued on September 16, 2003, compels the parties to file all Motions, including Motions in Limine in time to be heard on January 7, 2004. Plaintiffs' filings comply with the Court's Order.

**2. The settlement agreement, while not enforceable, is nonetheless admissible to prove the intent of the parties in the first contract, to prove Harrah's knowledge that plaintiffs' owned the designs in question, to prove Harrah's admission that the designs in question in fact were the designs of plaintiffs, and to prove Harrah's knew that they could not use plaintiffs' designs without compensating plaintiffs.**

Defendants do not cite a single case or address a single issue of law in their opposition to plaintiffs' Motion in Limine regarding the admissibility of the settlement agreement.

It is Black letter law that evidence that is inadmissible for one purpose can be admissible for another. See e.g. *Basha v. Mitsubishi Motor Credit of America, Inc.,* 336 F. 3d 451 (5th Cir. 2003); *Coakley v. Williams Const., Inc. v. Structural Concrete Equipment, Inc.,* 973 F. 2d 349 (4th Cir. 1992).

The settlement agreement, was drafted by Harrah's attorneys and evidenced Harrah's understanding regarding the parties respective rights in and to the designs in question. The rights of the parties in and to the designs in question is a pivotal issue in plaintiffs' remaining claims of breach of the first contract, unfair trade practices, copyright infringement, and unjust enrichment. Therefore, the settlement agreement should rightfully be admitted for the purpose of proving Harrah's knew the plaintiffs' owned the designs in question and Harrah's also knew they could not use plaintiffs' designs without compensating plaintiffs.

Plaintiffs have clearly demonstrated the relevance of this document. In the Fifth circuit case of *Snyder Oil Corp. v. Samedan Oil Corp.,* 208 F.3d 521, 527-8 (5th Cir. 2000), the court allowed the admission of documents on land surveyorship not because they were correct, but because they were opinions of state agencies. The Federal Rules of Evidence basic standard is a liberal one, defining "relevant" evidence as "any evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. The settlement document drafted by Harrah's clearly meets that standard.

**3. Defendants have not shown that Mr. Glorioso is the only person with knowledge concerning the issuance of the copyright certificate and can not do so because by the very nature of their own statement Mr. Glorioso was contacted by a person from the Copyright office who clearly would have knowledge of the issuance of the Certificate.**

Here again defendants fail to cite any case or rule of law in support of their contention that they have a right to call plaintiffs' counsel as a witness.

The law is clear, Harrah's must show that no other witness could testify as to the subject matter for which they intend to call Mr. Glorioso. See e.g. *U.S. v. Lorenzo*, 995 F. 2d 1448, 1452-53 (9th Cir. 1993), cert. den. 114 S. Ct. 227, 510 U.S. 882, 126 L.Ed. 2d 182. *U.S. v. Phillips*, 519 F. 2d 48, 50 (5th Cir. 1975) cert. den. 423 U.S. 1059, 46 L.Ed. 3d. 650.

Harrah's entire argument in favor of calling Mr. Glorioso is based on a false premise. Clearly the best witness to testify concerning the application and registration is the copyright examiner. To plaintiffs' knowledge Harrah's has failed to contact the copyright examiner.

Further Harrah's entire claim for fraud on the copyright office is without merit. Harrah's relies on the Whimsicality case but fails to inform the Court that the district Court in Whimsicality reopened the case and determined that there was no fraud on the copyright office. *Whimsicality, Inc., v. Rubie's Costume Co. Inc.*, 1993 U.S. Dist. LEXIS 19484.

Further Harrah's has the burden of proof on the claim of fraud on the copyright office. The burden of proof require that Harrah's prove intentional and wilful misrepresentation. As in Whimsicality, Harrah's can not meet the burden of proof because there is not one scintilla of evidence that plaintiffs' intentionally misrepresented anything to the copyright office. On the contrary plaintiffs' application clearly indicated that the designs are for costumes and uniforms for wearing apparel.

Regardless plaintiffs' counsel has produced to Harrah's a memorandum produced by Mr. Glorioso following the conversation with the copyright office which clearly indicates the only issue the copyright office addressed was the minor issue of the order of which the work for hire

Page -4-

classification between Gianna Inc., and Jane Galiano should be determined. That issue is totally unrelated to Harrah's claim for fraud on the copyright office.

Harrah's attempt to call plaintiffs' counsel is an attempt to prejudice the plaintiffs' case. An attorney cannot testify as a witness unless his testimony is "particularly important". See e.g., *U.S. v. Watson*, 8th Cir. 1991, 952 F.2d 982, cert. den. 112 S. Ct. 1694, 503 U.S. 994, 118 L. Ed.2d 406. *U.S. v. Phillips*, 5th Cir. 1975, 519 F.2d 48, 50, cert. den. 423 U.S. 1059, 46 L. Ed. 3d. 650. In addition, the court will exclude the attorney's testimony if it would be "unfairly prejudicial" See e.g., *U.S. v. Dupuy*, 9th Cir. 1985, 760 F.2d 1492, 1499. *State of Louisiana v. Miller*, 391 So. 2d 1159, 1162-3 (La. 1980).

Further any conversations Mr. Glorioso may have had with Ms. Galiano are protected by attorney client privilege. Fed. R. Evid. 501, *Swidler & Berlin v. United States*, **524 U.S. 399 (1998).** Any conversations Mr. Glorioso may have had with other counsel for plaintiffs are protected by the work product doctrine. Fed. R. Civ. P. 26(b)(3). *Kelly v. Ford Motor Co. 110 F.3d 954 (3d Cir. 1997).*

Thus, the only questions Mr. Glorioso could possibly answer deal with a conversation with the copyright office involving the work for hire classification between Gianna Inc., and Jane Galiano. This conversation is completely irrelevant to Harrah's claim of fraud and thus inadmissible. **Fed. R. Evid. 402, Fed. R. Evid. 403,** *Johnson v. Ford Motor Co.,* **988** F.2d 573, 77-80 (5th Cir. 1993).

There is no legitimate need for Harrah's to call plaintiffs' counsel.

This Court should not allow Harrah's to deliberately harass plaintiffs by calling plaintiffs' counsel as a witness.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs, Jane Galiano and Gianna, Inc.

Page -6-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E" " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiffs' Reply to Opposition to Plaintiffs' Motions in Limine and Motion to Strike Witness  has been served upon:

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this _____ day of January, 2004

_____
BRIAN L. GLORIOSO

Page -7-