FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JAN -7 PM 12: 22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE GALIANO, AND GIANNA, INC.<br>*Plaintiffs* | CIVIL ACTION NO. 00-0071 |
| | SECTION " E " " (5) |
| VERSUS | |
| | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC.,<br>AND | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC.<br>*Defendants* | |

### REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM

MAY IT PLEASE THE COURT:

**1. Harrah's has not presented a single piece of evidence to support their allegation of fraud on the copyright office. Therefore this Court should rightfully dismiss the claim.**

The burden of proof on the issue of fraud on the copyright office lies with Harrah's.[1] The initial burden is on the movant.[2] Because Harrah's bears the burden of proof on the merits the

---

[1] *Spectrum Creations, Inc. v. Catalina Lighting, Inc.*, 2001 WL 1910566(W.D. Tex. 2001) citing, *Lennon v. Seaman,* 84 F.Supp.2d 522, 525 (S.D.N.Y.2000).

[2] To determine whether there are any genuine issues of material fact, the court must first consult the applicable substantive law to ascertain what factual issues are material. The moving party bears the burden of coming forward with proof of the absence of any genuine issues of

Page -1-

burden of proof then shifts to Harrah's on summary judgment to put forth evidence sufficient to justify the claim. Summary judgment is proper when the pleadings and evidence illustrate no genuine issue exists as to any material fact and the movant is entitled to judgment or partial judgment as a matter of law. Fed. R. Civ. P. 56(c); Slaughter v. Southern Talc Co., 949 F.2d 167, 170 (5th Cir. 1991). When a movant properly supports his motion with competent evidence and demonstrated the absence of a genuine issue of material fact, the burden then shifts to the nonmovant to show the entry of summary judgment is inappropriate. Duckett v. City of Cedar Park, 950 F.2d 272, 276 (5th Cir. 1992). Factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume the nonmovant could or would prove the necessary facts..Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517-518 (U.S. App. , 1998)

In order to succeed, on the claim for fraud on the copyright office, Harrah's must prove the plaintiffs' deliberately misrepresented facts to the copyright office which led the copyright office to grant an improper certificate of registration. Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir.1989); *see also Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d Cir.1984) (fraud on the Copyright Office occurs only when there is a "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the

---

material fact through the identification of those portions of the pleadings, depositions, answers to the interrogatories, and admissions on file, together with any affidavits which it believes demonstrates the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

application"); *Santrayall v. Burrell,* 993 F.Supp. 173, 176 (S.D.N.Y.1998) (the affirmative defense of fraud requires proof of deliberate misrepresentation to overcome the presumption of validity).

Harrah's has produced no evidence the copyright office was in fact misled. In fact, Harrah's has not presented any testimony of any kind from the copyright examiner. Thus, Harrah's conclusory statements the copyright office would not have issued the registration if the examiner was clear as to the nature of the work is pure speculation. Pure speculation does not satisfy Harrah's burden of proof on summary judgment.[3]

Further Harrah's has not produced any evidence that plaintiffs' intended to mislead the copyright office. In fact, plaintiffs has put forth volumes of evidence to support plaintiffs' good faith belief the works submitted are subject to copyright protection. See plaintiffs' first Motion for Summary Judgment docket number 18, Plaintiffs' Opposition to Harrah's Motion for Summary Judgment filed on December 30, 2003, and the case law discussed herein.

Harrah's attempts to argue the merits of plaintiffs' claim for protection in opposition to plaintiffs' Motion for Summary Judgment on the issue of fraud on the Copyright Office. The issue before the Court on plaintiffs' Motion for Summary Judgment is not the extent to which plaintiffs' work is protected by copyright but whether plaintiffs' application for copyright protection constituted fraud on the Copyright Office. There is no evidence whatsoever to support Harrah's claim plaintiffs' actions constitute a fraud on the copyright office. Thus, the Court

---

[3]"Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." Nicholas Acoustics, Specialty Co. v. H & M Const. Co., Inc., 695 F.2d 839, 844 (5th Cir.1983) (quoting Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013, 1015 (5th Cir.1967)).

should dismiss Harrah's claim for fraud. The issue of the extent of protection provided to plaintiffs' work is an issue for this Court to decide on the merits. In fact, Harrah's has filed a Motion for Summary Judgment on the issue of protection which is before this Court. Plaintiffs have filed an Opposition to that Motion detailing the extensive body of case law in support of plaintiffs' claim for copyright protection.

