

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTAL OPPOSITION TO DEFENDENTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

**1. The Court should deny the motion because the language of the claim and amended claim leave no doubt as to Harrah's role in the copying and the unfair trade practices.**

It is no exaggeration to say there is solid and substantial evidence which shows Harrah's key role in the process of copying Plaintiffs' designs and their manufacture by All Bilt to the tune of millions of dollars. That evidence would really justify a motion for partial summary judgment by Plaintiffs on this issue if the case were not so close to trial.

**a. The language of the claim and the supplemental claim show clearly enough that Defendants' role from the beginning was the role of a contributory infringer.**



The allegation that Harrah's was a contributory infringer should come as no surprise to anyone who reads the plain language of the claim.

Plaintiffs' Complaint filed on January 7, 2000, paragraph 9 states, "Defendants did **infringe** and are still infringing Plaintiffs' copyrights by activities proscribed under 17 U.S.C. Sec. 106 by the following **non-exclusive** particulars to wit:

A. Defendants did reproduce the copyright work in copies;

B. Defendants did prepare derivative works based upon the copyrighted work throughout its gambling empire, on information and belief."

Plaintiffs specifically allege infringement. Infringement necessarily includes contributory infringement, vicarious infringement as well as direct infringement. Plaintiffs' list is by definition non-exclusive. Plaintiffs' complaint contains the short plain statement required under Fed. R. Civ. Pro. Rule 8.

Plaintiffs' subsequently filed a supplemental complaint on January 30, 2001, alleging damages for defendants' "appropriation" of plaintiffs' designs.

Further plaintiffs filed on February 1, 2002 another supplemental and amended complaint. Plaintiffs' Supplemental and amended complaint filed on February 1, 2002, clearly states in paragraphs 1 and 2:

"1. Plaintiffs repeat and incorporate by reference all of the allegations of their original complaint, and their Supplemental and Amended complaint and **add** thereto the following allegations.

2. Defendants' ordered from manufacturers designs which are either exact copies, derivatives, or substantivally similar to plaintiffs' designs." (Annex 1).

When paragraph 2 of the February 2002 complaint is added into the initial complaint there can be no question that Harrah's was put on notice that plaintiffs are seeking redress for contributory and vicarious infringement. (See Annexes 1 and 2).

Defendants' actions constitute a violation under the Copyright Act.17 U.S.C., Sec. 501 provides in pertinent part:

Sec. 501. Infringement of Copyright

(a) Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright.

The law imposes equal liability on "contributory" infringers as it does with direct infringers of copyright. A contributory infringer is one who, with knowledge of or reason to know of the infringing activity of another, induces, causes or materially contributes to the infringing conduct of another. *Gershwin Publishing Corporation v. Columbia Artists Management, Inc.*, 443 F.2d 1159 (2d Cir.1971); *RSO Records, Inc. v. Peri,* 596 F.Supp 849 (S.D.N.Y.1984); *Columbia Pictures Industries v. Redd Horne*, Inc., 749 F.2d 154 (3rd Cir.1984). Vicarious liability may be imposed when an individual has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities. *Aitken, Hazen, Hoffman, Etc. v. Empire Construction Co.*, 542 F.Supp. 252 (D.C.Neb.1982). A person who promotes or induces the infringing acts of another is jointly and severally liable as a vicarious infringer even without knowledge of the infringement. *F.E.L. Publications v. National Conference, Etc*, 466 F.Supp. 1034 (N.D.Ill.1978).

The Supreme Court opinion in *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 434, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) adressed contributory and vicarious infringement holding:

"The Copyright Act does not expressly render anyone liable for infringement committed by

another. In contrast, the Patent Act expressly brands anyone who "actively induces infringement of a patent" as an infringer, 35 U.S.C. § 271(b), and further imposes liability on certain individuals labeled "contributory" infringers, *id.,* § 271(c). The absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity. For vicarious liability is imposed in virtually all areas of the law, and the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.

As the District Court correctly observed, however, "the lines between direct infringement, contributory infringement, and vicarious liability are not clearly drawn...." 480 F.Supp. 457-458. The lack of clarity in this area may, in part, be attributable to the fact that **an infringer is not merely one who uses a work without authorization by the copyright owner, but also one who authorizes the use of a copyrighted work without actual authority from the copyright owner."**

Based upon the Supreme Court's analysis it is clear that plaintiffs' complaint alleging simply infringement is sufficient to put Harrah's on notice of claims relating to all types of infringement including vicarious infringement and contributory infringement. ( See Annex 2).

**b. The unfair trade practices claim shows that Defendants had a key role in the chain of events which led to this lawsuit.**

The unfair trade practices claim goes beyond the copyright claim. It is based on far more

than the copying itself. It alleges unfair trade practices because Harrah's and All Bilt conspired to cut out the Plaintiffs as a middleman supervise the design and production directly. Thereby Defendants became Plaintiffs' competitor and are guilty of unfair trade practices. Chemical Distributors, Inc. v. Exxon Corp., 1 F. 3d 1478 (5th Cir. 1993).

But Harrah's direct involvement in the decision to copy certainly is an essential and necessary part of the unfair trade practices. Anyone who reads the language of the claim must be aware that it alleges Harrah's direct involvement in the chain of events which led to the copying - and more.

The amended claim alleges Harrah's ordered from manufacturers designs which are " either exact copies, derivatives, or substantially similar to plaintiffs' designs, without permission of plaintiffs". This language clearly put Harrah's on notice of the nature of plaintiffs' claim. (See Annex 1).

**c. The Court should deny the motion because Harrah's own magazine shows (Annex 3) Harrah's direct involvement in the decision to copy Plaintiffs' designs thru All Bilt.**

Liability for contributory infringement is imposed when "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." Gershwin Publ'g Corp. v. Columbia Artists Mgt., Inc., 443 F.2d 1159, 1162 (2d Cir.1971);Subafilms, Ltd. v. MGM-Pathe Comms. Co.,24 F.3d 1088, 1092 (9th Cir.1994). "Copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable." Screen Gems-Columbia Music, Inc. v. Metlis and Lebow Corp.,453 F.2d 552, 554 (2d Cir.1972). Miller v. Universal Studios, Inc., 650 F.

2d 1365, 1375 (5th Cir. 1981).

A defendant is liable for vicarious liability for the actions of a primary infringer where the defendant (1) has the right and ability to control the infringer's acts and (2) receives a direct financial benefit from the infringement. See Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 306 (2d Cir.1963). Unlike contributory infringement, knowledge is not an element of vicarious liability. 3 NIMMER ON COPYRIGHT § 12.04[A][1], at 12- 70.

Plaintiffs have presented evidence which proves that Harrah's put plaintiffs' designs in All Bilt's hands (See Annex 4 letter from All Bilt to Starnes), and directed All Bilt to produce plaintiffs designs. Harrah's own publication "People Magazine" shows openly what Harrah's intended to do, and what it did. (Annex 3).

That magazine says that Harrah's has planned a national campaign....

A national campaign including all of Harrah's casinos in coordinated costume designs *would be unthinkable and unworkable without direct involvement by Harrah's in the chain of events which led to the manufacture of millions of dollars of costumes by All Bilt for Defendants using separable elements of Plaintiffs'' designs.* Someone has to coordinate and direct a national campaign. Only Defendants could plan that and do that.

That same magazine *has literal copies of Plaintiffs' designs all over the magazine.* (See Annex 3, where these designs are highlighted).

*But that same magazine nowhere mentions Plaintiffs' name as the creator of these designs which it literally copies! Nor does it give All Bilt credit for the creation of these designs. Instead it plainly states and infers that these designs are Harrah''s own creation!*

That magazine is very close to an admission of guilt by Defendants' role as a contributory infringer. It was discussed long ago in Jane Galliano's deposition.

But that magazine is far from being the only piece of undisputed evidence which proves Defendants' key role in the chain of events.

**d. The Court should deny the motion because two All Bilt witnesses have testified to Harrah's key role in deciding which designs to produce for its "national campaign".**

All of the All Bilt witnesses agree on Harrah's key role in that Defendants told All Bilt what to design.[1]

Gunnerson admitted her job was to create variations on a theme, with different color and detail from casino to casino - but as variations on a common theme.

**e. The Court should deny the motion because the undisputed facts show that Defendants carried out their plan for national costume designs by ordering the same designs over and over again for many casinos with only minor variations.**

Here the evidence is massive.

Plaintiffs' expert report details which orders and charge packets incorporate designs with separable elements of Plaintiffs' designs. (See Annex 5, testimony quoted and discussed in the Reply Brief in support of Plaintiffs' motion to dismiss the counterclaim).

---

[1] See Plaintiffs' Oppositon to Harrah's Motion for Summary Judgment. *Deposition of Wecksler, April 23, 2001 p. 14 & p18, Annex 1; Deposition of Gunnerson, April 23, 2001, p. 9, Annex 2;* Letter of December 4th from All Bilt to Harrah's providing pricing of Plaintiffs' designs, Annex 3; Letter of February 14th, 1996 offering to pay royalties for Plaintiffs' designs, Annex 4. *Deposition of Gunnerson, April 23, 2001, pp. 26 and 27, Annex 6.Deposition of Gunnerson, April 23, 2001, pp. 20 and 21, Annex 7, Deposition of Gunnerson, December 5, 2001, pp. 128 and 129, Annex 8*

Those charge packets include orders from different casinos for identical or similar costume designs. (See Annex 6)

They are the literal proof that the Defendants (with the help of All Bilt) carrie dout their plan for a national design campaign directed and coordinated by Defendants.

That goes well beyond the minimum proof needed to send the copyright claim to the jury in this case.

**f. Defendants' own correspondence and negotiations show by indirection their role as infringers.**

In 1995 Defendants - not All Bilt or the individual casinos - hired Plaintiffs to produce designs for national costumes for Defendants. (See the First Contract by exchange of letters, Annex 7). Any jury can and will infer that the same people who hired her, and worked on

**g. Defendants' own pleadings claiming authorship of some of Plaintiffs' designs show their role as contributory infringers.**

By rights Defendants should be estopped to deny their role as contributory infringers.

They have filed numerous pleadings in this case claiming that Plaintiffs' designs are not Plaintiffs' original work *because Defendants participated in the design process!*. If key separable elements of those same designs were then copied by All Bilt, the jury can and will conclude that Harrah's played a direct role which easily meets the test for liability for contributory infringement.

Deposition testimony does the same. Defendants cannot have it both ways. They cannot claim co-authorship, and then deny responsibility as co-infringers when millions of dollars of costumes are manufactured by All Bilt incorporating key separable elements of

Plaintiffs' designs.

That is why Defendants really should be estopped in this case to argue that they were no co-infringers or contributory infringers. Ahrens v. Perot Sys. Corp., 205 F. 3d 831, 833 (5th Cir. 2000), Browning Mfg. v. Mims, 179 F. 3d 197, 205-6 (5th Cir. 1999).

**2. The Court should deny the partial summary judgment because under Rule 8, no motion to amend the pleadings is necessary.**

Plaintiffs' petition and the case law under Rule 8 show that no amendment to the pleadings is necessary to allege contributory infringement. This is not a Rule 15 case. It is a Rule 8 case.

**a. The case law under Rule 8 on pleading copyright claims shows that no amendment to the pleadings is necessary to allege contributory infringement.**

Defendants' Reply Brief does not discuss Rule 8 and its application to pleading copyright claims.

Wright and Miller points out in the case of Mid. America Title Co. v. Kirk, 991 F. 2d 417, 421-2 (7th Cir. 1993), the court refused to accept the argument that plaintiffs in copyright cases are held to the heightened standard of pleading in Federal Rule of Civil Procedure 9 (b). The court held that it was sufficient for Mid. America to sparely plead that it had a copyrightable interest in the compilation. Id. at 423. The Supreme Court held in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-9 (1993), that alterations to rules eight and nine of the Federal Rules of Civil Procedure, "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation."

The general law under Rule 8 also shows why there is no need to amend the claim to plead the words "contributory infringement".

**b. Defendants new case law cited in their Reply Brief actually supports the Opposition to their Motion for Summary Judgment.**

Copyright claims need not be pled with particularity. *Perfect 10, Inc. v. Cybernet Ventures*, 167 F.Supp. 2d 1114, 1119 (C.D.N.Y. 2001), See, also, *Mid America Title Co. v. Kirk, 991 F.2d 417, 421 (6th Cir. 1993)*. A complaint only needs to allege present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules. *Id. at 421 n.8* (quoting Wright & Miller, Federal Practice and Procedure § 1237, at 283 (1990)). This is consistent with the post-Leatherman rejection of a heightened pleadings standard. *Perfect 10,* 167 F.Supp. 2d at 1120.

Direct infringement doesn't require intent or any particular knowledge or state of mind. *Religious Technology Center v. Netcom*, 907 F.Supp 1361, 1367 (N.C. Ca. 1995). In Religious Technologies, the defendants, an access provider and the operator of a computer bulletin board service did not pre-screen any of the content that was made available to the other members of the Usernet. *Id.* at 1368. Both defendants only had knowledge of the copyright infringement once they were notified by plaintiff's counsel. *Id.* In other words, the defendants were passively posting copyrighted material without any active participation. In contrast, in *Playboy Enterprises, Inc. v. Hardenburgh*, the Defendants provided an incentive for customers to upload images on their bulletin board service. 982 F.Supp. 503, 506 (N.D. Ohio 1997). This material was then checked by an employee of the defendant

corporation. *Id.* The court determined that the defendants were more than passive providers of space and that they exercised control over the content. *Id.* at 511. In order to establish direct copyright infringement, the infringer must direct engage or participate in some activity that violates the copyright. *Id.* at 512. Because the defendants encouraged subscribers to upload files and there was a screening procedure, they were deemed active participants in the infringing activity and therefore directly infringed on the copyright. *Id.* at 515.

**3. Alternatively, the Court should permit the amendment of the pleading to conform to the evidence of contributory infringement developed in discovery and document production in this case.**

If it is necessary (which it is not), the Court should permit amendment of the claim.

Fed. Civ. Pro. Rule 8, does not require plaintiffs to plead contributory infringement or vicarious infringement with specificity. *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 21(1993).

However even if plaintiffs were required to plead contributory infringement and vicarious infringement specifically the Court should order the pleadings amended to conform to the evidence. FED. R. CIV. P. 15(b).

Amendments are to be allowed liberally. *Stripling v. Jordan Prod. Co.*, 234 F. 3d 863 (5th Cir. 2001); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981). The district court's discretion is limited by Rule 15(a), which states that leave to amend must be "freely given when justice so requires."FED.R. CIV. P. 15(a). This rule creates a bias in favor of granting leave to amend. *Stripling v. Jordan Prod. Co.*, 234 F. 3d 863 (5th Cir. 2001); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981).

Federal Rules require Notice pleading not fact pleading. *In re Taxable Mun. Bond Sec.*

*Litig.*, 1993 U.S. Dist. LEXIS 18592. Notice pleading provides the defendant with a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). Latitude is given in the framing of the pleadings and the pleader is not required to state all elements that give rise to the basis for recovery.Mann v. Adams Realty Company, Inc., 556 F.2d 288, 293 (5th Cir. 1977).

The evidence is overwhelming that Harrah's directed it's manufactures to produce copies of plaintiffs designs. Harrah's has been on notice for years that plaintiffs' claims related to Harrah's ordering of designs which are substantially similar to plaintiffs deigns from uniform manufacturers. Therefore the Court should order the pleadings amended to conform to the evidence.

It will not delay the trial. It will not require any additional discovery.

**4. The Court should deny the motion because even the Second Circuit -** much less the others - would send the copyright claim to the jury on the facts of this case.

Plaintiffs respectfully refer the Court to their discussion of the law in the Reply Brief recently filed on this issue in support of Plaintiffs' motion to dismiss the counterclaim. There is no reason to burden the Court with yet another brief on this issue.

For all of these reasons, the Court should deny the Motion for Partial Summary Judgment.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:   (504) 561-0326
Sidney L. Shushan Direct Line: (504) 681-4519
Attorneys for Plaintiffs,,
Jane Galiano and Gianna, Inc.

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED