

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JAN 16  AM 8:54

LORETTA G. WHYTE
        CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| and | * | JUDGE LIVAUDAIS |
| HARRAH'S ENTERTAINMENT, INC. | * | |
|     Defendants | * | MAGISTRATE CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**HARRAH'S OPERATING CO., INC.'S REPLY TO SUPPLEMENTAL OPPOSITION
TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Harrah's Operating Co., Inc., defendant herein, ("Harrah's") files this reply to the Supplemental Opposition to Defendants' Motion for Partial Summary Judgment filed by plaintiffs Gianna Inc. and Jane Galiano (cumulatively "Gianna"). Harrah's objects to Gianna's filing because the motion to which it pertains has already been submitted to the court. Out of an abundance of caution, however, and specifically reserving its objection, Harrah's has sought leave of court to file this reply because of the misleading legal and evidentiary arguments Gianna makes to the court.

```
___ Fee____
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No. 260
```

1. **Discussion of Gianna's Brief.**

   a. **Gianna's pleading arguments.**

Gianna argues that it has sufficiently pled a case for contributory infringement. On the other hand, it argues that has a right to amend the pleadings to assert grounds for contributory infringement.

Gianna has failed to satisfy the notice pleading requirements of the Federal Rules. Fed. R. Civ. P. 8 requires a short and plain statement of the claim. It must be sufficient to give notice to the defendant of the claims being asserted against it. Although the particulars of the claim may be left to discovery, the pleader is required to set forth sufficient facts to put the defendant on notice of the defenses it may need to raise the type of infringing conduct, and the source of the claims.

The original complaint fails to provide notice to Harrah's that it is being accused of contributing to a third party's infringement. To the contrary it states that Harrah's itself is the infringer. Indeed, Gianna sued only Harrah's, alleging that Harrah's reproduced Gianna's work and made derivative works. Complaint, paragraph 9.

Gianna neither sued All-Bilt nor alleged any infringement by All-Bilt. Gianna claims that a party need not sue the direct infringer and may still recover from an indirect infringer. But here, Gianna's allegations on their face clearly represent that *Harrah's is the direct infringer.* Moreover, Gianna maintains (as recently as its Opposition Brief, twenty-third and twenty-fourth pages) that the "use" of uniforms in Harrah's casinos is enough to constitute infringement by Harrah's.[1]

---

[1] Harrah's has shown in its motion for partial summary judgment that none of the uniforms claimed to be offending were copied or made by Harrah's as Gianna alleged. Harrah's has further shown that generalized "use" does not give rise to a claim for infringement for which relief can be granted. See Harrah's Memorandum in Support Of Motion For Partial Summary Judgment, pages 7-9.

Gianna even admits that it alleged direct infringement. At the second page of its brief Gianna argues that its reference in paragraph 9 "include[s] contributory infringement, vicarious infringement *as well as direct infringement.*" But direct infringement and contributory infringement are considered "separate, bifurcated categories." *Playboy Enter. Inc. v. Russ Hardenburgh, Inc.,* 982 F.Supp. 503, 512 (N. D. Ohio 1997). Despite Gianna's argument for merging the two, logically and linguistically Gianna's allegations cannot mean that Harrah's was the infringer, and, at the same time, that someone other than Harrah's was the infringer.

A plaintiff's proof is measured against his allegations; if he fails to prove what he alleges he is not entitled to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 98, 99, 2 L.Ed. 2d 80 (1957). Gianna has failed to prove copying by Harrah's. Furthermore, Gianna's Complaint is also fatally deficient because it fails to allege facts relating to any of the elements of indirect contributory infringement (knowledge or reason to know of another's infringing activity and inducing, causing or materially contributing to the conduct of another[2]) or vicarious infringement. Failing to allege essential facts renders the complaint deficient as a matter of law. *Religious Technology Center v. Netcom On-Line Communications, Inc.,* 907 F. Supp. 1361 (N.D. Cal. 1995). The complaint at issue in *Religious Technology Center* contained more extensive allegations relating to vicarious liability than Gianna's Complaint, yet the court held it legally insufficient, stating:

> The complaint alleges that Klemesrud is in the business of operating a BBS for subscribers for a fee. The complaint does not say how the fee is collected, but there are no allegations that Klemesrud's fee, or any other direct financial benefit received by Klemesrud, varies in any way with the content of Erlich's postings. Nothing in or attached to the complaint states that Klemesrud in any way profits from allowing Erlich to infringe copyrights.

---

[2] See Gianna's citation to the *Gershwin* case, 443 F.2d 1159, and other cases on page 3 of its brief.

3

907 F. Supp. at 1382. The court noted that the plaintiffs were seeking to defeat the defendant's motion to dismiss by arguing the theory of vicarious liability not specifically mentioned in the complaint. The court held that, irrespective of specific mention in the pleadings, "this theory fails as a matter of law because there are *insufficient factual allegations* to support it." *Id.* (Emphasis added). The court held that the plaintiffs had to show that the defendant had the right and ability to control the direct infringer's activities and that the defendant had a direct financial interest in the infringement. The element of direct financial interest had not been pled. The court held that "plaintiffs' failure to allege a financial benefit is fatal to their claim for vicarious liability." *Id.*

Gianna's complaint does not allege *any facts* relating to the elements of *either* contributory infringement *or* vicarious infringement. It does not even allege infringement on the part of a third party, an essential element of either theory. It only alleges infringement by Harrah's.

Gianna's reliance on its [second] Supplemental Complaint filed February 1, 2002 (Exhibit 2 to Gianna's Supplemental Opposition) to supply the deficiencies of the first is misplaced. When it sought leave to file the Supplemental and Amended Complaint Gianna represented that its new claim was for "Unfair Trade Practices," not contributory or vicarious infringement, or copyright infringement at all. See Gianna's Motion for Leave to File Supplemental and Amended Complaint, attached hereto as Exhibit 1. The same holds true for its Supplemental Complaint filed earlier on January 30, 2001 (Gianna's Exhibit 2). In seeking leave to file that pleading, Gianna represented to the court that it was "to claim damages in the alternative for breach of contract under the first contract between the parties, and to claim damages in the alternative for unjust enrichment." Gianna's Memorandum of Law in Support of


Motion for Leave to File Supplemental and Amended Complaint," attached hereto as Exhibit 2. Again, Gianna did not mention any kind of infringement.

Gianna's reliance on the *Sony Corporation* case to support its pleadings argument is equally unsound. The quote Gianna sets forth does not address pleading or notice. It simply acknowledges that there can be recovery for contributory infringement in copyright even though the Copyright Law does not contain specific language akin to that found in the Patent Act. Gianna's citation of *Chemical Distributors, Inc. v. Exxon Corp.*, 1 F.3d 1478 (5th Cir. 1993), is also inapposite. Similarly, the *Mid-America Title* case[3] does not control or apply, holding merely that it is unnecessary to plead the particular original aspects of a compilation copyright because of their subtlety and intricacy. *Id.* at 422. To the contrary, as shown above, factual grounds necessary to show contributory or vicarious infringement are straightforward and un-nuanced. The *Perfect 10* case was a spat between two internet porn websites. The court specifically found that notice pleading was satisfied because the pleading "notified [Defendant] as to the type of infringing conduct and the source of the claims." 167 F.Supp. 3d 1121. That is precisely the information Gianna failed to allege.

Gianna relies on another porn site case, *Playboy Enterprises*, where one porn purveyor was found liable to another. Since it did not involve the notice pleading issue, Gianna must be citing it for direct infringement. It is clearly distinguishable on the facts.

The *Leatherman* case[4] dealt with the general issue of "heightened pleading standards," was not a copyright case, and is essentially unhelpful. Gianna did not meet the *standard* pleading standard.

---

[3] 991 F.2d 417 (7th Cir. 1993)
[4] 507 U.S. 163 (1993)

5

Thus, Gianna's complaint and amended complaints not only failed to include allegations sufficient to provide notice of contributory and vicarious infringement; they allege an entirely different case, one for infringement by Harrah's directly.

As for Gianna's argument that it should be allowed to amend, Harrah's has demonstrated in its Reply Brief that amendment cannot be justified under these circumstances, particularly in light of this court's order foreclosing any amendment, on which Harrah's relied in bring its motion.

### b.    Gianna's mischaracterization of evidence.

Gianna makes two principal evidentiary arguments:  First, that the winter/spring 1996 issue of Harrah's People (Exhibit 3 called "Annex 3" in Gianna's brief) is an "admission of guilt;" and second, that Harrah's argument that the Gianna sketches themselves were co-authored by Harrah's employees is inconsistent with its position that it did not collaborate with All-Bilt to infringe.  Addressing the second point first, Gianna confuses apples with oranges - - All-Bilt's garments with its own sketches.  There is no inconsistency.

As to the first point, the magazine article deals with the proposed national corporate program that was under consideration by Harrah's in 1995 and early 1996.  Harrah's gave Plaintiffs' counsel the article three years ago; thus, it is not newly discovered as Gianna suggests. The article confirms, as Harrah's discussed in its Memorandum in Support of Partial Summary Judgment, that when Gianna, Inc. was contracted to provide design consulting for Harrah's, Harrah's was considering a possible corporate program.  A few of the designs Gianna drew were considered and turned into prototypes, as discussed in Harrah's Memorandum and illustrated by the article.  A small segment then went into limited production.  The article deals with those prototypes and limited productions.  The article nowhere states that Harrah's continued to order

any of those uniforms other than what Gianna was contractually bound to supply and for which Gianna was compensated. Nor has such evidence ever surfaced during the three years this case has dragged on.

Gianna also refers to testimony by Mr. Wecksler and Ms. Gunnerson, both All-Bilt witnesses. Mr. Wecksler's testimony does not mention Harrah's directed any infringing activity and is entirely unhelpful to Gianna. Ms. Gunnerson's deals with the Range garments that have been previously addressed in Harrah's briefs and that were only put into prototypes or limited production. Ms. Gunnerson nowhere states that Harrah's directed any activity on All-Bilt's part that might be considered infringing. In fact, she testified that she did not recollect any instructions from Harrah's, and suggested that counsel address particular designs to aid her in testifying.

    2.    **Gianna's failure to produce evidence to defeat summary judgment.**

Considering the evidence on which Gianna relies in its briefs, there is not a scintilla of proof of infringement by Harrah's. All-Bilt's conduct was not put at issue. In any event, Gianna has not shown and cannot show Harrah's is responsible for All-Bilt's conduct. The gaping lack of evidence in this case requires entry of summary judgment on infringement.

## CONCLUSION

No further briefs from Gianna should be allowed. Gianna has no evidence of infringement. It has tried to change the case to allege contributory infringement, but should be bound to prove what it has already alleged. Moreover, and most importantly, Gianna's charge of direction comes too late. Harrah's Motion for Partial Summary Judgment on copyright infringement should be granted.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Joseph W. Looney*

Joseph W. Looney, T.A. (8773)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
***Attorneys for Defendant,***
***Harrah's Operating Co., Inc.***

## CERTIFICATE OF SERVICE

I do hereby certify that on this 9th day of January 2004, I have served a copy of the foregoing pleading on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed, first-class, postage prepaid.

*/s/ Joseph W. Looney*

Joseph W. Looney

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC.<br>*Plaintiffs* | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC.,<br>AND<br>HARRAH'S ENTERTAINMENT, INC.<br>*Defendants* | * | MAGISTRATE JUDGE CHASEZ |

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT

Now come plaintiffs, Jane Galiano and Gianna, Inc. and respectfully move this Court for leave to file the annexed Supplemental and Amended Complaint, adding a claim of Unfair Trade Practices against defendants Harrah's Operating Company, Inc., and Harrah's Entertainment, Inc., without a continuance or any additional discovery for plaintiff, and with any reasonable additional discovery time and motion time for defendant, for the reasons set forth in the memorandum of law annexed hereto.

New Orleans, Louisiana this 31st day of January, 2002.

1

EXHIBIT 1

Respectfully submitted,

Sidney L. Shushan, # 12055
Brian L. Glorioso, #27226
Guste, Barnett & Shushan L.L.P.
Attorneys for Plaintiffs and Movers
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113
Telephone: (504) 529-4141
Direct Line: (504) 681-4519
Facsimile: (504) 561-0326
Attorneys for Plaintiffs
Jane Galiano and Gianna, Inc.

2

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |

**MEMORANDUM OF LAW IN SUPPORT**

<u>**OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT**</u>

MAY IT PLEASE THE COURT:

Plaintiffs respectfully ask this Court to file the annexed Supplemental and Amended Claim. The Court declined to grant the Summary Judgment on the breach of contract claim under the Settlement Agreement. Logically, that makes it necessary to claim damages in the alternative for breach of contract under the first contract between the parties, and to claim damages in the alternative for unjust enrichment.

Plaintiff has not yet been deposed. It is believed that the filing of this Supplemental and Amended Complaint will do justice between the parties, and will not delay the scheduled trial of the merits of this case.

New Orleans, Louisiana this 24th day of January 2001.

EXHIBIT 2


Respectfully submitted,

*[signature]*

Sidney L. Shushan, # 12055
Guste, Barnett & Shushan L.L.P.
Attorneys for Defendant and Mover
639 Loyola Avenue
Suite 2500
New Orleans, La. 70113
504-529-4141
Direct Line 504-681-4519
Fax 504-561-0326