FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JAN 22 PM 4:20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE GALIANO and GIANNA, INC.  CIVIL ACTION

versus  NO. 00-0071

HARRAH'S OPERATING CO., INC. and  SECTION: E/5
HARRAH'S ENTERTAINMENT, INC.

### O R D E R

Pursuant to an earlier Order, (Record Document 257), the previously scheduled final pre-trial conference was converted to a status conference. Present were:

**SIDNEY L. SHUSHAN, ESQ.**
**JOSEPH W. LOONEY, ESQ.**

Following discussion among counsel and the Court, it was determined that the following two motions, previously scheduled to be submitted January 7, 2004 will instead be **ORALLY** argued on **Wednesday, March 3, 2004 at 10:00 A.M. in Courtroom C-316**:

> Plaintiffs' motion for partial summary judgment on defendants' counterclaim; and
>
> Defendant's motion for partial summary judgment on copyright issues.

In addition, plaintiff is DIRECTED to file a cross motion for summary judgment on the copyright issue <u>on or prior to Friday, February 13, 2004</u>. Plaintiff is further directed to notice this cross motion for oral argument on March 3, 2004.

DATE OF ENTRY
JAN 2 3 2004

___ Fee____
___ Process__
X  Dktd___
___ CtRmDep__
___ Doc. No.___

The following motions are hereby SUBMITTED:

(1)   PLAINTIFFS' MOTION TO QUASH DISCOVERY REQUEST FOR COPYRIGHT DEPOSIT CHECK AND TO EXCLUDE AS IRRELEVANT ANY REFERENCE TO SAID CHECK.

(2)   PLAINTIFFS' MOTION TO STRIKE BRIAN GLORIOSO FROM WITNESS LIST.

(3)   PLAINTIFFS' MOTION FOR SANCTIONS UNDER F.R.C.P. RULE 37B.

(4)   PLAINTIFFS' MOTION IN LIMINE TO ADMIT EVIDENCE OF MARKUP AS A MEASURE OF LOST PROFITS.

(5)   PLAINTIFFS' MOTION IN LIMINE TO DISPENSE WITH THE NECESSITY TO AUTHENTICATE ALL BUSINESS RECORDS AND CORRESPONDENCE AND DESIGNS.

(6)   PLAINTIFFS' MOTION IN LIMINE TO ADMIT PLAINTIFFS' OWN TESTIMONY AS TO THE USE OF HER DESIGNS BY DEFENDANTS AND ALLBRIGHT AND THE SUBSTANTIAL SIMILARITY OF HER DESIGNS TO THE HARRAH'S/ALL-BILT DESIGNS.

(7)   PLAINTIFFS' MOTION IN LIMINE TO ADMIT PLAINTIFFS' TESTIMONY ON DAMAGES.

(8)   PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF HARRAH'S AND ALL-BILT'S EMPLOYEES ABOUT THE CONNECTION BETWEEN PLAINTIFFS' DESIGNS AND THE MILLIONS OF DOLLARS OF ALL-BILT/HARRAH'S COSTUMES WHICH USED PLAINTIFFS' DESIGNS MORE OR LESS LITERALLY.

(9)   PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "COLLABORATIVE" DESIGNS BY DEFENDANTS' EMPLOYEES.

(10)  PLAINTIFFS' MOTION IN LIMINE TO ADMIT EVIDENCE OF SALES TO SUBSIDIARIES OF DEFENDANTS.

(11) PLAINTIFFS' MOTION FOR TRIAL AT A LATER DATE OF CLAIMS STILL ONGOING AND RECENTLY DISCOVERED.

(12) PLAINTIFFS' MOTION IN LIMINE TO ADMIT INVALID 2ND CONTRACT AS EVIDENCE RELATIVE TO CLAIMS UNDER THE 1ST CONTRACT, ETC.

(13) PLAINTIFFS' MOTION TO DEEM BUSINESS RECORDS PRODUCED BY ALL BILT UNIFORM FASHION AUTHENTICATED.

(14) PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE OF OTHER CLAIMS OR LAWSUIT BY PLAINTIFFS.

Following the Court's decision on the March 3, 2004 motions, if applicable, a telephonic preliminary conference will be scheduled.

New Orleans, Louisiana, this 22nd day of January, 2004.

_____
**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**

3