

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 13 PM 4: 10

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## ON COPYRIGHT CLAIM AS TO THREE SPECIFIC GROUPS OF DESIGNS

**Now come Plaintiff's** and respectfully move this Honorable Court for a Partial Summary

Judgment On Copyright Claim As To Three Specific Groups of Designs, for the reasons set forth

in the Memorandum of Law In Support annexed hereto...

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
BRIAN L. GLORIOSO, #27226
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue Suite 2500
New Orleans, Louisiana 70113
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
*Attorneys for plaintiffs,*
*Jane Galiano and Gianna, Inc.*

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No._____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * *

<u>MEMORANDUM OF LAW IN SUPPORT OF</u>
<u>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>
<u>ON COPYRIGHT CLAIM AS TO THREE GROUPS OF DESIGNS</u>

MAY IT PLEASE THE COURT:

    1. **Plaintiff's motion follows closely the blueprint of the First Circuit in** *Segrets, Inc. v. Gillman Knitwear Co., Inc.*, **1st Cir. 2000, 99-1552, 207 F.3d 56.** The First Circuit affirmed a summary judgment enforcing a copyright of designs for women's sweaters. As in this case, the infringer also moved for a summary judgment. 207 F.3d at 60. That motion of course was denied. As in this case, the infringer instructed a manufacturer to do the actual work of copying and manufacturing. 207 F.3d at 59.

Page 1 of 6

The First Circuit affirmed the summary judgment as to two specific clothing designs.

The infringer did not even challenge the validity of the copyright of the sweater designs! (So much for Defendants' misrepresentation of the law based on the Second Circuit's discredited dictum in *Whimsicality*.

The *Segrets* and Second Circuit's later *Knitwaves case* represents the real state of the law on copyright of clothing designs. *(See Plaintiffs' Memorandum of Law in Opposition To Defendants' Motion for Partial Summary Judgment at page 2 and 3, Reply Brief at page 10).* These cases discredit the outdated dictum in *Whimsicality* which is the basis for Defendants' motion for summary judgment.

This Court does not have to make any new law to grant Plaintiffs' motion and deny Defendants' motion. All the Court has to do is apply the law as the First Circuit did in *Segrets* and as the Second Circuit did in *Knitwaves*.

**2. As in *Segrets*, in this case undisputed facts support plaintiff's summary judgment as to the specific designs included in the motion.**

The First Circuit held that undisputed facts proved the copying itself. 207 F.3d at 62.

So do the undisputed facts in this case. See Facts Nos.2 #1 through #11.

The First Circuit held that undisputed facts proved the substantial similarity. 207 F.3d at 63.

So do the undisputed facts in this case. See Facts Nos. 3 (I) #1, #9, #10, #11.

As in *Segrets* and *Knitwaves*, undisputed facts show the separability of the key elements of Plaintiffs' designs. See Facts Nos. 3 (II) #10& #11.

As in *Segrets* and *Knitwaves*, undisputed facts prove Defendants' key role as infringers. See Facts Nos.3(III) #12, #13, #14, #15, #16, #17.

As in *Segrets* and *Knitwaves*, the copyright is valid as to the separable elements as a matter of law.

**a. Undisputed facts show the copying itself.**  It is undisputed that every one of the designs at issue was copied and put into production by All Bilt and sold to Harrah's in response to an order from Harrah's.  See Facts Nos.3 (II) #10 and #11.

**b. Undisputed facts prove the substantial similarity as to three groups of designs.**

**(1) It is undisputed that some All Bilt designs (pattern nmbers AB  828, AB  822B, AB 831, AB 887, AB 880B ) were literally cut from Plaintiffs' designs and pasted onto All Bilt's pattern specification sheets.**  *(See Gunnerson Deposition of December 5th, 2003, page 49-51, Annex 3 of Statement of Undisputed Facts in Support of Plaintiff's Motion For Partial Summary Judgment On Copyright Claim As To Three Specific Groups Of Designs),*Wecksler Deposition of December 10th, 2003, page 25-35,  Annex 8. See Facts 3 (I)#2 through #8.

**(2) All Bilt's ex-president admitted the substantial similarity of the key artistic elements of  Plaintiff's Gold Card Jacket design.**    This testimony is the same kind of unusual "direct evidence" of infringement" which led to the summary judgment for the designer in *Knitwaves.* **(**See first Wecksler Deposition of April 23, 2001, Annex 14. See Facts 3 (I) #8.

**(3) All Bilt's designer's testimony plus a side by side comparison show the substantial similarity of the "gold coin" shirt design and the "shirt and vest design".**

**c. Cases such as *Segrets* and *Knitwaves establish*  the validity of the copyright as a matter of law.**

"Fabric designs, such as the artwork on...sweaters, are considered 'writings' for purposes

of copyright law and are accordingly protectable." [1] There are two different ways to prove the validity of the copyright: the separability of some elements of the design, *and the overall effect of the design. Knitwaves, supra* at 1003-1005.

**d. Undisputed facts prove the separability of the key elements of the designs Defendants and All Bilt copied.**

Plaintiff's Expert has pointed out in detail why the designs in this motion pass both tests, separability and overall effect.    See Facts 3 (II) #10 & #11.

**e. Undisputed facts prove  Harrah's involvement in the copying.**

**(1) Harrah's has admitted  it planned  national costume designs.**  See Facts 3 (III) #12

Harrah's never made any secret of the fact that it planned a national design campaign.  See its People magazine, Facts 12, *(Annex 3 of Ex Parte Motion For Leave To File Supplemental Opposition To Defendants' Motion For Partial Summary Judgment).*  A national campaign with national designs requires central management.  It is impossible to conceive of such a campaign without Defendants' active involvement.  The magazine is one barrel of the "smoking guns" on which this motion rests. National designs require national supervision by Defendants.

**(2) All Bilt admitted Harrah's told them what to design, and what to produce and sell.**  All Bilt's testimony confirms that involvement. See Facts 3 (III) #13. *(See Gunnerson Deposition of December 5th, 2004 pages no. 11, Annex 3 and Wecksler Deposition of December 10th, 2004 page no. 24 and 25 Annex 8).*

**(3) Harrah's offered to pay royalties to Plaintiffs on most of the designs at issue.**

---

[1]  71 F.3d at 1002, citing 3 prior Second Circuit cases, including the Learned Hand decision discussed in Plaintiffs' prior briefs.  See Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment.

Harrah's "smoking gun" letter of 2-14-96 offers to pay royalties to Plaintiffs specifically on all of the key designs at issue in this motion. See Facts 14. Any reasonable fact finder would conclude there was a connection between the fact that Harrah's wanted the designs, and offered to pay royalties on them, and the fact that All-Bilt put them into production.

**(4) Connie Albright of Harrah's admitted that she worked with All Bilt.** See Connie Albright's deposition. See Facts 15.

**(5) Even the invalid Settlement Agreement confirms Harrah's involvement because in it Harrah's offers to pay royalties on some designs, and promises not to use all of the others.** See Facts 16.

As in <u>Knitwaves</u>, the Court should grant Plaintiffs' motion and deny Defendants' motion.

**4. Undisputed facts show that Plaintiff is entitled to a partial summary judgment of at least $34,101.90.**

The orders for the designs covered in this motion total $ 682,038. See Facts3 (I) 4, 21, 22.

At a minimum, Plaintiff is entitled to a royalty of 5% or minimum damages of $34,101.90. Facts 4 and 22.[2]

Respectfully submitted,

_____

SIDNEY L. SHUSHAN,  # 12055
BRIAN L. GLORIOSO, #27226
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue Suite 2500
New Orleans, Louisiana 70113
Telephone: (504) 529-4141

_____

[2] Plaintiff will prove additional damages for loss of profits, and damages for other designs, at the trial on the merits.

Facsimile:  (504) 561-0326
*Attorneys for plaintiffs,*
**Jane Galiano and Gianna, Inc.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STATEMENT OF UNDISPUTED FACTS
## IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## ON COPYRIGHT CLAIM AS TO THREE SPECIFIC GROUPS OF DESIGNS

**MAY IT PLEASE THE COURT:**

**I. Background**

1. **Undisputed facts prove the authenticity of the All Bilt records per F.R.EV. Rule 901.** *(See Deposition of John Sbordone, December 19, 2003, Annex 1, and Affidavits of John Sbordone and Ira Brandenburg, Annex 2).*

2. **The Undisputed Facts from Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment support this Summary Judgment:** *(See Statement of Undisputed Facts in Opposition To Defendants' Motion For Partial Summary Judgment ~ for Annexes)*

"1. Gianna Inc., and Jane Galiano designed a collection of uniforms, costumes, and artwork during Gianna Inc.'s business relationship with Harrah's. *(Annex H and I to Plaintiffs' First Motion for Summary Judgment, filed on September 9, 2000).*

2. Harrah's was and is in possession of copies of Gianna Inc.'s designs and artwork.;*(Deposition of Wecksler, April 23, 2001 p. 14 & p18, Annex 1; Deposition of Gunnerson, April 23, 2001, p. 9, Annex 2; Letter of December 4th from All Bilt to Harrah's providing pricing of Plaintiffs' designs, Annex 3; Letter of February 14th , 1996 offering to pay royalties for Plaintiffs' designs, Annex 4.)*

3. Harrah's provided copies of Gianna Inc.'s artwork and designs to uniform and costume manufacturers, including All Bilt Uniform Fashions. *(Letter of December 4th, 1995 from All Bilt to Harrah's providing pricing of Plaintiffs' designs, Annex 3; Letter of February 14th, 1996 offering to pay royalties for Plaintiffs' designs, Annex 4)*

4. Harrah's ordered millions of dollars of uniforms from All Bilt. *(See Reports of Mr. David J. Bourg, CPA, Annex 5 ).*

5. Harrah's approved and controlled all of the designs produced by All Bilt for Harrah's. Harrah's has control over the designs which it orders from All Bilt and directs the production of the designs. *(Deposition of Gunnerson, April 23, 2001, pp. 26 and 27, Annex 6)*

6. Harrah's provided Plaintiffs' designs to All Bilt and directed All Bilt to produce designs which are substantially similar to Plaintiffs' designs. *(See deposition Deposition of Gunnerson, April 23, 2001, pp. 20 and 21, Annex 7, Deposition of Gunnerson, December 5, 2001, pp. 128 and 129, Annex 8)*

7. In 2003, Harrah's continued to order costumes from All Bilt Uniform Fashions. *(Annex 9 sampling of May, 2003 orders by Harrah's from All Bilt)*

8. Gianna Inc., and Jane Galiano applied for and received a copyright Certificate of Registration for a work titled, "Uniform and Costume Collection submitted to Harrah's Operating Company, Inc.". This work consisted of Gianna Inc., designs for garments and artwork of Gianna Inc. *(Annex 10 Registration Certificate)*

9. The copyright application submitted by Gianna Inc., lists the nature of the work as, "Artwork for Wearing Apparel". *(Annex 10 Registration Certificate)* .

10. At least one of the All Bilt\Harrah's designs still has Plaintiffs' signature on it in the All Bilt Pattern Specification. *(See Annex 11, Design H 1002)."*

**3. The Undisputed Facts from the Motion to Dismiss the Counterclaim support this Motion.** (See Plaintiff Motion to Dismiss the Counterclaim for 1, 9, 10, and 11).

"1. Plaintiffs submitted over 50 designs for copyright as a collection. [Annex A]...

9. Harrah's admitted by letter on February 14, 1996 that Plaintiffs submitted proprietary designs because Harrah's offered to pay royalties on those designs.

10. Plaintiffs' copyright application describes the "Nature of Authorship" as "two dimensional drawings", not "sculpture" or anything else. [Annex 2]

11. The two dimensional designs in Plaintiffs' collection are almost all identified as wearing apparel on the face of the drawing. There was absolutely no attempt made to conceal the fact that the two dimensional artwork represented costumes which were articles of clothing.[1]"

     **I. Undisputed facts show the copying by All Bilt and the substantial similarity as to three groups of designs: (a) Plaintiffs' designs which were literally "cut and pasted" by All**

---

    [1] Except for a few which were interior designs, or other non-clothing items, and obviously subject to copyright.

**Bilt, (b) Plaintiffs' designs which are so similar that no reasonable fact finder could dispute the similarity, and (c) the Gold Card Jacket design because of the "smoking gun" admission by All Bilt's ex president Wecksler.**

2. Some All Bilt designs were literally cut from Plaintiffs' designs and pasted onto All Bilt's pattern specification sheets.

3. Gunnerson of All Bilt in 2003 recognized that All Bilt pattern numbers AB 828, AB 822B, and AB 831 were literally cut and paste copies of Plaintiffs' designs numbers H1041, HRH28, H1002. *(See Gunnerson deposition pp. 49-51, Annex 3)*. Any reasonable fact finder would agree from a side by side comparison.   See also the side by side comparison of the All Bilt patterns and the Plaintiffs designs from which Gunnerson testified, *(Annex 4.)*

4. The annexed Chart, *(Annex 5)* traces these designs into the All Bilt pattern specifications. compiled from deposition testimony cited herein and Plaintiffs' unrebutted expert report, *(Annex 6)*.

5. Wecksler of All Bilt in 2003 recognized that All Bilt pattern numbers AB 831, AB 828, AB 822B were literally "cut and paste" copies of Plaintiffs designs numbers H 1002, H 1041, HRH 28. *(See Wecksler Deposition of December 10th, 2004, pp. 25-35, Annex 8)*.   See also the side by side comparison of the All Bilt patterns and the Plaintiffs designs from which Wecksler testified, *(Annex 9)*.

6.. The Gunnerson deposition in 2003 admits that she copied the "gold coin shirt design" from an earlier design. *(Gunnerson deposition of December 5th, 2004, pp. 59-84, Annex 3 )*. Any reasonable fact finder would agree.  See the side by side comparison of the Plaintiffs' design and the All Bilt design, Annex 10.  Wecksler did also. *(Wecksler Deposition of December 5th 2003, pp. 34-35, Annex 8)*.

7. A simple visual comparison of the "mandarin collar shirt and vest design" shows that the All Bilt Design was copied from the Plaintiffs' design. See Plaintiff's design H 1055 , *(Annex 11)*, and All Bilt Pattern No. 830B, 850, 880, 887, 888 *(Annex 12)*, compared side by side for the Court on *(Annex 13)*. Any reasonable fact finder would find that one design is substantially similar to the other.

8. All Bilt's ex president Wecksler admitted All Bilt copied the color blocking and other key elements of Plaintiffs' "Gold Card Jacket" design, H 1051 and 1053. *(See First Wecksler Deposition of April 23, 2001, page 101 and 102, Annex 14)*.

9. The annexed Chart, *(Annex 5)* traces these designs into the All Bilt pattern specifications and orders. The Chart is complied from the deposition testimony cited herein (and in previous briefs) and Plaintiffs' unrebutted expert report, *(Annex 6)*.

**II. Undisputed facts show the separability of the key elements of Plaintiffs' designs which were copied by All Bilt.**

10. See Plaintiffs' unrebutted Expert Report, *Annex 6)*. The report details the separable elements of each design at issue in this motion. The annexed Affidavit links the Plaintiff's design numbers and the All Bilt pattern numbers. *(Annex 7)*                .

11. See also the Chart complied from that Expert Report and Affidavit the All Bilt documents, *(Annex 6 & 2)*.

**III. Undisputed facts show Harrah's involvement in the copying of these designs.**

**12. Harrah's has admitted it planned national costume designs and a national costume design campaign.**

Harrah's never made any secret of the fact that it planned a national design campaign. See its People magazine, *(Annex 3 ~ of Ex Parte Motion For Leave To File Supplemental Opposition*

*to Defendants' Motion For Partial Summary Judgment).* A national campaign with national designs requires central management. It is impossible to conceive of such a campaign without Defendants' active involvement. National designs require national supervision by Defendants. The magazine is one barrel of the "smoking guns" on which this motion rests.

**13. All Bilt admitted Harrah's told them what to design, and what to produce and sell.** All Bilt's testimony confirms that involvement. *(See Gunnerson Deposition of December 5ᵗʰ, 2003, page no. 11, Annex 3. See Wecksler Deposition of December 10ᵗʰ, 2003, page no. 24,and 25, Annex 8).*

**14. Harrah's offered to pay royalties to Plaintiffs on most of the designs at issue.** Harrah's "smoking gun" letter of 2-14-96 offers to pay royalties to Plaintiffs specifically on all of the key designs at issue in this motion. *(Annex 15).* Any reasonable fact finder would conclude there was a connection between the fact that Harrah's wanted the designs, and offered to pay royalties on them, and the fact that All-Bilt put them into production.

**15. Connie Albright of Harrah's admitted that she worked with All Bilt.** See Connie Albright's deposition *of February 19, 2001, pages 14, 18, 19, 29, and 034,(Annex 16).*

**16. Even the invalid Settlement Agreement confirms Harrah's involvement because in it Harrah's offers to pay royalties on some designs, and promises not to use all of the others.** *(Annex 17).*

**17. The annexed Chart and the reports and affidavit and deposition testimony on which it is based prove the undisputed fact that Harrah's put its national design campaign into practice because of the large number of orders from different casinos for some of the designs, particularly the Gold Card Jacket.** *(See Chart, Annex 5).*

**IV. Undisputed facts prove the amount of Harrah's orders for these designs.**

18.  Plaintiffs' expert report links the copied designs to the All Bilt pattern numbers and the specific orders.  *(Annex 6)*.

19. Plaintiff's supplemental report/affidavit links additional designs to All Bilt Patterns numbers and the specific orders.  *(Annex 6)*.

20.  The Annexed Chart complied from the deposition testimony, the smoking gun letter, and the expert reports spreads out for the Court the designs copied, the All Bilt pattern numbers and orders, and the amounts involved.  *(Annex 5)*.

**V.  Undisputed facts prove the minimum amount of the royalties to which Plaintiff is entitled.**

21.  The annexed Chart, (Annex 5), proves the amount of the orders.

22.  Plaintiffs' expert's unrebutted report proves the minimum amount of the royalties Plaintiffs would be entitled to. (Annex 6)

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
BRIAN L. GLORIOSO, #27226
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue Suite 2500
New Orleans, Louisiana  70113
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
*Attorneys for plaintiffs,*
*Jane Galiano and Gianna, Inc*.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

## <u>NOTICE OF HEARING</u>

TO:     Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's
Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiff's Motion for Partial Summary Judgment On Copyright

Claim As To Three Groups of Designs, Memorandum of Law In Support and Statement of

Undisputed Facts in Support is **set for oral argument** on **Wednesday,** the **3rd day** of **March, 2004,**

at **10:00 A.M.,** at the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana,

before the Honorable Marcel Livaudais, Jr. per Order from Court of January 22, 2004

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113
Telephone:  504-529-4141
Facsimile:  504-561-0326
*Attorneys for Plaintiffs,*
*Jane Galiano and Gianna, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E" " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the forgoing Plaintiff's Motion for Partial Summary Judgment On Copyright

Claim As To Three Specific Groups of Designs.

**IT IS ORDERED** by the Court that **Plaintiff's Motion for Partial Summary Judgment**

**On Copyright As To Three Groups of Designs** is **granted.**

New Orleans, Louisiana _____ day of March, 2004.


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E" " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **Plaintiff's Motion for Partial Summary Judgment On Copyright Claim As To Three Specific Groups Of Designs, Memorandum Of Law In Support Of Plaintiff's Motion For Partial Summary Judgment On Copyright Claim As To Three Groups Of Designs, Statement Of Undisputed Facts In Support Of Plaintiff's Motion For Partial Summary Judgment On Copyright Claim As To Three Specific Groups Of Designs, Notice Of Hearing and Order** has been served upon:

Mr. Joseph W. Looney, T.A.
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 13th day of March, 2004.

_____
JONATHAN M. SHUSHAN

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED