FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

FEB 23 2004

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| Plaintiffs | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| and | * | JUDGE LIVAUDAIS |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| Defendants | * | MAGISTRATE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF HARRAH'S OPERATING CO., INC. AND HARRAH'S ENERTAINMENT INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COPYRIGHT CLAIMS AS TO THREE SPECIFIC GROUPS OF DESIGNS**

Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc. defendants herein, ("Harrah's Company") hereby files their Memorandum in Opposition to Plaintiff's [sic] Motion for Partial Summary Judgment on Copyright Claims As To Three Specific Groups of Designs, filed with this Court on February 13, 2004.

## BACKGROUND

The Harrah's Companies filed their Motion for Partial Summary Judgment on the Infringement Claims on December 23, 2003. Plaintiffs Jane Galiano and Gianna Inc.

1

(hereinafter collectively referred to as "Gianna") filed an opposition to the Harrah's motion, following which the Harrah's Companies filed a reply.

This Honorable Court then set a conference to discuss the status of the case including pending motions. At that conference Gianna's counsel asked for leave to file a cross-motion for partial summary judgment on infringement. He represented that his brief would be no longer than three pages. The court entered an Order granting leave to file plaintiff's motion for partial summary judgment although the deadline for dispositive motions had passed. The court stated that the brief would have to be filed in sufficient time to allow a hearing on March 3rd.

On February 13, 2004, Gianna's counsel filed a pleading entitled "Plaintiff's Motion for Partial Summary Judgment on Copyright Claim as to Three Specific Groups of Designs." Instead of three pages, the memorandum is six pages in length. The factual discussion is done by referencing to the Statement of Facts, which is another seven pages. And, attached to the Statement of Facts are four hundred additional pages of exhibits. Throughout the Statement of Facts other references are made to thousands of other pages of exhibits already introduced.

Plaintiff's memorandum concludes by stating that plaintiff is entitled to partial summary judgment of $34,101.90, noting that plaintiffs will prove additional damages at trial on the merits.

1. **<u>Plaintiff's Motion Should Be Dismissed For Violating The Court's Order.</u>**

Plaintiff obtained leave for purposes only of filing a three page memorandum.

The time for such an extensive argument and factual discussions has long passed. Defendants and the court were led to believe Gianna would file a very brief motion. Had Gianna

made its true intentions known Defendants Harrah's would have objected. Consequently, they now ask that the motion be stricken.

2.  **The Court Must Strike The Supplemental Expert Report Of Bonnie Belleau.**

Gianna also uses the cross-motion to belatedly introduce a supplemental report and Affidavit from Bonnie Belleau, its expert. She already submitted an earlier report on which she was deposed for several hours. Her deposition testimony established that not only did she not perform the required separability analysis; she had no understanding of what a separability analysis was.

The expert also testified that her understanding of copyright law was that if there were any unique elements in a work, they rendered the entire work copyrightable. This error will be discussed at greater length later. She also testified that many of the design features on which Gianna has based this case are functional in nature.

Gianna now seeks to re-organize its expert's testimony by submitting a new report. This comes after the cut-off for expert reports. It would necessitate reopening discovery and reopening Defendants' opportunity to hire experts. And all of it comes after the dispositive motion filed by Defendants' on copyrightability.

For all of these reasons, Bonnie Belleau's supplemental expert report and Affidavit should be dismissed.

3.  **Gianna's Claim That Separability Analysis Should Not Be Conducted Is Contrary To Law.**

Gianna's cross-motion seeks a ruling that the court is not bound to apply the separability analysis, which it has already held will be used in this case. See Minute Entry dated November

21, 2000, attached as Exhibit 10 to Memorandum of Harrah's Operating Co., Inc. In Support of Motion for Partial Summary Judgment, presently pending before this court. Gianna's persistent refusal to conduct a separability analysis calls for a dismissal of the copyright claim.

Gianna maintains in this case that it is not required to perform the separability analysis. It argues that the "ordinary observer test" can be used as an alternative to the separability analysis. It cites *Segrets, Inc. v. Gilman Knitware Co, Inc.*, 207 F.3d 56 (1st Cir. 2000), for this proposition.

Gianna has chosen to base its copyright claim on its full collection of drawings of uniforms. Gianna claims that there are "elements" of the collection that contain unique design features. It is these elements, Gianna claims, that render the entire collection copyrightable.

Gianna's expert Belleau explained this approach in her testimony. She testified that each individual sketch was stamped. That meant that everything on the sketch was intended to be copyrighted. (Belleau Deposition, pg. 125, lines 1-8 attached hereto as Exhibit A). She said that some of those sketches contain unique combinations. According to her, because there are some unique combinations, the entire collection would be copyrightable. *Id.*, p. 143 lines 1-9, p. 147 lines 6-25, p. 164 line 4 through p. 166, line 5.

The expert was asked specifically whether she performed a separability analysis. She admitted she had not. *Id.*, p. 136 lines 19-25. In fact, she did not know what a separability analysis is. *Id.*, p. 137 lines 1-5.

Gianna argues that a combination of "elements," protectible and unprotectible, can be copyrightable. It argues that courts need not determine which elements are protectible. It relies on *Knitwaves, Inc. v. Lollytogs Ltd., Inc.*, 71 F.3d 996 (2d Cir. 1995) for this proposition.

4

First, Plaintiff's have impermissibly and deceptively obtained the copyright on which they have based this suit. Their copyright is for the <u>clothing design</u> collection. Although they described it as "artwork for wearing apparel," they nevertheless attempt to obtain a monopoly over all of the garments depicted in the two-dimensional sketches. This was a violation of the copyright office's regulations and was a deceptive method of obtaining a registration over non-copyrightable material.

To satisfy the copyright office's obligation that separate elements for which copyright is claimed be identified, Gianna's counsel simply designated each sketch to be a separate element. Defendants obtained the actual deposit materials from the Copyright Office after Gianna refused Defendants' several requests to produce them. The reason for Gianna's refusal now appears obvious: the "element" designation method used by Gianna demonstrates a stratagem for obtaining registration by the copyright office without disclosing its true intent. Gianna's claim now reaches well beyond the drawings which they then submitted.[1]

Gianna's stratagem to avoid the separability analysis cannot succeed. It would be a violation of the copyright law itself not to perform a separability analysis in this case. No court, including the First and Second Circuits, has ever held that a separability analysis does not have to be conducted. No court has said that the "ordinary observer test" is an alternative to the separability analysis. And certainly no court has ever held that a copyright claimant can obtain copyright protection over an entire collection of drawings by finding a handful of unique features in the drawings and then claiming the entire collection to be a combination of unprotectible and a few protectible features. This stands copyright law on its ear. For this reason alone, the motion for partial summary judgment urged by Gianna should be denied.

4. **Plaintiffs Have No Right To A Copyright In Clothing Designs.**

Plaintiffs argue that the *Segrets* case stands for the proposition that one can have a copyright in clothing design. *Segrets* held nothing of the sort.

As Defendants have demonstrated in several other briefs in this case, the *Segret's* case did not involve a claim of copyright in clothing designs. It involved a claim for fabric designs. The court speaks of "sweater designs," but throughout the case addressed only the artistic decorative features of the sweaters and none of the silhouette features are garment features.

The actual sweaters that were involved in the *Segrets* case are shown in the Defendants' trial exhibits which Defendants obtained and attach hereto as Exhibit C. As shown in the exhibits, the artwork in sweaters of the type involved was "applied" by weaving different colored yarn and stitching in the sweaters themselves. The sweaters in *Segrets* did not involve appliquéd artwork for wearing apparel. Thus, Gianna's claim that *Segrets* involved clothing designs rather than fabric designs is fundamentally wrong.

Gianna also claims at page 2 of its brief that "the infringer did not even challenge the validity of the copyright of the sweater designs!" Plaintiffs' suggestion that the copyright in *Segrets* was for "clothing designs" is entirely false. As shown by Exhibit C, the copyright application filed by *Segrets* was for "fabric design."

Thus, Gianna's claim that *Segrets* and *Knitwaves* represent the real state of the law on copyright of <u>clothing designs</u> is misleading and wrong. Both cases addressed fabric designs.[2]

---

[1] The actual deposited materials are attached *in globo* as Exhibit B.
[2] Defendants have previously quoted from the *Knitwaves* case wherein the court specifically noted that clothing designs are not copyrightable whereas fabric designs can be. This court cited *Knitwaves* for that same proposition in its earlier reasons for judgment.

6

5. **Gianna's Failure To Perform The Separability Analysis Defeats The Remainder Of Its Arguments On The Alleged Similarity As To Three Groups Of Design.**

After introducing its stratagem of misrepresenting the *Segrets* and *Knitwaves* holdings, Gianna then proceeds to claim that the essential facts in the case are all undisputed.

Plaintiff Gianna sets forth supposed undisputed factual statements. All of these are disputed. *See* Harrah's Response to Statement of Undisputed Facts. Most are argumentative and provocative; many include references to Exhibits without indicating a portion of the text. In combination, they constitute merely an extension of the brief, and are unhelpful to the court.

The key statements on which Gianna relies are Nos. 10 and 11 on page 5 of the Statement of Undisputed Facts. The statement that separability was done is blatantly false. As is clearly evident by a review of the belated supplement to expert Belleau's report, there is no separability analysis of any kind performed. And rather than refer to a separability analysis, the Affidavit re-affirms that the experts analysis is done of the work "as a whole."

On page 3 of its brief, Gianna argues that those same statements may mean that "every one of the designs at issue was copied and put into production by All-Bilt." This, too, is blatantly wrong. They constitute no such evidence.

If Plaintiffs had been able to show that All-Bilt copied any protectible material, Gianna's complaint would be with All-Bilt. Gianna had royalty arrangement in place with All-Bilt, as it did with other manufacturers. See correspondence between Gianna and All-Bilt and Uniform Ideas, *in globo* Exhibit D. Gianna belatedly attempted to amend to assert vicarious liability of Harrah's over All-Bilt, to which Defendants objected because the court previously imposed a moratorium on further amendments and Defendants relied on the state of the record when they filed their motion for partial summary judgment. Gianna now claims the evidence shows that

Harrah's directed All-Bilt how to design, produce and sell the garments it sold to Harrah's. The evidence quite simply does not support that proposition. The national uniform campaign that was being explored at the time Gianna Inc. first began doing work for Harrah's in no way constitutes competent summary judgment evidence that Harrah's "told All-Bilt what to design and what to produce and sell," as Gianna claims.

The evidence is clearly to the contrary, Gianna dealt directly with All-Bilt. Harrah's did not get involve in All-Bilt's dealings with Gianna's design procedures, nor is it otherwise responsible for All-Bilt, which at all times served as an independent contractor.

Moreover, Gianna's argument of a "connection between All-Bilt's production and royalty discussions prompted by Gianna itself" simply does not constitute competent summary judgment evidence, or in fact any evidence that Harrah's copied any of Gianna's designs.

Finally, Gianna is reduced to arguing that "Connie Albright of Harrah's admitted she worked with All-Bilt," and the invalid settlement agreement show copying on Harrah's part. The support for the statement about Albright is the statement "see Connie Albright's deposition," and Gianna then attached the entire deposition in as Exhibit 16. No court is required to rummage through pages and pages of testimony to attempt to find a statement that may support a point in plaintiff's argument. It is incumbent on Gianna to cite specific testimony. It has failed to do so.

The same holds true for the invalid settlement agreement. The agreement nowhere says that Defendants directed All-Bilt. In addition, discussions of settlement are not admissible under the Federal Rules of Civil Procedure to show liability. FRE.408.

## CONCLUSION

For all of these reasons, plaintiff Jane Galiano and Gianna Inc.'s Motion for Partial Summary Judgment on Copyrightability should be denied.

Respectfully submitted,

ADAMS AND REESE LLP

*signature*

Joseph W. Looney, T.A. (8773)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
***Attorneys for Defendants, Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc.***

## CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of February, 2004, I have served a copy of the foregoing pleading on counsel for all parties to this proceeding via facsimile and by hand delivery of same.

*signature*

Joseph W. Looney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| and | * | JUDGE LIVAUDAIS |
| HARRAH'S ENTERTAINMENT, INC. | * | |
|     Defendants | * | MAGISTRATE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**HARRAH'S OPERATING CO., INC.'S AND HARRAH'S ENTERTAINMENT, INC.'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COPYRIGHT CLAIM AS TO THREE SPECIFIC GROUPS OF DESIGNS.**

Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc. ("Defendants"), file this response to the Statement of Undisputed Facts submitted by Plaintiffs Jane Galiano and Gianna Inc. (collectively Gianna") in support of their Motion for Partial Summary Judgment on Copyright Claims as to Three Specific Groups of Designs. Responses are given to each of the alleged undisputed facts by number. Where statements involve immaterial issues or inadmissible exhibits, the response is so indicated.

    1.    Denied.

1

2. Denied.

1. Denied.

2. Denied.

3. Denied.

4. Denied as immaterial.

5. Denied.

6. Denied.

7. Denied as immaterial.

8. Denied.

9. Admitted.

10. Denied.

3. Denied.

1. Denied.

9. Denied.

10. Admitted.

11. Denied.

I. Denied.

II. Denied.

III. Denied.

IV. Denied; chart should be stricken.

V. Denied.

VI. Denied.

VII. Denied.

VIII. Denied.

IX. Denied; chart should be stricken.

II. Denied.

X. Denied; the expert report should be stricken, no separability test was done.

XI. Denied; the chart should be stricken; no separability test was done.

III. Denied.

XII. Denied.

XIII. Denied.

XIV. Denied.

XV. Denied as immaterial.

XVI. Denied.

XVII. Denied; chart should be stricken.

IV. Denied.

XVIII. Denied; the expert report should be stricken.

XIX. Denied; the report and affidavit should be stricken.

XX. Denied; chart should be stricken.

V. Denied.

XXI. Denied; chart should be stricken;

XXII. Denied; the report should be stricken.

Respectfully submitted,

**ADAMS AND REESE LLP**

_____
Joseph W. Looney, T.A. (8773)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234

*Attorneys for Defendant, Harrah's Operating Co., Inc. and Harrah's Entertainment Inc.*

### CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of February, 2004, I have served a copy of the foregoing pleading on counsel for all parties to this proceeding via facsimile and by hand delivery of same.

_____
Joseph W. Looney

4

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**