

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC.<br>Plaintiffs | * * * | CIVIL ACTION<br>No. 00-0071 |
| versus | * * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC.<br>and<br>HARRAH'S ENTERTAINMENT, INC.<br>Defendants | * * * * * | JUDGE LIVAUDAIS<br><br>MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF HARRAH'S OPERATING CO., INC. AND
HARRAH'S ENTERTAINMENT, INC. IN OPPOSITION TO
EX PARTE MOTION FOR LEAVE TO REPLY TO MEMORANDUM OF
HARRAH'S OPERATING, CO., INC. AND HARRAH'S ENTERTAINMENT INC., IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON COPYRIGHT CLAIMS AS TO THREE SPECIFIC GROUPS OF DESIGNS**

Pursuant to Local Rules 7.4 and 7.5E, Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc., defendants herein, oppose plaintiff Jane Galiano and Gianna Inc.'s Ex Parte Motion to File a Reply Brief.

Plaintiffs' so-called reply brief is merely a thinly disguised supplement to its original brief. They use the stratagem to attempt to flesh out and bolster what they failed to say in their initial brief. This is an abuse of briefing procedure under the Local Rules. Local Rule 7.4 requires that a Memorandum in Support "shall contain (1) a concise statement of reasons in

1

support of the motion, and (2) citations of the authorities on which he relies are copies of these authorities." LR 7.4. Defendants' own obligations to respond are controlled by Local Rule 7.5E. The opponent must provide a memorandum of the reasons advanced in opposition to the motion and the authorities on which it relies. He may not file a supplemental opposition memorandum without leave of court. LR 7.5E. The Local Rules' briefing procedures quite obviously contemplate that the movant must set forth all the reasons for the motion in his first brief. Then the opponent must file a memorandum that replies to those reasons.

Obviously, that was not done in this case. Plaintiffs begin their reply memorandum by apologizing to the court for exceeding the three-page limit which they themselves promised the court when they asked for leave to file this late motion. Initially the cutoff for summary judgment motions was December 23, 2003. Defendants timely filed their motion for summary judgment on copyright infringement. But Plaintiffs, as they have done many times in the past, entirely disregarded the cut-off. Instead they prevailed upon the court to allow a cross-motion.

Plaintiffs' initial brief in support of the cross-motion not only far exceeded the page limit but used its statement of facts as a supplement to the brief, and attached 400 pages of exhibits and referred to thousands more. Now, in their purported reply, Plaintiffs would add another ten pages.

Statements Plaintiffs make in their brief underscore the utterly incredible nature of their attitude toward this motion, and this litigation in general. For example, after suggesting in their initial brief that of thousands of pages of documentary evidence had to be considered.

Plaintiffs now tell the court, "The court should disregard every one of the annexes," with a handful of exceptions. In other words, *plaintiffs ask the Court to disregard their own annexes.* After representing to Defendants that the annexes were meaningful to their motion and thereby

inducing Defendants to attempt to discern the possible relevance of all those annexes, they now inform Defendants that the annexes were meaningless.

For another example, Plaintiffs now argue that their expert's report performs a separability analysis. They entirely ignore their expert's own sworn testimony in deposition that she did not do a separability analysis. See Exhibit A to Defendants' Opposition, p.136 lines 19-25.

Plaintiffs' arguments should be recognized as devoid of support in fact and law. Their constant re-invention of argument should be taken for what it is – inability to prevail under accepted and established copyright law, and a cynical strategy to confuse this case enough to get it before jurors and confuse them.

In any event, Defendants cannot continue to be forced to confront the deluge of briefs with which Plaintiffs have inundated this court and Defendants for four years. The Court made it crystal clear that this case was to be decided based on a separability analysis. Plaintiffs have refused to do so and instead submitted a torrent of erroneous and baseless arguments attempting to convince the Court otherwise. Plaintiffs obviously were unprepared to file this cross-motion in light of the separability requirement so they now have attempted to restructure their motion using a reply brief. Plaintiffs should not be rewarded for the disregard of this Court's orders and the attempts of this Court to impose some kind of organization on this lawsuit. Plaintiffs should not be allowed to file additional briefs.

## CONCLUSION

For all of these reasons, defendants object to the court's granting leave to file the reply brief.

Respectfully submitted,

ADAMS AND REESE LLP

*[signature]*

Joseph W. Looney, T.A. (8773)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
Fax: (504) 566-0210

***Attorneys for Defendants, Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc.***

## CERTIFICATE OF SERVICE

I do hereby certify that on this 27th day of February, 2004, I have served a copy of the foregoing pleading on counsel for all parties to this proceeding via facsimile and by hand delivery of same.

*[signature]*
Joseph W. Looney