FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 MAR -1 PM 1:28

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON COPYRIGHT CLAIMS AS TO THREE SPECIFIC GROUPS OF DESIGNS**

MAY IT PLEASE THE COURT:

INTRODUCTION AND APOLOGY

The Court should decide Plaintiffs' copyright summary judgment on its merits and should grant the motion.

Plaintiffs promised a 3 page brief and filed a 5 page brief. Surely that complies with the spirit of the Court's permission to file the motion.

As to the annexes, Plaintiffs file herewith a chart cross referencing almost every exhibit to

prior brief (Annex A ). The Court should disregard every one of the annexes with the exception of Deposition of John Sbordone on December 19, 2003, Chart: All Bilt patterns and orders, Addendum To Expert Report Dr. Bonnie D. Belleau, Affidavit of Dr. Bonnie D. Belleau, Ph.D. and the Deposition of Howard Wecksler on December 10, 2003 as discussed below. The other annexes have all been annexed to prior briefs[1]

Plaintiffs apologize for filing the Connie Albright deposition without page cites. The pages and cites are provided below. Basically 7 or 8 short pages provide the proof of Harrah's direct involvement - and concessions as to the similarity of Plaintiff's designs.

The seven page Statement of Facts is mostly correlation of facts previously cited in different contexts, not a mass of new material.

Plaintiffs complied with the spirit of the Court's direction to keep the motion as short as possible.

Defendants' procedural objections should not prevent this Court from granting Plaintiffs' well deserved motion for partial summary judgment. Defendants' brief does not come to grips with the issues as defined by the undisputed facts before the Court.

The First Circuit in *Segrets,* 99-1552, 207 F.3d 56, affirmed a summary judgment for the plaintiff/designer because "While summary judgment for a plaintiff on these issues is unusual...it is warranted on these facts". Id at 62. That is a good summary of the facts in this case.

---

[1] The exception is the supplemental report of Plaintiffs' expert linking the separable elements of the designs to All Built Pattern numbers rather than order numbers as in the first supplemental report, Exhibits 6 and 7. There is no new material referred to. All of this has been accessible to Harrah's from the day the suit was filed, and produced to and copied for Harrah's long ago.

# 1. THE CONNIE ALBRIGHT DEPOSITION ON PAGES 70-74, 86, 91, and 92 ADMITS HARRAH'S DIRECT INVOLVEMENT IN THE INFRINGEMENT OF PLAINTIFFS' COPYRIGHT. IT ALSO ADMITS SOME OF THE DESIGNS WERE "SIMILAR OR "VERY SIMILAR" TO PLAINTIFFS' DESIGNS.

The "smoking gun" admissions which prove her involvement and Harrah's involvement in the infringement are mostly on pp. 70-75 and p. 86 (Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine, Exhibit 14). She admits that she was "involved in costuming" Skagit Valley, Ak-chin, Joliet, Altantic City, Las Vegas, Tunica, Cherokee, Topeka, Reno, and Lake Tahoe. (p. 70, line16- p.71, line 5). Jan Starnes of Harrah's was also involved. (p. 72 line 1). She admits that "All Built Uniform Company was involved..." She admits that Harrah's had detailed records of the costumes and the orders.[2] (p. 72, line 22 - p. 73, line 3). Again on p. 86 line 9 she refers to "The uniform *WE went with*". "We" refers to Harrah's and All Built.

Finally she admits *there was a "corporate uniform program"* which was not terminated until 1998. (p. 73 lines 9-19). [3] This corroborates and validates the "national" program described in Harrah's magazine while Plaintiffs were still communicating with Defendants. If Harrah's ran a national corporate uniform program which caused the infringement, Harrah's is liable for the

---

[2] Which have now mysteriously disappeared.

[3] By that time the damage was done. The later orders were simply following in the footsteps of the infringement by Harrah's which had set in motion during the years 1996-1998 as Albright admits.

infringement.[4]

Plaintiff apologizes for annexing the entire deposition. But the entire deposition at least shows the Court that *she never denied her involvement or Harrah's involvement.* The entire deposition removes any lingering doubt and provides the proper foundation for the summary judgment.

## 2. THE SUM TOTAL OF ALL OF THE UNDISPUTED FACTS SHOWS WHY HARRAH'S IS LIABLE.

It is not any one piece of evidence which proves the point. It is the sum total of all of them: The Connie Albright deposition, the 2003 All Bilt depositions (Gunnerson and Wecksler), the Harrah's letter of February 15, 1996, all put together.[5] Harrah's brief does not deal with the sum total of all of this. The facts warrant the summary judgment here. Harrah's cannot organize and direct a "national", "corporate" design campaign and then escape liability because its employees did not do the cutting and sewing.

## 3. THE <u>SEGRETS</u> AND <u>KNITWAVES</u> OPINION SHOW BEYOND A REASONABLE DOUBT THAT CLOTHING DESIGNS CAN BE COPYRIGHTED AND THAT PLAINTIFFS' DESIGNS ARE ENTITLED TO PROTECTION.

---

[4]*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984);Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Ass'n, Inc., 554 F.2d 1213(C.A.1.Mass.,1977); Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304(C.A.2.N.Y.,1963); Gershwin Pub. Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159(C.A.2.N.Y.,1971); Southern Bell Tel. and Tel. Co. v. Associated Telephone Directory Publishers, 756 F.2d 801(C.A.11.Ga.,1985); Sygma Photo News, Inc. v. High Soc. Magazine, Inc., 778 F.2d 89(C.A.2.N.Y.,1985); Universal City Studios, Inc. v. Sony Corp. of America, 659 F.2d 963(C.A.9.Cal.,1981).

[5] It is not necessary for the Court to decide evidentiary issues as to the Settlement Agreement.

The plain English language of those opinions shows why the Court should grant Plaintiffs' motion. The Courts' language shows beyond a reasonable doubt that the First and Second Circuits were protecting clothing designs, not fabric designs.

In *Knitwaves*, the Second Circuit stated that: "Since...we compare *the designs of Knitwaves' and Lollytogs' sweaters as a whole*, we need not rule here on [the] contention that the background stripes of Knitwaves' Leaf Sweater, taken alone, would be uncopyrightable." 71 F.3d 996, 1003 n. 1. So much for the argument that *Knitwaves* is about abstract fabric design or "decorative elements" only rather than an article of clothing as a whole. The Second Circuit specifically rejected Harrah's argument that only the minute details of the clothing design are relevant in deciding substantial similarity. Id. at 1003. The Second Circuit relied on the Supreme Court's decision in Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 111 S.Ct. 1282 (U.S. 1991), for the proposition that copyright can protect a design which is a compilation of "unprotectible elements". 71F.3d at 1003-1004.

In *Segrets*, the Magistrate Judge applying the decision of the District Court noted that fabric designs "generated a sweater vest" and "generated a cardigan sweater". A sweater is clothing, not just fabric. 42 F. Supp. 58 at 62. In the Court's opinion granting the summary judgment and enforcing the copyright, the Court found that "[t]he *overall look of the sweater*...remained substantially the same." Id. at 66. The Court found that the defendant "succeeded in its desire to retain the *overall look and feel of the Christie I sweater*". Id. at 67. The Court also found that "[t]he *design of the Christie II sweater* is also *strikingly similar in its overall look* to the design of the Blanket Stich sweater notwithstanding the difference in color..." Id at 68. The Court concluded that the defendant "produced and sold a sweater which, to the ordinary observer, was substantially similar

to the copyrighted Blanket Stich design." Id at 68  The ordinary observer would recognize the Christie II sweater as appropriated from the Blanket Stich design." Id. at 68. All thru the opinion, the Court discusses the sweaters, not the fabric designs. As the Court explained the law, "[t]he *expression* of the idea of creating a sweater patterned with a southwestern feel or look, however, is protected". Id at 75.

The opinion also shows the Court was looking at photos of clothing, not abstract drawings: "The color photographs *of the front and back of the Blanket Stich sweater* fully and accurately depict the design". Id at 80.

The U.S. First Circuit in *Segrets* also ruled on the designs of the sweaters, not abstract fabric designs. 207 F.3d 56. The Court noted that the District Court had granted a summary judgment for the clothing designer on "the validity of its copyrights". Id at 58.
The Court found that the defendant "copied the Blanket Stich sweater...", not an abstract fabric design. Id at 59. The Court found that the defendant purchased and copied sweaters, not abstract fabric. Id. at 62.

## 4. PLAINTIFFS' EXPERT'S REPORT OF JANUARY, 2002 SHOWS THE NON-FUNCTIONAL, SEPARABLE ELEMENTS IN DETAIL AS REQUIRED BY *SEGRETS* AND *KNITWAVES*.

Defendants' objections to late reports are not a very good description of what happened in this case.

Plaintiffs' expert's supplemental report of January 7, 2002  - obviously submitted timely - lists the separable and protected  elements of each and every one of the designs in detail. It was submitted on January 7, 2002! See Annex (Report of January 7, 2002 Statement of Disputed Facts

in Opposition to Defendants' Motion for Partial Summary Judgment, Exhibit 1, Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine, part of Exhibit 28)

As to each design It identifies states the elements which Defendants copied and which are not a part of the "functional aspects of the garments".

For example: As to the Gold Card Jacket, the "semi fitted look", the "princess lines front and back", the "star buttons", the "shoulder flange". P. 24. (Of plaintiffs' expert report of Jan.7, 2002)

As to H1052, the "unique artistic characteristics": include the "piped mandarin collar with a center front notch, the jacquard fabric trim on a concealed button or snap plaquet, the "additional jacquard fabric stripes down either side, the "piped cuff trim", the "inverted center back pleat with a star at the top", which produce an "overall look" which is "distinct and unique".

For H0155 and 1056, and 1095, she describes the "distinctly styled shirts" with "artistic features" such as "mandarin collars" with "center front notch"," embroidered cuff logo", "star buttons", and "coin design". Again these features are "not critical to the function of the garment, and as such, are copyrighted". For a design expert, that is a pretty good statement of the law as set forth in *Knitwaves* and *Segrets*. The January 2002 report does the same for every group of designs, those in the summary judgment and those not in the summary judgment.

These separable elements easily meet the test of *Segrets* and *Knitwaves*.

Her conclusion in her deposition that separable elements makes the whole design copyrightable is also a fairly accurate statement of the law. There is nothing in the copyright statutes or the case law which requires the designer's application to identify the separable elements in the design. It is standard operating procedure for the Copyright Office to copyright the design if it has

some separable elements.

The only new element in the affidavit annexed to the summary judgment links the separable elements to the specific All Built patterns numbers rather than the order numbers to help the Court group relevant orders together. (Annex 7 of Statement of Undisputed Facts in Support of Plaintiff's Motion For Partial Summary Judgment On Copyright Claim As To Three Specific Groups Of Designs). That is really just a clerical job - connecting groups of numbers - which Harrah's could have done for itself but which the Court of course should not have to do.

## 5. THE SIMILARITY OF THE DESIGNS ALSO MEETS THE TEST OF *KNITWAVES* AND *SEGRETS*.

As to the similarity, Connie Albright's admissions in her deposition[6] ("very similar") are parallel to the admissions in Segrets (" 'majorly' identical"). Id. at 65.

But it is the side by side comparison which no reasonable observer could deny. This summary judgment includes only 3 groups of specific designs: [a] literal copies (the "cut and paste" designs)[7]; [b] the designs where the similar features are so strong that no reasonable juror would deny them,[8] and [c] the Gold Card Jacket[9] where the ex-president of All-Bilt admitted the copying and did the separability analysis for us the blocking and coloring, ( Plaintiffs' Annexes To Motion

---

[6] She admits that some of the designs All Built did for Harrah's were "similar" or "very similar" to Plaintiffs' designs. (p. 91 line 8, p. 92 line13).

[7] All Bilt Pattern Nos. AB 828, AB 822B and AB 831.

[8] All Bilt pattern numbers AB 830B, AB 880, AB 850, AB 887 and AB888.

[9] All Bilt pattern nos. AB 838 and AB 884.

For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine, Exhibit 22).

These groups of specific designs match up well with the specific analysis of the First Circuit in *Segrets* at 207 F.3d 61-63. The Court adopted Third Circuit language:

"The test is whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value".[10]

Harrah's arguments about the Design Collection "as a whole" are irrelevant to this summary judgment. The report of January 7, 2002 had already brought this case to the level of detail the law requires.

## 6. HARRAH'S HAS ONLY ITSELF TO BLAME IF IT FAILED TO HIRE AN EXPERT.

The detailed analysis of the separable artistic features of each design have been available to Harrah's since January 7, 2002. By any reasonable standard it is too late for Harrah's complain now that it has no expert witness.[11]

In fact Harrah's Opposition Brief has missed yet another opportunity to rebut the side by side detailed comparison of separable artistic elements which Plaintiff's expert did in her Supplemental Report of January 7, 2002.

Harrah's has gambled that it could win on this issue with sweeping generalizations as to the law. *Segrets* and *Knitwaves* rebut those generalizations with concrete examples of copyright law as

---

[10] Id. at 62, quoting *Educational Testing Services v. Katzman*, 3d Cir. 1986, 793 Fo.2d 533, 541.

[11] The word "arrogant" might be a good description of Harrah's attitude to this case from the beginning.

applied to real world clothing designs and disputes. Harrah's has lost its gamble[12] and will have to go forward with no expert.

The Court should grant the summary judgment for Plaintiffs.

Respectfully submitted,

*signature*

SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
BRIAN L. GLORIOSO, #27226
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113
Telephone: 504-529-4141
Facsimile: 504-561-0326
***Attorneys for Plaintiffs,***
***Jane Galiano and Gianna, Inc.***

---

[12] Some would say it is about time for Harrah's to find itself in that position.

| Exhibit # | Description of Exhibit | Filled previously ~ Motion and Date |
|---|---|---|
| 1 | Deposition of John Sbordone ~ December 19, 2003. | NEW |
| 2 | Affidavits of John Sbordone and Ira Brandenburg | [Plaintiffs' Motion for Leave To Attach Exhibits To The motion To Deem Business Records Produced By All Bilt Uniform Fashion Authenticated ~ Annexes A, B and C granted January 30, 2004] |
| 3 | Deposition of Linda Gunnerson ~ of December 5, 2003 | [Statement of Disputed Facts in Opposition to Defendants' Motion for Partial Summary Judgment ~ Exhibit 3] |
| 4 | Side by Side comparison of All Bilt patterns and the Plaintiffs designs from which Gunnerson testified | Statement of Disputed Facts in Opposition to Defendants' Motion for Partial Summary Judgment Exhibit 2, 4 and 5] [Statement of Undisputed Facts In Opposition To Defendants' Motion for Partial Summary Judgment ~ Exhibit 11] |
| 5 | Chart ~ All Bilt pattern and orders ( New) | NEW |
| 6 | Expert Report: Dr. Bonnie D. Belleau Addendum To Report and Expert Report (NEW) | [Report of January 7, 2002 Statement of Disputed Facts in Opposition to Defendants' Motion for Partial Summary Judgment ~ Exhibit 1] [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ part of Exhibit 28] |
| 7 | Affidavit ~ Bonnie D. Belleau, Ph.D. (New) | NEW |
| 8 | Deposition of Howard Wecksler ~ of December 10, 2003 | NEW |



| | | |
|---|---|---|
| 9 | Side by Side comparison of the All Bilt patterns and the Plaintiffs designs from which Wecksler testified | Statement of Disputed Facts in Opposition to Defendants' Motion for Partial Summary Judgment Exhibit 2, 4 and 5] [Statement of Undisputed Facts In Opposition To Defendants' Motion for Partial Summary Judgment ~ Exhibit 11] |
| 10 | Side by Side comparison ( gold coin shirt design) of Plaintiffs' design and the All Bilt design | [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ part of Exhibit 18] |
| 11 | Plaintiffs design H 1055 | [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ Exhibit 18] |
| 12 | All Bilt patterns AB 887, AB 830 B, AB 888 | [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ Exhibit 18] |
| 13 | Side by Side comparison of Plaintiffs design H 1055 and All Bilt pattern AB 887 | [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ Exhibit 18] |
| 14 | Pages Howard Wecksler Deposition of April 23, 2001, Pages 101 and 102 | [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ Exhibit 22] |
| 15 | Letter from Harrah's ~ Connie Allbright ~ dated February 14, 1996 | [Statement of Undisputed Facts In Opposition To Defendants' Motion for Partial Summary Judgment ~ Exhibit 4] [Plaintiffs' Reply Brief To Defendants's Opposition To Plaintiffs' Motion For Sanctions ~ Exhibit D] [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ Exhibit 4] |

| 16 | Deposition of Connie Allbright ~ February 19, 2001 | [Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ Exhibit 14] |
|---|---|---|
| 17 | Settlement Agreement ~ May 6, 1996 to Scott Buhrer | [Plaintiffs' Reply Brief To Defendants's Opposition To Plaintiffs' Motion For Sanctions ~ Exhibit E]<br>[Plaintiffs' Annexes To Motion For Summary Judgment, Motion For Partial Summary Judgment and Motions In Limine ~ part of Exhibit 5] |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | SECTION " E " " (5) |
| VERSUS | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | MAGISTRATE JUDGE CHASEZ |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiffs' Reply Brief In Support Of Plaintiff's Motion For Partial Summary Judgment On Copyright Claims As To Three Specific Groups Of Designs has been served upon:

> Mr. Joseph W. Looney, T.A.
> Adams and Reese LLP
> 4500 One Shell Square
> New Orleans, Louisiana 70139
> Attorney for Defendants,
> Harrah's Operating Co., Inc. and
> Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 27th day of February, 2004.

_____
BRIAN L. GLORIOSO