FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 MAY 21  PM 4: 10

LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE: JUDGE ALMA CHASEZ |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR ORDER PERMITTING APPEAL OF INTERLOCUTORY ORDER

Plaintiffs, Jane Galiano and Gianna Inc., through undersigned counsel, respectfully move this Court to enter its order pursuat to 28 U.S.C. Section 1292(b) that with respect to its denial of plaintiffs' Motion to Strike Brian Glorioso from Witness List, the Order dated May 11, 2004, involves controlling questions of law as to which there is substaintial grounds for different opinions and that an immediate appeal from that ruling may materially advance the ultimate termination of the litigation. This motion is based on the entire record in this matter and the attached memorandum of points and authorities.



___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep____
___ r_

281

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
BRAIN L. GLORIOSO, # 27226
GUSTE, BARNETT, & SHUSHAN, L.L.P.
Attorneys for Plaintiffs
639 Loyola Avenue, Suite 2500
New Orleans, LA. 70113
Telephone: 504-529-4141
Direct Line: 504-681-4519
Facsimile: 504-561-0326

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

You are hereby notified that plaintiffs, Jane Galliano and Gianna, Inc.'s Motion For Order

Permitting Appeal Of Interlocutory Order and Appeal Of Interlocutory Order is here by set for

hearing on the 9th day of **June, 2004** at **10:00 A.M.**

New Orleans, Louisiana this 21st day of May 2004.

Brian L. Glorioso

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE: JUDGE ALMA CHASEZ |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On May 11, 2004, an Order was issued denying plaintiffs' Motion to Strike Brian Glorioso from Witness List. The basis for this ruling was set forth in the same order.

There is substantial ground for different opinions over the resolution of these issues and I believe an immediate appeal from my ruling will materially advance the ultimate termination of this suit. For the above reasons an interlocutory appeal pursuant to 28 U.S.C. Section 1292(b) is appropriate.

_____
JUDGE

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE: JUDGE ALMA CHASEZ |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER PERMITTING APPEAL OF INTERLOCUTORY ORDER</u>

MAY IT PLEASE THE COURT:

On May 11, 2004, an Order was entered by this Court denying Plaintiffs' Motion to Strike Brian Glorioso from Witness List.

Unfortunately, and with the greatest respect to the Court, the Court's decision on that motion has created a serious conflict and serious issues which the Fifth Circuit will have to resolve, for the following reasons.

**1. The Court's decision involves a controling question of law for which there is a substantial ground for difference of opinion, and the immediate appeal from the interlocutory order will materially advance the ultimate termination of this litigation.**

The issue presented by plaintiffs' Motion is whether the defendants may compel the testimony of plaintiffs' counsel regarding communications between plaintiffs' counsel and the

copyright office.

An attorney cannot testify as a witness on direct or cross examination unless his testimony is "particularly important".   See e.g., *U.S. v. Watson*, 8th Cir. 1991, cert. den. 112 S.Ct. 1694, 503 U.S. 994, 118 L.Ed.2d406. *U.S. v.Phillips*, 5th Cir. 1975, 519 F. 2d 48, 50, cert. den. 423 U.S. 1059, 46 L. Ed. 3d 650.   Other cases have used "compelling need" as a test.  See e.g., *U.S. v. Lorenzo*, 9th Cir. 1993, 995 F.2d 1448, 1452-53, cert. den. 114 S.Ct. 227, 510 U.S. 882, 126 L.Ed.2d 182. See e.g. *U.S. v.Phillips*, 5th Cir. 1975, 519 F. 2d 48, 50, cert. den. 423 U.S. 1059, 46 L. Ed. 3d 650.

The oral testimony of Mr. Glorioso as to any casual oral discussion he had with the government office does not rise to the level of "particularly important", or "compelling need".

The Court will exclude the attorney's testimony if it would be "unfairly prejudicial".  See e.g., *U.S. v. Dupuy*, 9th Cir. 1985, 760 F.2d 1492, 1499. State of Louisiana v. Miller, 391 So. 2d 1159, 1162-3 (La. 1980).

Plaintiffs' have asserted that not only is there no compelling need for the defendants to call plaintiffs' counsel as a witness but that doing so will unfairly prejudice the plaintiffs' case which will be tried to a jury.

This Court has certified its ruling of the issue of plaintiffs' copyright claims.  The Court should also certify this ruling and allow the Court of Appeals to review this rulling.

Should this matter go forward plaintiffs' believe that their case will be unduly prejudiced by allowing the defendants to call plaintiffs' counsel as a witness before the jury.  If plaintiffs' appeal is heard after the trial of this matter and this Court's decision is reversed then the Court would be in the position of having to try this matter a second time.  Thus allowing for the intelocutory appeal of this matter will materially advance this litigation.

**2. The Court's decision unfortunately does not consider the substance of Mr. Glorioso's**

**deposition or his affidavit.**

Those documents show why his testimony is not needed at trial.  He has explained in his affidavit what his conversation with the Copyright office involved.  That conversation had nothing to do with the legal issues involving the ability of the Plaintiffs to copyright their two dimensional designs.

The fact that an affidavit was filed does not make the affiant a potential witness as to his discussion with the Copyright Office for the reasons which appear on the face of the record and are discussed in Plaintiff's briefs, but not unfortunately in the Court's decision on this motion.

Nor does the Court's decision deal with the undisputed fact that the application says on its face that clothing designs are involved because most of the annexed drawings identify which articles of clothing are involved.  Counsel again intends no disrespect, but it is incomprehensible to counsel why the fact testimony of the Plaintiff's counsel is needed as to intent when the drawings themselves make no secret of the fact that clothing is involved.

**3. The Court's decision unfortunately does not cite any legal authorities for the proposition that the intent or understanding of the Plaintiff's attorney is relevant or material.**

There is no foundation for such a ruling in the law that counsel for plaintiff is aware of. Even if the Court's view of the law is correct, and clothing can never be copyrighted under any circumstances, the counterclaim should have been dismissed because the articles of clothing involved were identified in the drawings themselves.  Counsel is not aware of any case law which would give Defendants a cross claim under those unique circumstances.

**4. The Court's decision unfortunately leaves the cross claim by Defendants in the case and the testimony of Mr. Glorioso in the case.**

If the Fifth Circuit does not reverse as to the Plaintiff's copyright claim, that cross claim will

apparently still go to trial.  Mr. Glorioso's testimony might still be necessary.

**5. The Court's decision unfortunately may deprive Plaintiffs of their day in Court because they cannot as a practical matter obtain new counsel to represent them in this case.**

This is a very old case.  Present counsel has put a tremendous amount of time into this case.

But because of the age of the case and the amount of work which has gone into it, it is practically impossible for Plaintiff to obtain other counsel at this late date.  If Mr. Glorioso has to testify at trial, it may or may not be possible for present counsel to continue to represent Plaintiffs effectively at the trial of the merits of this case.  This Court has adopted the Louisiana Rules of Professional Conduct as adopted by the Louisiana Supreme Court.  See Local Civil Rule 83.2.10E.  Rule 3.7 of the Louisiana Rules of Professional Conduct states:

" (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;  or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

Present counsel does not concede that counsel will have to withdraw.  Counsel may have to continue to represent Plaintiffs to the best of counsel's ability.

But counsel's ability to represent plaintiff effectively in a jury trial may be affected.

Again unfortunately, the result of this may well be to create the appearance (not the reality) of a conflict between the Court and Plaintiff, if a frivolous counter claim for damages becomes the leverage for depriving the Plaintiff of her day in Court based on the Court's written ruling on the

motion to date.

 For all of these reasons, the Court should certify the decision of this motion.

 It should go to the Court of Appeals with the Court's decision to grant the summary judgment

on the copyright issue.  There is an overlap in the legal issues involved.

       Respectfully submitted,

       SIDNEY L. SHUSHAN,  # 12055
       BRIAN L. GLORIOSO, #27226
       Guste, Barnett & Shushan, L.L.P.
       639 Loyola Avenue Suite 2500
       New Orleans, Louisiana  70113
       Telephone:  (504) 529-4141
       Facsimile:   (504) 561-0326
       Attorneys for plaintiffs,
       Jane Galiano and Gianna, Inc.

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E" " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE: JUDGE ALMA CHASEZ |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## APPEAL OF INTERLOCUTORY ORDER

On May 11, 2004, an Order was issued denying plaintiffs' Motion to Strike Brian Glorioso from Witness List. The basis for this ruling was set forth in the same order.

The issue presented by plaintiffs' Motion is whether the defendants may compel the testimony of plaintiffs' counsel regarding communications between plaintiffs' counsel and the copyright office.

There is substantial ground for different opinions over the resolution of these issues and I believe an immediate appeal from my ruling will materially advance the ultimate termination of this suit. For the above reasons an interlocutory appeal pursuant to 28 U.S.C. Section 1292(b) is appropriate.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, # 12055
BRAIN L. GLORIOSO, # 27226
GUSTE, BARNETT, & SHUSHAN, L.L.P.
Attorneys for Plaintiffs
639 Loyola Avenue, Suite 2500
New Orleans, LA.  70113
Telephone:  504-529-4141
Direct Line: 504-681-4519
Facsimile:  504-561-0326

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE: MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE: |
| *Defendants* | * | ALMA CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion For Permitting Appeal of

Interlocutory Order, Order, Memorandum In Support of Plaintiffs' Motion For Order Permitting

Appeal Of Interlocutory Order and Appeal of Interlocutory Order has been served upon:

Mr. Joseph W. Looney, T.A.
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 21st day of May, 2004.

BRIAN L. GLORIOSO