

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2004 JUN -1 PM 2:02
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO AND GIANNA, INC. | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | No. 00-0071 |
| versus | * | |
| | * | SECTION "E"(5) |
| HARRAH'S OPERATING CO., INC. | * | |
| And | * | Judge Livaudais, Jr. |
| HARRAH'S ENTERTAINMENT, INC. | * | |
| Defendant | * | Mag. Chasez |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER
PERMITTING APPEAL OF INTERLOCUTORY ORDER**

Harrah's Operating Co., Inc. and Harrah's Entertainment, Inc, defendants herein ("Harrah's"), oppose the Motion for Order Permitting Appeal of Interlocutory Order. Plaintiffs claim that their motion to strike their counsel Brian Glorioso from Harrah's witness list should have been granted and is an appropriate subject for certification under 28 U.S.C.A. sec. 1292(b).

The well-established criteria for 1292(b) certification are that the ruling for which the appeal is sought involve a "controlling question of law" as to which there is substantial ground for difference of opinion and that an immediate appeal from the ruling in question may materially advance the ultimate termination of the litigation. Although Plaintiffs recite these

___ Fee____
___ Process____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No._284_

requirements, they fail to establish the essential requirements of a "controlling" question of law, that there is substantial ground for difference of opinion and how taking Mr. Glorioso's name from the witness list will terminate this litigation. In fact they cannot establish those requirements.

1. **The inclusion of a witness is a matter of discretion, not a controlling question of law.**

Plaintiffs claim that allowing or requiring an attorney to testify is a matter of law. They are incorrect. Indeed the very decisions Plaintiffs cite[1] establish that allowing a party to call the prosecuting or defense attorney in a criminal case "is within the discretion of the district court."[2] The Fifth Circuit authority on which Plaintiffs rely, *United States v. Phillips*,[3] involved the 1292(b) appeal of "the trial court's refusal to allow [defendant Phillips'] attorney to testify that Phillips phoned him and claimed to be a person named "Louise."" Although it bears little resemblance to this case, notably the case held, "The trial judge has discretion to allow an attorney for a party to testify at trial."[4]

The determination not to strike the attorney from Harrah's witness list, then, is an exercise of sound discretion respecting a matter entrusted to the trial court. As such it does not present a controlling question of law.[5] "Ordinarily a district court should refuse to certify such matters, not only because of the low probability of reversal, but also because the recognition of discretion results from a studied determination that appellate courts generally should not interfere. Appellate courts frequently note the inappropriateness of interlocutory review of most

---

[1] Or, more accurately, miscite. Their citation to *United States v. Watson* refers only to the Supreme Court's denial of cert and omits citation to the opinion at 952 F. 2d 982 (8th Cir. 1991).
[2] *Id.* at 986.
[3] 519 F. 2d 48, 50 (5th Cir. 1975)
[4] *Id.*
[5] See *J. C. Trahan Drilling Contractor, Inc. v. Sterling*, 335 F. 2d 65 (5th Cir. 1964)(court's order sequestering part of mineral lease purchase price was a matter within sound discretion of trial court; dismissed certification as improvident.)

discretionary orders."[6] As Judge Vance held, where a matter is one better left to the discretion of the trial judge, the extraordinary step of certifying a ruling on the basis of its containing a controlling question of law simply cannot be justified, particularly where there is no precedent to certify such an action.[7] Certification "assuredly does not lie simply to determine the correctness of a judgment."[8]

Plaintiffs cite the court to no precedent for certifying their issue under sec. 1292(b). They fail to make a case for a "controlling question of law." Indeed the controlling question is one of fact – whether the attorney who engaged in non-privileged communications with the Copyright Office can be called as a witness, where there is no other means of obtaining that information.[9]

### 2. There is no substantial difference of opinion.

Plaintiffs cite no case dealing with the issue to demonstrate a split of opinion on the issue. It is not differences of opinion that the cases demonstrate, but individual exercises of discretion.

### 3. Certification will delay, rather than materially advance, the ultimate termination of the litigation.

Plaintiffs have made no valid showing that an appeal will materially advance the ultimate termination of the litigation. Indeed, if the court were to allow this issue to be appealed, trial would still have to proceed on the issue identified by the court in its ruling on copyright infringement – the intent of plaintiffs and their counsel in representing to the Copyright Office that they were applying for an artwork copyright in order to avoid rejection, when they knew they would characterize the copyright in this suit as one for clothing designs. Despite Plaintiffs' transparent strategy of using this certification motion to argue there is no evidence sufficient to

---

[6]   Wright & Miller, *Federal Practice and Procedure*, sec. 3930. *See also, Garner v. Wolfinbarger*, 430 F. 2d 1093 (5th Cir. 1970)(certification should be denied where the matter involved is within the discretion of the trial judge).
[7]   *McAustin v. Grinnell Corp.*, 2000 WL 1261966 (E.D. La. 2000).
[8]   *Id.*, citing *Clark-Dietz & Asoc.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F. 2d 67, 68, 69 (5th Cir. 1983).
[9]   *U.S. v. Watson, supra*, finding the inability of the other party to present the facts from another source as a ground for allowing the attorney's testimony. The Register of Copyright cannot be subpoenaed to testify.

3

defeat a summary judgment in their favor on the misuse claim, they are wrong. There is still abundant evidence for the jury to consider, including the copyright application itself, and on which the jury is likely to find for Harrah's.

Excluding Mr. Glorioso's testimony would only delay the inevitable determination on the issue. The trial is scheduled for January 2005, no longer involves complex issues, and should only last a couple of days. If the court should find that the trial court abused its discretion in allowing Harrah's to call Mr. Glorioso, the only witness who can be made to testify about what he told the Copyright Office (which Plaintiffs have not demonstrated to be at all likely), then retrying this portion of the case would be brief and simple. Plaintiffs will no doubt appeal the jury's verdict finding of misuse, as they have appealed the court's ruling on the so-called settlement agreement (unsuccessfully), and the judgment of non-infringement. It only makes sense that they appeal Mr. Glorioso's testimony along with the other grounds they will no doubt urge to attempt to overturn the jury verdict, rather than allow the plaintiffs to appeal this ingle ground first, and then others later. If instead the jury rules for Plaintiffs on misuse despite the introduction of Mr. Glorioso's testimony, then certification of this issue would prove an utter waste of time.

## CONCLUSION

It makes no sense to certify the court's ruling, and Plaintiffs' motion should be denied.

4

Respectfully submitted,

ADAMS AND REESE LLP

_____
Joseph W. Looney, T.A. (LA #8773)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: (504) 581-3234
***Attorneys for Defendant, Harrah's Operating Co., Inc. and Harrah's Entertainment Inc.***

## CERTIFICATE OF SERVICE

I certify that on June 1, 2004, I served a copy of the foregoing to the following:

Sidney Shushan, Esq.
Brian Glorioso, Esq.
Guste, Barnette & Shushan, LLP
639 Loyola Avenue, Suite 2500
New Orleans, LA 70113-7103

via facsimile and by hand delivery.

_____
Joseph W. Looney