

EASTERN DISTRICT OF LOUISIANA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| VERSUS | * | SECTION " E " " (5) |
| HARRAH'S OPERATING CO., INC., AND HARRAH'S ENTERTAINMENT, INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | MAGISTRATE: ALMA CHASEZ |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES

MAY IT PLEASE THE COURT:

**1. The Court has discretion to deny attorney's fees.**

The award of attorney's fees is not mandatory. The Court has great discretion in awarding attorney's fees. <u>Yount v. Acuff-Rose Opryland, Inc.</u>, 103 F.3d 830, (9th Cir. 1996) and <u>Smith v. Jackson</u>, 84 F.3d 1213, (9th Cir. 1996.)

The United States Supreme Court established factors this Court must consider when deciding whether to award attorney's fees. The Supreme Court identified the following non-exclusive list

-1-



of factors to guide the award or denial of attorney's fees: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (citation omitted).

As the Fifth Circuit writes much American admiralty law, the United States Ninth Circuit Court of Appeals is the source of much of the nation's intellectual property law. On remand of the above action, the Ninth Circuit has added as additional considerations: the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff. Fantasy, Inc. v. Fogerty, 94 F.3d 553, 559-60 (9th Cir.1996). These Ninth Circuit factors are also key to this case.

In general, no single factor is decisive in determining whether to award attorneys' fees. For instance, although several circuits accord the "objective reasonableness" factor "substantial weight," "[t]his is not to say, however, that a finding of objective reasonableness necessarily precludes the award of fees. In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable." *Matthew Bender & Company v. West Publishing Co.*, 240 F.3d 116, 122 (2nd Cir. 2001) (citing *Matthews*, 157 F.3d at 29) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable"). What is certain is that courts need to consider a range of factors as applied to the circumstances before them.

Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised

"in light of the considerations we have identified." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, citing, *Hensley v. Eckerhart,* 461 U.S. 424, 436-437, 103 S.Ct. 1933, 1941-1942, 103 S.Ct. 1933 (1983).

### A. Plaintiffs' copyright claims were reasonable both factually and legally.

Plaintiffs sought and obtained a valid copyright for her uniform and design collection. Plaintiffs sought damages from Harrah's for copyright infringement based upon Harrah's use of plaintiffs' designs in its casinos. Plaintiffs' factual argument since the inception of this case is that Harrah's had in its possession copies of the plaintiffs' original artwork consisting of designs for wearing apparel, that Harrah's provided those designs to uniform manufacturers, that Harrah's ordered the uniform manufacturers to make uniforms based upon plaintiffs' designs, and that Harrah's purchased those uniforms from the manufacturers for use in its casinos. Following a lengthy discovery battle with the defendants there is little question that Harrah's in fact did exactly what plaintiffs alleged.

Plaintiffs' legal argument has also been consistent throughout this case. Plaintiffs filed suit against Harrah's for breach of contract and copyright infringement. Plaintiffs' latter added claims for unjust enrichment and unfair trade practices. Plaintiffs' legal argument regarding the claim for copyright infringement has been consistent throughout this case. Plaintiffs argue that the law of copyright is broad enough to provide protection to the designer of apparel which has aesthetic elements which are conceptually separable from their utilitarian purpose. Plaintiffs have provided voluminous briefs and jurisprudence supporting this argument. While this Court has rejected plaintiffs' argument, it has recognized that the law is such that there are substantial grounds for difference of opinion in Certifying the Judgment for immediate appeal under Rule 54. This alone should be enough to prove that plaintiffs' claims were reasonable.

Defendants as they have done since this inception of this litigation misstate completely plaintiffs' goals in filing this lawsuit. Plaintiffs' objective was simple. It was to stop Harrah's from taking and using plaintiffs' designs without compensation. Plaintiffs' never sought a monopoly of clothing, nor did plaintiffs seek a monopoly on any particular design element as a separate element of clothing. Rather plaintiffs' contention, which is supported by the cases plaintiffs have consistently cited, was that the designs Harrah's used were copies of plaintiffs' designs and that if the ordinary observer were to view the two designs side by side the copying would be obvious. Further plaintiffs claimed that certain elements of her designs were used in the garment purely for aesthetic purpose and thus were not utilitarian in nature. This is the conceptual separability analysis which the jurisprudence created and which plaintiffs asked this Court to apply to the case. This does not mean that the plaintiffs sought a monopoly on the design element but as in the case of architectural designs plaintiffs sought protection of her particular arrangement of those elements into a work of art. That argument is consistent with the principal of copyright law.

**B. The Court should not seek to deter artist from protecting their works from blatant and obvious copying.**

Even if the Fifth Circuit Court of Appeals upholds this Court decision on the availability of copyright protection for her works, justice does not demand that the Court seek to deter artist from seeking protection for their work.

*The reach of the Copyright Act was weakened, not strengthened by defendants' argument.* The U.S. Supreme Court identified advancing the interests of the Copyright Act in order "to encourage the production of original literary, artistic and musical expression for the good of the public", 510 U.S. at 524, as a central consideration in awarding fees.

"'Creative work is to be encouraged and rewarded, but private motivation must ultimately serve the broad public availability of literature, music and the other arts. The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor. But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good.' " 510 U.S. at 526-27, quoting *Twentieth Century Music Corp. v. Aiken,* 422 U.S. 151, 156, 95 S.Ct. 2040 2043, 45 L.Ed2d 84 (1975)

This concern was echoed by the Ninth Circuit in the 1996 *Fogerty* decision.

The effect, however, of defendants' arguments and the decision deriving from them is to refuse copyright protection for a fashion designer and in so doing necessarily to discourage their production of artistic expression. Without the various copyright protections and remedies available to fashion designers, their access to "fair return" is greatly diminished and with it the stimulus for creative activity.

Copyright protection serves the purpose for workers in the creative arts that unions serve for other kinds of workers: their work may not make them rich, but neither will they and their work be exploited by relatively unfettered employers who typically, as is certainly the case in this instance, have enormously greater financial resources than the workers have.

Defendants' arguments and the decision have narrowed the scope of the Copyright Act, not advanced it. Plainly Plaintiffs feel the court's decision was the wrong one, but right or wrong, defendants cannot successfully argue that copyright protections are stronger as a result of it or that the engine of creative expression has been enhanced.

Defendants cannot qualify for an award of fees and costs for advancing the interests of the Copyright Act.

*The awarding of attorney fees and costs to defendants will impose a chilling effect and inequitable burden on plaintiffs and others like them.*

The 9th Circuit in its 1996 *Fogerty* decision invited courts to look at the comparative resources of the litigants in an infringement action when it came time to rule on fees. The court wrote that "the chilling effect of attorney fees may be too great or impose an inequitable burden on an impecunious Plaintiff." 94 F.3d at 560.

Responding to the Supreme Court's observation that copyright plaintiffs and copyright defendants come in various configurations of wealth and resources, their ruling allows the trial court to exercise its equitable discretion when determining a fee award by taking those resources into account.

In comparison to Harrah's vast gambling empire, Plaintiffs are most emphatically impecunious.

The economic disparity between the parties is enormous. Particularly in this situation where Plaintiffs were attempting to vindicate a right they had every reason to suppose they possessed, equitable considerations urge that no fees and costs be made payable to Defendants. Furthermore, given the Ninth Circuit's considerations, awarding fees to a wealthy, successful corporate defendant from an individual and her small economically defunct company is sure to have a chilling effect on later efforts by Plaintiffs who believe they hold copyrights and want to assert copyright protections against a corporate Defendant. There is every reason to believe that an award of fees in this case will deter the successful prosecution of rightful claims by Plaintiffs with little money.

**C. The Court should not award attorney fees in Copyright infringement cases where the case is novel or close, because such litigation clarifies the boundaries of copyright law.**

The mere fact that a **defendant** obtains summary **judgment** does **not** necessarily mean that the plaintiff's position was frivolous or objectively unreasonable. *See Littel,* 1996 WL 18819, at *3. "To hold otherwise would establish a per se entitlement to **attorney's fees** whenever [a summary **judgment** motion is] resolved against a **copyright** plaintiff." *CK Company v. Burger King Corp.,* No. 92 Civ. 1488, 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995).

The Second Circuit has held that, of the factors enumerated by the Supreme Court, "objective unreasonableness" should be accorded "substantial weight." *Matthew Bender,* 240 F.3d 116, 120-21. Several courts in this Circuit have awarded attorneys' fees to prevailing defendants solely upon a showing that the plaintiff's position was objectively unreasonable, even without a showing of bad faith or frivolousness. *See Adsani v. Miller,* No. 94 Civ. 9131, 1996 WL 531858, at *13 (1996) (collecting cases holding that objective unreasonableness is sufficient to support a fee **award**); *Littel v. Twentieth Century Fox Film Corp.,* No. 89 Civ. 8526, 1996 WL 18819, at *3-4 (S.D.N.Y. Jan. 18, 1996) (**awarding** prevailing **defendants attorney's fees** based on objective unreasonableness of plaintiffs' claims); *Screenlife Establishment v. Tower Video, Inc.,* 868 F.Supp. 47, 52 (S.D.N.Y.1994)

The emphasis on objective unreasonableness is firmly rooted in the admonition that an **award** of **attorneys' fees** must comport with the purposes of the **Copyright** Act. "As such, the imposition of a fee **award** against a ... [party] with an objectively reasonable litigation position will generally **not** promote the purposes of the **Copyright** Act." *Matthew Bender,* 240 F.3d 116, 2001 WL 50857, at *5. Indeed, a court should **not award attorneys' fees** where the case is novel or close because such a litigation clarifies the boundaries of **copyright** law. *See Lotus Dev. Corp. v. Borland Int'l, Inc.,* 140 F.3d 70, 75 (1st Cir.1998) ("When close infringement cases are litigated, **copyright**

law benefits from the resulting clarification of the doctrine's boundaries. But because novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim."); *see also Fogerty,* 510 U.S. at 527, 114 S.Ct. 1023 ("Because copyright law ultimately serves the purposes of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible.").

Again the fact that plaintiffs' case is on the boundaries of the current copyright law is evidenced by the fact that this Court certified its Judgment for immediate appeal under Rule 54. Plaintiffs briefs filed in connection with the Motions for Summary Judgment quite clearly indicate the discrepancies between the various Courts of Appeal in handling claims of copyright infringement of clothing design and the novel issues presented by plaintiffs' case. The fact that plaintiffs' claims pushed the boundaries of the copyright law should tip the scales against an award of attorney fees. Such an award would certainly preclude other plaintiffs from seeking protection for works of art which are protected by the copyright act.

**2. The Court should dismiss the motion because the Court has certified the decision of the summary judgment on the copyright claim and it has been appealed.**

It is premature. Attorney's fees only lie with a "prevailing party" under 17 U.S.C. 505. An action for attorney's fees is premature while the underlying copyright action is under appeal. RCA Records, A Div. of RCA Corp. v. All-Fast Systems, Inc., 594 F.Supp. 335, (S.D. N.Y. 1984). The Court held that awarding attorney's fees is premature while an appeal is pending and that:

> Finally, plaintiffs request attorneys' fees. I deny the request at this

time. Plaintiffs' first authority for recovery, 17 U.S.C. § 505, permits an award of fees in a copyright action to a "prevailing party." Although plaintiffs appear quite likely to prevail in the action eventually, it is not yet terminated. An award of fees under this statute would thus be premature. Id.

The situation in this case is the same. This Court granted, on its own motion, certification to appeal the summary judgment immediately. While the interlocutory appeal is pending, an award of attorney's fees would be premature.

The Fifth Circuit may reverse and grant Plaintiffs summary judgment, or may deny both motions and remand for trial. There is no good reason for this Court to rule on attorney's fees under these circumstances. See, RCA, *supra* and Rano v. Sipa Press, Inc., 987 F.2d 580, (9th Cir. 1993). Rano held that an action for attorney's fees is premature while the underlying case is ongoing. This case has the same situation. In this case, the Court should wait until the conclusion of all proceedings in this action and then address attorney's fees when it addresses damages, if any, for the various claims. At that time, mathematical calculations will ultimately determine who owes what to whom. Any action to determine that at this time would be premature.

**3. The Court should dismiss the motion because Defendants' counsel did not bother to itemize the hours worked.**

The copy of the motion which counsel received did not contain a timesheet, merely a total. The Court cannot review the reasonableness of the hours without a timesheet. Precedent has established that the time records submitted must be sufficient to distinguish which hours were worked on the copyright issues and which ones were on other issues. See Gamma Audio & Video,

Inc. v. Ean-Chea, 11 F.3d 1106, (1st Cir., 1993). In Gamma, the First Circuit, quoting the District Court held, in upholding a large reduction in fees to the prevailing party, that:

> The district court then pointed out numerous ambiguities in the attorneys' records, as well as instances where telephone conversations between counsel were reflected only in the records of one of the two attorneys. Finally the court provided examples of charges that appeared facially excessive, such as billing the client for leaving a telephone message when the person telephoned was absent. The court settled on a fee award that it believed represented reasonable compensation for the nature of the work performed, taking into account how much time was actually expended.
>
> The district court found that the time-sheet entries submitted by Gamma's attorney's were so ambiguous that it was not clear which claims in the complaint the entries related to. For example, the district court noted entries that stated merely "Draft documents," "Work on Case," "Review of Discovery," and "study file, legal research re Mass. case." Id..

This Court should require Harrah's to submit detailed time sheets to separate the specific hours worked on the copyright issues. One single affidavit is insufficient to meet Harrah's burden of proof.

**4. The Court should dismiss the motion because Defendants' counsel did not bother to distinguish hours worked on copyright issues from hours worked on the contract claim or the unjust enrichment claim.**

The copyright claim is one of four causes of action. The Court will recall that this case has been to the Fifth Circuit once already on the issue of the validity of the Settlement Agreement. There

are still before the Court issues of breach of the first contract between the parties and the alternative unjust enrichment claim. Many of the hours worked relate to proof of damages which are common to all of the theories of liability. Defendants have no claim for attorney's fees for hours worked on other issues.

The Courts have addressed this issue. In <u>Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.</u>, 122 F.3d 1229, (9th Cir. 1997), the Court held that:

> Controlling precedent establishes "that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.' " Entertainment Research Group, 122 F.3d at 1230 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); cf. Schwarz v. Sec'y of Health and Human Services, 73 F.3d 895, 903 (9th Cir.1995).

The Courts have additionally held that the number of hours submitted as fees must be reasonable. In <u>Gamma</u>, *supra*, the Court, reflecting upon the District Court's action found:

> Generally speaking, the district court found that Gamma had "over-prosecuted this case, pursued infringement actions on works that were not registered, and achieved very limited success." More specifically, the court found that plaintiffs had originally "filed a six-count complaint alleging a massive scheme of wrongdoing, ... seeking millions of dollars in damages," and then, armed with a court order, raided Ean-Chea's store ... apparently expecting to uncover a huge cache of infringing materials. Instead, what they found was a single set of pirated 'Hunters Prey' tapes

located under some trash in a cardboard box by the counter, some high speed video copying equipment, and a business record that reflected the shipment of one unauthorized copy of a program entitled 'Serpentine Romance' to Montreal.

The court further noted that, as trial neared, Gamma dismissed the five non-copyright claims, "and conceded that because [the copyrights in] Serpentine Romance and twelve episodes of Jade Fox had not been registered prior to the filing of the lawsuit, they too fell out of the case."

With respect to Gamma's fee request, the court had much to say:

many of the [time-sheet] entries were extremely vague, making it virtually impossible ... to determine whether requested hours were excessive, redundant (especially with respect to how New York and local counsel divided tasks), or otherwise unnecessary, as well as to parse out attorney time and expenses related to the unsuccessful claims and [voluntarily] dismissed portion of the case. Id.

The situation in this case is the same. Harrah's has not detailed its hours. Harrah's has not established that the number of hours worked on the copyright issue alone were reasonable. Harrah's offers nothing specific about its time or hours. This Court should deny the application submitted as insufficiently detailed and inadequately deliniated between the copyright related hours, the breach of contract and other unrelated hours. Harrah's cannot simply expect to collect all of its fees up to this point at this point. That is simply not reasonable.

The Court will also recall that the Court certified for appeal the decision of the Court on the claim based on the Settlement Agreement. Counsel for Defendant should not have filed this hasty motion without even a nominal effort to distinguish work done on that appeal and the Settlement

Agreement issues.

**5. The Court should deny attorney fees because the award would be a futile gesture.**

Defendants and the Court are well aware of plaintiff's limited means. Thanks to Defendants, Plaintiff Jane Galiano is working as a secretary instead of a successful clothing designer. The Court can and should take that into account in deciding whether to award attorney's fees.

**6. The Court should deny attorney's fees because the Court ordered Defendants to produce documents from its manufacturers which Defendants never produced.**

The Court ordered Defendants to produce its manufacturers' records. *(See Docket # 85, Order dated March 30, 2001)*. Defendants did not do so.

As a result, Plaintiffs had to take depositions and incur costs which should have been unnecessary. *(See Briefs on this issue, See Docket #'s 76 and 79)*. It is unreasonable for Defendants to ask for attorney's fees caused by their own failure to comply with the orders of this Court. This is a very good case to use the Court's discretion and deny the award of attorney's fees.

**7. The Court should deny attorney's fees because the alleged infringement commenced prior to the plaintiffs' copyright registrations and thus pursuant to 17 U.S.C. Section 412 attorney's fees are not available.**

Pursuant to 17 U.S.C. § 412 "... no award of statutory damages or of attorney's fees, as provided in sections 504 and 505, shall be made for--(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless the registration is made within three months after first publication of the work." The Eleventh Circuit holds that a plaintiff is not entitled to attorney's fees or statutory damages under

this section when the work at issue is not registered with the copyright office at the time the alleged infringement occurred. *M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486, 1493 (11th Cir.1990) (finding no attorneys' fees or statutory damages available to MGB under the Copyright Act because the architectural advertising materials were not registered with the copyright office at the time the alleged infringement occurred). The term "commenced" is defined as the first act of infringement in series of ongoing separate infringements. *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143 (5 th Cir.1992) (finding the language of 17 U.S.C. § 412 reveals Congress' intent that statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of the defendant's infringements of a work if one of those infringements commenced prior to registration).

Prevailing plaintiffs and prevailing defendants must be treated alike for purposes of awarding attorney fees under Copyright Act, with attorney fees awarded to prevailing parties only as a matter of the court's discretion; Copyright Act attorney fee provision gives no hint that successful plaintiffs are to be treated differently than successful defendants. *Fogerty,* 510 U.S. at 517, 114 S.Ct. 1023(U.S. 1994). Nor should successful defendants be given greater remedies than those available to the plaintiffs.

"Evenhandedness" requires equal treatment of plaintiffs and defendants with respect to the award of attorney fees.

The principle of evenhandedness precludes the award of any fees to Defendants. Plaintiff, after the late registration of his copyright, could not seek attorney fees because of the bar imposed by 17 U.S.C § 412. The plain meaning of evenhandedness prevents Defendants from enjoying a benefit with respect to attorney fees unavailable to Plaintiff.

The Supreme Court summarizes its holding by stating:"Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Awarding attorney fees to defendants under these circumstances in any amount treats them differently from any possible treatment Plaintiff might receive. The Supreme Court decision did not impose a reverse, discretionary unevenness in favor of Defendants when it overruled the pre-existing Ninth Circuit unevenness in favor of Plaintiffs.

There is an inferential unfairness in limiting Defendant's fee recovery because of Plaintiff's tardiness in registering his copyright. Defendants were not responsible for the late registration and had no perceived interest in hastening it. However, Defendants in copyright litigation, as elsewhere, do not get to select their plaintiff. Their strategy has to take into account the plaintiff's infirmities. Plaintiffs' defining infirmity, from the point of view of attorney fees, was their late registration of the copyright on the deigns which took attorney fees off the table.

Defendants knew the prevailing regime of law, or should have known it, once this lawsuit got underway. Plaintiffs' complaint had the copyright registration attached to it, plainly showing the date of registration. Defendants had the *Fogerty* cases available to them, all of which were decided before the suit was filed, including the Ninth Circuit's 1996 ruling. Their attorneys knew that the principle of even-handedness was newly operative and so undertook the case with reason to be aware that, no matter what the outcome, their ability to secure fees was eliminated by a straight-forward reading of the language articulating that principle. They undertook the defense nonetheless. The Supreme Court stated at 510 U.S. 534-35: "[T]he Court of Appeals erroneously held petitioner, the prevailing defendant, to a more stringent standard than that applicable to a prevailing plaintiff." Granting Defendants request for attorney fees and costs in the present case would impose on a prevailing - but late-registering - Plaintiff "a more stringent standard" than the standard, or lack of

it, under which Defendants would receive their fees and costs. Evenhandedness does not allow the Court's limiting principles to apply to Plaintiffs but not to Defendants.

Respectfully submitted,

_____
Sidney L. Shushan, # 12055
Brain L. Glorioso, # 27226
Guste, Barnett, & Shushan, L.L.P.
Attorneys for Plaintiff's,
639 Loyola Avenue, Suite 2500
New Orleans, La. 70113
Telephone: 504-529-4141
Direct Line: 504-681-4519
Facsimile: 504-561-0326

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 1st day of June, 2004, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by U.S. mail properly addressed, and first class postage prepaid and/or via facsimile.

_____
Brian L. Glorioso