FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUN 10 PM 4:56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE GALLIANO and GIANNA, INC. | CIVIL ACTION |
| versus | No. 00-0071 |
| HARRAH'S OPERATING CO., INC., and HARRAH'S ENTERTAINMENT, INC. | SECTION: E/5 |

### O R D E R

Plaintiffs' Motion for Order Permitting Appeal of Interlocutory Order, rec. doc. # 281, is before the court. The motion was submitted on the briefs. The motion is **DENIED**.

The interlocutory order at issue is the court's denial of plaintiffs' motion to strike Brian Glorioso, one of plaintiffs' counsel of record, as a witness in the trial of defendants' counterclaim against plaintiffs for fraud and misuse of the Copyright Office.[1]  Rec. Doc. # 277.  Plaintiffs support their

---

[1] The factual issue involved in the underlying dispute is the knowledge and/or intent of plaintiffs' counsel, who apparently represented to the Copyright Office that the copyright he sought was for the two-dimensional artwork – sketches of clothing designs – when defendants allege he really intended to copyright the three dimensional clothing designs depicted in the sketches rather than the sketches themselves, then use the copyright as a basis for this lawsuit.

DATE OF ENTRY
JUN 14 2004

Fee
Process
X  Dktd
   CtRmDep
   Doc. No. 295

motion by arguing that this court "certified its ruling" granting summary judgment to defendants on plaintiffs' copyright claims and denying plaintiffs' motion for summary judgment on defendants' counterclaim for appeal. see <u>Order and Reasons</u>, record document # 278). Plaintiffs contend that the court therefore acknowledged that there is a close question of law about which there is substantial ground for different opinions as to that judgment, and reversal of the district court's denial of plaintiffs' motion to dismiss defendants counterclaim would make the issue of Mr. Glorioso's testimony moot.

What the court actually did was enter a Fed. R. Civ. Pro. Rule 54(b) final judgment dismissing plaintiffs' copyright claims against defendants.[2] See <u>Judgment,</u> record document # 279. That judgment is final and is immediately appealable as of right. Whether to certify an interlocutory order that is not otherwise appealable for immediate appeal is left to the sound discretion of the court, upon finding that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially

---

[2]The judgment does not refer to the court's denial of plaintiffs' motion to dismiss defendants' counterclaim against plaintiffs, but merely dismisses plaintiffs' claim of copyright infringement against defendants.

advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). <u>United States v. Watson</u>, 952 F.2d 982, 986 (8th Cir. 1991). The court does not make such a finding in this instance.

New Orleans, Louisiana, June 10, 2004.

*[signature]*
**MARCEL LIVAUDAIS, JR.**
United States District Judge