



```
              FILED
        U.S. DISTRICT COURT
        EASTERN DISTRICT OF LA

        2004 JUL -1 PM 3:14

        LORETTA G. WHYTE
              CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR APPEAL OF COSTS AWARD

NOW COME plaintiffs, Jane Galiano and Gianna, Inc., and move this Honorable Court, for reasons for fully set forth in the annexed Memorandum in Support of Motion for Appeal of Costs Award, to set aside the judgment awarding costs to defendants as awarded on the 24th day of June, 2004 as improvidently granted. Plaintiffs further move this Honorable Court to either defer all adjudication of costs until the termination of the underlying litigation or deny costs, as prayed for in defendants "Bill of Costs" annexed hereto.

1

```
___ Fee_____
___ Process___
 X  Dktd_____
 √  CtRmDep__
___ Doc. No.__
```

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs and Movers

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. *<br>*Plaintiffs* * <br> * <br> * | | CIVIL ACTION NO. 00-0071 |
| VERSUS * <br> * <br> * <br> * | | SECTION " E " " (5) <br><br> JUDGE MARCEL LIVAUDAIS, JR. |
| HARRAH'S OPERATING CO., INC., * <br> AND * <br> HARRAH'S ENTERTAINMENT, INC. * <br> *Defendants* * <br> * | | MAGISTRATE JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

## **O R D E R**

Considering the foregoing Motion for Appeal of Costs Award;

**IT IS ORDERED** by the Court that the Motion for Appeal of Costs Award be filed into the record herein and set for hearing as set forth in the annexed "Notice of Hearing."

New Orleans, Louisiana, this _____ day of _____, 2004.

_____
**UNITED STATES JUDGE**

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO, AND GIANNA, INC. | * | CIVIL ACTION NO. 00-0071 |
| *Plaintiffs* | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION " E " " (5) |
| | * | |
| | * | JUDGE MARCEL LIVAUDAIS, JR. |
| | * | |
| HARRAH'S OPERATING CO., INC., | * | |
| AND | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE CHASEZ |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Request for Copy Of The Record Be Sent To The 5th Circuit Court Of Appeal has been served upon:

Joseph W. Looney, T.A.
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Attorney for Defendants,
Harrah's Operating Co., Inc. and
Harrah's Entertainment, Inc.

by hand delivery of a copy of same this 1st day of July, 2004.

_____
Jonathan M. Shushan

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF HEARING**

TO:  Mr. Joseph W. Looney, Attorney of record for Harrah's Entertainment, and Harrah's Operating Co., Inc., 4500 One Shell Square, New Orleans, Louisiana 70139

You are hereby notified that Plaintiffs' Motion for Appeal of Costs Award will be heard on Wednesday, the 21st day of July, 2004, at 10:00 A.M., at the United States District Courthouse, 500 Poydras Street, New Orleans, Louisiana, before the Honorable Marcel Livaudais, Jr.

Respectfully submitted,

_____
SIDNEY L. SHUSHAN, #12055
JONATHAN M. SHUSHAN, #21977
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile:  (504) 561-0326
Attorneys for Plaintiffs,
Jane Galiano and Gianna, Inc.

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE GALIANO and GIANNA, INC. | * | CIVIL ACTION |
| *Plaintiffs* | * | |
| | * | NO. 00-0071 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| | * | |
| HARRAH'S OPERATING CO., INC. | * | JUDGE MARCEL LIVAUDAIS, JR. |
| and | * | |
| HARRAH'S ENTERTAINMENT, INC. | * | MAGISTRATE JUDGE ALMA CHASEZ |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR APPEAL OF COSTS AWARD**

**MAY IT PLEASE THE COURT**

Plaintiffs herein submit this Memorandum in Support of the annexed Motion for Appeal of Costs Award. For the reasons set forth below, this Honorable Court should overturn the Bill of Costs as awarded by the Clerk of this Honorable Court on June 24, 2004. The award is unjustified and premature.

I    **THIS COURT SHOULD OVERTURN ANY AWARD OF COSTS AS IT WILL CAUSE SIGNIFICANT HARDSHIP TO PLAINTIFFS AND THIS CASE IS APPROPRIATE FOR A DENIAL OF COSTS.**

This case is the perfect example of when not to award costs. This Court has addressed costs recently. In 1996, this Court rendered <u>Theriot v. Parish of Jefferson</u>, 966 F.Supp. 1435, (E.D. La. 1996), *Motion to Amend Denied*, 1997 WL 348107, *affirmed*, 185 F.3d 477, (5th Cir. 1997), *cert denied*, 120 S.Ct. 2004, 529 U.S. 1129, 146 L.Ed.2d 955, (U.S. 1998).

6

In his subsequently affirmed opinion, Judge Duval set forth the current standards regarding awards of costs. In denying the prevailing defendant's costs, this Court held that:

> The most common bases for denying costs to prevailing defendants have been the indigency of the losing plaintiff. A wide disparity between the economic resources between the parties, such as there is in this instance, as well as the suit being neither frivolous nor brought in bad faith, convinces the Court that it should not assess costs in this instance. Plaintiffs did not have the resources to hire an expert in this case; they also were unable to depose certain parties because of their lack of resources. Based on the perception by the Court that to award costs here would be an undue hardship on these plaintiffs, the Court finds that it will not grant this motion. See Bartell, Taxation of Costs and Awards of Expenses, 101 F.R.D. 553, 561 (1984) and cases cited therein.
> Id. at 1452-1453.

This Court restated and reaffirmed these principals even more recently. In Schutte v. Gulf Coast Marine, Inc., 2001 WL 365400, (E.D. La. 2001), Judge Berrigan, of this Honorable Court, cited Theriot, *supra* and held that:

> Although a presumption exists in favor of awarding costs to the prevailing party, the decision to award costs is committed to the discretion of the Court. See Fed.R.Civ.P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...."). In making this determination, the Court may consider factors such as the relative economic resources of the parties, and whether the suit was frivolous or brought in bad faith. See, e.g., Theriot v. Parish of Jefferson, 966 F.Supp. 1435, 1452--53 (E.D.La.1997) (Duval, J.), aff'd, 185 F.3d 477 (5 th Cir.1999), cert. denied, 529 U.S.1129 (2000).
> Id.

The Court then denied costs to the defendant. Thus, two Judges of this Honorable Court have held that disparity of resources is a key element in determining cost awards. The Clerk of Court, in this action, made no determination or inquiry into the relative resources of the parties. The other key element, "bad faith" also guides this Court toward overruling the cost award in question.

The situation in this case is essentially the same as the two above cases. Plaintiffs have few, if any, resources with which to pay the costs judgment. Defendant is not in immediate business need of the costs in question. There has been no suggestion that plaintiffs' claims were brought in bad faith. Plaintiff is indeed short of all necessary resources to prosecute this case. It would be a significant hardship to plaintiff to pay these costs. Many Federal Courts have applied this principal.[1] When both situations exist, costs are frequently not awarded.[2]

This Court should look to the other intangible factors also. There are several other claims remaining before the Court. It is undisputed that many of the costs awarded were for items relevant to the other remaining causes of action in addition to their alleged relevance to the copyright claim. There is no suggestion that any of the claims were brought in bad faith.

At a minimum, this Court should conduct the inquiry into the parties relevant financial positions and into any potential "bad faith" in bringing the copyright claims before awarding any costs. In the alternative, this Court should direct the Clerk of Court to make this determination. In

---

[1]See, e.g., Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir.1983) (presumption in favor of award may be overcome by showing of indigency); Maldonado v. Parasole, 66 F.R.D. 388, 390 (E.D.N.Y.1975) ("[i]ndigency is a proper ground for denying costs in cases where there is a wide disparity of economic resources between the parties"); cf. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir.1983) (limited resources of plaintiff considered in assessing reduced costs against plaintiff); costs are also denied when coupled with good faith of the indigent and the non-frivolous nature of the case.

[2]See, e.g., United States v. Bexar County, 89 F.R.D. 391 (W.D.Tex.1981) (refusing to tax costs against indigent plaintiffs because suit neither frivolous nor brought in bad faith); Schaulis v. CTB/McGrawHill, Inc., 496 F.Supp. 666 (N.D.Cal.1980) (denied costs in amount of $1,400 against individual litigant without financial resources who brought suit in good faith). Cf. Maldonado v. Parasole, 66 F.R.D. 388 (E.D.N.Y.1975) (when both parties are penurious, prevailing defendant should recover).

the further alternative, this Court should delay any and all cost awards until the conclusion of the underlying litigation in its entirety.

The other problem is that the costs incurred are relevant to all of the causes of action in this litigation, not just the copyright claims. Defendant seeks to recover its entire costs for this litigation, not just those directly related to the copyright action. There is no effective way to separate the costs for the copyright action from the other costs. When the litigation as a whole is completed, then the Court can make an arm's length determination of cost allocation when all causes of action are decided and the entire "picture" is before the Court. This Court should not make piecemeal partial cost awards which may not be mutually reconcileable when the case is over. This entire costs action is simply premature.

## II. THIS COURT SHOULD DENY COSTS AS PREMATURE BECAUSE BOTH PARTIES COULD STILL PREVAIL PARTIALLY.

There are multiple causes of action in this case. There are causes of action remaining to be tried. Until it is certain which party wins which cause of action the Court should delay any costs award.

When both parties prevail in a multiple cause of action case, the recovery is frequently "split" in terms of costs. Courts have denied costs to prevailing parties on the grounds that both parties have to a certain extent "prevailed", Studiengesellschaft Kohle mbH v. Novamont Corp., 548

F.Supp. 234 (S.D.N.Y.1981) (parties to bear own costs when each had meritorious claims). Other Courts have held similarly.[3]

Until the Court can make the determinations needed when all causes of action are decided, any award of costs would be premature. This is simply not the point at which to address this issue.

Plaintiff does not dispute that at some point in the future, after a full trial on the merits of all actions, either party could be cast in judgment for costs. Plaintiff's position is simply that until the litigation is fully finished, the Court should not award any costs to either party.

## III. THIS COURT SHOULD OVERTURN THE COSTS AWARD BECAUSE IT DOES NOT SEPARATE COSTS FOR THE PRODUCTS LIABILITY ACTION FROM COSTS ASSOCIATED WITH THE OTHER CAUSES OF ACTION.

Defendant's Bill of Costs does not differentiate between those costs incurred defending the copyright cause of action and those costs incurred defending the other causes of action. In Shevin v. Lederman, 92 F.R.D. 752 (D.Colo.1981) The District Court disallowed costs relating to depositions and travel costs of witnesses to the extent testimony related to claims on which plaintiffs

---

[3]see, e.g., Stevens v. F/V Bonnie Doon, 655 F.2d 206 (9th Cir.1981) (in admiralty action in which fault and damages assessed 70% to plaintiff and 30% to defendant, prevailing defendant not awarded costs); United States v. Terminal Transport Co., 653 F.2d 1016 (5th Cir.1981), cert. denied, 455 U.S. 989, 102 S.Ct. 1613, 71 L.Ed.2d 849 (1982) (where both parties prevailed in certain respects, defendants directed to pay half the fees and expenses of special master and denied costs); Johnson v. Nordstrom-Larpenteur Agency, Inc., 623 F.2d 1279 (8th Cir. 1979), cert. denied, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980) (each party prevailed on one or more issues, ordered to bear own costs);

did not prevail. That is a simple proposition. The defendant can only collect costs associated with causes of action upon which it prevails.

Defendant in this case has made no such attempt. Defendant simply attempts to collect all costs so far expended. The Clerk was incorrect to award all costs. The Court should not award costs unless the defendant can establish which cause of action each cost item relates to. Defendant has made no differentiation. The Court should overrule the Clerk of Court and not award costs unless the defendant makes the necessary cost breakdowns.

In conclusion, the Court should overrule the Clerk of Court and deny defendant's request for costs.

Respectfully submitted,

SIDNEY L. SHUSHAN, #12055  
JONATHAN M. SHUSHAN, #21977  
Guste, Barnett & Shushan, L.L.P.  
639 Loyola Avenue, Suite 2500  
New Orleans, Louisiana 70113-7103  
Telephone: (504) 529-4141  
Facsimile:  (504) 561-0326  
Attorneys for Plaintiffs,  
Jane Galiano and Gianna, Inc.