**2. The Court should dismiss the Counterclaim because most of the drawings in the Harrah's Collection state specifically which articles of clothing they depict.**

The Opposition does not deal with the most important undisputed fact in support of the motion. The majority of the drawings in the Collection state specifically which articles of clothing are depicted in the copyrighted artwork. (See Annex A, sampling of the drawings which identify specific articles of clothing.) In fact several of the garments are shown in actual photographs depicting Harrah's employees wearing the garments. (See Annex B) Only a blind copyright examiner could have failed to see the two dimensional artwork showed articles of clothing which were costume designs. The Court should dismiss the Counterclaim summarily.

There is no fraud on the Copyright office by depicting costumes in two dimensional artwork where the artwork itself identifies which articles of clothing are involved.

**2. The Court should dismiss the Counterclaim because the copyright of the collection as artwork was a valid copyright of each individual design in the collection.** Defendants' objections to the form of the copyright are frivolous. In *Blue Fish Clothing, Inc. v. Kat Prints*, E.D.Pa. 1991, 1991 WL 71113, the Court specifically upheld a copyright of a collection of a

catalog which included pictures of the clothing art work.[4] Plaintiffs did the same thing in this case. They copyrighted a collection of artwork of clothing designs.

**3. The Court should dismiss the Counterclaim because the Defendants' word games make no sense and have no real connection with the law.**

Harrah's word games have no legal significance. They have no legal significance because there is no legal obstacle to the copyright of artwork depicting costumes. (See Headnotes 5 and 6 below).

They have no legal significance because there is no real difference between the words used in the Plaintiffs' copyright application and the language of the statute or Copyright Office itself. Section 101 of Title 17 defines "pictorial, graphic and sculptural works." They include "two dimensional...works of fine, graphic and applied art." That is another way of defining the "two dimensional artwork" in Plaintiffs' copyrighted Harrah's Collection. It includes works of "artistic craftsmanship" as to their "form", even if they have "mechanical or utilitarian aspects".

It authorizes copyright of such works "if...such design incorporates pictorial, graphic or sculptural features that can be identified separately from and are capable of existing independently of, the utilitarian aspects of the article."

There is no difference between "pictorial authorship" and the creation of "two dimensional artwork".

There is no difference between terminology such as "wearing apparel" and "clothing".

There is no law which requires any sacramental words beyond the ones used in Plaintiffs'

---

[4] The Court denied copyright protection in that case because of proof of lack of access, which is not an issue in this case. Plaintiffs sent their collection to Harrah's and to All Bilt.

application.

There is no law which requires the words "clothing designs" on an application to copyright two dimensional artwork which obviously depicts clothing, and which identifies the articles of clothing shown in the artwork.

**4. The Court should dismiss the Counterclaim because the Opposition's key case on alleged fraud on the Copyright Office is based on a District Court opinion which was withdrawn based on later developed evidence.**

Harrah's key case has little value as precedent on the alleged fraud. In Whimsicality, Inc. v. Rubie's Costumes Co., Inc., 721 F.Supp. 1566, 1989 Copr.L.Dec. P 26,471, 13 U.S.P.Q.2d 1288 (E.D.N.Y. Sep 11, 1989) , the District Court's holding was not based on a finding of fraud, on appeal Second Circuit found fraud on the Copyright Office. Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452 (2nd Cir. N.Y. 1989). Subsequetnly the District Court vacated the judgment on the issue of fraud on the Copyright Office and found there was no fraud on the part of plaintiffs. Whimsicality, Inc. v. Rubie's Costume Co., Inc., 836 F.Supp. 112(E.D.N.Y.1993). The District Court's later decision on the merits was never appealed to the Second Circuit.

In that case, the evidence was an affidavit from the Copyright Office. In this case, no such affidavit is needed because the drawings themselves identify which articles of clothing are depicted in which costume designs. (See Annex A)  Further in this case, as in *Whimsicality,* the plaintiffs submitted actual photographs people wearing the designs.(See Annex B). Whimsicality, Inc. v. Rubie's Costume Co., Inc., 836 F.Supp. 112(E.D.N.Y.1993). In *Whimsicality,*  the Court stated that, " no reasonable Copyright Office examiner would have been

misled by the Whimsicality applications and accompanying deposits." *Id.* As in Whimsicality, no reasonable Copyright Office examiner could be misled by plaintiffs' submission.

The Court should dismiss Harrah's claim of fraud on the Copyright Office as it is wholy unsporrted by fact and law.

**5. The Court should dismiss the Counterclaim because even in the Second Circuit, the costume designs in this case would create triable issues of fact on the copyright claim.**

Even in the Second Circuit, the rulings of that Court protect copyright of artwork of costume designs if the artwork meets the separability test as determined by an ordinary observer who looks at the design as a whole rather than the individual details. The history of costume copyright in the Second Circuit shows why Plaintiffs' motion should be granted and why the copyright claim should go to the jury.

In 1980, the Second Circuit decided *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 2d Cir., 1980, 632 F.2d 989. The Court reversed a decision granting a summary judgment to the copier and sent the case back for trial. The case involved a design for belt buckles, an article of clothing. The Court rejected the same argument Defendants make in this case, that artistic drawings of clothing cannot be copyrighted because clothing is a useful article. 632 F.2d at 993. The Court noted that "separability" can be physical or conceptual.

The Court noted the test of conceptual separability is built into the statute itself. Id. at 993. The Court noted "conceptual separability" is itself an "artistic notion". Id. at 993.

On the facts of this case, the Court will recall the expert report of Dr. Belleau which detailed the separable artistic aspects of the designs at issue in this case. (See Opposition to Defendants' Motion for Partial Summary Judgment, See Annex C).

Page -7-

In 1985, the Second Circuit explained *Kielstein-Cord*. In *Carol Barnhart, Inc. v. Economy Cover Corporation*, 2d Cir. 1985, 773 F.2d 411, the Court explained that in *Kielstein-Cord*, "the primary ornamental aspect of the...buckles is conceptually separable from their utilitarian function." 773 F.2d 419. The Court held the design of mannequin dummies in that case was not "conceptually separable" from the utilitarian function of the clothing dummy. (This case easily meets that test. The Court will recall the expert report of Dr. Belleau which spells out in detail why the artistic elements of Plaintiffs' designs are separable from the utilitarian function of the clothing. (See Opposition to Defendants' Motion for Partial Summary Judgment on the copyright claims, See Annex C).

Two years later in 1987 the Second Circuit noted *Carol Barnhart* did not overrule *Kielstein-Cord,* and "conceptual separability" of artistic designs of utilitarian objects was alive and well as a basis for copyright protection of those designs. See *Brandir International, Inc. v. Cascade Pacific Lumber Co.*, 2d Cir. 1987, 8345 F.2d 1142, 1143.

Two years later, *Whimsicality, Inc. v. Rubie's Costumes Co., Inc.*, 2d Cir. 1989, 891 F.2d 452, upheld a District Court finding of fraud on the Copyright Office (later withdrawn by the District Court), but did not reach the issue of whether masquerade costumes were an exception to that rule. 891 F.2d 455.

The *Whimsicality* panel of the Court said in dictum that clothing was "particularly unlikely" to meet the separability test. But the *Whimsicality* Court could not deny the physical or conceptual separability test does apply to clothing.

Every Second Circuit opinion since then has retreated from the negative attitude of the dicta in that case towards copyright protection of artwork of clothing designs.

In 1995, *Knitwaves, Inc. v. Lollytogs, Ltd.*, 2d Cir. 1995, 94-7968, 72 F.3d 996, that panel declined to repudiate the *Whimsicality* dictum, and referred to the distinction between "fabric" and "clothing" designs. 72 F.3d 1002. But the Court specifically ruled on *"the sweaters as a whole,"* and did not have to decide whether the design details alone would have been copyrightable. Id. at 1003, n. 1.

But the facts and the holding of that case show a definite change in the Court's approach to copyright protection of clothing designs from the *Whimsicality* dicta. The case upheld a District Court decision awarding copyright protection to sweater designs. The case involved a collection of "sweater designs," not the fabric of the sweater alone.[5] Id. at 1000. The sweaters (like some of Plaintiffs' designs) involved "innovative color schemes".

The designer for the copyist (like Gunnerson in this case) emphasized the details which she changed. Id. at 1000.

The Court rejected that approach to the law of copyright of sweater designs and applied the test to "the sweaters as a whole." Id at 1003, n.1. The Court specifically rejected mechanical listing of specific differences between the two clothing designs which Defendants want the Court to do in this case. Id at 1003ff.

Instead the Court looked at the "total concept and feel" of the clothing designs at issue - the sweaters in that case. Id. at 1003. The Court applied to sweater designs the Supreme Court's decision that "a work may be copyrightable *even though it is entirely a compilation of unprotectible elements."* Id. at 1003-1004, citing and relying on *Feist Publications, Inc. v. Rural*

---

[5] The sweaters in that case were everyday street wear, not the fancy costumes at issue in this case.

*Tel Serv. Inc.*, 1991, 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 385.

As a result, the Second Circuit applied the "substantial similarity" test to the "total concept and feel" of the sweaters, and rejected a "lengthy recitation of differences.". Id. at 1004. The Court used the test of "substantial similarity" to the "average observer" of the "total concept and feel" of the sweaters: "To the average observer...the differences pale in comparison to the overwhelming impression of similarity".

By that yardstick, the Court should dismiss the cross claim and the Defendants' motion for partial summary judgment, and reconsider Plaintiffs' motion for summary judgment as to the selected designs discussed in the final headnote below.

**6. The Court should dismiss the Counterclaim because under the law in the other Circuits, the costume designs in this case would create triable issues of fact on the copyright claim.**

Outside the Second Circuit no Court of Appeals has ever held or even said in dictum there is no copyright protection of original artwork of clothing designs. Outside the Second Circuit, the appellate cases support the approach of the *Knitwaves* case.

In *Segrets, Inc. v. Gillman Knitwear Co., Inc.* 1st Cir. 2000, 99-1552, 207 F.3d 56, the First Circuit upheld in a summary judgment on a copyright claim in favor of the designer of a sweater.[6] That holding is diametrically opposed to the view that artwork of clothing designs cannot be copyrighted because clothing is utilitarian. The First Circuit applied to the sweater designs the usual test of substantial similarity to the ordinary observer. Id. at 62. The Court rejected the view that the number of detailed changes is the legal test of substantial similarity. Id.

---

[6] The Court upheld the summary judgment as to some designs, and remanded for trial as to others.

at 65. The Court like the Copyright Office in the present case saw no problems at all with the copyright of the sweater designs.

In *Masquerade Novelty v. Unique Industries, Inc.*, 3d Cir. 1990, 912 F.2d 663, the Third Circuit reviewed the law and noted it is not easy to apply the physical or conceptually separable test to artwork of clothing designs. The Court found the clothing item in that case (a nose mask) was not utilitarian at all. But the Court certainly agreed the law extends copyright protection to artwork of clothing designs which have artistic elements which are physically or conceptually separable.

In *Norris Industries, Inc. v. International Telephone and Telegraph Corporation*, 11TH Cir. 1983, 696 F.2d 918, the 11th Circuit distinguished wire wheel covers from the artwork which was copyrightable in *Kielstein-Cord, supra*. But the 11th Circuit did not disagree there is copyright protection for artwork "within any of the categories of fine or applied art." Id. at 924.

As to the District Court cases cited by Harrah's, they are easy to distinguish.

The Court will note how many cases Harrah's has to distinguish in their brief. That alone suggests that copyright of clothing designs is routine in copyright law and in the Copyright Office.

Taken one at a time, the distinctions in Harrah's brief are distinctions without a difference.

In their opposition, Harrah's cites, *Spectrum Creations, Inc. v. Catalina Lighting, Inc.*, 2001 WL 1910566(W.D. Tex. 2001) an unreported case consituting an opinion of the Magistrate Judge. In *Spectrum*, the Court held the defendants failed to provide competent evidence showing

the plaintiff's use of inaccuracies on the copyright registration application were willful or deliberate and the Copyright Office relied on those inaccuracies in approving copyright registration. *Id.* The Court in Spectrum noted:

> The party seeking invalidity of the copyright through proof of fraud on the Copyright Office "bears a heavy burden." *See Lennon,* 84 F.Supp.2d at 525 (citing 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.20[B] at 7-207 (1997)). To fulfill this burden, the defendant "must establish that the application for copyright registration is factually inaccurate, that the inaccuracies were willful or deliberate ... and that the Copyright Office relied on those misrepresentations."*Id.* (citing *Whimsicality, Inc.,*891 F.2d at 455; *Santrayll,* 993 F.Supp. at 176).

Other courts have required the party alleging fraud be made to prove the Copyright Office was prejudiced or suffered some damage as a result of the alleged fraud. *Id.* (citing *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081 (9th Cir.1989)). More specifically, Harrah's has failed to provide competent evidence showing the plaintiffs' use of inaccuracies on the copyright registration application were willful or deliberate **and** the Copyright Office relied on those inaccuracies in approving copyright registration. As a result, a finding of fraudulent application to the Copyright Office cannot be found in light of the summary judgment record presented.

Further the Judge in *Spectrum*, supports upholding plaintiffs' registration and even granting summary judgment in favor of the plaintiff on the issue of infringment. *Id.*

As in *Spectrum*, Harrah's has failed to put forth any evidence to support a finding of fraud on the copyright office. Therefore the claim must be dismissed.

Harrah's also cites to *Collezione Europa U.S.A., Inc. v. Hildsdale House, LTD*, 243 F. Supp.2d 444(M.D. Nc. 2003), another case where the Court upheld plaintiffs' copyright. Further in *Collezione* there was no claim for fraud on the copyright office. *Id.* Nonetheless *Collezione,*

does provide some guidance to this Court which favors plaintiffs' position:

> A certificate of registration in a copyright infringement action shifts the burden of proof to the party defending the infringement claim, who must produce evidence weighing against validity. *See Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411, 414 (2d Cir.1985). In the instant case, therefore, Hillsdale's certificates of registration shift the burden at summary judgment to Collezione to produce evidence placing the validity of Hillsdale's copyrights at issue. *Id.*

Finally Harrah's points the Court to a 1934 case out of New York.[7] This case also does not address the issue of fraud on the copyright office. While the case does address copyright of clothing it is so out dated and out of touch with the current status of the law to provide useful guidance to this Court. The Court should look to the cases cited by plaintiffs regarding the state of the law on copyright protection for garments.[8]

**7. The Court should reconsider the denial of Plaintiffs' motion for summary judgment on Plaintiffs' copyright claims as to the design which All Bilt admitted it copied, and the designs where the copying is so obvious no reasonable jury could find for Defendants on those designs.**

Measured by the yardstick of the First Circuit's *Segrets,* 207 F.3d 56 (1st Cir. 2000), decision, the Court should reconsider Plaintiffs' motion for a partial summary judgment on their copyright claims on the following designs:

---

[7] Adelman, Inc. v. Sonners & Gordon, Inc., 112 F.Supp. 187(S.D. NY 1934).

[8] See, Segrets, Inc. v. Gilman Knitwear Co., Inc., 207 F.3d 56 (1st Cir. 2000); National Theme Productions, Inc. v. Jerry B. Beck, Inc., 696 F.Supp. 1348 (S.D. Cal. 1988); Animal Fair, Inc. v. Amfesco Industries, Inc., 620 F.Supp. 175 (D.C. Minn. 1985); Eve of Milady v. Impression Bridal, Inc., 957 F.Supp. 484 (S.D.N.Y. 1997); Wildlife Express Corp., v. Carol Wright Sales, Inc. 18 F.3d 502 (7th Cir. 1994); Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996 (2nd Cir. 1995). See also plaintiffs' Opposition to Defendants' Motion for Summary Judgment.

  a. The Gold Card Jacket because All Bilt's ex-president Wecksler admitted in his first deposition they used Plaintiffs' design. (See Annex D)

  b. The "coin" designs because the side by side shows the obvious copying, and because even All Bilt's designer had to admit she had probably seen another design which she copied. (See Annex E, the side by side, and Annex F, Gunnerson's second deposition).

        Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Attorneys for Plaintiffs, Jane Galiano and Gianna, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Plaintiffs' Reply to Opposition to Plaintiffs' Motions in Limine and Motion to Strike Witness has been served upon:

Mr. Joseph W. Looney, T.A.
Ms. Melissa S. LaBauve
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this _____5th_____ day of January, 2004

_____
BRIAN L. GLORIOSO

Page -15-

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED